Elizabeth F. Rojas
15260 Ventura Blvd.
Suite 710
Sherman Oaks, CA  91403
Telephone:  (818) 933-5700
Facsimile:   (818) 933-5755

# UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA - SAN FERNANDO VALLEY DIVISION

| IN RE

Tomer Fridman




DEBTOR | CHAPTER 13
CASE NO. SV16-11729-MB

**TRUSTEE'S OBJECTION TO CONFIRMATION OF PLAN; DECLARATION; NOTICE OF POSSIBLE DISMISSAL OR CONVERSION**

DATE/TIME: September 1, 2016  10:00 am
21041 Burbank Blvd.
Courtroom 303
Woodland Hills, CA  91367-1367 |

The Trustee objects to confirmation of the plan because all requirements for confirmation as set forth in Title 11 of the United States Code and the Rules have not been met.

The Trustee requests, should all requirements not be met, that confirmation of the plan be denied, the case be dismissed or converted to Chapter 7 and for such other relief as the Court may deem appropriate.

**THE FAILURE OF THE DEBTOR (OR THE ATTORNEY FOR THE DEBTOR) TO APPEAR AT THE CONFIRMATION HEARING, OR TO FULLY COMPLY WITH ALL REQUIREMENTS FOR PLAN CONFIRMATION, MAY RESULT IN DISMISSAL OR CONVERSION OF THE CASE.**


DATED: August 02, 2016                                                                  /s/  Elizabeth F. Rojas


**I, Elizabeth F. Rojas, declare as follows:**

1. I am the Trustee in this matter, Tomer Fridman, SV16-11729-MB, and I have personal knowledge of files and records kept by my office in the regular course of business.  I have personally reviewed the files and records kept by my office in the within case.  The following facts are true and correct and within my own personal knowledge and I could and would testify competently thereto if called upon to do so.

2. I object to confirmation of the proposed plan because of the deficiencies set forth in the attached which is incorporated herein by reference.  These deficiencies existed prior to or at the time of the 11 USC §341(a) meeting in this matter.

   I declare under penalty of perjury that the foregoing is true and correct.

Executed at Sherman Oaks, California on August 02, 2016.                                 /s/  Elizabeth F. Rojas

I oppose plan confirmation because the **Debtor has failed to**:

[x] schedule debts within the limits of 11 USC §109(e); and therefore **ineligible**; and/or Debtor is not eligible to be a Chapter 13 Debtor as follows:
 - Debtor does not have sufficient income to fund plan according to debtor's budget; budget must be amended with evidence to support by confirmation hearing or Trustee to request dismissal
 - Potentially exceeds debt limits due to undisclosed debt amounts AND unsecured creditors not listed

[x] **disclose** [11 USC §521, LBR 1017-1(b)]
 [ ] assets   [x] creditors   [ ] income   [x] prior case
 - Potentially exceeds debt limits due to undisclosed debt amounts AND unsecured creditors not listed
 - Prior case not disclosed: two prior cases filed by spouse/relative and current case filed by someone other than debtor (SV16-11705MB)

[x] **serve all** creditors with notice and the Plan at least 28 days before the 11 USC §341(a) Meeting of Creditors, FRBPs 2002(b), 7004 and LBR 3015-1(b)(3);
 - **Notice of hearings, Form 3015-1.02 not filed or served with copy of plan attached**

[x] provide the Trustee **documentation of all income** (as well as any contributor's income) seven days before the §341(a) Meeting of Creditors. LBR 3015-1(c)(3), 11 USC § 521;
 - **2014 Tax Return**
 - **2015 Tax Return**
 - **Rental income**

[x] meet the **business reporting requirements** regarding Debtor's business or self-employment, LBR 3015-1(c)(4);
 - **2014 Tax Return**
 - **2015 Tax Return**

[x] provide to the Trustee completed copies of the Federal and State **income tax returns**, 11 USC § § 1308 and 521, LBR 3015-1(c)(3).
 - **2014 Tax Return**
 - **2015 Tax Return**

[ ] propose a plan that is feasible 11 USC § 1325(a)(6); the plan is **infeasible** because
 [ ] certain claims are not included and/or the amount provided is insufficient
 [ ] income is not sufficient enough to fund it
 [ ] plan payment will not retire debt within term
 [ ] the plan does not propose treatment and/or properly treat all scheduled, priority and/or secured creditors; and/or plan deficiencies as follows:
 - Plan is inconsistent with schedules: 12% to be paid to unsecured creditors, but no unsecured creditors listed on schedules E/F

[x] propose a plan that represents the Debtor's **best effort** 11 USC §1322; 11 USC §1325
   **- Joint debtor/spouse income not disclosed**

   [x] unreasonable and/or unnecessary expenses are scheduled
   **- Provide evidence of the following expenses: $90 life insurance (none listed on Schedules A/B); $100 health insurance; $120 auto insurance (no vehicles listed on Schedules)**

   [ ] the budget surplus exceeds the monthly plan payment

   [x] comply with the Means Test as required by the Code, In re Kagenveama, 541 F3d 868, and/or In re Lanning, 1330 S.Ct.2464
   **- Not clear whether applies**
   **- Provide evidence of income for the period: 12/15 -5/16 from all sources**

[ ] propose a plan that provides creditors as much as would be received under **Chapter 7** 11 USC §1325(a)(4).
 **- Chapter 7 distribution would be greater than plan percent: $1,440,000 equity in real property per debtor's FMV (no-exemption applied as debtor did not state specific amount of exemption being claimed); possible equity in personal property, vehicles and cash (no exemption amount stated)**

[x] other issues as stated below:
**- Trustee to request interlineations that all tax returns be submitted to the Trustee; all tax refunds to be submitted into the plan and the Debtor will not incur debt greater than $500 without Court permission.**
 **- Amend Schedule A/B to list vehicles, life insurance policy and any other missing assets;**

**Amend Schedule C to state specific amount of exemption being claimed for each item and exemption codes**

**Amend Schedule F to disclose all unsecured creditors;**

**Amend Statement of Financial Affairs #5 to state YTD income amounts for each year of 2016, 2015 & 2014**
 **- Deficit Budget/ all expenses not listed in budget: i.e: mortgage payments**
 **- Domestic support declaration/4 year tax declaration not filed**
 **- Incomplete Schedules (Petition)--box #10 regarding pending cases**
 **- Debtor is using incorrect exemption codes: none stated on Schedule C**
 **- Provide schedule D to Trustee w/ complete account #s**

# PROOF OF SERVICE

In Re:   Tomer Fridman
         Case No. SV16-11729-MB

I, Roderick Mathieson, am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:
    Elizabeth F. Rojas
    15260 Ventura Blvd.
    Suite 710
    Sherman Oaks, CA  91403

The foregoing document described as **TRUSTEE'S OBJECTION TO CONFIRMATION; NOTICE OF POSSIBLE DISMISSAL OR CONVERSION** will be served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

On August 02, 2016, I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, addressed as follows.  Listing the judge here constitues a declaration that mailing to the judge <u>will be</u> completed no later than 24 hours after the document is filed.

Tomer Fridman
25420 Prado De Las Peras
Dalabasas, CA  91302

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

DATED: August 02, 2016                                             /s/  Roderick Mathieson