| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| HENRY D. PALOCI III (California State Bar No. 268970) <br> hpaloci@hotmail.com <br> Henry D. Paloci III PA <br> POB 3906 <br> Thousand Oaks, CA 91359 <br> Telephone: 805.279.1225 <br> Facsimile: 866.565.6345 <br><br><br> ☐ *Movant appearing without an attorney* <br> ☒ *Attorney for Movant* | |

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA - SAN FERNANDO VALLEY DIVISION**

| In re: <br> TOMER FRIDMAN, <br><br><br><br><br><br><br><br><br> Debtor(s). | CASE NO.: 1:16-bk-11729-MB <br> CHAPTER: 11 <br><br> **NOTICE OF MOTION AND MOTION FOR RELIEF FROM THE AUTOMATIC STAY UNDER 11 U.S.C. § 362 (with supporting declarations) (REAL PROPERTY)** <br><br> DATE: 2/1/2017 <br> TIME: 10:00AM <br> COURTROOM: 303 |
|---|---|
| **Movant:** TROJAN CAPITAL INVESTMENT LLC | |

1. **Hearing Location**:

   ☐ 255 East Temple Street, Los Angeles, CA 90012      ☐ 411 West Fourth Street, Santa Ana, CA 92701

   ☒ 21041 Burbank Boulevard, Woodland Hills, CA 91367   ☐ 1415 State Street, Santa Barbara, CA 93101

   ☐ 3420 Twelfth Street, Riverside, CA 92501

2. Notice is given to the Debtor and trustee (*if any*)(Responding Parties), their attorneys (*if any*), and other interested parties that on the date and time and in the courtroom stated above, Movant will request that this court enter an order granting relief from the automatic stay as to Debtor and Debtor's bankruptcy estate on the grounds set forth in the attached Motion.

3. To file a response to the motion, you may obtain an approved court form at www.cacb.uscourts.gov/forms for use in preparing your response (optional LBR form F 4001-1.RFS.RESPONSE), or you may prepare your response using the format required by LBR 9004-1 and the Court Manual.

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

4.  When serving a response to the motion, serve a copy of it upon the Movant's attorney (or upon Movant, if the motion was filed by an unrepresented individual) at the address set forth above.

5.  If you fail to timely file and serve a written response to the motion, or fail to appear at the hearing, the court may deem such failure as consent to granting of the motion.

6.  ☒ This motion is being heard on REGULAR NOTICE pursuant to LBR 9013-1(d).  If you wish to oppose this motion, you must file and serve a written response to this motion no later than 14 days before the hearing and appear at the hearing.

7.  ☐ This motion is being heard on SHORTENED NOTICE pursuant to LBR 9075-1(b).  If you wish to oppose this motion, you must file and serve a response no later than (*date*) _____ and (*time*) _____; and, you may appear at the hearing.

    a.  ☐ An application for order setting hearing on shortened notice was not required (according to the calendaring procedures of the assigned judge).

    b.  ☐ An application for order setting hearing on shortened notice was filed and was granted by the court and such motion and order have been or are being served upon the Debtor and upon the trustee (if any).

    c.  ☐ An application for order setting hearing on shortened notice was filed and remains pending.  After the court rules on that application, you will be served with another notice or an order that specifies the date, time and place of the hearing on the attached motion and the deadline for filing and serving a written opposition to the motion.

Date: <u>1/6/2017</u>

<u>Henry D. Paloci III PA</u>
Printed name of law firm (if applicable)

<u>Henry D. Paloci III</u>
Printed name of individual Movant or attorney for Movant

<u>/s/ Henry D. Paloci III</u>
Signature of individual Movant or attorney for Movant

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2014                                    Page 2                          F 4001-1.RFS.RP.MOTION

# MOTION FOR RELIEF FROM THE AUTOMATIC STAY AS TO REAL PROPERTY

1. **Movant is the:**

   XX̲ Holder: Movant has physical possession of a promissory note that either (1) names Movant as the payee under the promissory note or (2) is indorsed to Movant, or indorsed in blank, or payable to bearer.

   ☐ Beneficiary: Movant is either (1) named as beneficiary in the security instrument on the subject property (e.g., mortgage or deed of trust) or (2) is the assignee of the beneficiary.

   ☐ Servicing agent authorized to act on behalf of the Holder or Beneficiary.

   ☐ Other (*specify*):
   Movant holds an assignment and an allonge conveying all rights in the subject promissory note and accompanying security interest to Movant.

2. **The Property at Issue (Property):**

   a. Address:

   *Street address*: 25420 Prado de las Peras
   *Unit/suite number*:
   *City, state, zip code*: Calabasas, CA 91302

   b. Legal description, or document recording number (including county of recording), as set forth in Movant's deed of trust (attached as Exhibit ___1___):

3. **Bankruptcy Case History:**

   a. A ☒ voluntary ☐ involuntary  bankruptcy petition under chapter  ☐ 7  ☐ 11  ☐ 12  ☒ 13
   was filed on (*date*) ___6/9/2016___.

   b. ☒ An order to convert this case to chapter  ☐ 7  ☒ 11  ☐ 12  ☐ 13  was entered on (*date*) ___12/20/2016___.

   c. ☐ A plan, if any, was confirmed on (*date*) _____.

4. **Grounds for Relief from Stay:**

   a. ☒ Pursuant to 11 U.S.C. § 362(d)(1), cause exists to grant Movant relief from stay as follows:

   (1) ☒ Movant's interest in the Property is not adequately protected.

       (A) ☒ Movant's interest in the Property is not protected by an adequate equity cushion.

       (B) ☐ The fair market value of the Property is declining and payments are not being made to Movant sufficient to protect Movant's interest against that decline.

       (C) ☐ Proof of insurance regarding the Property has not been provided to Movant, despite the Debtor's obligation to insure the collateral under the terms of Movant's contract with the Debtor.

   (2) ☒ The bankruptcy case was filed in bad faith.

       (A) ☒ Movant is the only creditor, or one of very few creditors, listed or scheduled in the Debtor's case commencement documents. (which still hasn't been addressed in six months)

       (B) ☐ The Property was transferred to the Debtor either just before the bankruptcy filing or after the filing.

       (C) ☐ A non-individual entity was created just prior to the bankruptcy petition date for the sole purpose of filing this bankruptcy case.

       (D) ☒ Other bankruptcy cases have been filed in which an interest in the Property was asserted.

       (E) ☐ The Debtor filed only a few case commencement documents with the bankruptcy petition. Schedules and the statement of financial affairs (or chapter 13 plan, if appropriate) have not been filed.

       (F) ☐ Other (*see attached continuation page*).

   See, In re Isidora Fridman, 6:16-bk-11705-MB.

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2014*                              Page 3                              **F 4001-1.RFS.RP.MOTION**

(3) ☒ (*Chapter 12 or 13 cases only*)

    (A) ☐ All payments on account of the Property are being made through the plan.
        ☐ Preconfirmation ☐ Postconfirmation  plan payments have not been made to the chapter 12 trustee or chapter 13 trustee.

    (B) ☒ Postpetition mortgage payments due on the note secured by a deed of trust on the Property have not been made to Movant.

(4) ☐ The Debtor filed a Statement of Intentions that indicates the Debtor intends to surrender the Property.

(5) ☐ The Movant regained possession of the Property on (*date*) _____,
    which is ☐ prepetition. ☐ postpetition.

(6) ☒ For other cause for relief from stay

b. ☒ Pursuant to 11 U.S.C. § 362(d)(2)(A), the Debtor has no equity in the Property; and, pursuant to § 362(d)(2)(B), the Property is not necessary to an effective reorganization.

c. ☐ Pursuant to 11 U.S.C. § 362(d)(3), the Debtor has failed, within the later of 90 days after the order for relief or 30 days after the court determined that the Property qualifies as "single asset real estate" as defined in 11 U.S.C. § 101(51B) to file a reasonable plan of reorganization or to commence monthly payments.

d. ☒ Pursuant to 11 U.S.C. § 362(d)(4), the Debtor's filing of the bankruptcy petition was part of a scheme to delay, hinder, or defraud creditors that involved:

(1)      The transfer of all or part ownership of, or other interest in, the Property without the consent of Movant or court approval; or

(2) ☒ Multiple bankruptcy cases affecting the Property.

5. ☐ **Grounds for Annulment of the Stay.** Movant took postpetition actions against the Property or the Debtor.

a. ☐ These actions were taken before Movant knew the bankruptcy case had been filed, and Movant would have been entitled to relief from the stay to proceed with these actions.

b. ☐ Movant knew the bankruptcy case had been filed, but Movant previously obtained relief from stay to proceed with these enforcement actions in prior bankruptcy cases affecting the Property as set forth in Exhibit _____.

c. ☐ Other (*specify*):

6. **Evidence in Support of Motion:  (D***eclaration(s) MUST be signed under penalty of perjury and attached to this motion***)

a. The REAL PROPERTY DECLARATION on page 6 of this motion.

b. ☐ Supplemental declaration(s).

c. ☐ The statements made by Debtor under penalty of perjury concerning Movant's claims and the Property as set forth in Debtor's case commencement documents.  Authenticated copies of the relevant portions of the case commencement documents are attached as Exhibit _____.

d. ☒ Other:
    Deed of Trust (Ex.1); Note (Ex.2); Trail of Assignments to Movant (Ex.3); Title Summary (Ex.4); broker's price opinion (Ex.5) ($2,250,000); Debtor's Schedule A (Ex.6) ($2,000,000), for which Movant requests that the Court take judicial notice.

7. ☐ **An optional Memorandum of Points and Authorities is attached to this motion.**

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2014*    Page 4    **F 4001-1.RFS.RP.MOTION**

**Movant requests the following relief:**

1.  Relief from the stay is granted under:  ☒ 11 U.S.C. § 362(d)(1) ☒ 11 U.S.C. § 362(d)(2)  ☐ 11 U.S.C. § 362(d)(3).
    and 11 USC 362(d)(4)

2.  ☒  Movant (and any successors or assigns) may proceed under applicable nonbankruptcy law to enforce its remedies to foreclose upon and obtain possession of the Property.

3.  ☐  Movant, or its agents, may, at its option, offer, provide and enter into a potential forebearance agreement, loan modification, refinance agreement or other loan workout or loss mitigation agreement.  Movant, through its servicing agent, may contact the Debtor by telephone or written correspondence to offer such an agreement.  Any such agreement shall be nonrecourse unless stated in a reaffirmation agreement.

3.  ☒  Confirmation that there is no stay in effect.

4.  ☐  The stay is annulled retroactive to the bankruptcy petition date.  Any postpetition actions taken by Movant to enforce its remedies regarding the Property shall not constitute a violation of the stay.

5.  ☐  The co-debtor stay of 11 U.S.C. §1201(a) or § 1301(a) is terminated, modified or annulled as to the co-debtor, on the same terms and conditions as to the Debtor.

6.  ☒  The 14-day stay prescribed by FRBP 4001(a)(3) is waived.

7.  ☐  A designated law enforcement officer may evict the Debtor and any other occupant from the Property regardless of any future bankruptcy filing concerning the Property for a period of 180 days from the hearing on this Motion:
    ☐ without further notice, or  ☐ upon recording of a copy of this order or giving appropriate notice of its entry in compliance with applicable nonbankruptcy law.

8.  ☒  Relief from the stay is granted under 11 U.S.C. § 362(d)(4):  If recorded in compliance with applicable state laws governing notices of interests or liens in real property, the order is binding in any other case under this title purporting to affect the Property filed not later than 2 years after the date of the entry of the order by the court, except that a debtor in a subsequent case under this title may move for relief from the order based upon changed circumstances or for good cause shown, after notice and hearing.

9.  ☐  The order is binding and effective in any bankruptcy case commenced by or against any debtor who claims any interest in the Property for a period of 180 days from the hearing of this Motion:
    without further notice, or  ☐ upon recording of a copy of this order or giving appropriate notice of its entry in compliance with applicable nonbankruptcy law.

10. ☐  The order is binding and effective in any future bankruptcy case, no matter who the debtor may be:
    without further notice, or  ☐ upon recording of a copy of this order or giving appropriate notice of its entry in compliance with applicable nonbankruptcy law.

11. ☐  Upon entry of the order, for purposes of Cal. Civ. Code § 2923.5, the Debtor is a borrower as defined in Cal. Civ. Code § 2920.5(c)(2)(C).

12. ☐  If relief from stay is not granted, adequate protection shall be ordered.

13. ☐  See attached continuation page for other relief requested.

