HENRY D. PALOCI III (California State Bar No. 268970)
hpaloci@hotmail.com
Henry D. Paloci III PA
POB 3906
Westlake Village, CA 91359
Telephone: 805.279.1225
Facsimile: 866.565.6345

Attorneys for Creditor Trojan Capital Investments LLC

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**SAN FERNANDO VALLEY DIVISION**

| | |
|---|---|
| In re:<br><br>TOMER FRIDMAN,<br><br>    Debtor(s). | Case No.: 1:16-bk-11729-MB<br><br>Chapter 11 Case<br><br>**OPPOSITION TO MOTION TO VALUE COLLATERAL**<br><br>**[Related: Docket Entry No. 62]**<br><br>Hearing Set:<br>Date:  January 31, 2017<br>Time:  1:30 PM<br><br>Location:<br>Courtroom 303<br><br>21041 Burbank Blvd.<br>Woodland Hills, California |

**COMES NOW** Trojan Capital Investments LLC , a secured creditor in this action (hereinafter "Creditor"), by and through undersigned counsel, and objects to Debtors' Motion to Avoid Lien (the "Motion"), and as grounds shows as follows.

1

## I.   SUMMARY

TROJAN CAPITAL INVESTMENT LLC (the "Respondent" herein), and files this opposition to the Debtor's Motion to Value Collateral [Docket Entry No. 62] (the "Motion") filed in this case, based on the grounds set forth below, as regards real property whose postal address is 25420 Prado de las Peras, Calabasas, CA 91302 (the "Subject Property").

In short, Debtor alleges that the subject property is worth not more than $2.010 million and that the amount owed on the senior lien is more than that -- $2.108 million, according to the Debtor. Respondent contests valuation and requests time to conduct a proper appraisal to verify its initial assessment, gleaned via broker's price opinion, which is that the property is worth at least $2.3 million. Before stripping Respondent's lien, Respondent should be afforded an opportunity to obtain its own appraisal before the Court grants the Motion based upon Debtor's appraisal.

Respondent agrees with Debtor that a determination of value is necessary so that the parties can determine their respective rights. Respondent believes that it is not wholly unsecured and is entitled to full rights as a lienholder on the Subject Property.

## II.   ARGUMENT

### A.   *Respondent's Lien is Not Wholly Unsecured*

Respondent agrees with Debtors that this Motion concerns the Subject Property, and that the Debtor reside in the Subject Property. Respondent has or will file a proof of claim evidencing standing.

Respondent's initial assessment of the property is that the value of the property is worth more than the balance owed the senior lienholder. Respondent contests value and seeks leave of court (a continuance) to obtain an appraisal.

### B. *The Subject Property is the Debtor's Principal Residence*

As evidenced by the address provided by the Debtor when he filed the case, the Subject Property is the Debtor's principal residence. Respondent will not consent to cramdown of its lien to the value of the collateral, whatever amount that may be.

### *C. Date of Value*

In this district, there is a split of authority as to whether the petition date or the plan confirmation date (or close to it) is the proper date of valuation. Respondent submits that in this Chapter 11 case (which is distinguishable from the case law in Chapter 13) the proper date of value is the date of confirmation. Respondent can brief this issue if the Court so directs. Respondent requests resolution on this issue before it proceeds to commission an appraisal of the subject property.

### *D. Adequate Protection Payments*

The Debtor filed this case June 29, 2016, and has not made a single payment on his secured obligation to the Respondent since then. It is likely that the Debtor will owe Respondent some amount of money if he is able to confirm a plan, and it is also likely that this motion will not resolve for some time – and a plan is not likely to face confirmation until the end of 2017. The Debtor should be required to pay some amount of money (adequate protection payments) to Respondent if he intends to pursue this motion and the case, and if the Court grants a continuance.

### *E. The Respondent is Entitled to Certain Protections*

Respondent requests that any order granting this Motion contain terms that dictate that the avoidance of Respondent's lien is contingent upon the completion of Debtor's confirmed plan and receipt of a discharge by the Debtor pursuant to the terms of said bankruptcy plan.

Respondent also requests that any order granting this Motion provide that the Respondent maintains its lien for the full amount in the event of dismissal of this case or conversion to another chapter under the Code.

Finally, Respondent requests that any order granting this Motion provide that the Respondent's lien would attach to the surplus proceeds of any foreclosure sale for the full amount of the subject loan balance at the time of such a sale, should the holder of the senior deed of trust foreclose on the Respondent's security interest and extinguish the Respondent's junior lien by operation of non-bankruptcy law.

///

3

### III. POINTS AND AUTHORITIES

When a junior mortgage lien is wholly unsecured, most often because the value of the senior lien(s) exceed the value of the collateral, the Court is empowered to void that lien. A lien that is not an allowed secured claim is generally void unless certain exceptions are met. 11 USC 506(d). "The Court may determine the value of a claim secured by a lien on property in which the estate has an interest on motion of any party in interest and after a hearing on notice to the holder of the secured claim and any other entity as the Court may direct." Fed. R. Bankr. P. 3012.

### IV. CONCLUSION

Respondent submits that its lien is NOT wholly unsecured and is against the Debtors' primary residence and thus cannot be avoided, in whole or in part. Respondent would object to entry of an order avoiding its lien, as in this Chapter 11 case lien avoidance or cramdown is solely within the purview of plan confirmation.

**WHEREFORE**, Respondent requests that this Court enter findings congruent with the objections stated herein, and grant such other relief as it may deem just and proper.

Dated: 1-9-2017                                          Respectfully Submitted:

Trojan Capital Investments LLC


__/s/ Henry D. Paloci III_____
Attorney for Creditor
Trojan Capital Investments LLC

4

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:
POB 3906
Thousand Oaks, CA 91359

A true and correct copy of the foregoing document entitled: **OPPOSITION TO MOTION TO VALUE**

will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1**.  **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) __1/9/2017__, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

US Trustee, ustpregion16.wh.ecf@usdoj.gov; William McDonald III,caecf@tblaw.com; Erica Loftis, erica.loftis@buckleymadole.com; Jamie Hanawalt/ Gilbert Yabes, ecfcacb@aldridgepite.com; Todd Garan, ch11ecf@aldridgepite.com; Daimler Trust, notices@bkservicing.com;Daniel Fujimoto, wdk@wolffirm.com; Kristin Zilberstein, bknotice@mccarthyhothus.com; William Brownstein, brownsteinlaw.bill@gmail.com; Margaux Ross, margaux.ross@usdoj.gov

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) __1/9/2017__, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

Tomer Fridman, 25420 Prado de las Peras, Calabasas, CA 91302

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) __1/9/2017__, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

Hon. Martin Barash, 21041 Burbank Blvd Ctrm 303, Woodland Hills, CA 91367

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 1/9/2017 | Henry D. Paloci III | /s/ Henry D. Paloci III |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.