William H. Brownstein, SBN 84507
William H. Brownstein & Associates,
Professional Corporation
11755 Wilshire Boulevard
Suite 1250
Los Angeles, CA 90401-1540
(310) 458-0048
FAX: (310) 362-3212
Email: Brownsteinlaw.bill@gmail.com

Attorneys for Tomer Fridman, Debtor and
Debtor in Possession

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**SAN FERNANDO VALLEY DIVISION**

| | |
|---|---|
| In re:<br><br>TOMER FRIDMAN, | Case No. 1:16-bk-11729MB<br><br>Chapter 11<br><br>EVIDENTIARY OBJECTIONS TO DECLARATION OF DON A MADDEN III and JEFFREY NEEL AND EXHIBITS<br><br>DATE: February 28, 2017<br>TIME: 1:30 p.m.<br>COURTROOM: 303<br>LOCATION: 21041 Burbank Boulevard<br>Third<br>Woodland Hills CA 91367 |

TO THE HONORABLE MARTIN BARASH BANKRUPTCY JUDGE, ALL SECURED

CREDITORS, THE UNITED STATES TRUSTEE FOR THE CENTRAL DISTRICT OF

CALIFORNIA AND THE OTHER PARTIES IN INTEREST:

Tomer Fridman, the above-captioned Debtor and Debtor in Possession is filing the

following Evidentiary Objections to Declaration of Don a Madden Iii and Jeffrey Neel and

Exhibits the hearing on which is scheduled to take place on February 28, 2017 at 1:30 p.m.,

or as soon thereafter as the Honorable Martin R. Barash, Bankruptcy Judge, will hear the

matters of the pending valuation motion and the hearing on the motion for relief from the

automatic stay, which are scheduled to take place on February 28, 2017 at 1:30 p.m., or asd

1  soon thereafter as the Court will her the matters.

2          Dated: February 16, 2017          Respectfully submitted,

3                                            William H. Brownstein & Associates,
                                             Professional Corporation
4

5                                            By:_____
                                             William H. Brownstein, Attorneys for
6                                            Debtor and Debtor in Possession

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

EVIDENTIARY OBJECTIONS TO DECLARATION OF DON A MADDEN III and JEFFREY
NEEL AND EXHIBITS

EVIDENTIARY OBJECTIONS TO DECLARATION OF DON A MADDEN III

| Declaration Testimony | Objection |
|---|---|
| 2.a. I am one of the custodians of the books, records and files of Movant that pertain to loans and extensions of credit given to Debtor concerning the Property. I have personally worked on the books, records and files, and as to the following facts, I know them to be true of my own knowledge or I have gained knowledge of them from the business records of Movant on behalf of Movant. Doc 64, Page 6 of 36. | No foundation FRE 401. Not competent to testify. FRE 602. Directly contrary to the evidence in POC 18 at Doc 18-1, Pages 6-9 of 21, attached. FRE 602. |
| These books, records and files were made at or about the time of the events recorded, and which are maintained in the ordinary course of Movant's business at or near the time of the actions, conditions or events to which they relate. Doc 64, Page 6 of 36. | Hearsay. FRE 801. Not competent to testify. FRE 602. Lacks foundation. FRE 401. |
| Any such document was prepared in the ordinary course of business of Movant by a person who had personal knowledge of the event being recorded and had or has a business duty to record accurately such event. Doc 64, Page 6 of 36. | Lacks foundation. FRE 401. Not competent to testify. FRE 602.0Directly contrary to the evidence in POC 18 at Doc 18-1, Pages 6-9 of 21, attached as Exhibit "A". FRE 602. |
| The business records are available for inspection and copies can be submitted to the court if required. Doc 64, Page 6 of 36. | Lacks foundation. FRE 401.Not competent to testify. FRE 602.0Directly contrary to the evidence in POC 18 at Doc 18-1, Pages 6-9 of 21, attached, which show that the Deed of Trust with National City Bank was dated June 26, 2007, but that the Assignment from Trinity Financial Group, LLC to Trojan Capital Investments, LLC (which appears to be the same entity) was allegedly recorded 9/29/2015. Doc 64, Pages 26-27, and that National City Bank allegedly assigned the Deed of Trust to Trinity Financial Services, LLC on 11/05/2004. Doc 64, Pages 28-29. FRE 602. |
| 3.a. Holder: Movant has physical possession of a promissory note that (1) names Movant as the payee under the promissory note or (2) is indorsed to Movant, or indorsed in blank, or payable to bearer. A true and correct copy of the note, with affixed allonges/endorsements, is attached as Exhibit 2. Doc 64, Page 6 of 36. | Lacks foundation. FRE 401. Nothing is shown as Exhibit 2 in the Declaration. FRE 602.Furthermore, what is attached violates LBR which requires all Exhibits to be marked, pages numbered and the Exhibits tabbed. The only attachments to the POC are showing Trinity Financial Services, LLC as the assignee, not Trojan Capital Investment, LLC as stated in the Declaration. |

