HENRY D. PALOCI III (California State Bar No. 268970)
hpaloci@hotmail.com
Henry D. Paloci III PA
POB 3906
Westlake Village, CA 91359
Telephone: 805.279.1225
Facsimile: 866.565.6345

Attorneys for Creditor Trojan Capital Investments LLC

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**SAN FERNANDO VALLEY DIVISION**

| | |
|---|---|
| In re:<br><br>TOMER FRIDMAN,<br><br>    Debtor(s). | Case No.: 1:16-bk-11729-MB<br><br>Chapter 11 Case<br><br>**REPLY TO DEBTOR'S EVIDENTIARY OBJECTIONS**<br><br>**[Related: Docket Entry No. 62, 89]**<br><br>Hearing Set:<br>Date:   February 28, 2017<br>Time:   1:30 PM<br><br>Location:<br>Courtroom 303<br><br>21041 Burbank Blvd.<br>Woodland Hills, California |

**COMES NOW** Trojan Capital Investments LLC , a secured creditor in this action (hereinafter "Creditor"), by and through undersigned counsel, and replies to the Debtor's evidentiary objections to the evidence presented by this Creditor in opposition to Debtor's Motion to Avoid Lien (the "Motion") as follows.

1

## I. OVERVIEW

The evidentiary objections are wholly without merit and are in fact an expedition in fee churning. This is an issue of prime importance to this Creditor.

Should Debtor prevail and render this Creditor's claim unsecured, then this Creditor will be impaired – and will be the largest creditor, by far, in a hypothetical pool of general unsecured creditors. Every dollar that Debtor's counsel earns is an administrative expense that takes away, nearly dollar for dollar, from what this Creditor would take as an unsecured creditor in this case. This Creditor does not begrudge Debtor's counsel reasonable fees, but Creditor intends to object to fees requested for work that is not truly necessary to advance this case.

In our situation, as to the Motion at Bar, it is most likely that the Court is going to set an evidentiary hearing to determine value – this Creditor submits that this is the most reasonable result. Therefore, the Court should either deny each and every objection, or table the objections to be heard at an evidentiary hearing on value. Regardless of the disposition of the evidentiary objections, the scheduling of a final evidentiary hearing to determine value is the most reasonable and proper outcome of the next hearing in this matter.

## II. REPLY TO OBJECTIONS

### A. *Declaration of Don A. Madden III*

2a, part 1: This is a foundational statement, promulgated by the Judicial Conference and presented to the Bar and the public as boilerplate language on the court-mandated Motion for Relief from Stay form -- a mandatory form. It seems impossible that it has no foundation or that the declarant is not competent to testify – the language we are required to use on the mandatory form is meant to do exactly that. The language is not at all contrary to pages 6-9 of POC 18, cited by the Debtor – those pages are simply a demonstrative exhibit that accounts for arrears.

2a, part 2: Again, the language objected to is court-mandated: this Creditor used the mandatory form and didn't alter its language. If this is hearsay or lacks for foundation, then every motion for relief from stay motion filed on the mandatory form fails for the same reason. That would be an absurd result.

1     2a, parts 3-4: Same.

2     3a: Again, this Creditor used the boilerplate language from the mandatory form to establish a
3  foundation. "Exhibit 2" is plainly marked as such on its bottom right corner, and the Court
4  numbers all pages when a pleading or document is filed. This objection references the POC,
5  which is not at issue here. Also, the assertion made by the debtor that Trinity Financial Services
6  LLC is only shown as the assignee and not Trojan Capital Investment LLC is utterly false: this
7  Creditor has attached to both the proof of claim filed by this Creditor and the Motion for Relief
8  from Stay (see Exhibit 3 to that motion) a copy of the 2014 assignment from National City Bank
9  to Trinity Financial Services LLC and subsequently a 2015 assignment from Trinity Financial
10 Services LLC to Trojan Capital Investment LLC. This Creditor is the proper party in interest
11 and has followed all known filing requirements.

12    3b: Again, this Creditor used the boilerplate language from the mandatory form to establish a
13 foundation. Also, the assertion made by the debtor that Trinity Financial Services LLC is only
14 shown as the assignee and not Trojan Capital Investment LLC is utterly false: this Creditor has
15 attached to both the proof of claim filed by this Creditor and the Motion for Relief from Stay
16 (see Exhibit 3 to that motion) a copy of the 2014 assignment from National City Bank to Trinity
17 Financial Services LLC and subsequently a 2015 assignment to Trojan Capital Investment LLC.
18 This Creditor is the proper party in interest and has followed all known filing requirements.

