HENRY D. PALOCI III (California State Bar No. 268970)
hpaloci@hotmail.com
Henry D. Paloci III PA
POB 3906
Westlake Village, CA 91359
Telephone:  805.279.1225
Facsimile:  866.565.6345
Attorneys for Creditor TROJAN CAPITAL INVESTMENT LLC

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

SAN FERNANDO VALLEY DIVISION

| | |
|---|---|
| In Re:<br><br>TOMER FRIDMAN,<br><br>            Debtor(s). | Case No. 1:16-bk-11729-MB<br><br>Chapter:    11<br><br>**NOTICE OF MOTION AND MOTION FOR EXAMINATION OF THE DEBTOR PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 2004**<br><br>**Hearing Set:**<br><br>**Date:    May 2, 2017**<br>**Time:    1:30 PM**<br>**Courtroom: 303**<br>**Place:   21041 Burbank Blvd.**<br>       **Woodland Hills, California** |

**TO THE HONORABLE MARTIN BARASH, UNITED STATES BANKRUPTCY JUDGE AND ALL PARTIES:**

**PLEASE TAKE NOTICE** that a hearing will be held on May 2, 2017, at 1:30 p.m., before the Honorable MARTIN BARASH, United States Bankruptcy Judge (the "Court"), at the above-referenced location for the Court to consider the Motion for Examination of the Debtor under Rule 2004 filed April 10, 2017 by Trinity Financial Services LLC (the "Motion").

**PLEASE TAKE FURTHER NOTICE** that any party wishing to obtain copies of the Motion should contact counsel for the Movant at the address set forth in the upper left-hand corner of this Notice. Copies of the Motion were sent to the aforementioned parties concurrently with this Notice as indicated on the proof of service attached hereto.

**PLEASE TAKE FURTHER NOTICE** that any party who wishes to assert an objection to confirmation of the Plan must file a timely written objection with the Clerk of the Bankruptcy Court fourteen (14) days before the hearing date and serve such objection on counsel for the Movant, whose name, address, and fax number appear at the top, left-hand corner of the first page of this Notice.

**PLEASE TAKE FURTHER NOTICE** that the failure to file and serve a timely opposition to Court approval of the Motion may be deemed by the Court to constitute consent to Court approval of the Motion.

Dated: April 10, 2017     TROJAN CAPITAL INVESTMENT LLC

By: _/s/ Henry D. Paloci, III_
HENRY D. PALOCI, III
Attorneys for the Movant

**COMES NOW** TROJAN CAPITAL INVESTMENT LLC, a creditor in this action (hereinafter "Creditor"), through undersigned counsel, and moves this Court for entry of an Order directing Debtor TOMER FRIDMAN (the "Debtor") to appear personally for examination under oath pursuant to the Federal Rule of Bankruptcy Procedure 2004 and Local Rules of Bankruptcy Procedure 2004-1, and to produce documents relevant to the Creditor's query, and in support thereof alleges as follows.

1. Creditor is a creditor of the Debtor.
2. Creditor believes that the Debtor has grossly understated his income, which is highly relevant to the terms of a future Chapter 11 plan that the Debtor might propose. He may also own, hold, or control assets that are not scheduled or disclosed. Debtor has already amended schedules as he retained counsel and converted the case, and Creditor believes, based upon information it has obtained in its own research and based upon observing the examination of the Debtor by staff counsel for the Office of the United States Trustee at the Section 341(a) meeting held in this case, that the schedules remain lacking for complete information.
3. Creditor requires an opportunity to examine the Debtor and review and inspect documents evidencing or relating to the transfer or other disposition of the Debtors' assets, including the distribution of cash, to determine if the transfer or disposition was done without consideration and/or for the purpose of improperly shielding those assets from administration. This examination will take substantially longer than the time allotted for a Debtors' examination at the Section 341(a) Meeting of Creditors.
4. Creditor also requires an opportunity to examine the Debtor and scrutinize his income and expenses (business and personal) to determine the extent of the Debtor's disposable income. The Debtor has not yet proposed a plan, the Debtor's budget schedules (I&J), as amended with present counsel following conversion on January 17, 2017 [Docket Entry No. 71], show zero income and zero expenses.

5. Creditor believes that the Debtor possesses relevant and necessary information concerning the transfer or disposition of his assets and of the true financial condition of the Debtor, information that has not been voluntarily provided by the Debtor.

6. Creditor cannot competently analyze the Debtor's finances and assess whether Debtor's Chapter 11 plan, when filed, is appropriate for the Debtor's circumstances.

7. Undersigned counsel met and conferred with Debtor's counsel as to this issue but could not agree on the scope of the 2004 examination. The parties require the assistance of the Court to resolve the issue of the scope of the examination.