Date:  1/6/2016

Henry D. Paloci III PA
_____
Printed name of law firm (*if applicable*)
Henry D. Paloci III
_____
Printed name of individual Movant or attorney for Movant

/s/ Henry D. Paloci III
_____
Signature of individual Movant or attorney for Movant

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2014*                                    Page 5                          **F 4001-1.RFS.RP.MOTION**

# REAL PROPERTY DECLARATION

I, (*print name of Declarant*) __D.A. Madden III_____, declare:

1. I have personal knowledge of the matters set forth in this declaration and, if called upon to testify, I could and would competently testify thereto. I am over 18 years of age.  I have knowledge regarding Movant's interest in the real property that is the subject of this Motion (Property) because (*specify*):

    a. ☐ I am the Movant.

    b. ☐ I am employed by Movant as (*state title and capacity*):

    c. ☒ Other (*specify*): managing member of the Movant, an LLC authorized to do business in the State of California

2. a. ☒ I am one of the custodians of the books, records and files of Movant that pertain to loans and extensions of credit given to Debtor concerning the Property.  I have personally worked on the books, records and files, and as to the following facts, I know them to be true of my own knowledge or I have gained knowledge of them from the business records of Movant on behalf of Movant.  These books, records and files were made at or about the time of the events recorded, and which are maintained in the ordinary course of Movant's business at or near the time of the actions, conditions or events to which they relate.  Any such document was prepared in the ordinary course of business of Movant by a person who had personal knowledge of the event being recorded and had or has a business duty to record accurately such event.  The business records are available for inspection and copies can be submitted to the court if required.

    b. ☐ Other (*see attached):*

3. The Movant is:

    a. ☒ Holder: Movant has physical possession of a promissory note that (1) names Movant as the payee under the promissory note or (2) is indorsed to Movant, or indorsed in blank, or payable to bearer.  A true and correct copy of the note, with affixed allonges/indorsements, is attached as Exhibit 2_____.

    b. ☒ Beneficiary: Movant is either (1) named as beneficiary in the security instrument on the subject property (e.g.,mortgage or deed of trust) or (2) is the assignee of the beneficiary.  True and correct copies of the recorded security instrument and assignments are attached as Exhibit 1_____.

    c. ☐ Servicing agent authorized to act on behalf of the:

        ☐ Holder.
        ☐ Beneficiary.

    d. ☐ Other (*specify):*

4. a. The address of the Property is:

    *Street address*: 25420 Prado de las Peras
    *Unit/suite no.*:
    *City, state, zip code*: Calabasas, CA 91302

    b. The legal description of the Property or document recording number (including county of recording) set forth in the Movant's deed of trust is:
    The Deed of Trust as recorded 7/18/2007 as Document Number 2007-1696485 in the Official Records of Los Angeles County, California (Exhibit 1, attached hereto), whose Parcel  ID Number is 2069-095-016. The legal description is Lot 16 of Tract 35596-13, City of Calabasas, County of Los Angeles, State of California, as shown in Map Book 1285, Pages 35 through 39, incluside, of the public records of said county; together with nonexclusive easements for ingress and egress as noted of record.

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

5. Type of property (*check all applicable boxes*):

    a. ☒ Debtor's principal residence      b. ☐ Other residence
    c. ☐ Multi-unit residential      d. ☐ Commercial
    e. ☐ Industrial      f. ☐ Vacant land
    g. ☒ Other (*specify*): unknown to Movant; the property may or may not be Debtor's residence

6. Nature of the Debtor's interest in the Property:

    a. ☒ Sole owner

    b. ☐ Co-owner(s) (*specify*):

    c. ☐ Lienholder (*specify*):

    d. ☐ Other (*specify*):

    e. ☐ The Debtor ☒ did ☐ did not  list the Property in the Debtor's schedules (but not all liens)

    f. ☒ The Debtor acquired the interest in the Property by ☒ grant deed ☐ quitclaim deed ☐ trust deed.
       The deed was recorded on (*date*) 7/18/2007    .

7. Movant holds a  ☒ deed of trust  ☐ judgment lien  ☐ other (*specify*) _____
that encumbers the Property.

    a. ☒ A true and correct copy of the document as recorded is attached as Exhibit  1    .

    b. ☒ A true and correct copy of the promissory note or other document that evidences the Movant's claim is
       attached as Exhibit  2    .

    c. ☒ A true and correct copy of the assignment(s) transferring the beneficial interest under the note and deed of
       trust to Movant is attached as Exhibit  3    .

8. Amount of Movant's claim with respect to the Property:

|  |  | PREPETITION | POSTPETITION | TOTAL |
|---|---|---|---|---|
| a. | Principal: | $ 234330.04 | $ 0.00 | $ 234330.04 |
| b. | Accrued interest: | $ 166594.01 | $ 14645.60 | $ 181239.61 |
| c. | Late charges | $ 16659.40 | $ 1464.56 | $ 18123.96 |
| d. | Costs (attorney's fees, foreclosure fees, other costs): | $ 4717.31 | $ 3032.00 | $ 7749.31 |
| e. | Advances (property taxes, insurance): | $ | $ | $ |
| f. | Less suspense account or partial balance paid: | $[              ] | $[              ] | $[              ] |
| g. | TOTAL CLAIM as of (*date*): | $ 422300.76 | $ 19142.16 | $ 441442.92 |

    h. ☐ Loan is all due and payable because it matured on (*date*) _____

9. Status of Movant's foreclosure actions relating to the Property (*fill the date or check the box confirming no such action
has occurred*):

    a. Notice of default recorded on (*date*) 2/4/2016    or ☐ none recorded.

    b. Notice of sale recorded on (*date*) 5/13/2016    or ☐ none recorded.

    c. Foreclosure sale originally scheduled for (*date*) 6/10/2016    or ☐ none scheduled.

    d. Foreclosure sale currently scheduled for (*date*) _____ or ☒ none scheduled.

    e. Foreclosure sale already held on (*date*) _____ or ☒ none held.

    f. Trustee's deed upon sale already recorded on (*date*) _____ or ☒ none recorded.

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2014                         Page 7                        **F 4001-1.RFS.RP.MOTION**

10. Attached (*optional*) as Exhibit _____ is a true and correct copy of a POSTPETITION statement of account that accurately reflects the dates and amounts of all charges assessed to and payments made by the Debtor since the bankruptcy petition date.

11. ☒ (*chapter 7 and 11 cases only*) Status of Movant's loan:

    a. Amount of current monthly payment as of the date of this declaration: $ 1830.70 _____ for the month of December _____ 2016 .

    b. Number of payments that have come due and were not made: 97 . Total amount: $ 177577.90 _____

    c. Future payments due by time of anticipated hearing date (*if applicable*):

        An additional payment of $ 1830.70 _____ will come due on (*date*) 1/26/2017 , and on the 26th day of each month thereafter. If the payment is not received within 15 days of said due date, a late charge of $ 253.18 _____ will be charged to the loan. (out of 97 payments delinquent, 6 are post petition)

    d. The fair market value of the Property is $ 2250000 _____, established by: (Debtor has not made any payments post petition)

      (1) ☐ An appraiser's declaration with appraisal is attached as Exhibit _____.

      (2) ☒ A real estate broker or other expert's declaration regarding value is attached as Exhibit 5 .

      (3) ☒ A true and correct copy of relevant portion(s) of the Debtor's schedules is attached as Exhibit 6 .

      (4) ☒ Other (*specify*):
        Debtor suggests value is $2 million in his filed Schedule A; Movant believes value is $2.3 million. In any event, Movant is partially secured and impaired, and seeks relief.

    e. **Calculation of equity/equity cushion in Property:**

      Based upon ☐ a preliminary title report ☐ the Debtor's admissions in the schedules filed in this case, the Property is subject to the following deed(s) of trust or lien(s) in the amounts specified securing the debt against the Property:

| | Name of Holder | Amount as Scheduled by Debtor (*if any*) | Amount known to Declarant and Source |
|---|---|---|---|
| 1st deed of trust: | Chase | $ 1960000 | $ |
| 2nd deed of trust: | Movant | $ 441443 | $ |
| 3rd deed of trust: | | $ | $ |
| Judgment liens: | Main St. Acquisitions | $ 5652 | $ |
| Taxes: | | $ | $ |
| Other: | | $ | $ |
| **TOTAL DEBT:** $ | | | |

    f. Evidence establishing the existence of these deed(s) of trust and lien(s) is attached as Exhibit _____ and consists of:

      (1) ☐ Preliminary title report.

      (2) ☐ Relevant portions of the Debtor's schedules.

      (3) ☐ Other (*specify*):

    g. ☒ **11 U.S.C. § 362(d)(1) - Equity Cushion:**
      I calculate that the value of the "equity cushion" in the Property exceeding Movant's debt and any lien(s) senior to Movant's debt is $ 0 _____ and is 0 _____ % of the fair market value of the Property.

    h. ☒ **11 U.S.C. § 362(d)(2)(A) - Equity:**
      By subtracting the total amount of all liens on the Property from the value of the Property as set forth in Paragraph 11(e) above, I calculate that the Debtor's equity in the Property is $ 0 _____.

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2014                  Page 8                **F 4001-1.RFS.RP.MOTION**

i. ☐ Estimated costs of sale: $_____ (estimate based upon _____% of estimated gross sales price)

j. ☐ The fair market value of the Property is declining because:

12. ☐ (*Chapter 12 and 13 cases only*) Status of Movant's loan and other bankruptcy case information:

a. A 341(a) meeting of creditors is currently scheduled for (*or concluded on*) the following date: _____.
A plan confirmation hearing currently scheduled for (or concluded on) the following date:_____.
A plan was confirmed on the following date (*if applicable*): _____.

b. Postpetition preconfirmation payments due BUT REMAINING UNPAID since the filing of the case:

| Number of Payments | Number of Late Charges | Amount of Each Payment or Late Charge | Total |
|---|---|---|---|
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |

(See attachment for additional breakdown of information attached as Exhibit _____.)

c. Postpetition postconfirmation payments due BUT REMAINING UNPAID since the filing of the case:

| Number of Payments | Number of Late Charges | Amount of each Payment or Late Charge | Total |
|---|---|---|---|
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |

d. Postpetition advances or other charges due but unpaid:                                            $
(*For details of type and amount, see Exhibit _____*)

e. Attorneys' fees and costs:                                                                                       $
(*For details of type and amount, see Exhibit _____*)

f. Less suspense account or partial paid balance:                                       $[                              ]

TOTAL POSTPETITION DELINQUENCY:                          $

g. Future payments due by time of anticipated hearing date (*if applicable*): _____.
An additional payment of $_____ will come due on _____, and on the _____ day of each month thereafter. If the payment is not received by the _____ day of the month, a late charge of $_____ will be charged to the loan.

h. Amount and date of the last 3 postpetition payments received from the Debtor in good funds, regardless of how applied (if applicable):

$_____ received on (*date*) _____
$_____ received on (*date*) _____
$_____ received on (*date*) _____

i. ☐ The entire claim is provided for in the chapter 12 or 13 plan and postpetition plan payments are delinquent. A plan payment history is attached as Exhibit _____. See attached declaration(s) of chapter 12 trustee or 13 trustee regarding receipt of payments under the plan (*attach LBR form F 4001-1.DEC.AGENT.TRUSTEE*).

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2014*                                    Page 9                          **F 4001-1.RFS.RP.MOTION**

13. ☐ Proof of insurance regarding the Property has not been provided to Movant, despite the Debtor's obligation to insure the collateral under the terms of Movant's contract with the Debtor.

14. ☐ The court determined on (*date*) _____ that the Property qualifies as "single asset real estate" as defined in 11 U.S.C. § 101(51B). More than 90 days have passed since the filing of the bankruptcy petition; more than 30 days have passed since the court determined that the Property qualifies as single asset real estate; the Debtor has not filed a plan of reorganization that has a reasonable possibility of being confirmed within a reasonable time; or the Debtor has not commenced monthly payments to Movant as required by 11 U.S.C. § 362(d)(3).

15. ☐ The Debtor's intent is to surrender the Property. A true and correct copy of the Debtor's statement of intentions is attached as Exhibit _____.

16. ☐ Movant regained possession of the Property on (*date*) _____, which is  ☐ prepetition  ☐ postpetition.

17. ☒ The bankruptcy case was filed in bad faith:

    a. ☒ Movant is the only creditor or one of few creditors listed in the Debtor's case commencement documents.

    b. ☐ Other bankruptcy cases have been filed in which an interest in the Property was asserted.

    c. ☐ The Debtor filed only a few case commencement documents. Schedules and a statement of financial affairs (or chapter 13 plan, if appropriate) have not been filed.

    d. ☒ Other (*specify*):
        Debtor filed for relief under Chapter 13 where there was no possible way Debtor could obtain relief. Debtor filed a parallel case for his mother, Isidora Fridman, who may or may not hold an interest in the subject property, in order to delay foreclosure proceedings.

18. ☒ The filing of the bankruptcy petition was part of a scheme to delay, hinder, or defraud creditors that involved:

    a. ☐ The transfer of all or part ownership of, or other interest in, the Property without the consent of Movant or court approval. See attached continuation page for facts establishing the scheme.

    b. ☒ Multiple bankruptcy cases affecting the Property include:

        1. Case name: In re Isidora Fridman
            Chapter: 13    Case number: 16-11705
            Date filed: 06/08/2016    Date discharged: _____    Date dismissed: 09/23/2016
            Relief from stay regarding the Property  ☐ was  ☒ was not  granted.

        2. Case name: _____
            Chapter: _____    Case number: _____
            Date filed: _____    Date discharged: _____    Date dismissed: _____
            Relief from stay regarding the Property  ☐ was  ☒ was not  granted.

        3. Case name: _____
            Chapter: _____    Case number: _____
            Date filed: _____    Date discharged: _____    Date dismissed: _____
            Relief from stay regarding the Property  ☐ was  ☐ was not  granted.