EVIDENTIARY OBJECTIONS TO DECLARATION OF DON A MADDEN III and JEFFREY NEEL AND EXHIBITS

| | |
|---|---|
| | Court Manual, Section 2, Page 2-33 (G) requires: "Page Numbering at Bottom of Pages. All documents must be numbered consecutively at the bottom of each page, including any attached exhibits. A reference to an exhibit in a document must include the consecutive page numbers of the exhibit." As the Motion failed to comply the Motion is deficient and any reference to an Exhibit must be stricken as the Exhibit cannot be found from that reference. |
| 3.b. Beneficiary: Movant is either (1) named as beneficiary in the security instrument on the subject property (e.g.,mortgage or deed of trust) or (2) is the assignee of the beneficiary. True and correct copies of the recorded security instrument and assignments are attached as Exhibit 1. Doc 64, Page 6 of 36. | Lacks foundation. FRE 401. Nothing is shown as Exhibit 2 in the Declaration. FRE 602. Furthermore, what is attached violates LBR which requires all Exhibits to be marked, pages numbered and the Exhibits tabbed. The only attachments to the POC are showing Trinity Financial Services, LLC as the assignee, not Trojan Capital Investment, LLC as stated in the Declaration.<br>Court Manual, Section 2, Page 2-33 (G) requires: "Page Numbering at Bottom of Pages. All documents must be numbered consecutively at the bottom of each page, including any attached exhibits. A reference to an exhibit in a document must include the consecutive page numbers of the exhibit." As the Motion failed to comply the Motion is deficient and any reference to an Exhibit must be stricken as the Exhibit cannot be found from that reference. |
| 11.a. Amount of current monthly payment as of the date of this declaration: $1,830.70 for the month of December, 2016. Doc 64, Page 8 of 36. | Lacks foundation. FRE 401.Not competent to testify as a witness. FRE 602. Not credible as a witness. Cited by Washington State and not qualified to do business in California. See group Exhibit "B". FRE 608. |
| 11.b. Number of payments that have come due and were not made: 97. Total amount: $177577.90. Doc 64, Page 8 of 36. | Lacks foundation. FRE 401.Not competent to testify as a witness. FRE 602. Not credible as a witness. Cited by Washington State and not qualified to do business in California. See group Exhibit "B". FRE 608. |

EVIDENTIARY OBJECTIONS TO DECLARATION OF DON A MADDEN III and JEFFREY NEEL AND EXHIBITS

| | |
|---|---|
| 11.c. Future payments due by time of anticipated hearing date (if applicable): $1,830.70 will come due on (date) 1/26/2017, and on the 26th day of each month thereafter. If the payment is not received within 15 days of said due date, a late charge of $253/19 will be charged to the loan. (Out of 97 payments delinquent, 6 are post petition)(Debtor has not mae any payments post petition). Doc 64, Page 8 of 36. | Lacks foundation. FRE 401. Not competent to testify as a witness. FRE 602. Not credible as a witness. FRE 608. Cited by Washington State and not qualified to do business in California. See group Exhibit "B". Irrelevant in a Chapter 11 case. Also fails to satisfy the requirements of 11 U.S.C. §§362(d) and (g). |
| 11.d. The fair market value of the Property is $2250000, established by: (2) A real estate broker or other expert's declaration regarding value is attached as Exhibit 5.  Doc 64, Page 8 of 36. | Lacks foundation. FRE 401. Not competent to testify as a witness. FRE 602. Not credible as a witness. FRE 608. Cited by Washington State and not qualified to do business in California. See group Exhibit "B". Irrelevant in a Chapter 11 case. Also fails to satisfy the requirements of 11 U.S.C. §§362(d) and (g). |
| (3) A true and correct copy of relevant portion(s) of the Debtor's schedules is attached as Exhibit 6. Doc 64, Page 8 of 36. | Irrelevant. FRE 401. |
| (4) Other (specify): Debtor suggests value is $2 million in his filed Schedule A; Movant believes value is $2.3 million. In any event, Movant is partially secured and impaired, and seeks relief. Doc 64, Page 8 of 36. | Irrelevant. FRE 401. Fails to satisfy the requirements of 11 U.S.C. §§362(d) and (g). |
| 11.e. Calculation of equity/equity cushion in Property: Based upon ☐ a preliminary title report ☐ the Debtor's admissions in the schedules filed in this case, the Property is subject to the following deed(s) of trust or lien(s) in the amounts specified securing the debt against the Property: Doc 64, Page 8 of 36. | Lacks foundation. FRE 401. Nothing is checked. FRE 601. Fails to satisfy the requirements of 11 U.S.C. §§362(d) and (g). |
| 17.a. The bankruptcy case was filed in bad faith: Movant is the only creditor or one of few creditors listed in the Debtor's case commencement documents. Doc 64, Page 10 of 36. | Not competent to testify. FRE 401. Requires a legal conclusion that would be proper for the Court, not the declarant. FRE 701. |
| 17.d. Other (specify): Debtor filed for relief under Chapter 13 where there was no possible way Debtor could obtain relief. Debtor filed a parallel case for his mother, Isidora Fridman, who may or may not hold an interest in the subject property, in order to delay foreclosure proceedings. Doc 64, Page 10 of 36. | Not competent to testify. FRE 602. Requires a legal conclusion that would be proper for the Court, not the declarant. FRE 701. Lacks foundation. FRE 401. |