19    11a: As the records custodian for the Movant, it is actually the job of the declarant to know
20 exactly what the monthly payment would be if the Debtor were making it – which payments the
21 Debtor is not making, as further shown in the declaration. This declarant properly testified as to
22 his role with the movant and the loan. Whether or not Trinity Financial has been cited or is or is
23 not qualified to do business in California is irrelevant, and a red herring, for two reasons. First,
24 Trinity is not the movant and does not have any interest in this case. Second, even if it did, it
25 never serviced this loan, which appears to be the crux of the complaint in Washington state, and
26 thus never had to be licensed to service loans for the purposes of this case. Rather, Trinity, and
27 now Trojan, own(ed) the note and seek to collect on it. This Creditor has never lent money, at
28 least not in connection with this Debtor. Instead, this Creditor acquired this loan (ultimately)

1  from an original lender who came to be tired of trying to collect from the Debtor. As shown in

2  the declaration, this Creditor seeks to foreclose, and the Debtor filed this case in response.

3     11b: See previous paragraph.

4     11c: See previous paragraph.

5     11d: This Creditor filed an appraisal that has been corroborated by the declaration of Jeffrey

6  Neel, a licensed real estate appraiser in the State of California. This declaration references that

7  appraisal. Together, there is foundation and the declarant can testify to it.

8     11d(3): The fact that the Debtor lied about the value of the Subject Property and the number

9  of secured creditors that impair it (by omitting reference to the senior lienholder in his filing) is

10 relevant because it evidences bad faith, a factor in considering whether to grant relief.

11    11d(4): This section is superceded by the appraisal and declaration of Jeffrey Neel. See

12 previous paragraph.

13    11e. Nothing is checked in this section because it isn't relevant to this Chapter 11 case.

14    17a. Again, this Creditor checked boxes on the mandatory form. If the declarant were truly

15 not competent to testify as to the fact that he looked at the petition and noted that one or a few

16 creditors are listed in the case commencement documents – the legal standard at play – then

17 every person who ever signs this declaration is giving incompetent testimony. That cannot be.

18 Declarant isn't offering a legal conclusion – he is only giving testimony that would allow the

19 Court to make a legal conclusion. As above, this is highly relevant as a marker of bad faith.

20    17d: Declarant is fully entitled to make this testimony and accusation – both are additional

21 markers of bad faith. The alternative would be to not bring these other case filings to the Court's

22 attention – which would provide less information to the Court than the Court should have.

23 Whether or not the Court draws a legal conclusion from these facts is within the Court's

24 purview.

25    18b. See the above two paragraphs. The declarant is certainly allowed to testify that he noted

26 that the Debtor's mother, Isidora Fridman, filed a bankruptcy case concurrently with this one,

27 and is certainly allowed to express his opinion that the filing was part of a scheme to hinder or

28

4

delay this Creditor's foreclosure. Again, whether or not the Court draws a legal conclusion from these facts is within the Court's purview.

### B. *Declaration of Jeffrey Neel*

Debtor requires a ruling by this Court as to the date of valuation, as there are several possible dates the Court might use in light of a split in authority on the subject. The original date of filing, the date of conversion, and the date of confirmation are all possible dates of value, and all can be supported by case law. If the Court determines that a different date of value is applicable, then this Creditor would seek leave to re-value the property. In any event, this is not grounds for an evidentiary objection. An evidentiary objection suggesting that Mr. Neel's declaration is irrelevant is simply frivolous.

## III.    CONCLUSION

**WHEREFORE**, Respondent requests that this Court overrule the Debtor's objections, and grant such other relief as it may deem just and proper.

Dated: 2-27-2017                                                                 Respectfully Submitted:

Trojan Capital Investments LLC


__/s/ Henry D. Paloci III_____
Attorney for Creditor
Trojan Capital Investments LLC

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:
POB 3906
Thousand Oaks, CA 91359

A true and correct copy of the foregoing document entitled: **OPPOSITION TO MOTION TO VALUE**

will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1**. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) __2/27/2017__, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

US Trustee, ustpregion16.wh.ecf@usdoj.gov; William McDonald III,caecf@tblaw.com; Erica Loftis, erica.loftis@buckleymadole.com; Jamie Hanawalt/ Gilbert Yabes, ecfcacb@aldridgepite.com; Todd Garan, ch11ecf@aldridgepite.com; Daimler Trust, notices@bkservicing.com;Daniel Fujimoto, wdk@wolffirm.com; Kristin Zilberstein, bknotice@mccarthyhothus.com; William Brownstein, brownsteinlaw.bill@gmail.com; Margaux Ross, margaux.ross@usdoj.gov

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) __2/27/2017__, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

Tomer Fridman, 25420 Prado de las Peras, Calabasas, CA 91302

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) __2/27/2017__, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

Hon. Martin Barash, 21041 Burbank Blvd Ctrm 303, Woodland Hills, CA 91367

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 2/27/2017 | Henry D. Paloci III | /s/ Henry D. Paloci III |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.