8. Creditor requests that the Debtors be required to personally appear for examination under oath pursuant to FBR 2004(c) and LBR 2004-1 at the office of Creditor's counsel, and that at that time the Debtors produce for inspection and photocopying any and all books, documents, records, writings, or other evidence that are in the possession, custody, or control of the Debtors from January 1, 2015 to the present (except as indicated otherwise below) regarding the following:

   a. The transfer or disposition of any asset of the Debtor exceeding $1000 in value to any party;

   b. The sale of any asset of the Debtor exceeding $1000 in value to any party;

   c. All documents evidencing the payment of money or other property to the Debtor;

   d. All financial statements of the Debtor, including any statements or documents prepared to apply for any loan, including any loan applications;

   e. All documents evidencing that the Debtor is the creditor of any other person or entity (i.e. is owed money), including promissory notes, property, future interests, or other promises to pay or act;

   f. All documents evidencing deposits, withdrawals, fees, and statements of any bank account, either in the name of the Debtor or in the name of any entity held or controlled by the Debtor;

    g. The check registers for all accounts of the Debtor at any financial institution, including business accounts, trade accounts, or corporate accounts controlled by the Debtor;

    h. All documents evidencing the present value of any ownership interest that the Debtor may have in real property, including real property owned by business entities in which the Debtor holds an interest;

    i. All documents or agreements with any real estate brokers to sell any real property of the Debtor;

    j. All contracts and related documents relating to agreements to which the Debtor is a party as of January 1, 2015, including listing agreements and proof of properties listed, either directly or on your behalf by a third party;

    k. All contracts and related documents (including closing statements, income statements, or accountings) relating to agreements to which the Debtor may benefit directly or indirectly, as by expected commission that has not yet been received or by commissions already earned;

    l. All documents evidencing that any real or personal property owned by the Debtor is encumbered in any way;

    m. All documents evidencing that any item of property of the Debtor has been pledged to secure a debt;

    n. All documents evidencing any property owned by the Debtor held in any depository;

    o. All documents evidencing any withdrawal by the Debtor of any sum of money from any account exceeding $1000 since January 1, 2014;

    p. All documents evidencing that the Debtor gave consideration for any property which has been conveyed or transferred and is now being held for the Debtor by a third party or is being held in the name of some person or entity other than the Debtor;

    q. All documents evidencing that the Debtor created or contributed to a trust for the benefit of the Debtor or others documents evidencing the status by the Debtor as a beneficiary to any trust or other agreement, or the equivalent.

r. All documents evidencing that the Debtor has conveyed or disposed of any property by sale, gift, or otherwise;

s. All documents evidencing that the Debtor has made any conveyance, gift, or other disposition of property with any reservation of rights, benefits, or options running to either Debtor for the (re-)acquisition of that property at some future date;

t. All documents evidencing that the Debtor assigned property, money, or chattels owned by the Debtor to any other person or entity;

u. All documents evidencing loss by fire, wind, theft, casualty, gambling, or otherwise;

v. All documents evidencing that the Debtor has at any time been a party to any contract or agreement where the Debtor has granted an option to anyone to purchase any or all of the assets of the Debtor;

w. Any writings evidencing that the Debtor gave any security to secure debt;

x. All documents evidencing that within the last year the Debtor either destroyed or disposed of any books of account, memoranda, or other records relating to the business or income of the Debtor;

y. All documents exchanged by the Debtor with a certified public accountant, other bookkeeper, or tax preparer;

z. All escrow papers, purchase agreements, and related documents concerning the acquisition of all properties that the Debtor owns, whether obtained by purchase, gift, transfer, or other method;

aa. All documents evidencing ownership by the Debtor in any entity, such as a corporation, a trust, or the equivalent, since January 1, 2015;

bb. All documents evidencing control by the Debtor in any entity, such as a corporation, a trust, or the equivalent, as by holding a position of authority such as officer, director, trustee, or the equivalent, since January 1, 2015; and

cc. To the extent that such documents are in the possession or control of the Debtor, the bank statements, tax returns, and other documents an papers evidencing the corporate

formalities of any corporation or entity in the ownership or control of the Debtor since January 1, 2015.

9. The Debtor is known by Creditor to live at 25420 Prado De las Peras, Calabasas, CA 91302.

10. Examination of the Debtor cannot proceed under Federal Rule of Bankruptcy Procedure. 7030 because no adversary proceeding has commenced.

11. Examination of the Debtor cannot proceed under Federal Rule of Bankruptcy Procedure 9014 because the examination is not being taken as part of a contested matter.

12. Debtor may claim privacy issues as grounds not to provide information. Creditor submits that no privilege would apply to the Debtor's situation, but would in any event be willing to stipulate to terms to allow for privacy.

**WHEREFORE**, Creditor respectfully requests that this Court enter an Order directing the Debtor to appear personally for examination under oath at a time and place to be determined and/or agreed upon, and for such other relief as this Court may deem just and proper.

.