    ☐ See attached continuation page for information about other bankruptcy cases affecting the Property.

    ☐ See attached continuation page for facts establishing that the multiple bankruptcy cases were part of a scheme to delay, hinder, or defraud creditors.

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2014*                    Page 10                    **F 4001-1.RFS.RP.MOTION**

19. ☐ Enforcement actions taken after the bankruptcy petition was filed are specified in the attached supplemental declaration(s).

    a. ☐ These actions were taken before Movant knew the bankruptcy petition had been filed, and Movant would have been entitled to relief from stay to proceed with these actions.

    b. ☐ Movant knew the bankruptcy case had been filed, but Movant previously obtained relief from stay to proceed with these enforcement actions in prior bankruptcy cases affecting the Property as set forth in Exhibit _____.

    c. ☐ For other facts justifying annulment, see attached continuation page.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 1/6/2017 | Don A. Madden III | |
|---|---|---|
| Date | Printed name | Signature |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2014                                    Page 11                          F 4001-1.RFS.RP.MOTION

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

POB 3906
Thousand Oaks, CA 91359

A true and correct copy of the foregoing document entitled: **NOTICE OF MOTION AND MOTION FOR RELIEF FROM THE AUTOMATIC STAY UNDER 11 U.S.C. § 362 (with supporting declarations) (REAL PROPERTY)** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF):** Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) __1/6/2017__, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

US Trustee, ustpregion16.wh.ecf@usdoj.gov; William McDonald III,caecf@tblaw.com; Erica Loftis, erica.loftis@ buckleymadole.com; Jamie Hanawalt/ Gilbert Yabes, ecfcacb@aldridgepite.com; Todd Garan, ch11ecf@ aldridgepite.com; Daimler Trust, notices@bkservicing.com;Daniel Fujimoto, wdk@wolffirm.com; Kristin Zilberstein, bknotice@mccarthyhothus.com; William Brownstein, brownsteinlaw.bill@gmail.com; Margaux Ross, margaux.ross@ usdoj.gov

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) __1/6/2017__, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

Tomer Fridman, 25420 Prado de las Peras, Calabasas, CA 91302

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) __1/6/2017__, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

Hon. Martin Barash, 21041 Burbank Blvd Ctrm 303, Woodland Hills, CA 91367

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| | | |
|---|---|---|
| __1/6/2017__ | __Henry D. Paloci III__ | __/s/ Henry D. Paloci III__ |
| Date | Printed Name | Signature |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2014*    Page 12    **F 4001-1.RFS.RP.MOTION**



**This page is part of your document - DO NOT DISCARD**



**20071696485**    Pages: 009

| Recorded/Filed in Official Records Recorder's Office, Los Angeles County, California | Fee: 43.00 |
|---|---|
| | Tax: 0.00 |
| | Other: 0.00 |
| **07/18/07 AT 08:00AM** | Total: 43.00 |

**Title Company**

# TITLE(S) :

_____



L E A D    S H E E T



**Assessor's Identification Number (AIN)**
**To be completed by Examiner OR Title Company in black ink.**    **Number of AIN's Shown**



Exhibit 1

 E521852    **THIS FORM IS NOT TO BE DUPLICATED**

**WHEN RECORDED MAIL TO:**

NCB, CLS BRECKSVILLE
DOCUMENTATION, LOC 7120
6750 MILLER RD
BRECKSVILLE, OH 44141

# DEED OF TRUST

This document was prepared by KIM FARINACCI National City Bank
6750 Miller Road Brecksville, OH 44141
Please return this document after recording to:

NCB, CLS BRECKSVILLE
DOCUMENTATION, LOCATOR 7120
6750 MILLER ROAD
BRECKSVILLE, OH 44141



07/18/07

**20071696485**

―――― State of California ――――                              ―――― Space Above This Line For Recording Data ――――

# DEED OF TRUST
(With Future Advance Clause)

1. **DATE AND PARTIES.** The date of this Deed of Trust (Security Instrument) is June 26, 2007...........................
   The parties and their addresses are:
   TRUSTOR:    **TOMER FRIDMAN A Single Man**

   **3915 PRADO DEL MAIZ CALABASAS, California 91302**

   ☐ If checked, refer to the attached Addendum incorporated herein, for additional Trustors, their signatures and acknowledgments.
   TRUSTEE:    **National City Bank**

   FRIDMAN
   MORTGAGEDEED

   LENDER:    **NATIONAL CITY BANK**

   013964585641896    XLLH13F

2. **CONVEYANCE.** For good and valuable consideration, the receipt and sufficiency of which is acknowledged, and to secure the Secured Debt (defined below) and Trustor's performance under this Security Instrument, Trustor irrevocably grants, conveys and sells to Trustee, in trust for the benefit of Lender, with power of sale, the following described property:
   **SEE ATTACHED EXHIBIT "A"**

   The property is located in Los Angeles ...................................................... at ..................................................
                            (County)
   25420 PRADO DE LAS PERAS ..... , ......... CALABASAS ................................ , California 91302 .........
       (Address)                   (City)                              (ZIP Code)
   Together with all rights, easements, appurtenances, royalties, mineral rights, oil and gas rights, all water and riparian rights, ditches, and water stock and all existing and future improvements, structures, fixtures, and replacements that may now, or at any time in the future, be part of the real estate described above (all referred to as "Property").

3. **MAXIMUM OBLIGATION LIMIT.** The total principal amount secured by this Security Instrument at any one time shall not exceed $ .......... 244,950.00 ... . This limitation of amount does not include interest and other fees and charges validly made pursuant to this Security Instrument. Also, this limitation does not apply to advances made under the terms of this Security Instrument to protect Lender's security and to perform any of the covenants contained in this Security Instrument.

4. **SECURED DEBT AND FUTURE ADVANCES.** The term "Secured Debt" is defined as follows:
   A. Debt incurred under the terms of all promissory note(s), contract(s), guaranty(ies) or other evidence of debt described below and all their extensions, renewals, modifications or substitutions. *(Include items such as borrowers' names, note or contract amounts, interest rates (whether variable), maturity dates, etc.)*

   Maturity Date: 6/26/2022

CALIFORNIA - DEED OF TRUST (NOT FOR FNMA, FHLMC, FHA OR VA USE)
© 1994 Wolters Kluwer Financial Services - Bankers Systems, Inc., Form RE-DT-CA 2/9/2006
VMP ®-C165(CA) (0605)

*(page 1 of 6)*

TF _____

4

B. All future advances from Lender to Trustor or other future obligations of Trustor to Lender under any promissory note, contract or guaranty, or other evidence of debt executed by Trustor in favor of Lender after this Security Instrument if this Security Instrument is specifically referenced on the evidence of other debt. If more than one person signs this Security Instrument, each Trustor agrees that this Security Instrument will secure all future advances and future obligations that are given to or incurred by any one or more Trustor, or any one or more Trustor and others. All future advances and other future obligations are secured by this Security Instrument even though all or part may not yet be advanced. All future advances and other future obligations are secured as if made on the date of this Security Instrument. Nothing in this Security Instrument shall constitute a commitment to make additional or future loans or advances in any amount. Any such commitment must be agreed to in a separate writing.

C. All additional sums advanced and expenses incurred by Lender for insuring, preserving or otherwise protecting the Property and its value and any other sums advanced and expenses incurred by Lender under the terms of this Security Instrument.

D. Performance of every obligation in this Security Instrument (including any subsequent instrument amending this Security Instrument) and any instrument now or later evidencing or securing any indebtedness secured by this Security Instrument.

This Security Instrument will not secure any other debt if Lender fails to give any required notice of the right of rescission.

5. **PAYMENTS.** Trustor agrees that all payments under the Secured Debt will be paid when due and in accordance with the terms of the Secured Debt and this Security Instrument.

6. **WARRANTY OF TITLE.** Trustor warrants that Trustor is or will be lawfully seized of the estate conveyed by this Security Instrument and has the right to irrevocably grant, convey and sell the Property to Trustee, in trust, with power of sale. Trustor also warrants that the Property is unencumbered, except for encumbrances of record.

7. **PRIOR SECURITY INTERESTS.** With regard to any other mortgage, deed of trust, security agreement or other lien document that created a prior security interest or encumbrance on the Property, Trustor agrees:
   A. To make all payments when due and to perform or comply with all covenants.

   B. To promptly deliver to Lender any notices that Trustor receives from the holder.

   C. Not to allow any modification or extension of, nor to request any future advances under any note or agreement secured by the lien document without Lender's prior written consent.

8. **CLAIMS AGAINST TITLE.** Trustor will pay all taxes, assessments, liens, encumbrances, lease payments, ground rents, utilities, and other charges relating to the Property when due. Lender may require Trustor to provide to Lender copies of all notices that such amounts are due and the receipts evidencing Trustor's payment. Trustor will defend title to the Property against any claims that would impair the lien of this Security Instrument. Trustor agrees to assign to Lender, as requested by Lender, any rights, claims or defenses Trustor may have against parties who supply labor or materials to maintain or improve the Property.

9. **DUE ON SALE OR ENCUMBRANCE.** Lender may, at its option, declare the entire balance of the Secured Debt to be immediately due and payable upon the creation of, or contract for the creation of, any lien, encumbrance, transfer or sale of all or any part of the Property. This right is subject to the restrictions imposed by federal law (12 C.F.R. 591), as applicable. This covenant shall run with the Property and shall remain in effect until the Secured Debt is paid in full and this Security Instrument is released.

10. **PROPERTY CONDITION, ALTERATIONS AND INSPECTION.** Trustor will keep the Property in good condition and make all repairs that are reasonably necessary. Trustor shall not commit or allow any waste, impairment, or deterioration of the Property. Trustor will keep the Property free of noxious weeds and grasses. Trustor agrees that the nature of the occupancy and use will not substantially change without Lender's prior written consent. Trustor will not permit any change in any license, restrictive covenant or easement without Lender's prior written consent. Trustor will notify Lender of all demands, proceedings, claims, and actions against Trustor, and of any loss or damage to the Property.

Lender or Lender's agents may, at Lender's option, enter the Property at any reasonable time for the purpose of inspecting the Property. Lender shall give Trustor notice at the time of or before an inspection specifying a reasonable purpose for the inspection. Any inspection of the Property shall be entirely for Lender's benefit and Trustor will in no way rely on Lender's inspection.

11. **AUTHORITY TO PERFORM.** If Trustor fails to perform any duty or any of the covenants contained in this Security Instrument, Lender may, without notice, perform or cause them to be performed. Trustor appoints Lender as attorney in fact to sign Trustor's name or pay any amount necessary for performance. Lender's right to perform for Trustor shall not create an obligation to perform, and Lender's failure to perform will not preclude Lender from exercising any of Lender's

© 1994 Wolters Kluwer Financial Services - Bankers Systems, Inc., Form RE-DT-CA 2/9/2006
VMP ®-C165(CA)  (0605)

*(page 2 of 6)*

TF

5

other rights under the law or this Security Instrument. If any construction on the Property is discontinued or not carried on in a reasonable manner, Lender may take all steps necessary to protect Lender's security interest in the Property, including completion of the construction.

12. **ASSIGNMENT OF LEASES AND RENTS.** Trustor irrevocably assigns, grants, and conveys, to Trustee, in trust for the benefit of Lender as additional security all the right, title and interest in the following (all referred to as Property): existing or future leases, subleases, licenses, guaranties and any other written or verbal agreements for the use and occupancy of the Property, including any extensions, renewals, modifications or replacements (all referred to as Leases); and rents, issues and profits (all referred to as Rents). In the event any item listed as Leases or Rents is determined to be personal property, this Assignment will also be regarded as a security agreement. Trustor will promptly provide Lender with copies of the Leases and will certify these Leases are true and correct copies. The existing Leases will be provided on execution of the Assignment, and all future Leases and any other information with respect to these Leases will be provided immediately after they are executed. Trustor may collect, receive, enjoy and use the Rents so long as Trustor is not in default.

Upon default, Trustor will receive any Rents in trust for Lender and will not commingle the Rents with any other funds. Trustor agrees that this Security Instrument is immediately effective between Trustor and Lender and effective as to third parties on the recording of this Assignment. This Security Instrument will remain effective during any statutory redemption period until the Secured Debts are satisfied. As long as this Assignment is in effect, Trustor warrants and represents that no default exists under the Leases, and the parties subject to the Leases have not violated any applicable law on leases, licenses and landlords and tenants.

13. **LEASEHOLDS; CONDOMINIUMS; PLANNED UNIT DEVELOPMENTS.** Trustor agrees to comply with the provisions of any lease if this Security Instrument is on a leasehold. If the Property includes a unit in a condominium or a planned unit development, Trustor will perform all of Trustor's duties under the covenants, by-laws, or regulations of the condominium or planned unit development.

14. **DEFAULT.** Trustor will be in default if any party obligated on the Secured Debt fails to make payment when due. Trustor will be in default if a breach occurs under the terms of this Security Instrument or any other document executed for the purpose of creating, securing or guarantying the Secured Debt. A good faith belief by Lender that Lender at any time is insecure with respect to any person or entity obligated on the Secured Debt or that the prospect of any payment or the value of the Property is impaired shall also constitute an event of default.