EVIDENTIARY OBJECTIONS TO DECLARATION OF DON A MADDEN III and JEFFREY NEEL AND EXHIBITS

| 18.b. The filing of the bankruptcy petition was part of a scheme to delay, hinder, or defraud creditors that involved:<br>Multiple bankruptcy cases affecting the Property include:<br>1. Case name: In re Isidora Fridman Chapter 13 Case number: 15-11705<br>Date filed: 06/08/2016 Date dismissed: 09/23/2016<br>Relief from stay regarding the Property was not granted.  Doc 64, Page 10 of 36. | Not competent to testify. FRE 602. Requires a legal conclusion that would be proper for the Court, not the declarant. FRE 701. Lacks foundation. FRE 401. |

### DECLARATION OF JEFFREY NEEL

| Declaration Testimony | Objection |
|---|---|
| Entire Declaration, Doc 88, Pages 31 and 32. | Irrelevant as the valuation date was June 1, 2016, the relevant date for a Chapter 13 case and not for a Chapter 11 case. FRE 401. |

EVIDENTIARY OBJECTIONS TO DECLARATION OF DON A MADDEN III and JEFFREY NEEL AND EXHIBITS



**TROJAN**
CAPITAL INVESTMENTS

**Amortization Table**

| Payment Number | Payment Date | Beginning Balance | Interest | Total Payment | Late Charge |
|---|---|---|---|---|---|
| 1 | 11/26/2008 | $ 234,330.04 | 9.375% | $ 2,531.79 | $ 253.18 |
| 2 | 12/26/2008 | | 9.375% | $ 2,531.79 | $ 253.18 |
| 3 | 1/26/2009 | | 9.375% | $ 2,531.79 | $ 253.18 |
| 4 | 2/26/2009 | | 9.375% | $ 2,531.79 | $ 253.18 |
| 5 | 3/26/2009 | | 9.375% | $ 2,531.79 | $ 253.18 |
| 6 | 4/26/2009 | | 9.375% | $ 2,531.79 | $ 253.18 |
| 7 | 5/26/2009 | | 9.375% | $ 2,531.79 | $ 253.18 |
| 8 | 6/26/2009 | | 9.375% | $ 2,531.79 | $ 253.18 |
| 9 | 7/26/2009 | | 9.375% | $ 2,531.79 | $ 253.18 |
| 10 | 8/26/2009 | | 9.375% | $ 2,531.79 | $ 253.18 |
| 11 | 9/26/2009 | | 9.375% | $ 2,531.79 | $ 253.18 |
| 12 | 10/26/2009 | | 9.375% | $ 2,531.79 | $ 253.18 |
| 13 | 11/26/2009 | | 9.375% | $ 2,531.79 | $ 253.18 |
| 14 | 12/26/2009 | | 9.375% | $ 2,531.79 | $ 253.18 |
| 15 | 1/26/2010 | | 9.375% | $ 2,531.79 | $ 253.18 |
| 16 | 2/26/2010 | | 9.375% | $ 2,531.79 | $ 253.18 |
| 17 | 3/26/2010 | | 9.375% | $ 2,531.79 | $ 253.18 |
| 18 | 4/26/2010 | | 9.375% | $ 2,531.79 | $ 253.18 |
| 19 | 5/26/2010 | | 9.375% | $ 2,531.79 | $ 253.18 |
| 20 | 6/26/2010 | | 9.375% | $ 2,531.79 | $ 253.18 |
| 21 | 7/26/2010 | | 9.375% | $ 2,531.79 | $ 253.18 |
| 22 | 8/26/2010 | | 9.375% | $ 2,531.79 | $ 253.18 |
| 23 | 9/26/2010 | | 9.375% | $ 2,531.79 | $ 253.18 |
| 24 | 10/26/2010 | | 9.375% | $ 2,531.79 | $ 253.18 |
| 25 | 11/26/2010 | | 9.375% | $ 2,531.79 | $ 253.18 |
| 26 | 12/26/2010 | | 9.375% | $ 2,531.79 | $ 253.18 |
| 27 | 1/26/2011 | | 9.375% | $ 2,531.79 | $ 253.18 |
| 28 | 2/26/2011 | | 9.375% | $ 2,531.79 | $ 253.18 |
| 29 | 3/26/2011 | | 9.375% | $ 2,531.79 | $ 253.18 |
| 30 | 4/26/2011 | | 9.375% | $ 2,531.79 | $ 253.18 |
| 31 | 5/26/2011 | | 9.375% | $ 2,531.79 | $ 253.18 |

EXHIBIT "A"