Dated:  April 10, 2017         TROJAN CAPITAL INVESTMENT LLC

By:___/s/ Henry D. Paloci III_____
HENRY D. PALOCI, III
Attorney for the Creditor

HENRY D. PALOCI III (California State Bar No. 268970)
hpaloci@hotmail.com
Henry D. Paloci III PA
POB 3906
Westlake Village, CA 91359
Telephone: 805.279.1225
Facsimile: 866.565.6345
Attorneys for Creditor TROJAN CAPITAL INVESTMENT LLC

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

SAN FERNANDO VALLEY DIVISION

| | |
|---|---|
| In Re:<br><br>TOMER FRIDMAN,<br><br>           Debtor(s). | Case No. 1:16-bk-11729-MB<br><br>Chapter:    11<br><br>**DECLARATION OF HENRY D. PALOCI III IN SUPPORT OF MOTION FOR EXAMINATION OF THE DEBTOR PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 2004**<br><br>**Hearing Set:**<br><br>**Date:    May 2, 2017**<br>**Time:    1:30 PM**<br>**Place:   21041 Burbank Blvd.**<br>        **Woodland Hills, California** |

### **DECLARATION OF HENRY D. PALOCI III**

Henry D. Paloci III, III hereby declares as follows:

1. I have personal knowledge of the facts set forth below and, if called to testify, would and could competently testify thereto.

2. I am attorney licensed to practice before this Court and in the federal and bankruptcy courts of the Southern, Eastern, Northern, and Central Districts of California, and in the Middle and Southern Districts of Florida.

3. Creditor believes that the Debtor has grossly understated his income, which is highly relevant to the terms of a future Chapter 11 plan that the Debtor might propose. He may also own, hold, or control assets that are not scheduled or disclosed. Debtor has already amended schedules as he retained counsel and converted the case, and

4. Creditor holds this belief based upon information it has obtained in its own research and based upon my observing the examination of the Debtor by staff counsel for the Office of the United States Trustee at the Section 341(a) meeting held in this case, that the schedules remain lacking for complete information. I have reviewed this information and determined that a Rule 2004 examination is the best way to efficiently acquire the information I need to assert the Creditor's position and rights.

5. Creditor requires an opportunity to examine the Debtor and review and inspect documents evidencing or relating to the transfer or other disposition of the Debtors' assets, including the distribution of cash, to determine if the transfer or disposition was done without consideration and/or for the purpose of improperly shielding those assets from administration.

6. This examination will take substantially longer than the time allotted for a Debtors' examination at the Section 341(a) Meeting of Creditors.

7. Creditor also requires an opportunity to examine the Debtor and scrutinize his income and expenses (business and personal) to determine the extent of the Debtor's disposable income.

8. The Debtor has not yet proposed a plan, the Debtor's budget schedules (I&J), as amended with present counsel following conversion on January 17, 2017 [Docket Entry No. 71], show zero income and zero expenses.

9. Creditor believes that the Debtor possesses relevant and necessary information concerning the transfer or disposition of his assets and of the true financial condition of the Debtor, information that has not been voluntarily provided by the Debtor.

10. Creditor cannot competently analyze the Debtor's finances and assess whether Debtor's Chapter 11 plan, when filed, is appropriate for the Debtor's circumstances.

11. Undersigned counsel met and conferred with Debtor's counsel as to this issue but could not agree on the scope of the 2004 examination. The parties require the assistance of the Court to resolve the issue of the scope of the examination.

12. Based on the foregoing, I respectfully request that the Court enter an Order granting the Motion.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 10th day of April, 2017, ~~2016~~ at Westlake Village, California.



_____
HENRY D. PALOCI III

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
POB 3906
Thousand Oaks, CA 91359

A true and correct copy of the foregoing document entitled: **SUPPLEMENT - OPPOSITION TO MOTION TO VALUE**

will be served or was served (a) on the judge in chambers in the form and manner required by LBR 5005-2(d); and (b) in the manner stated below:

1. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) __4/10/2017__, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

US Trustee, ustpregion16.wh.ecf@usdoj.gov; William McDonald III,caecf@tblaw.com; Erica Loftis, erica.loftis@buckleymadole.com; Jamie Hanawalt/ Gilbert Yabes, ecfcacb@aldridgepite.com; Todd Garan, ch11ecf@aldridgepite.com; Daimler Trust, notices@bkservicing.com;Daniel Fujimoto, wdk@wolffirm.com; Kristin Zilberstein, bknotice@mccarthyhothus.com; William Brownstein, brownsteinlaw.bill@gmail.com; Margaux Ross, margaux.ross@usdoj.gov

☐ Service information continued on attached page

2. **SERVED BY UNITED STATES MAIL**:
On (*date*) __4/10/2017__, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

Tomer Fridman, 25420 Prado de las Peras, Calabasas, CA 91302

☐ Service information continued on attached page

3. **SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) __4/10/2017__, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

Hon. Martin Barash, 21041 Burbank Blvd Ctrm 303, Woodland Hills, CA 91367

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 4/10/2017 | Henry D. Paloci III | /s/ Henry D. Paloci III |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.