15. **REMEDIES ON DEFAULT.** In some instances, federal and state law will require Lender to provide Trustor with notice of the right to cure, or other notices and may establish time schedules for foreclosure actions. Subject to these limitations, if any, Lender may accelerate the Secured Debt and foreclose this Security Instrument in a manner provided by law if Trustor is in default.

At the option of Lender, all or any part of the agreed fees and charges, accrued interest and principal shall become immediately due and payable, after giving notice if required by law, upon the occurrence of a default or anytime thereafter. In addition, Lender shall be entitled to all the remedies provided by law, the terms of the Secured Debt, this Security Instrument and any related documents, including without limitation, the power to sell the Property.

If Lender elects to foreclose by exercise of the power of sale, Lender will declare the entire Secured Debts due and payable by delivering to Trustee in this Security Instrument and any evidence of the Secured Debts, receipts and evidence of expenditures made and secured, as Trustee requires. When the legally prescribed time passes after Trustee or Lender duly records a notice of default, the Trustee, Lender or other person authorized to take the sale will give a notice of sale as required by law and will cause the Property to be sold at the time and place fixed in the notice of sale. Lender may rescind any notice of default at any time before the Property's sale. Rescission will occur when Lender executes and records a notice of rescission that cancels any prior notice of default and any related acceleration of the Secured Debts. Lender's rescission will not waive any default then existing or subsequently occurring or preclude Lender exercising its remedies, including the power of sale, at another time.

The Property can be sold as a whole or in separate parcels and in any order that Trustee decides. The Property will be sold to the highest bidder for cash in lawful money of the United States, payable at sale time. The Property can be sold to anyone, including Trustor, Trustee or Lender. Trustee may postpone the sale of any part of the Property by public announcement at the time and place of this sale and afterwards at the time fixed by the preceding postponement. Upon any sale of the Property, Trustee will make and deliver a special or limited warranty deed that conveys the property sold to the purchaser or purchasers. Under this special or limited warranty deed, Trustee will covenant that Trustee has not caused or allowed a lien or an encumbrance to burden the Property and that Trustee will specially warrant and defend the Property's title to the purchaser or purchasers at the sale against all lawful claims and demand of all persons claiming by, through or under Trustee. The deed's recital of facts will be conclusive proof of the truthfulness of these facts.

(page 3 of 6)

© 1994 Wolters Kluwer Financial Services - Bankers Systems, Inc.,  Form RE-DT-CA  2/9/2006
VMP ®-C165(CA)  (0605)

TF

The proceeds from the Property's sale will be applied to the sale expenses, Trustee's expenses, Lender's attorneys' fees due on Trustor's default, sums that Trustee or Lender paid for procuring a title search of the Property's title subsequent to the execution of this Security Instrument, all outstanding amounts due under this Security Instrument and the remainder to anyone legally entitled to the remaining amounts due.

All remedies are distinct, cumulative and not exclusive, and the Lender is entitled to all remedies provided at law or equity, whether or not expressly set forth. The acceptance by Lender of any sum in payment or partial payment on the Secured Debt after the balance is due or is accelerated or after foreclosure proceedings are filed shall not constitute a waiver of Lender's right to require complete cure of any existing default. By not exercising any remedy on Trustor's default, Lender does not waive Lender's right to later consider the event a default if it continues or happens again.

16. **EXPENSES; ADVANCES ON COVENANTS; ATTORNEYS' FEES; COLLECTION COSTS.** Except when prohibited by law, Trustor agrees to pay all of Lender's expenses if Trustor breaches any covenant (including, but not limited to, advances and expenses as described in the AUTHORITY TO PERFORM and INSURANCE sections) in this Security Instrument. Trustor will also pay on demand any amount incurred by Lender for insuring, inspecting, preserving or otherwise protecting the Property and Lender's security interest. These expenses will bear interest from the date of the payment until paid in full at the highest interest rate in effect as provided in the terms of the Secured Debt. Trustor agrees to pay all costs and expenses incurred by Lender in collecting, enforcing or protecting Lender's rights and remedies under this Security Instrument. This amount may include, but is not limited to, attorneys' fees, court costs, and other legal expenses. This Security Instrument shall remain in effect until released. Trustor agrees to pay for any recordation costs of such release.

17. **ENVIRONMENTAL LAWS AND HAZARDOUS SUBSTANCES.** As used in this section, (1) Environmental Law means, without limitation, the Comprehensive Environmental Response, Compensation and Liability Act (CERCLA, 42 U.S.C. 9601 et seq.), and all other federal, state and local laws, regulations, ordinances, court orders, attorney general opinions or interpretive letters concerning the public health, safety, welfare, environment or a hazardous substance; and (2) Hazardous Substance means any toxic, radioactive or hazardous material, waste, pollutant or contaminant which has characteristics which render the substance dangerous or potentially dangerous to the public health, safety, welfare or environment. The term includes, without limitation, any substances defined as "hazardous material," "toxic substances," "hazardous waste" or "hazardous substance" under any Environmental Law.

Trustor represents, warrants and agrees that:

   A. Except as previously disclosed and acknowledged in writing to Lender, no Hazardous Substance is or will be located, stored or released on or in the Property. This restriction does not apply to small quantities of Hazardous Substances that are generally recognized to be appropriate for the normal use and maintenance of the Property.

   B. Except as previously disclosed and acknowledged in writing to Lender, Trustor and every tenant have been, are, and shall remain in full compliance with any applicable Environmental Law.

   C. Trustor shall immediately notify Lender if a release or threatened release of a Hazardous Substance occurs on, under or about the Property or there is a violation of any Environmental Law concerning the Property. In such an event, Trustor shall take all necessary remedial action in accordance with any Environmental Law.

   D. Trustor shall immediately notify Lender in writing as soon as Trustor has reason to believe there is any pending or threatened investigation, claim, or proceeding relating to the release or threatened release of any Hazardous Substance or the violation of any Environmental Law.

18. **CONDEMNATION.** Trustor will give Lender prompt notice of any pending or threatened action, by private or public entities to purchase or take any or all of the Property through condemnation, eminent domain, or any other means. Trustor authorizes Lender to intervene in Trustor's name in any of the above described actions or claims. Trustor assigns to Lender the proceeds of any award or claim for damages connected with a condemnation or other taking of all or any part of the Property. Such proceeds shall be considered payments and will be applied as provided in this Security Instrument. This assignment of proceeds is subject to the terms of any prior mortgage, deed of trust, security agreement or other lien document.

19. **INSURANCE.** Trustor shall keep Property insured against loss by fire, flood, theft and other hazards and risks reasonably associated with the Property due to its type and location. This insurance shall be maintained in the amounts and for the periods that Lender requires. What Lender requires pursuant to the preceding two sentences can change during the term of the Secured Debt. The insurance carrier providing the insurance shall be chosen by Trustor subject to Lender's approval, which shall not be unreasonably withheld. If Trustor fails to maintain the coverage described above, Lender may, at Lender's option, obtain coverage to protect Lender's rights in the Property according to the terms of this Security Instrument.

All insurance policies and renewals shall be acceptable to Lender and shall include a standard "mortgage clause" and, where applicable, "loss payee clause." Trustor shall immediately notify Lender of cancellation or termination of the insurance. Lender shall have the right to hold the policies and renewals. If Lender requires, Trustor shall immediately give to Lender all receipts of paid premiums and renewal notices. Upon loss, Trustor shall give immediate notice to the insurance carrier and Lender. Lender may make proof of loss if not made immediately by Trustor.

© 1994 Wolters Kluwer Financial Services - Bankers Systems, Inc., Form RE-DT-CA 2/9/2006
VMP ®-C165(CA) (0805)

TF

Unless otherwise agreed in writing, all insurance proceeds shall be applied to the restoration or repair of the Property or to the Secured Debt, whether or not then due, at Lender's option. Any application of proceeds to principal shall not extend or postpone the due date of the scheduled payment nor change the amount of any payment. Any excess will be paid to the Trustor. If the Property is acquired by Lender, Trustor's right to any insurance policies and proceeds resulting from damage to the Property before the acquisition shall pass to Lender to the extent of the Secured Debt immediately before the acquisition.

20. **ESCROW FOR TAXES AND INSURANCE.** Unless otherwise provided in a separate agreement, Trustor will not be required to pay to Lender funds for taxes and insurance in escrow.

21. **FINANCIAL REPORTS AND ADDITIONAL DOCUMENTS.** Trustor will provide to Lender upon request, any financial statement or information Lender may deem reasonably necessary. Trustor agrees to sign, deliver, and file any additional documents or certifications that Lender may consider necessary to perfect, continue, and preserve Trustor's obligations under this Security Instrument and Lender's lien status on the Property.

22. **JOINT AND INDIVIDUAL LIABILITY; CO-SIGNERS; SUCCESSORS AND ASSIGNS BOUND.** All duties under this Security Instrument are joint and individual. If Trustor signs this Security Instrument but does not sign an evidence of debt, Trustor does so only to mortgage Trustor's interest in the Property to secure payment of the Secured Debt and Trustor does not agree to be personally liable on the Secured Debt. Trustor agrees that Lender and any party to this Security Instrument may extend, modify or make any change in the terms of this Security Instrument or any evidence of debt without Trustor's consent. Such a change will not release Trustor from the terms of this Security Instrument. The duties and benefits of this Security Instrument shall bind and benefit the successors and assigns of Trustor and Lender.

23. **APPLICABLE LAW; SEVERABILITY; INTERPRETATION.** This Security Instrument is governed by the laws of the jurisdiction in which Lender is located, except to the extent otherwise required by the laws of the jurisdiction where the Property is located. This Security Instrument is complete and fully integrated. This Security Instrument may not be amended or modified by oral agreement. Any section in this Security Instrument, attachments, or any agreement related to the Secured Debt that conflicts with applicable law will not be effective, unless that law expressly or impliedly permits the variations by written agreement. If any section of this Security Instrument cannot be enforced according to its terms, that section will be severed and will not affect the enforceability of the remainder of this Security Instrument. Whenever used, the singular shall include the plural and the plural the singular. The captions and headings of the sections of this Security Instrument are for convenience only and are not to be used to interpret or define the terms of this Security Instrument. Time is of the essence in this Security Instrument.

24. **SUCCESSOR TRUSTEE.** Lender, at Lender's option, may from time to time remove Trustee and appoint a successor trustee without any other formality than the designation in writing. The successor trustee, without conveyance of the Property, shall succeed to all the title, power and duties conferred upon Trustee by this Security Instrument and applicable law.

25. **NOTICE.** Unless otherwise required by law, any notice shall be given by delivering it or by mailing it by first class mail to the appropriate party's address on page 1 of this Security Instrument, or to any other address designated in writing. Notice to one trustor will be deemed to be notice to all trustors. Lender and Trustor request that copies of any notice of default or notice of sale under a superior instrument be sent to Lender and Trustor at the addresses listed in the DATE AND PARTIES section.

26. **WAIVERS.** Except to the extent prohibited by law, Trustor waives all appraisement or marshalling of assets relating to the Property.

27. **STATEMENT OF OBLIGATION.** Lender may collect a fee not to exceed the maximum allowed by applicable law for furnishing the statement of obligation as provided in Section 2943 of the Civil Code of California.

28. **SPOUSE'S SEPARATE PROPERTY.** Any Trustor who is a married person or registered domestic partner expressly agrees that recourse may be had against his or her separate property.

© 1994 Wolters Kluwer Financial Services - Bankers Systems, Inc., Form RE-DT-CA 2/9/2006
VMP ®-C165(CA) (0605)

(page 5 of 6)

TF

*8*

**29. OTHER TERMS.** If checked, the following are applicable to this Security Instrument:

☐ **Line of Credit.** The Secured Debt includes a revolving line of credit provision. Although the Secured Debt may be reduced to a zero balance, this Security Instrument will remain in effect until released.

☐ **Construction Loan.** This Security Instrument secures an obligation incurred for the construction of an improvement on the Property.

☐ **Fixture Filing.** Trustor grants to Lender a security interest in all goods that Trustor owns now or in the future and that are or will become fixtures related to the Property. This Security Instrument suffices as a financing statement and any carbon, photographic or other reproduction may be filed of record for purposes of Article 9 of the Uniform Commercial Code.

☐ **Riders.** The covenants and agreements of each of the riders checked below are incorporated into and supplement and amend the terms of this Security Instrument. [Check all applicable boxes]

☐ Condominium Rider  ☐ Planned Unit Development Rider  ☐ Other .................................................

☐ **Additional Terms.**

**SIGNATURES:** By signing below, Trustor agrees to the terms and covenants contained in this Security Instrument and in any attachments. Trustor also acknowledges receipt of a copy of this Security Instrument on the date stated on page 1.

Tom— Fid—    6/29/07

(Signature)                                    (Date)    (Signature)                                    (Date)

TOMER FRIDMAN

**ACKNOWLEDGMENT:**

(Individual) STATE OF *California* , COUNTY OF *Los Angeles* } ss.