**TROJAN** CAPITAL INVESTMENTS

| Payment Number | Payment Date | Beginning Balance | Interest | Total Payment | Late Charge |
|---|---|---|---|---|---|
| 32 | 6/26/2011 | | 9.375% | $ 2,531.79 | $ 253.18 |
| 33 | 7/26/2011 | | 9.375% | $ 2,531.79 | $ 253.18 |
| 34 | 8/26/2011 | | 9.375% | $ 2,531.79 | $ 253.18 |
| 35 | 9/26/2011 | | 9.375% | $ 2,531.79 | $ 253.18 |
| 36 | 10/26/2011 | | 9.375% | $ 2,531.79 | $ 253.18 |
| 37 | 11/26/2011 | | 9.375% | $ 2,531.79 | $ 253.18 |
| 38 | 12/26/2011 | | 9.375% | $ 2,531.79 | $ 253.18 |
| 39 | 1/26/2012 | | 9.375% | $ 2,531.79 | $ 253.18 |
| 40 | 2/26/2012 | | 9.375% | $ 2,531.79 | $ 253.18 |
| 41 | 3/26/2012 | | 9.375% | $ 2,531.79 | $ 253.18 |
| 42 | 4/26/2012 | | 9.375% | $ 2,531.79 | $ 253.18 |
| 43 | 5/26/2012 | | 9.375% | $ 2,531.79 | $ 253.18 |
| 44 | 6/26/2012 | | 9.375% | $ 2,531.79 | $ 253.18 |
| 45 | 7/26/2012 | | 9.375% | $ 2,531.79 | $ 253.18 |
| 46 | 8/26/2012 | | 9.375% | $ 2,531.79 | $ 253.18 |
| 47 | 9/26/2012 | | 9.375% | $ 2,531.79 | $ 253.18 |
| 48 | 10/26/2012 | | 9.375% | $ 2,531.79 | $ 253.18 |
| 49 | 11/26/2012 | | 9.375% | $ 2,531.79 | $ 253.18 |
| 50 | 12/26/2012 | | 9.375% | $ 2,531.79 | $ 253.18 |
| 51 | 1/26/2013 | | 9.375% | $ 2,531.79 | $ 253.18 |
| 52 | 2/26/2013 | | 9.375% | $ 2,531.79 | $ 253.18 |
| 53 | 3/26/2013 | | 9.375% | $ 2,531.79 | $ 253.18 |
| 54 | 4/26/2013 | | 9.375% | $ 2,531.79 | $ 253.18 |
| 55 | 5/26/2013 | | 9.375% | $ 2,531.79 | $ 253.18 |
| 56 | 6/26/2013 | | 9.375% | $ 2,531.79 | $ 253.18 |
| 57 | 7/26/2013 | | 9.375% | $ 2,531.79 | $ 253.18 |
| 58 | 8/26/2013 | | 9.375% | $ 2,531.79 | $ 253.18 |
| 59 | 9/26/2013 | | 9.375% | $ 2,531.79 | $ 253.18 |
| 60 | 10/26/2013 | | 9.375% | $ 2,531.79 | $ 253.18 |
| 61 | 11/26/2013 | | 9.375% | $ 2,531.79 | $ 253.18 |
| 62 | 12/26/2013 | | 9.375% | $ 2,531.79 | $ 253.18 |
| 63 | 1/26/2014 | | 9.375% | $ 2,531.79 | $ 253.18 |



| Payment Number | Payment  Date | Beginning Balance | Interest | Total  Payment | Late Charge |
|---|---|---|---|---|---|
| 64 | 2/26/2014 | | 9.375% | $ 2,531.79 | $ 253.18 |
| 65 | 3/26/2014 | | 9.375% | $ 2,531.79 | $ 253.18 |
| 66 | 4/26/2014 | | 9.375% | $ 2,531.79 | $ 253.18 |
| 67 | 5/26/2014 | | 9.375% | $ 2,531.79 | $ 253.18 |
| 68 | 6/26/2014 | | 9.375% | $ 2,531.79 | $ 253.18 |
| 69 | 7/26/2014 | | 9.375% | $ 2,531.79 | $ 253.18 |
| 70 | 8/26/2014 | | 9.375% | $ 2,531.79 | $ 253.18 |
| 71 | 9/26/2014 | | 9.375% | $ 2,531.79 | $ 253.18 |
| 72 | 10/26/2014 | | 9.375% | $ 2,531.79 | $ 253.18 |
| 73 | 11/26/2014 | | 9.375% | $ 2,531.79 | $ 253.18 |
| 74 | 12/26/2014 | | 9.375% | $ 2,531.79 | $ 253.18 |
| 75 | 1/26/2015 | | 9.375% | $ 2,531.79 | $ 253.18 |
| 76 | 2/26/2015 | | 9.375% | $ 2,531.79 | $ 253.18 |
| 77 | 3/26/2015 | | 9.375% | $ 2,531.79 | $ 253.18 |
| 78 | 4/26/2015 | | 9.375% | $ 2,531.79 | $ 253.18 |
| 79 | 5/26/2015 | | 9.375% | $ 2,531.79 | $ 253.18 |
| 80 | 6/26/2015 | | 9.375% | $ 2,531.79 | $ 253.18 |
| 81 | 7/26/2015 | | 9.375% | $ 2,531.79 | $ 253.18 |
| 82 | 8/26/2015 | | 9.375% | $ 2,531.79 | $ 253.18 |
| 83 | 9/26/2015 | | 9.375% | $ 2,531.79 | $ 253.18 |
| 84 | 10/26/2015 | | 9.375% | $ 2,531.79 | $ 253.18 |
| 85 | 11/26/2015 | | 9.375% | $ 2,531.79 | $ 253.18 |
| 86 | 12/26/2015 | | 9.375% | $ 2,531.79 | $ 253.18 |
| 87 | 1/26/2016 | | 9.375% | $ 2,531.79 | $ 253.18 |
| 88 | 2/26/2016 | | 9.375% | $ 2,531.79 | $ 253.18 |
| 89 | 3/26/2016 | | 9.375% | $ 2,531.79 | $ 253.18 |
| 90 | 4/26/2016 | | 9.375% | $ 2,531.79 | $ 253.18 |
| 91 | 5/26/2016 | | 9.375% | $ 2,531.79 | $ 253.18 |