On this *6/29/07* day of *June, 2007* before me *Corina Esperanza Castillo*

a notary public, personally appeared *Tomer Fridman*

personally known to me (or proved to me on the basis of satisfactory evidence) to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

WITNESS my hand and official seal.

CORINA ESPERANZA CASTILLO
Commission # 1468592
Notary Public - California
Los Angeles County
My Comm. Expires Feb 7, 2008
(Seal)

Signature .......................................

Name (typed or printed)

My commission expires: *2/7/08*

| REQUEST FOR FULL RECONVEYANCE |
|---|

To Trustee:

The undersigned is the holder of the note or notes secured by this Deed of Trust, which was recorded in the office of the Recorder of ........................... County, State of California, in book ..................... , page ........................... of official records. Said note or notes, together with all other indebtedness secured by this Deed of Trust, have been paid in full. You are hereby directed to cancel said note or notes and this Deed of Trust, which are delivered hereby, and to reconvey, without warranty, all the estate now held by you under this Deed of Trust to the person or persons legally entitled thereto.

Dated: .................................................

Assessor's Identification Number ............ - ............ - ............

© 1994 Wolters Kluwer Financial Services - Bankers Systems, Inc., Form RE-DT-CA 2/9/2006

**VMP ®-C165(CA)** (0605)

*(page 6 of 6)*

Order No: 076016840-H07

EXHIBIT "A"

# LEGAL DESCRIPTION

PARCEL 1:

LOT 16 OF TRACT NO. 35596-13, IN THE CITY OF CALABASAS, COUNTY OF LOS ANGELES, STATE OF CALIFORNIA, AS PER MAP RECORDED IN BOOK 1285 PAGE 35 THROUGH 39 INCLUSIVE OF MAPS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY.

PARCEL 2:

NONEXCLUSIVE EASEMENTS FOR ACCESS, INGRESS, EGRESS, USE, ENJOYMENT, DRAINAGE, ENCROACHMENT, SUPPORT, MAINTENANCE, REPAIRS, AND FOR OTHER PURPOSES, ALL AS DESCRIBED IN THE MASTER DECLARATION AND THE DECLARATION.

MORTGAGEDEED_A

013964585641896

LGLDESC1 - 04/28/89

National City®

## FIXED RATE CONSUMER NOTE AND SECURITY AGREEMENT – National Home Equity
(Not to be Used for Texas Homestead Loans Unless Purchase Money or Refinance of Purchase Money)

Date_____6/26/2007_____

**1.   DEBTOR(S)**       TOMER FRIDMAN

Address          25420 PRADO DE LAS PERAS
                 CALABASAS, California 91302

**2.        DEFINITIONS AND GENERAL TERMS.** "You" or "your" means the undersigned Debtors. "We", "our" or "us" means National City Bank, 6750 Miller Road, Brecksville, Ohio 44141, and its successors and assigns. "Note" means this promissory note and security agreement and all related attachments and addenda. "Loan" means the loan evidenced by this Note. Property means the real estate securing the payment of this Note described in Section 4. "Disclosure Statement" means the separate federal truth-in-lending disclosure statement of even date provided to you, the terms of which are incorporated by reference in this Note. Disclosures in the Disclosure Statement are contract terms. You agree that we are making this Loan directly to you. The Section headings of this Note are a table of contents and not contract terms.

**3.        PROMISSORY NOTE.** For value received, you, intending to be legally bound, jointly and severally promise to pay to our order the principal sum of $____244,950.00____, which includes a prepaid finance charge of $___1078.00_____, plus interest from the date of this Note on the principal sum outstanding and other sums owed under this Note at the per annum rate of ____9.375____ %, payable as described in the payment schedule in the Disclosure Statement. You agree that all past due and unpaid charges owed, including past due interest, may be capitalized and earn interest by adding them to the principal balance of this Note. Interest will be computed on a simple interest basis based upon a 365-day year, but calculated on actual days. Accordingly, your payment history could affect the amount you will pay under this Note.

**4.        PROPERTY.**      25420 PRADO DE LAS PERAS
                            CALABASAS , California 91302

**5.        DISBURSEMENT OF PROCEEDS.** You authorize us to disburse all proceeds of this Loan by check, draft, electronic transfer or in such other form or manner as we choose in our sole discretion.

**6.        LATE CHARGE; RETURNED INSTRUMENT CHARGE; DEFFERAL CHARGE; DOCUMENT REQUEST CHARGE.** If all or any portion of any monthly payment is not received within 10 days after it is due and we do not accelerate the entire balance owing under this Note, you agree to pay a late charge. This late charge will be the greater of 10% of the unpaid monthly payment or $40. If any check, draft, negotiable order of withdrawal, or other similar instrument is returned to us unpaid for any reason, you agree to pay a returned instrument charge. This returned instrument charge will be $25. If we, in our sole discretion, permit you to defer any payment(s) you agree to pay a deferral charge for each payment deferred.   If you request copies of any documents related to this Loan, you agree to pay a document request charge for the service of providing copies. This document request charge will be $6 per copy. We will not charge you for documents we are required to provide you by law.

**7.        INSURANCE.** You are required to insure the Property until this Loan is paid in full or we sell the Property. You have the risk of loss of the Property and will be responsible for its loss or damage. You agree to obtain primary insurance coverage (including furnishing existing coverage) from any insurer you want that is acceptable to us, provided that the insurer is authorized to do business in the state or jurisdiction where the Property is located or is an eligible surplus lines carrier, in the following types and amounts with us listed as loss payee: (a) fire, "all risk" perils and flood insurance required by law; and (b) all other insurance required by applicable law. You must keep the Property fully insured against loss or damage on terms which are acceptable to us to the extent permitted by law. All insurance proceeds we receive (including a refund of premium) may at our option reduce the indebtedness of this Note or be used to repair or replace the Property. If the Property is destroyed, you must still pay us whatever you owe under this Note. If you fail to maintain the required insurance, we may at our sole option obtain coverages at your expense which we believe are necessary to protect our interests in the Property. You agree to pay the expense of such insurance on demand or agree that we may add such expense to this Loan. You acknowledge that insurance we purchase may cost substantially more than insurance you could purchase. Failure of your insurer to pay a claim, or any part of a claim, will mean you do not have the insurance required by this Note. You also assign to us any other insurance proceeds related to the Note or our interest in the Property. You must promptly provide us with evidence of cancellation or material change in coverage. Our mailing address for purposes of this Section is: P.O. Box 91596, Cleveland, OH 44101-0351. You irrevocably authorize us as your agent and on your behalf, which authorization will survive your incompetence, to negotiate, settle and release any claim under your insurance or under any insurance with a third party insurer related to the Property, and to receive and sign all related papers and documents on your behalf including, checks, drafts and other items payable to you.

**8.        PREPAYMENT.** You may voluntarily prepay the principal sum of this Note in part at any time. If you voluntarily prepay the principal sum of this Note in full, you agree to pay a voluntary prepayment charge which will be equal to the greater of __0__ % of the principal balance at the time of prepayment or $___0.00___. You will only be charged this voluntary prepayment charge during the first __0__ months of this Note. If we accelerate the entire balance owing under this Note due to your default, you agree to pay an involuntary prepayment charge which will be equal to $ _150.00_. No portion of the prepaid finance charge described in Section 3 will be refunded. Subject to Section 3, you authorize us to apply all prepaid sums to the indebtedness of this Note in any manner we elect.

**9.        SECURITY AGREEMENT.** To the extent permitted by law you grant us a security interest and waive all applicable property exemptions and homestead rights (unless the Property is located in Texas) in the following property to secure performance of your obligations under this Note and (except for the Property if it is a principal residence) your obligations under any other agreement with us or our affiliates: (a) the Property including all equipment, parts, accessories and personal property which is a fixture of the Property except "household goods" as defined by 12 C.F.R. 227.12(d) unless purchased with the proceeds of this Loan. If we have a prior lien on your principal residence as security for future obligations, we waive such security as to this Note only; (b) proceeds and unearned premiums of any Property insurance; (c) all of your deposit accounts with us or our affiliates (except individual retirement accounts); and (d) substitutions, replacements, products and proceeds of the foregoing. Our security interest will be a purchase money security interest if any of the foregoing are purchased with the proceeds of this Loan. You agree that we are not a fiduciary with respect to our security interest. You further agree that we may at any time apply proceeds and unearned premiums and refunds of any Property insurance to reduce the indebtedness of this Note, even if you are not in default. Upon our request, you will deliver any documents that are necessary for us to perfect our security interest. You will defend at your expense our security interest in the Property. To the extent permitted by law, you agree to pay all actual costs imposed to release our interests in the Property.

**10.       PROPERTY MAINTENANCE AND USE.** You will promptly pay all fees, fines, and taxes related to this Loan and the Property. You will maintain the Property in good condition except for ordinary wear and tear, and keep it free from all liens, encumbrances, fines and adverse claims. You will make all needed repairs. You will not make any changes to the Property that will decrease its value or decrease its functionality without our prior written consent. You will permit us to inspect the Property at a time which is reasonably convenient. If you do not do any of the foregoing, we may do so at our sole option and add the costs to this Loan or require you to provide us with additional collateral. You will not use, or permit others to use, the Property: (a) in violation of any law; (b) contrary to the provisions of any insurance policies covering the Property or in a manner that would invalidate any warranty or (c) for any business, commercial or agricultural purpose unless this Loan is explicitly for such a purpose.

NHEFRN1 (07/03)



FRNOTE-MULTI-V1_1

Exhibit 2

**11.**    **DEFAULT AND REMEDIES.** You will be in default under this Note if: (a) you fail to make any payment or pay other amount owing under this Note when due; (b) you fail to keep any of your agreements under this Note or under any other agreement with us or our affiliates; (c) a bankruptcy petition is filed by or against you; (d) you have provided false or misleading information to us; (e) you die or are declared incompetent or incapacitated (f) the Property or any other property for which we or our affiliates possess a security interest is lost, stolen, destroyed, determined by us to be uninsurable for use, seized, impounded or threatened with, or subject to, levy, attachment, condemnation, forfeiture or other administrative or judicial proceedings; or (g) you are in default on any obligation that is secured by a lien on the Property. If you are in default, in addition to any other rights and remedies we have under law and subject to any right you may have to cure your default, we may do any of the following: (aa) accelerate the entire balance owing under this Note after any demand or notice which is required by law, which entire balance will be immediately due and payable. You will pay us interest on this balance at the rate set forth in this Note including after default and acceleration and after any judgment; (bb) demand that you vacate the Property and make it available to us at a time which is reasonably convenient. You agree to comply with such demand; (cc) sell, lease, or otherwise dispose of the Property. Our disposal of the Property will not release you from any of your obligations and you will pay us any balance owing under this Note; (dd) recover all expenses related to retaking, holding, preparing for sale and selling the Property and reasonable collection costs, attorneys' fees  (unless you are a resident of New Hampshire, in which case we may not recover our attorneys' fees from you) and legal expenses as permitted by 11 U.S.C. 506 and applicable state law; and/or (ee) setoff any of your deposit accounts with us or our affiliates (except individual retirement accounts) without demand or notice.

**12.**    **PROPERTY CONDITION.** You agree that with respect to any Property: (a) it is free from all material defects, in proper operating order and fit for all intended purposes; (b) that our making this Loan was based in part upon the value and condition of them as represented by you; (c) we did not directly or indirectly offer, sell or provide it to you; and (e) we are not a seller, supplier, merchant or warrantor. **Accordingly, except for specific rights afforded by state law, any claims relating to the Property, including any defect or warranty related to it, are not our responsibility.**