EXHIBIT "A"



**TROJAN**
CAPITAL INVESTMENTS

| Payment Number | Payment  Date | Beginning Balance | Interest | Total  Payment | Late Charge |
|---|---|---|---|---|---|
| TOTALS | | | | $    230,392.89 | $    23,039.29 |
| LATE CHARGES | $    23,039.29 | | | | |
| TOTAL MISSED PAYMENTS | $    230,392.89 | | | | |
| Foreclosure Fees | $    4,717.31 | | | | |
| BPO Charge | $    - | | | | |
| Misc Charges | $    - | | | | |

| TOTAL PRE PETITION | $    258,149.49 |
|---|---|

 

Search...

Select Language ▼

**Google Translate™ Disclaimer**

   **About**   **Consumers**   **Regulated Industries**   **Laws/Regulations**   **Publications**   **Press** 

Home  |  Licensees  |  Finance Lenders  |  About

# California Finance Lenders Law

The California Finance Lenders Law (contained in Division 9 of the California Financial Code, commencing with Section 22000.(Financial Code § 22000 et seq.)) requires licensing and regulation of finance lenders and brokers making and brokering consumer and commercial loans, except as specified; prohibits misrepresentations, fraudulent and deceptive acts in connection with making and brokering of loans; and provides administrative, civil (injunction and ancillary relief) and criminal remedies for violations of the law.

The regulations under the California Finance Lenders Law are contained in Chapter 3, Title 10 of the California Code of Regulations, commencing with Section 1404 (10 C.C.R. §1404, et seq.).

Finance lenders and brokers, by number of licensees and dollars of loans originated, is the largest group of financial service providers regulated by the Department. A finance lender is defined in the law as "any person who is engaged in the business of making consumer loans or making commercial loans." A finance lenders license provides the licensee with an exemption from the usury provision of the California Constitution.

There are a number of "non-loan" transactions, such as bona fide leases, automobile sales finance contracts (Rees-Levering Motor Vehicle Sales and Finance Act) and retail installment sales (Unruh Act), that are not subject to the provisions of the California Finance Lenders Law.

In addition to the lending authority provided by the law, the California Finance Lenders Law provides limited brokering authority. A "broker" is defined in the law as "any person engaged in the business of negotiating or performing any act as broker in connection with loans made by a finance lender." Brokers licensed under this law may only broker loans to lenders that hold a California Finance Lenders license.

The requirements for a license are set forth in Section 22100, et seq. of the California Financial Code. The law requires applicants to have and maintain a minimum net worth of at least $25,000 and to obtain and maintain a $25,000 surety bond. In general, principals of the company may not have a criminal history or a history of non-compliance with regulatory requirements.

**Affordable Credit-Building Opportunities Pilot Program:** Senate Bill 1146 (2010) creates a small loan program, the Pilot Program for Affordable Credit-Building Opportunities, under the

EXHIBIT "B"
11

California Finance Lenders Law. More information about this pilot program can be found here.

# Who is Required to Obtain a Finance Lenders License?

In general, any person engaging in the business of a finance lender or finance broker is required to obtain a California FInance Lenders license. It should be noted that the California Finance Lenders Law contains a number of exemptions for persons licensed by other regulatory agencies.

A finance broker licensed under the California Finance Lenders Law may only broker loans to lenders licensed as finance lenders. The license does not provide the broker with the authority to broker loans to and collect brokerage commissions from other types of lenders such as credit unions and banks.

Definitions

- A finance lender includes any person engaged in the business of making consumer loans or making commercial loans.
- "Finance broker" includes any person engaged in the business of negotiating or performing any act as broker in connection with loans made by a finance lender. A finance broker licensed under the California Finance Lenders Law may only broker loans to lenders licensed as finance lenders. The license does not provide the broker with the authority to broker loans to and collect brokerage commissions from other types of lenders such as credit unions and banks.

# Do I need to Authorize my Branch Office(s) through NMLS?

This license is required for all locations, other than the main office identified on the CFLL license that conducts business with California consumers.

- All branches of companies engaged in making or brokering loans secured by residential real property will be required to obtain a license through NMLS.

    - More Details
    - New Application

- Non-residential and commercial lenders and brokers will be required to be licensed under the California Finance Lenders Law, but will continue to apply directly to the Department of Business Oversight.

**Who does not need this license?**
Any physical locations of the entity not engaged in lending or brokering activities for California

EXHIBIT "B"
12

residents.