**13.**    **ADDITIONAL AGREEMENTS.** You agree that: (a) you may not sell or assign this Note, the Property or any of its benefits or obligations without our prior written consent. We own this Note and may assign this Note or any of its benefits or obligations at any time without your consent; (b) this Note is between you and us and except for successors or assigns as provided by this Note, this Note will not confer any rights upon any third party; (c) our rights and remedies in this Note are not exclusive; (d) we may waive or delay the enforcement of our rights under this Note without waiving or otherwise affecting such rights; (e) the provisions of this Note are only to the extent permitted by applicable law.  Any part of this Note which cannot be enforced will be void, but the remaining parts will remain in effect; (f) you waive notice of dishonor, protest, presentment, demand for payment (subject to any right you may have to cure your default), waiver, delay and all other notices or demands in connection with this Note; (g) you waive all defenses relating to impairment of recourse or collateral, and we can change any term of this Note, release any collateral or release any obligor by agreeing with any one party without notifying or releasing any other party; (h) we can correct errors in this Note as provided in 15 U.S.C. 1640 upon notice to you even if they are contract terms and you agree to be bound by such corrections. Upon our request, you will promptly re-execute this Note to correct errors in the Note.  You can change any term of this Note only in a writing signed by us; (i) the Bank is a national bank located in Ohio and Bank's decision to make this Loan to you was made in Ohio.  Therefore, this Note shall be governed by and construed in accordance with (i) Federal laws and regulations including but not limited to 12 USC § 85 and (ii) the laws of Ohio, to the extent Ohio laws are not preempted by federal laws or regulations, and without regard to conflict of law principles; (j) this Note describes all agreements between you and us with respect to the Loan and there are no other agreements.  An electronic or optically imaged reproduction of this Note or any other document related to your Loan constitutes an original document and may be relied on in full by all parties to the same extent as an original; (k) except as otherwise required by law, we are authorized to mail any notice or other correspondence to you by first class mail to your last known address indicated on our records; (l) you will provide us with 10 days prior written notice of any change in any information contained in your application including a change in your name or address.  Except as otherwise specified, all notices and payments to us must be sent to P.O. Box 5700, Cleveland, OH 44101-0570, or such other place as we may designate.  Our failure or delay in providing you billing statements or other payment instructions will not relieve you of your obligations under this Note; (m) all payments must be in lawful money of the United States; (n) if you are a natural person you are competent to enter into this Note and if you are other than a natural person, the person signing on behalf of you represents that they are authorized to enter into and execute this Note; (o) we will not be responsible for any personal items in or on vacated Property. We will make a reasonable effort to return such items to you or have you reclaim them from us provided you notify us within 5 business days of our taking possession and itemize such items.  Even if you notify us, you abandon to us any personal items not reclaimed from us within 10 business days of our taking repossession; (p) we may accept late payments or partial payments without losing any of our rights.  **If your payment is marked with the words "Paid in Full" or similar language, you must send your payment to National City, 6750 Miller Road, Brecksville, Ohio 44141, Locator No. 7107.**  If your payment is made to any other address, we may accept the payment without losing any of our rights; (q) our application of your payments or other proceeds will be deemed reasonable unless another method is required by law, in which case that method will be deemed reasonable; (r) this Note will be binding and inure to the benefit of you and us and our respective successors and assigns; (s) **except as otherwise prohibited by law, Bank may provide to others, including but not limited to, consumer credit reporting agencies, information about our transactions and experiences with you. Also, Bank and its affiliates (collectively "National City") may share with each other all information about you for the purposes, among other things, of evaluating credit applications or offering products and services that National City believes may be of interest to you. Under the Fair Credit Reporting Act there is certain credit information that cannot be shared about you (unless you are a business) if you tell National City by writing to National City Corporation, Attention: Office of Consumer Privacy, P.O. Box 4068, Kalamazoo, MI 49009. You must include your name, address, account number and social security number;** (t) the annual IRS Form 1098 will be issued only to the first borrower listed on this Note at origination and the designation of a borrower as first cannot be changed subsequently; (u) we are authorized to sign on your behalf any document required to enforce our interests under this Note; (v) disclosures included in this Note but not required by law are not an admission or waiver of rights by us; (w) all actions under this Note requiring our consent are at our sole discretion, and such consent may be withheld for any reason; (x) our typewritten name in Section 2 will constitute our signature for purposes of this Note; (y) we have an established business relationship with you, and unless otherwise prohibited by law,  National City may contact you to offer you products and services that National City thinks may be of interest to you.  Such contacts are not unsolicited, and National City may contact you with an automated dialing and announcing device or by fax, email or other form of electronic communication and we may monitor telephone calls with you to assure quality service; (z) you will pay all fees we charge you in connection with this Loan including those indicated on any Good Faith Estimate or HUD1/HUD1A provided in connection with this Loan, which will be nonrefundable to the extent permitted by law; (aa) all amounts owed under this Note will be without relief from valuation and appraisement laws; (bb) if this Loan is not for a consumer purpose or you are not a natural person, you are not entitled to any rights afforded consumers under applicable law or regulations; and (cc) In this Note, the term "affiliates" means current and future affiliates of National City Bank, including, but not limited to, the following National City Corporation subsidiaries: National City Home Loan Services, Inc., First Franklin Financial Corporation, Madison Bank and Trust Company and National City Mortgage Co.

**14.**    **ADDITIONAL NOTICES.** The following notices are given by Bank only to the extent not inconsistent with 12 U.S.C. Section 85 and related regulations and opinions, and/or the choice of law provision set forth herein (with respect to which Bank expressly reserves all rights). You acknowledge receipt of the following notices before becoming obligated. For purposes of the immediately following *Notice to Cosigner*, "bank" means us.

NHEFRN2A (06/06)

FRNOTE-MULTI-V1_2

0005629370

You are being asked to guarantee this debt. Think carefully before you do. If the borrower doesn't pay the debt, you will have to. Be sure you can afford to pay if you have to, and that you want to accept this responsibility. You may have to pay up to the full amount of the debt if the borrower does not pay. You may also have to pay late fees or collection costs, which increase this amount. The bank can collect this debt from you without first trying to collect from the borrower (and after proper notice to you if you are a "cosigner" as defined by Illinois or Michigan law). The bank can use the same collection methods against you that can be used against the borrower, such as suing you, garnishing your wages (unless you receive wages in North Carolina, Pennsylvania, South Carolina or Texas) etc. If this debt is ever in default, that fact may become a part of *your* credit record. This notice is not the contract that makes you liable for the debt.

## NOTICE TO ALL SIGNERS

You are hereby notified that a negative credit report reflecting on your credit record may be submitted to a consumer (credit) reporting agency if you fail to fulfill the terms of your credit obligations. If you believe that we have information about you that is inaccurate or that we have reported or may report to a credit reporting agency information about you that is inaccurate, please notify us of the specific information that you believe is inaccurate by writing to National City, P.O. Box 94982, Cleveland, Ohio 44101, Attn: Credit Bureau Disputes, Locator 7113.

If the Property is located in California: Lender may, at its option, declare the entire balance of the Secured Debt to be immediately due and payable upon the creation of, or contract for the creation of, any lien, encumbrance, transfer or sale of the Property.

If the Property is located in Colorado: The dollar amount of the finance charge disclosed to you for this credit transaction is based upon your payments being received by us on the date payments are due. If your payments are received after the due date, even if received before the date a late fee applies, you may owe additional and substantial money at the end of the credit transaction and there may be little or no reduction of principal. This is due to the accrual of daily interest until a payment is received.

If the Property is located in Florida: Florida Documentary Stamp Tax in the amount required by law has been paid or will be paid directly to the Department of Revenue, and Florida Documentary Stamps have been placed on the taxable instruments as required by Chapter 201, Florida Statutes.

If the Property is located in Iowa (this is a consumer credit transaction) or Kansas: NOTICE TO CONSUMER: 1. Do not sign this paper (agreement) before you read it. 2. You are entitled to a copy of this paper (agreement). 3. You may prepay the unpaid balance at any time and in accordance with law you will not be entitled to receive a refund of unearned charges. 4. If you prepay the unpaid balance, you may have to pay a prepayment penalty.

If the Property is located in Iowa and the principal amount of this Loan exceeds $20,000: IMPORTANT: READ BEFORE SIGNING. THE TERMS OF THIS AGREEMENT SHOULD BE READ CAREFULLY BECAUSE ONLY THOSE TERMS IN WRITING ARE ENFORCEABLE. NO OTHER TERMS OR ORAL PROMISES NOT CONTAINED IN THIS WRITTEN CONTRACT MAY BE LEGALLY ENFORCED. YOU MAY CHANGE THE TERMS OF THIS AGREEMENT ONLY BY ANOTHER WRITTEN AGREEMENT.

If the Property is located in Maryland: We elect Subtitle 10, Credit Grantor Closed End Credit Provisions, of Title 12 of the Commercial Law Article of the Annotated Code of Maryland.

If the Property is located in Minnesota: If the amount of this Loan is $100,000 or more, we elect Minn. Stat. § 334.01.

If the Property is located in Missouri: Oral agreements or commitments to loan money, extend credit or to forbear from enforcing repayment of a debt including promises to extend or renew such debt are not enforceable. To protect you (borrower(s)) and us (creditor) from misunderstanding or disappointment, any agreements we reach covering such matters are contained in this writing, which is the complete and exclusive statement of the agreement between us, except as we may later agree in writing to modify it.

If the Property is located in New York: YOU SHOULD CHECK WITH YOUR LEGAL ADVISOR AND WITH OTHER MORTGAGE LIEN HOLDERS AS TO WHETHER ANY PRIOR LIENS CONTAIN ACCELERATION CLAUSES WHICH WOULD BE ACTIVATED BY A JUNIOR ENCUMBRANCE.

DEFAULT IN THE PAYMENT OF THIS LOAN AGREEMENT MAY RESULT IN THE LOSS OF THE PROPERTY SECURING THE LOAN. UNDER FEDERAL LAW, YOU MAY HAVE THE RIGHT TO CANCEL THIS AGREEMENT. IF YOU HAVE THIS RIGHT, THE CREDITOR IS REQUIRED TO PROVIDE YOU WITH A SEPARATE WRITTEN NOTICE SPECIFYING THE CIRCUMSTANCES AND TIMES UNDER WHICH YOU CAN EXERCISE THIS RIGHT.

If the Property is located in North Dakota: THIS OBLIGATION MAY BE THE BASIS FOR A PERSONAL ACTION AGAINST THE PROMISOR OR PROMISORS IN ADDITION TO OTHER REMEDIES ALLOWED BY LAW.

If the Property is located in Oregon: NOTICE TO THE BORROWER: Do not sign this loan agreement before you read it. The loan agreement provides for the payment of a penalty if you wish to repay the loan prior to the date provided for repayment in the loan agreement.

If the Property is located in Texas: THIS WRITTEN AGREEMENT REPRESENTS THE FINAL AGREEMENT BETWEEN THE PARTIES AND MAY NOT BE CONTRADICTED BY EVIDENCE OF PRIOR, CONTEMPORANEOUS OR SUBSEQUENT ORAL AGREEMENTS OF THE PARTIES. THERE ARE NO UNWRITTEN ORAL AGREEMENTS BETWEEN THE PARTIES.

If the Property is located in Vermont: NOTICE TO CO-SIGNER: YOUR SIGNATURE ON THIS NOTE MEANS THAT YOU ARE EQUALLY LIABLE FOR REPAYMENT OF THIS LOAN. IF THE BORROWER DOES NOT PAY, THE LENDER HAS A LEGAL RIGHT TO COLLECT FROM YOU.

If the Property is located in Wisconsin: NOTICE TO CUSTOMER: (a) DO NOT SIGN THIS BEFORE YOU READ THE WRITING ON THE REVERSE SIDE, EVEN IF OTHERWISE ADVISED. (b) DO NOT SIGN THIS IF IT CONTAINS ANY BLANK SPACES. (c) YOU ARE ENTITLED TO AN EXACT COPY OF ANY AGREEMENT YOU SIGN. (d) YOU HAVE THE RIGHT AT ANY TIME TO PAY IN ADVANCE THE UNPAID BALANCE DUE UNDER THIS AGREEMENT AND YOU WILL NOT BE ENTITLED TO A PARTIAL REFUND OF THE FINANCE CHARGE.

NHEFRN3 (07/04)



FRNOTE-MULTI-V1_3

**15.**   **SIGNATURES.** YOU HAVE READ AND AGREE TO ALL PROVISIONS OF THIS NOTE INCLUDING THOSE ON PAGES 1 THROUGH 3 AND IN THE DISCLOSURE STATEMENT, WHICH ARE INCORPORATED IN THIS NOTE BY REFERENCE.  (1) DO NOT SIGN THIS NOTE BEFORE YOU READ IT OR IF IT CONTAINS ANY BLANK SPACES TO BE FILLED IN.  (2) YOU ARE ENTITLED TO A COMPLETELY FILLED-IN COPY OF THIS NOTE BEFORE YOU SIGN IT.  BY SIGNING THIS NOTE, YOU ACKNOWLEDGE THAT YOU HAVE READ AND RECEIVED A COMPLETED COPY OF THIS ENTIRE NOTE BEFORE SIGNING IT ON THE DATE SHOWN ON PAGE 1.  SEE PAGES 1, 2 AND 3 AND THE DISCLOSURE STATEMENT FOR ADDITIONAL IMPORTANT TERMS AND CONDITIONS.

| TOMER FRIDMAN | X _Tom Fridman_ |
|---|---|
| Type or print name of Debtor | Debtor's signature |

| | X |
|---|---|
| Type or print name of Debtor | Debtor's signature |

| | X |
|---|---|
| Type or print name of Debtor | Debtor's signature |

| | X |
|---|---|
| Type or print name of Debtor | Debtor's signature |

**FOR MICHIGAN GUARANTORS ONLY: Guaranty Agreement.**   For value received, you the undersigned guarantors jointly, severally and unconditionally guarantee the payment of all sums owing under this Note when due and the performance by the Debtors of all promises contained in this Note. Upon default, we may proceed against any of you without first proceeding against any Debtor.  The liability of each of you will be primary and will not be affected by any settlement, release, extension, renewal or modification of this Note whether or not by operation of law.  Each of you voluntarily and knowingly waives all rights to any demands, presentments, notices and defenses of any kind or nature you might have in connection with this Guaranty.  Each of you agrees to pay all expenses including reasonable attorneys' fees incurred by us if we have to enforce this Guaranty.  Each of you acknowledges that you have read and agree to all terms of this Guaranty, Note and Disclosure Statement prior to signing below.

| | X |
|---|---|
| Type or print name of Guarantor | Guarantor's signature |

| | X |
|---|---|
| Type or print name of Guarantor | Guarantor's signature |

©2004 National City Corporation



FRNOTE-MULTI-V1_4



**This page is part of your document - DO NOT DISCARD**

## 20151202932





**Pages:**
**0002**

**Recorded/Filed in Official Records**
**Recorder's Office, Los Angeles County,**
**California**

**09/29/15 AT 08:04AM**

| | |
|---|---|
| FEES: | 18.00 |
| TAXES: | 0.00 |
| OTHER: | 0.00 |
| PAID: | 18.00 |



**L E A D S H E E T**



201509292860002

00011176586



007099891

**SEQ:**
**03**

DAR - Mail (Intake)



**THIS FORM IS NOT TO BE DUPLICATED**

E492350

Exhibit 3

Recording Requested By:
RICHMOND MONROE GROUP, INC

**When Recorded Return To:**
RICHMOND MONROE GROUP/TARA NEWTON
P.O. BOX 458
KIMBERLING CITY, MO 65686
Ref#: 0002240000000209 / 3000000232

*Trojan*



Temp Doc Number: 11176586

Batch Number: 7099891



## CORPORATE ASSIGNMENT OF DEED OF TRUST

Los Angeles, California   REFERENCE #: 1500000342   "FRIDMAN"
INVESTOR #:

For Value Received, TRINITY FINANCIAL SERVICES, LLC at 2618 SAN MIGUEL DR., SUITE 303, NEWPORT BEACH, CA 92660 hereby grants, assigns and transfers to TROJAN CAPITAL INVESTMENTS, LLC at 2618 SAN MIGUEL DRIVE, SUITE 316, NEWPORT BEACH, CA 92660 all beneficial interest under that certain Deed of Trust dated 06/26/2007 , in the amount of $244,950.00, executed by TOMER FRIDMAN A SINGLE MAN to NATIONAL CITY BANK and Recorded: 07/18/2007 as Instrument No.: 20071696485 in Los Angeles County , State of California and all rights accrued or to accrue under said Deed of Trust.