## Key Consumer Links

- File a Complaint
- Search for DBO Licensees
- Search for DBO Enforcement Actions
- Consumer Alerts
- Consumer Advisories

## News and Information

- Payday Lending Data
- Consumer Finance Lender Data
- Mortgage Lender Data
- Financial Data on Banks/Other Financial Institutions
- Bank Officer and Director Compensation Data
- DBO Press Releases
- Contact Us

Home    Job Opportunities    Feedback    Help    Open Government    Accessibility
Conditions of Use    Language Access Complaints / Quejas para el Acceso de Idioma

🔒 Privacy Policy

Copyright © 2016 State of California

EXHIBIT "B"
13

Case 1:16-bk-11729-MB    Doc 89    Filed 02/16/17    Entered 02/16/17 10:39:14    Desc
                    Main Document        Page 14 of 22

Home (/)  /  License Search (/licensesearch/)  /  License Details

# License Details

| | |
|---|---|
| **License Number:** | 41DBO-46402 |
| **License Status:** | Inactive |
| **Status Effective Date:** | 01/12/2016 |
| **Licensee Name:** | Trinity Financial Services LLC |
| **Organization DBA:** | |
| **Originally Licensed Date:** | |
| **License Type:** | California Residential Mortgage Lender (Main) [Internet Agent] |
| **Address:** | 610 Newport Center Drive, Ste. 635 |
| | Newport Beach, California 92660 |
| **Number of Enforcement Actions:** | 0 |

No documents found

View our Privacy Policy (http://www.dbo.ca.gov/privacy.asp)

EXHIBIT "B"
14

2/16/2017 12:01 PM

**Alex Padilla**
**California Secretary of State**

 Business Search - Entity Detail

The California Business Search is updated daily and reflects work processed through Wednesday, February 15, 2017. Please refer to document **Processing Times** for the received dates of filings currently being processed. The data provided is not a complete or certified record of an entity. Not all images are available online.

201417110104    TRINITY FINANCIAL SERVICES, LLC

| | |
|---|---|
| **Registration Date:** | 06/19/2014 |
| **Jurisdiction:** | WYOMING |
| **Entity Type:** | FOREIGN |
| **Status:** | ACTIVE |
| **Agent for Service of Process:** | INCORP SERVICES, INC. (2294569) |
| | * |
| **Entity Address:** | 1621 CENTRAL AVE |
| | CHEYENNE WY 82001 |
| **Entity Mailing Address:** | 2618 SAN MIGUEL DR STE 303 |
| | NEWPORT BEACH CA 92660 |
| **LLC Management** | * |

A Statement of Information is due EVERY EVEN-NUMBERED year beginning five months before and through the end of June.

| Document Type ⇅ | File Date ⬇ | PDF |
|---|---|---|
| SI-NO CHANGE | 06/17/2016 | |
| SI-COMPLETE | 04/10/2015 | |

* Indicates the information is not contained in the California Secretary of State's database.

**Note:** If the agent for service of process is a corporation, the address of the agent may be requested by ordering a status report.

- For information on checking or reserving a name, refer to **Name Availability**.
- If the image of a Statement of Information is not available online, for information on ordering a copy of that statement refer to **Information Requests**.
- For information on ordering certificates, status reports, certified copies of documents and copies of documents not currently available in the Business Search, such as a filing that is not a Statement of Information or filings for other types of business entities, or to request a more extensive search for records, refer to **Information Requests**.
- For help with searching an entity name, refer to **Search Tips**.
- For descriptions of the various fields and status types, refer to **Frequently Asked Questions**.

| Modify Search | New Search | Back to Search Results |
|---|---|---|

EXHIBIT "B"
15

1

2

**STATE OF WASHINGTON**
**DEPARTMENT OF FINANCIAL INSTITUTIONS**
**CONSUMER SERVICES DIVISION**

3

4    IN THE MATTER OF DETERMINING                    NO. C-16-2109-16-TD01
     Whether there has been a violation of the

5    Consumer Loan Act of Washington by:

6    TRINITY FINANCIAL SERVICES, LLC d/b/a            TEMPORARY ORDER TO
     T FINANCIAL SERVICES, LLC,                       CEASE AND DESIST

7    NMLS # 1266631, and
     DON ALLEN MADDEN III, President,

8    NMLS #1264083

9                                      Respondents.

10

11   THE STATE OF WASHINGTON TO:        Trinity Financial Services, LLC
                                        Don Allen Madden III

12

13       COMES NOW the Acting Director of the Washington State Department of Financial

14   Institutions (Director), by and through her designee Charles E. Clark, Division Director, Division of

15   Consumer Services, and finding that the public is likely to be substantially injured by delay in

16   issuing a cease and desist order, enters this temporary order to cease and desist pursuant to chapter

17   31.04 RCW, the Consumer Loan Act (Act), based on the following:

18                              **I. FACTUAL ALLEGATIONS**

19   **1.1    Respondents.**

20       A.      **Trinity Financial Services, LLC dba T Financial Services, LLC (Respondent**

21   **Trinity)** submitted an application to the Department to engage in the business of a consumer

22   loan company under the Act on or about November 4, 2015.  The application is still pending.

23       B.      **Don Madden III (Respondent Madden)** has at all relevant times been president

24   of Respondent Trinity.