In witness whereof this instrument is executed.

TRINITY FINANCIAL SERVICES, LLC
On August 5th, 2015

Tara Newton, Assistant Vice President

STATE OF MISSOURI
COUNTY OF STONE

On August 5th, 2015, before me, SUZETTE HAMMOCK, a Notary Public in and for STONE in the State of MISSOURI, personally appeared Tara Newton, Assistant Vice President, personally known to me (or proved to me on the basis of satisfactory evidence) to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity, and that by his/her/their signature on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

WITNESS my hand and official seal,

SUZETTE HAMMOCK
Notary Expires: 05/17/2019 #15635452
(This area for notarial seal)

SUZETTE HAMMOCK
My Commission Expires
May 17, 2019
Barry County
Commission #15635452

*KAO*KAOAMRC*08/03/2015 08:33:00 AM* AMRCO5AMRCA00000000000000000892193* CALOS A* 1500000342 CASTATE_TRUST_ASSIGN_ASSN **13AMRC*



**This page is part of your document - DO NOT DISCARD**



# 20141174678



**Pages:**
**0002**

**Recorded/Filed in Official Records**
**Recorder's Office, Los Angeles County,**
**California**

**11/05/14 AT 09:28AM**

| | |
|---|---|
| FEES: | 18.00 |
| TAXES: | 0.00 |
| OTHER: | 0.00 |
| PAID: | 18.00 |



**L E A D S H E E T**



**201411052870029**

**00009809948**



**006480724**

**SEQ:**
**01**

**DAR - Mail (Hard Copy)**



**THIS FORM IS NOT TO BE DUPLICATED**





Recording Requested By:

Prepared By· PNC Bank N.A.

**When Recorded Return To:** Trinity Tr.lk
**PAIGE MARTIN**
Richmond Monroe Group
PO Box 458
Kimberling City, MO 65686

1500000 342

CaseNbr:    11133319
Ref Number:    4585641896
Property Address.
**25420 PRADO DE LAS PERAS
CALABASAS, CA 91302**
CA0-ADT                8/12/2010
NCC ID# 2428  DBI ID# 118254

11/05/2014

*20141174678*

This space for Recorder's use

# ASSIGNMENT OF DEED OF TRUST

For Value Received, the undersigned holder of a Deed of Trust (herein "Assignor") whose address is **6750 Miller Road, Brecksville OH 44141** does hereby grant, sell, assign, transfer and convey unto
Trinity Financial Services, LLC    whose address is 2615 San Miguel Dr. Ste 303 *
all beneficial interest under that certain Deed of Trust described below together with the note(s) and obligations therein described and the money due and to become due thereon with interest and all rights accrued or to accrue under said Deed of Trust.

* Newport Beach, CA 92660

| | |
|---|---|
| Original Lender: | **NATIONAL CITY BANK** |
| Original Borrower(s): | **TOMER FRIDMAN** |
| Original Trustee· | **National City Bank** |
| Date of Deed of Trust: | **6/26/2007** |
| Original Loan Amount: | **$244,950.00** |

Recorded in **Los Angeles County, CA** on· 7/18/2007, book N/A, page N/A and instrument number 20071696485

IN WITNESS WHEREOF, the undersigned has caused this Assignment of Deed of Trust to be executed on **8/12/2010**

**PNC BANK, N.A. SUCCESSOR BY MERGER TO
NATIONAL CITY BANK**

By: _____
**Ronald E. Rooney, President**

State of SC, County of **Lexington**

The foregoing instrument was acknowledged before me, a Notary Public, on **8/12/2010** by **Ronald E. Rooney, President** of PNC BANK, N.A. SUCCESSOR BY MERGER TO NATIONAL CITY BANK on behalf of the corporation.

Notary Public: Frances Y King
My Commission Expires: 5/26/2020

**FRANCES Y KING**
Notary Public
State of South Carolina
My Commission Expires 05/26/2020



# PACIFIC COAST
## TITLE COMPANY

1111 E. Katella Ave, #150
Orange, CA 92867
(714) 516-6791

*Issuing Agent for Old Republic National Title Insurance Company*

**LETTER**

TITLE OFFICER: Kevin Cameron
ORDER NO.: **95309248-55**
DATE: February 12, 2016    12:04 PM

PHONE: 714-665-1860
EMAIL: tsg@pct.com
FAX: 714-665-3760

SPECIAL DEFAULT SERVICES, INC.
17272 RED HILL AVENUE
IRVINE, CA 92614

Attn: SUPPORT
Your Ref: CA01000410-14

---

**NO FURTHER LIABILITY ASSUMED UNDER THIS REPORT**

**CURRENT BENE:** TROJAN CAPITAL INVESTMENTS, LLC

**ASSURED BENE:** TROJAN CAPITAL INVESTMENTS, LLC

**TAX INFORMATION:**

**Property Taxes**, including any personal property taxes and any assessments collected with taxes, for the fiscal year 2015-2016 Assessor's Parcel Number 2069-095-016.

| | |
|---|---|
| Code Area: | 11405 |
| 1st Installment: | $14,586.51 PAID |
| 2nd Installment: | $14,586.50 OPEN |
| Land: | $1,312,700.00 |
| Improvements: | $932,300.00 |
| Exemption: | $0.00 HOMEOWNERS |

**DELINQUENT TAXES:** NONE

Exhibit 4

**DEEDS OF TRUST:**

**A deed of trust** to secure an indebtedness in the amount shown below, and any other obligations secured thereby

| | |
|---|---|
| Amount: | $1,960,000.00 |
| Dated: | 07/11/2007 |
| Trustor: | TOMER FRIDMAN, A SINGLE MAN |
| Trustee: | CALIFORNIA RECONVEYANCE COMPANY, A CALIFORNIA CORP. |
| Beneficiary: | WASHINGTON MUTUAL BANK, FA |
| Recorded: | July 18, 2007 AS INSTRUMENT NO. 20071696484 OF OFFICIAL RECORDS |

An assignment of the beneficial interest under said deed of trust which names:

| | |
|---|---|
| Assignee: | JPMORGAN CHASE BANK, NATIONAL ASSOCIATION |
| Recorded: | February 25, 2013 AS INSTRUMENT NO. 20130286095 OF OFFICIAL RECORDS |

**A deed of trust** to secure an indebtedness in the amount shown below, and any other obligations secured thereby

| | |
|---|---|
| Amount: | $244,950.00 |
| Dated: | 06/26/2007 |
| Trustor: | TOMER FRIDMAN, A SINGLE MAN |
| Trustee: | NATIONAL CITY BANK |
| Beneficiary: | NATIONAL CITY BANK |
| Recorded: | July 18, 2007 AS INSTRUMENT NO. 20071696485 OF OFFICIAL RECORDS |

An assignment of the beneficial interest under said deed of trust which names:

| | |
|---|---|
| Assignor: | PNC BANK, N.A., SUCCESSOR BY MERGER TO NATIONAL CITY BANK |
| Assignee: | TRINITY FINANCIAL SERVICES, LLC |
| Recorded: | November 05, 2014 AS INSTRUMENT NO. 20141174678 OF OFFICIAL RECORDS |

An assignment of the beneficial interest under said deed of trust which names:

| | |
|---|---|
| Assignor: | TRINITY FINANCIAL SERVICES, LLC |
| Assignee: | TROJAN CAPITAL INVESTMENTS, LLC |
| Recorded: | September 29, 2015 AS INSTRUMENT NO. 20151202932 OF OFFICIAL RECORDS |

**JUDGMENTS:**

**An abstract of judgment** for the amount shown below and any other amounts due:

| | |
|---|---|
| Amount: | $5,651.97 |
| Debtor: | TOMER FRIDMAN |
| Creditor: | MAIN STREET ACQUISITION CORP., ASSIGNEE OF HSBC |
| Date Entered: | 03/27/2013 |
| County: | LOS ANGELES |
| Court: | SUPERIOR |
| Case No.: | 12E09408 |
| Recorded: | November 30, 2015 AS INSTRUMENT NO. 20151491716 OF OFFICIAL RECORDS |

**STATE / FEDERAL TAX LIENS:**  NONE

**LIS PENDENS:**  NONE

**OTHER TITLE ISSUES:**  NONE

# RESIDENTIAL BROKER PRICE OPINION

Loan #

REO #: _____   This BPO is the ☐ Initial ☐ 2nd Opinion   ☐ Updated ☒ Exterior Only   DATE 6/10/2016

PROPERTY ADDRESS:   25420 Prado De Las Peras   SALES REPRESENTATIVE: _____

Calabasas, CA 91302   CLIENT NAME: _____

FIRM NAME:   Boardwalk Properties   COMPLETED BY:   Mike Potier

PHONE NO.   562 424-0333   FAX NO.   562 490-0499

## I.   GENERAL MARKET CONDITIONS

Current market condition: ☐ Depressed ☐ Slow ☒ Stable ☐ Improving ☐ Excellent

Employment conditions: ☐ Declining ☒ Stable ☐ Increasing

Market price of this type property has: ☐ Decreased _____ % in past _____ months

☐ Increased _____ % in past _____ months

☒ Remained stable

Estimated percentages of owner vs. tenants in neighborhood:   80   % owner occupant   20   % tenant

There is a ☒ Normal supply ☐ oversupply ☐ shortage of comparable listings in the neighborhood

Approximate number of comparable units for sale in neighborhood:   4

No. of competing listings in neighborhood that are REO or Corporate owned:   0

No. of boarded or blocked-up homes:   0

## II.   SUBJECT MARKETABILITY

Range of values in the neighborhood is $   2,000,000   to $   2,600,000

The subject is an ☐ over improvement ☐ under improvement ☐ Appropriate improvement for the neighborhood.

Normal marketing time in the area is:   60   days.