25

TEMPORARY ORDER TO CEASE AND DESIST            1            DEPARTMENT OF FINANCIAL INSTITUTIONS
C-16-2109-16-TD01                                                    Division of Consumer Services
Trinity Financial Services, LLC, *et al.*                                          150 Israel Rd SW
                                                                                     PO Box 41200
                                                                           Olympia, WA 98504-1200
                                                                                    (360) 902-8703

EXHIBIT "B"

**1.2    Enforcement Action.**  In their November 4, 2015, license application, Respondents disclosed they had been servicing 17 Washington residential mortgage loans without the license required to do so and provided the Department with a list of those loans.  On August 30, 2016, the Department and Respondents entered into Consent Order C-16-1928-16-CO01 to address and resolve the unlicensed residential mortgage loan servicing.  In the Consent Order, Respondents agreed they understood that in order to service residential mortgage loans secured by real property located in the state of Washington, they must obtain a consumer loan license in accordance with the Act or qualify for an exemption from licensing as delineated in the Act. Respondent Trinity also agreed to timely respond to any requests by the Department related to the continued processing of its consumer loan license application.

**1.3    Failure to Comply with Consent Order – License Application.**  On or about August 30, 2016, the Consumer Services Licensing Unit resumed processing Respondents' consumer loan license application.  On or about November 1, 2016, Respondents were requested to update disclosures on NMLS to disclose C-16-1980-16-CO01, but to date Respondents have not updated the disclosure; further delaying the issuance of their license.

**1.4    Failure to Comply with Consent Order - Unlicensed Residential Mortgage Loan Servicing.**  On or about December 20, 2016, a Washington State consumer contacted the Department about correspondence that she received from Respondent Trinity.  The correspondence was dated December 8, 2016, and related to the collection of payments on the consumer's residential mortgage loan.  This loan was not included in the list of loans being serviced by Respondents; indicating that Respondents have taken on the servicing of additional Washington residential mortgage loans without a license to do so.

TEMPORARY ORDER TO CEASE AND DESIST            2            DEPARTMENT OF FINANCIAL INSTITUTIONS
C-16-2109-16-TD01                                                                    Division of Consumer Services
Trinity Financial Services, LLC, *et al.*                                               150 Israel Rd SW
                                                                                            PO Box 41200
                                                                                    Olympia, WA 98504-1200
                                                                                        (360) 902-8703

EXHIBIT "B"

**1.5    Risk of Injury to the Public.** Respondents' continued unlicensed activity and failure to

comply with C-16-1980-16-CO01 pose an imminent risk of substantial injury to the public.

## II. GROUNDS FOR ENTRY OF ORDER

**2.1**    Based on the Factual Allegations set forth in Section I above, Respondents are in

apparent violation of RCW 31.04.093(2) for failing to comply with an Order issued by the

Director.

**2.2**    Based on the Factual Allegations set forth in Section I above, Respondents are in

apparent violation of RCW 31.04.035(1) for servicing residential mortgage loans without first

obtaining and maintaining a license in accordance with the Act or qualifying for an exemption to

the licensure requirement delineated in RCW 31.04.025.

**2.3**    Based on the Factual Allegations set forth in Section I above, Respondents are apparent

violation of RCW 31.04.027(2) for engaging in any unfair or deceptive practice toward any

person by holding themselves out as lawfully permitted to service Washington residential

mortgage loans or by failing to disclose they are not licensed to do so..

## III. AUTHORITY TO ISSUE TEMPORARY ORDER TO CEASE AND DESIST

**3.1    Authority to Issue Temporary Order to Cease and Desist.** Pursuant to RCW

31.04.093(8), the Director may issue a temporary order to cease and desist whenever the Director

determines that the public is likely to be substantially injured by delay in issuing a cease and

desist order. The order may direct the licensee to discontinue any violation of the Act, to take

such affirmative action as is necessary to comply with the Act, and may include a summary

suspension of the licensee's license and may order the licensee to immediately cease the conduct

of business under the Act. The order becomes effective at the time specified in the order.

TEMPORARY ORDER TO CEASE AND DESIST    3    DEPARTMENT OF FINANCIAL INSTITUTIONS
C-16-2109-16-TD01    Division of Consumer Services
Trinity Financial Services, LLC, *et al.*    150 Israel Rd SW
PO Box 41200
Olympia, WA 98504-1200
(360) 902-8703

EXHIBIT "B"
18

## IV. DETERMINATION AND ORDER

Based on the above Factual Allegations, Grounds for Entry of Order, and Authority to
Issue Temporary Order to Cease and Desist, and pursuant to RCW 31.04.093 and RCW
31.04.165, the Director determines that the public is likely to be substantially injured by delay in
issuing a cease and desist order.  Therefore, the Director ORDERS that:

**4.1**    Respondents shall immediately cease and desist from acquiring, assuming,
contracting for, or otherwise taking on any additional servicing of residential mortgage loans
secured by an interest real property located in Washington State unless and until it obtains and
maintains a license in accordance with the Act or qualifies for an exemption to the licensure
requirement delineated in RCW 31.04.025.

**4.2**    Respondents shall immediately provide the Department with a complete list of all
Washington residential mortgage loans for which they provide servicing activities as of the date
of this Order; including the name of the borrower, the residence address, and the date servicing
rights were acquired.

**4.3**    Respondents shall immediately cease and desist from responding to Licensing
requests in an untimely manner.

**4.4**    This order shall take effect immediately and shall remain in effect unless set
aside, limited, or suspended in writing by an authorized court.