Are all types of financing available for the property? ☒ Yes ☐ No   If no, explain _____

Has the property been on the market in the last 12 months? ☐ Yes ☒ No   If yes, $ _____ list price (include MLS printout)

To the best of your knowledge, why did it not sell? _____

Unit Type: ☒ single family detached ☐ condo ☐ co-op ☐ mobile home ☐ 2-family

☐ single family attached ☐ townhouse ☐ modular ☐ multi family ☐ 3-family

If condo or other association exists: Fee $ _____ ☐ monthly ☐ annually Current? ☐ Yes ☐ No   Fee delinquent? $ _____

The fee includes: ☐ Insurance ☐ Landscape ☐ Pool ☐ Tennis   Other _____

Association Contact:   Name:   N/A   Phone No.: _____

## III. COMPETITIVE CLOSED SALES

| ITEM | SUBJECT | COMPARABLE NUMBER 1 | | COMPARABLE NUMBER 2 | | COMPARABLE NUMBER  3 | |
|---|---|---|---|---|---|---|---|
| PROPERTY ADDRESS: 25420 Prado De Las Peras | | 3935 Prado De Las Frutas | | 3980 Prado Del Maiz | | 4154 Prado De La Puma | |
| Proximity to Subject | | .2   REO/Corp☐ | | .25   REO/Corp☐ | | .3   REO/Corp☐ | |
| Sale Price | $ | $ 2285000 | | $ 2315000 | | $ 2340000 | |
| Price/Gross Living Area | $       Sq. Ft. | $ 537 Sq. Ft. | | $599 Sq. Ft. | | $ 536 Sq. Ft. | |
| Sale Date & Days on Market | | 02/17/2016 71 DOM | | 04/21/2016 47 DOM | | 03/04/2016 103 DOM | |
| VALUE ADJUSTMEN | DESCRIPTION | DESCRIPTION | +(-) Adjustment | DESCRIPTION | +(-) Adjustment | DESCRIPTION | +(-) Adjustment |
| Sales or Financing Concessions | | Conv. | | Conv. | | Conv. | |
| Location | Suburban | Suburban | | Suburban | | Suburban | |
| Leasehold/Fee Simple | Fee Simple | Fee Simple | | Fee Simple | | Fee Simple | |
| Site | 18,551 | 12,700 | 35000 | 10,906 | 46000 | 18,346 | |
| View | Neighbor | Neighbor | | Neighbor | | Neighbor | |
| Design and Appeal | Traditional | Traditional | | Traditional | | Traditional | |
| Quality of Construction | Average | Average | | Average | | Average | |
| Age | 12 | 11 | | 11 | | 13 | |
| Condition | Good | Good | | Good | | Good | |
| Above Grade | Total 6 Bdrms 3 Baths 4 | Total 7 Bdrms 4 Baths 5 | | Total 7 Bdrms 4 Baths 3 | | Total 8 Bdrms 5 Baths 5.5 | |
| Room Count | | | -5000 | | 5000 | | -8000 |
| Gross Living Area | 3872 Sq. Ft. | 4256 Sq. Ft. | -19000 | 3862 Sq. Ft. | | 4366 Sq. Ft. | -25000 |
| Basement & Finished Rooms Below Grade | 0 | 0 | | 0 | | 0 | |
| Functional Utility | Average | Average | | Average | | Average | |
| Heating/Cooling | Central | Central | | Central | | | |
| Energy Efficient Items | None | None | | None | | None | |
| Garage/Carport | 2A | 2A | | 2A | | 4A | |
| Porches, Patio, Deck Fireplace(s), etc. | Fireplace | Fireplace | | Fireplace | | Fireplace | |
| Fence, Pool, etc. | Pool & spa | Pool & spa | | Pool | 10000 | Pool & spa | |
| Other | None | None | | None | | None | |
| Net Adj. (total) | | ☒ + ☐ - | $ 11000 | ☒ + ☐ - | $61000 | ☐ + ☒ - | $-33000 |
| Adjusted Sales Price of Comparable | | | $2296000 | | $2376000 | | $2307000 |

Exhibit 5   NRT rev. 08.04.2010a

## IV. MARKETING STRATEGY

Occupancy Status:  Occupied ☐  Vacant ☐  Unknown ☐

☒ As-is  ☐ Minimal Lender Required Repairs  ☐ Repaired   Most Likely Buyer: ☒ Owner occupant  ☐ Investor

## V. REPAIRS

Itemize ALL repairs needed to bring property from its present "as is" condition to <u>average marketable condition for the neighborhood</u>.  (Do not include repairs needed to bring property into a "rehabbed" condition, unless all comps in the area are completely rehabbed.)  Do not include normal start up costs (trash-out, initial lawn maintenance, etc).  Check those repairs you recommend that we perform for most successful marketing of the property.

| | | | | | | |
|---|---|---|---|---|---|---|
| ☐ | Will update upon interior inspection | $ | ☐ | | $ | |
| ☐ | | $ | ☐ | | $ | |
| ☐ | | $ | ☐ | | $ | |
| ☐ | | $ | ☐ | | $ | |
| ☐ | | $ | ☐ | | $ | |

**GRAND TOTAL FOR ALL REPAIRS  $_____**

## VI. COMPETITIVE LISTINGS

| ITEM | SUBJECT | COMPARABLE NUMBER 1 | | COMPARABLE NUMBER. 2 | | COMPARABLE NUMBER. 3 | |
|---|---|---|---|---|---|---|---|
| PROPERTY ADDRESS: 25420 Prado De Las Peras | | 4123 Prado De Las Cabras | | 4151 Prado De Los Zorros | | 25470 Prado De Amor | |
| Proximity to Subject | | .2 REO/Corp ☐ | | .27 REO/Corp ☐ | | .3 REO/Corp ☐ | |
| List Price | $ | $2,169,000 | | $ 2,284,000 | | $ 2,525,000 | |
| Price/Gross Living Area | $          Sq.Ft. | $ 483 Sq.Ft. | | $ 496 Sq.Ft. | | $ 515 Sq.Ft. | |
| Data and/or Verification Sources | Tax Records | MLS | | MLS | | MLS | |
| VALUE ADJUSTMENTS | DESCRIPTION | DESCRIPTION | +(-)Adjustment | DESCRIPTION | +(-)Adjustment | DESCRIPTION | +(-)Adjustment |
| Sales or Financing Concessions | | Conv. | | Conv. | | Conv. | |
| Days on Market | | 118 | | 43 | | 72 | |
| Location | Suburban | Suburban | | Suburban | | Suburban | |
| Leasehold/Fee Simple | Fee Simple | Fee Simple | | Fee Simple | | Fee Simple | |
| Site | 18.551 | 17,348 | 7000 | 11,497 | 42000 | 14,921 | 22000 |
| View | Neighbor | Neighbor | | Neighbor | | Neighbor | |
| Design and Appeal | Traditional | Traditional | | Traditional | | Traditional | |
| Quality of Construction | Average | Average | | Average | | Average | |
| Age | 12 | 13 | | 13 | | 10 | |
| Condition | Good | Good | | Good | | Good | |
| Above Grade Room Count | Total 6 / Bdrms 3 / Baths 4 | Total 7 / Bdrms 4 / Baths 4 | | Total 8 / Bdrms 5 / Baths 6 | -10000 | Total 8 / Bdrms 5 / Baths 5.5 | -8000 |
| Gross Living Area | 3872 Sq. Ft. | 4492 Sq. Ft. | -31000 | 4602 Sq. Ft. | -37000 | 4900 Sq. Ft. | -51000 |
| Basement & Finished Rooms Below Grade | 0 | 0 | | 0 | | 0 | |
| Functional Utility | Average | Average | | Average | | Average | |
| Heating/Cooling | Central | Central | | Central | | Central | |
| Energy Efficient Items | None | None | | None | | None | |
| Garage/Carport | 2A | 4A | -20000 | 4A | -20000 | 4A | -20000 |
| Porches, Patio, Deck Fireplace(s), etc. | Fireplace | Fireplace | | Fireplace | | Fireplace | |
| Fence, Pool, etc. | Pool & spa | Pool & spa | | Pool | 10000 | Pool | 10000 |
| Other | None | None | | None | | None | |
| Net Adj. (total) | | ☐+ ☒- | $-44000 | ☐+ ☒- - | $-15000 | ☐+ ☒- | $-47000 |
| Adjusted Sales Price of Comparable | | | $2125000 | | $2269000 | | $2478000 |

## VI. THE MARKET VALUE  (The value must fall within the indicated value of the Competitive Closed Sales).

| | **Anticipated Sales Price** | **Suggested List Price** |
|---|---|---|
| **AS IS (sale in 90-120 days)** | $ 2,250,000 | $ 2,299,000 |
| **REPAIRED (sale in 90-120 days)** | $ 2,350,000 | $ 2,399,000 |
| **30 DAY QUICK SALE VALUE** | $ 1,950,000 | $ 1,999,000 |

**COMMENTS**  (Include specific positives/negatives, special concerns, encroachments, easements, water rights, environmental concerns, flood zones, etc. Attach addendum if additional space is needed.)

Please see BPO Addendum

_____

_____

_____

Signature: _____     Date:   6/10/2016

Address:    3948 Atlantic Ave., Long Beach, CA 90807

NRT rev. 08.04.2010a

Fill in this information to identify your case and this filing:

Debtor 1    Tomer Fridman
            First Name          Middle Name          Last Name

Debtor 2
(Spouse, if filing)  First Name   Middle Name          Last Name

United States Bankruptcy Court for the:  Central          District of  CA
                                                                    (State)

Case number   1:16-bk-11729-MB

☐ Check if this is an
   amended filing

## Official Form 106A/B

# Schedule A/B: Property                                           12/15

In each category, separately list and describe items. List an asset only once. If an asset fits in more than one category, list the asset in the category where you think it fits best. Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write your name and case number (if known). Answer every question.

### Part 1:   Describe Each Residence, Building, Land, or Other Real Estate You Own or Have an Interest In

1. **Do you own or have any legal or equitable interest in any residence, building, land, or similar property?**

   ☐ No. Go to Part 2.
   ☒ Yes. Where is the property?

1.1.   25420 Prado De Las Peras
       Street address, if available, or other description

       _____

       Calabasas, CA 91302
       City          State       ZIP Code

       Los Angeles
       County

   **What is the property?** Check all that apply.
   ☒ Single-family home
   ☐ Duplex or multi-unit building
   ☐ Condominium or cooperative
   ☐ Manufactured or mobile home
   ☐ Land
   ☐ Investment property
   ☐ Timeshare
   ☐ Other _____

   **Who has an interest in the property?** Check one.
   ☒ Debtor 1 only
   ☐ Debtor 2 only
   ☐ Debtor 1 and Debtor 2 only
   ☐ At least one of the debtors and another

   Other information you wish to add about this item, such as local property identification number: _____

   Do not deduct secured claims or exemptions. Put the amount of any secured claims on *Schedule D: Creditors Who Have Claims Secured by Property.*

   Current value of the entire property?    Current value of the portion you own?
   $2,000,000      $2,000,000

   **Describe the nature of your ownership interest (such as fee simple, tenancy by the entireties, or a life estate), if known.**
   Fee simple

   ☐ Check if this is community property
      (see instructions)

If you own or have more than one, list here:

1.2.   _____
       Street address, if available, or other description

       _____

       _____
       City          State       ZIP Code

       _____
       County

   **What is the property?** Check all that apply.
   ☐ Single-family home
   ☐ Duplex or multi-unit building
   ☐ Condominium or cooperative
   ☐ Manufactured or mobile home
   ☐ Land
   ☐ Investment property
   ☐ Timeshare
   ☐ Other _____

   **Who has an interest in the property?** Check one.
   ☐ Debtor 1 only
   ☐ Debtor 2 only
   ☐ Debtor 1 and Debtor 2 only
   ☐ At least one of the debtors and another

   Other information you wish to add about this item, such as local property identification number: _____

   Do not deduct secured claims or exemptions. Put the amount of any secured claims on *Schedule D: Creditors Who Have Claims Secured by Property.*

   Current value of the entire property?    Current value of the portion you own?
   $_____      $_____

   **Describe the nature of your ownership interest (such as fee simple, tenancy by the entireties, or a life estate), if known.**

   ☐ Check if this is community property
      (see instructions)

Exhibit 6

| | |
|---|---|
| Debtor 1    Tomer Fridman | Case number *(if known)*    1:16-bk-11729-MB |
| First Name    Middle Name    Last Name | |

**1.3.**
_____
Street address, if available, or other description

_____

_____

_____
City      State      ZIP Code

_____
County

**What is the property?** Check all that apply.

☐ Single-family home
☐ Duplex or multi-unit building
☐ Condominium or cooperative
☐ Manufactured or mobile home
☐ Land
☐ Investment property
☐ Timeshare
☐ Other _____

**Who has an interest in the property?** Check one.

☐ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another

Do not deduct secured claims or exemptions. Put the amount of any secured claims on *Schedule D: Creditors Who Have Claims Secured by Property.*

**Current value of the entire property?**    **Current value of the portion you own?**

$_____    $_____

**Describe the nature of your ownership interest (such as fee simple, tenancy by the entireties, or a life estate), if known.**

_____

☐ **Check if this is community property** (see instructions)

**Other information you wish to add about this item, such as local property identification number:** _____

**2. Add the dollar value of the portion you own for all of your entries from Part 1, including any entries for pages you have attached for Part 1. Write that number here. ...........................................→**    $ 2,000,000

---

### Part 2:   Describe Your Vehicles

**Do you own, lease, or have legal or equitable interest in any vehicles, whether they are registered or not?** Include any vehicles you own that someone else drives. If you lease a vehicle, also report it on *Schedule G: Executory Contracts and Unexpired Leases.*

**3. Cars, vans, trucks, tractors, sport utility vehicles, motorcycles**

☒ No
☐ Yes

**3.1.** Make: _____
Model: _____
Year: _____
Approximate mileage: _____
Other information:
[                    ]

**Who has an interest in the property?** Check one.

☐ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another

☐ **Check if this is community property** (see instructions)

Do not deduct secured claims or exemptions. Put the amount of any secured claims on *Schedule D: Creditors Who Have Claims Secured by Property.*

**Current value of the entire property?**    **Current value of the portion you own?**

$_____    $_____

If you own or have more than one, describe here:

**3.2.** Make: _____
Model: _____
Year: _____
Approximate mileage: _____
Other information:
[                    ]

**Who has an interest in the property?** Check one.

☐ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another

☐ **Check if this is community property** (see instructions)

Do not deduct secured claims or exemptions. Put the amount of any secured claims on *Schedule D: Creditors Who Have Claims Secured by Property.*

**Current value of the entire property?**    **Current value of the portion you own?**

$_____    $_____