## NOTICE

PURSUANT TO CHAPTER 31.04 RCW, YOU ARE ENTITLED TO A HEARING TO
DETERMINE WHETHER THIS ORDER SHALL BECOME PERMANENT.  IF YOU DESIRE
A HEARING, THEN YOU MUST RETURN THE ATTACHED APPLICATION FOR
ADJUDICATIVE HEARING INCORPORATED HEREIN BY THIS REFERENCE.    A

TEMPORARY ORDER TO CEASE AND DESIST               4                    DEPARTMENT OF FINANCIAL INSTITUTIONS
C-16-2109-16-TD01                                                                        Division of Consumer Services
Trinity Financial Services, LLC, *et al.*                                                         150 Israel Rd SW
                                                                                              PO Box 41200
                                                                                        Olympia, WA  98504-1200
                                                                                              (360) 902-8703

EXHIBIT "B"
19

1  HEARING WILL BE HELD WITHIN FOURTEEN (14) DAYS OF RECEIPT OF A

2  REQUEST FOR HEARING UNLESS OTHERWISE SPECIFIED IN CHAPTER 34.05 RCW.

3  FAILURE TO COMPLETE AND RETURN THE APPLICATION FOR ADJUDICATIVE

4  HEARING FORM SO THAT IT IS RECEIVED BY THE DEPARTMENT OF FINANCIAL

5  INSTITUTIONS WITHIN TWENTY (20) DAYS OF THE DATE THAT THIS ORDER WAS

6  SERVED ON YOU WILL CONSTITUTE A DEFAULT AND WILL RESULT IN THE LOSS OF

7  YOUR RIGHT TO A HEARING.  SERVICE ON YOU IS DEFINED AS POSTING IN THE U.S.

8  MAIL, POSTAGE PREPAID, TO YOUR LAST KNOWN ADDRESS.  BE ADVISED THAT

9  DEFAULT WILL RESULT IN THIS ORDER TO CEASE AND DESIST BECOMING

10  PERMANENT ON THE TWENTY-FIRST (21ST) DAY FOLLOWING SERVICE OF THIS

11  ORDER UPON YOU.

12

13

14  WITHIN TEN DAYS AFTER YOU HAVE BEEN SERVED WITH THIS

15  TEMPORARY ORDER TO CEASE AND DESIST, YOU MAY APPLY TO THE SUPERIOR

16  COURT IN THE COUNTY OF YOUR PRINCIPAL PLACE OF BUSINESS FOR AN

17  INJUNCTION SETTING ASIDE, LIMITING, OR SUSPENDING THIS ORDER PENDING

18  THE COMPLETION OF THE ADMINISTRATIVE PROCEEDINGS PURSUANT TO THIS

19  NOTICE.

20  DATED this 30th day of December, 2016.

21

22



23  CHARLES E. CLARK
   Director
24  Division of Consumer Services
   Department of Financial Institutions

25

TEMPORARY ORDER TO CEASE              5              DEPARTMENT OF FINANCIAL INSTITUTIONS
C-16-2109-16-TD01                                                  Division of Consumer Services
Trinity Financial Services, LLC, *et al.*                                      150 Israel Rd SW
                                                                          PO Box 41200
                                                                   Olympia, WA  98504-1200
                                                                        (360) 902-8703

EXHIBIT "B"
20

1

Presented by:

2

3

_____
4
AMANDA J. HERNDON
Financial Legal Examiner

5

Approved by:

6

7

_____
STEVEN C. SHERMAN
8
Enforcement Chief

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

TEMPORARY ORDER TO CEASE AND DESIST          6          DEPARTMENT OF FINANCIAL INSTITUTIONS
C-16-2109-16-TD01                                        Division of Consumer Services
Trinity Financial Services, LLC, *et al.*                            150 Israel Rd SW
                                                                  PO Box 41200
                                                              Olympia, WA 98504-1200
                                          EXHIBIT "B"              (360) 902-8703

| In re:<br>TOMER FRIDMAN | CHAPTER 11 |
|---|---|
| Debtor(s). | CASE NUMBER 1:16-bk-11729MB |

**NOTE:** When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on the CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is: 11755 Wilshire Boulevard, Suite 1250, Los Angeles, CA 90025

A true and correct copy of the foregoing document described **EVIDENTIARY OBJECTIONS TO DECLARATION OF DON A MADDEN III and JEFFREY NEEL AND EXHIBITS** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

**I.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On February 16, 2017, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

**See NEF for confirmation of electronic transmission to the U.S. Trustee and any trustee in this case, and to any attorneys who receive service by NEF.**

☐  Service information continued on attached page

**II.  SERVED BY U.S. MAIL OR OVERNIGHT MAIL**(indicate method for each person or entity served)**:**
On February 16, 2017, I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐  Service information continued on attached page

**III.  SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on February 16, 2017, I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.

The Chambers of the Honorable Martin R. Barash, Bankruptcy Judge, 21041 Burbank Boulevard, Woodland Hills, CA 91368

☐  Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| February 16, 2017 | William H. Brownstein | *William H. Brownstein* |
|---|---|---|
| Date | Type Name | Signature |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*January 2009*                                                                                              **F 9013-3.1**

Page 22