# File an answer to a motion:

1:16-bk-11729-MB Tomer Fridman **Converted** 12/20/2016

| Type: bk | Chapter: 11 v | Office: 1 (San Fernando Valley) |
|---|---|---|
| Assets: y | Judge: MB | Case Flag: Incomplete, CONVERTED |

**U.S. Bankruptcy Court**

**Central District of California**

Notice of Electronic Filing

The following transaction was received from William H Brownstein entered on 4/24/2017 at 12:33 PM PDT and filed on 4/24/2017

**Case Name:** Tomer Fridman
**Case Number:** 1:16-bk-11729-MB
**Document Number:** 117

**Docket Text:**
Opposition to (related document(s): [107] Motion for 2004 Examination *and Notice of Motion* filed by Creditor Trojan Capital Investments LLC, [108] Hearing (Bk Motion) Set) Filed by Debtor Tomer Fridman (Brownstein, William)

The following document(s) are associated with this transaction:

**Document description:**Main Document
**Original filename:**04102017TomerFridmanMtn2004ExaminationDoc107.pdf
**Electronic document Stamp:**
[STAMP bkecfStamp_ID=1106918562 [Date=4/24/2017] [FileNumber=87336777-0] [a94c0cd6e3e8f719d84ed2a584339725f7d3f877c5d0db566f4635c2013d0e748e49312cca425e7389ecb442cdbb625aea04c3e090cb1d68b4ecd0679032b504]]

**1:16-bk-11729-MB Notice will be electronically mailed to:**

Adam N Barasch on behalf of Creditor Ally Bank
anb@severson.com, dgl@severson.com;efiling@severson.com

William H Brownstein on behalf of Debtor Tomer Fridman
Brownsteinlaw.bill@gmail.com

Daniel K Fujimoto on behalf of Creditor Deutsche Bank National Trust Company, as Trustee, in trust for registered Holders of Long Beach Mortgage Loan Trust 2005-WL2, Asset-Backed Certificates, Series 2005-WL2
wdk@wolffirm.com

Todd S Garan on behalf of Creditor Christiana Trust, a division of Wilmington Savings Fund Society, FSB, not in its individual capacity but as Trustee of ARLP Trust 3; Fay Servicing, LLC as servicer

ch11ecf@aldridgepite.com, TSG@ecf.inforuptcy.com;tgaran@aldridgepite.com

Todd S Garan on behalf of Interested Party Courtesy NEF
ch11ecf@aldridgepite.com, TSG@ecf.inforuptcy.com;tgaran@aldridgepite.com

Jamie D Hanawalt on behalf of Creditor Christiana Trust, a division of Wilmington Savings Fund Society, FSB, not in its individual capacity but as Trustee of ARLP Trust 3
ecfcacb@aldridgepite.com, jhanawalt@ecf.inforuptcy.com

Erica T Loftis on behalf of Creditor Christiana Trust, a division of Wilmington Savings Fund Society, FSB, not in its individual capacity but as Trustee of ARLP Trust 2 ("Secured Creditor"), as serviced by Fay Servicing, LLC (&
Erica.Loftis@BuckleyMadole.com, Susana.Hernandez@BuckleyMadole.com

William F McDonald, III on behalf of Creditor BANK OF AMERICA, N.A.
Caecf@tblaw.com, wfm@tblaw.com;snchampney@tblaw.com

Randall P Mroczynski on behalf of Creditor Daimler Trust
randym@cookseylaw.com

Henry D Paloci on behalf of Creditor Trojan Capital Investments LLC
hpaloci@hotmail.com, hpaloci@calibankruptcy.com

Kelly M Raftery on behalf of Creditor Deutsche Bank National Trust Company, as Trustee, in trust for registered Holders of Long Beach Mortgage Loan Trust 2005-WL2, Asset-Backed Certificates, Series 2005-WL2
bknotice@mccarthyholthus.com, kraftery@ecf.courtdrive.com

S Margaux Ross on behalf of U.S. Trustee United States Trustee (SV)
margaux.ross@usdoj.gov

Valerie Smith on behalf of Interested Party Courtesy NEF
claims@recoverycorp.com

United States Trustee (SV)
ustpregion16.wh.ecf@usdoj.gov

Gilbert R Yabes on behalf of Interested Party Fay Servicing, LLC
ecfcacb@aldridgepite.com, GRY@ecf.inforuptcy.com;gyabes@aldridgepite.com

Kristin A Zilberstein on behalf of Creditor Deutsche Bank National Trust Company, as Trustee, in trust for registered Holders of Long Beach Mortgage Loan Trust 2005-WL2, Asset-Backed Certificates, Series 2005-WL2
bknotice@mccarthyholthus.com, kzilberstein@mccarthyholthus.com;kzilberstein@ecf.inforuptcy.com

**1:16-bk-11729-MB Notice will not be electronically mailed to:**

William Brownstein

11755 Wilshire Blvd Ste 1250
Los Angeles, CA 90025-1540

JP Morgan Chase Bank N.A.
,

William H. Brownstein, SBN 84507
William H. Brownstein & Associates,
Professional Corporation
11755 Wilshire Boulevard
Suite 1250
Los Angeles, CA 90401-1540
(310) 458-0048
FAX: (310) 362-3212
Email: Brownsteinlaw.bill@gmail.com

Attorneys for Tomer Fridman, Debtor and Debtor in Possession

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**SAN FERNANDO VALLEY DIVISION**

| | |
|---|---|
| In re:<br><br>TOMER FRIDMAN,<br><br>Debtor and<br>Debtor in Possession. | Case No. 1:16-bk-11729MB<br><br>Chapter 11<br>ERRATA TO<br>OPPOSITION TO MOTION FOR EXAMINATION OF DEBTOR PURSUANT TO RULE 2004 F.R.BANK.PRO., DECLARATION(S) IN SUPPORT THEREOF AND EXHIBIT(S)<br><br>DATE: May 2, 2017<br>TIME: 1:30 p.m.<br>COURTROOM: 303<br>LOCATION: 21041 Burbank Boulevard<br>Third<br>Woodland Hills CA 91367 |

TO THE HONORABLE MARTIN BARASH BANKRUPTCY JUDGE, TROJAN CAPITAL INVESTMENTS LLC, THE UNITED STATES TRUSTEE FOR THE CENTRAL DISTRICT OF CALIFORNIA AND THE OTHER PARTIES IN INTEREST:

Tomer Fridman, the above-captioned Debtor and Debtor in Possession (“Debtor” and/or “Movant”), by and through her counsel William H. Brownstein & Associates, Professional Corporation, is filing this Opposition to Motion for Examination of Debtor Pursuant to Rule 2004 F.R.BANK.PRO., Declaration(s) in Support Thereof and Exhibit(s) the hearing on which is scheduled to take place on May 2, 2017 at 1:30 p.m., or as soon

OPPOSITION TO MOTION FOR EXAMINATION OF DEBTOR PURSUANT TO RULE 2004 F.R.BANK.PRO., DECLARATION(S) IN SUPPORT THEREOF AND EXHIBIT(S)
1

thereafter as the Honorable Martin Barash Bankruptcy Judge, will hear the matter in his courtroom which is located at 21041 Burbank Boulevard, Courtroom 303, Third Floor, Woodland Hills, California 91367.

1. Debtor is the Debtor in Possession in the above-captioned case having filed a voluntary petition under Chapter 13 of the Bankruptcy Code on June 1, 2016 which case was converted to a case under Chapter 11 of the Bankruptcy Code pursuant to the Orer entered December 22, 2017 and for all times thereafter the Debtor has remained in possession pursuant to 11 U.S.C. §§1107 and 1108.

2. Debtor is the owner of the following three pieces of real property:

a. 25420 Prado de las Peras, Calabasas, CA 91302 ("Prado de las Peras");

b. 3915 Prado del Maiz, Calabasas, CA 91302 ("Prado de Maiz"); and

c. 3731 Calle Jazmin, Calabasas, CA 91302 ("Calle Jazmin").

3. Prado de las Peras is subject to the following notes secured by a first and second deed of trust, respectively:

a. Christiana Trust, a division of Wilmington Savings Fund Society, FSB, not in its individual capacity but as Trustee of ARLP Trust 3, Proof of Claim No. 14 filed as of 10/11/2017 in the amount of $2,108,528.70; and

b. Trojan Capital Investments, LLC. ("Trojan" and/or "Movant"), Proof of Claim No. 18 filed as of 11/09/2016 in the amount $428,680.65.

4. There is currently pending at the same time and date as the hearing on Trojan's Notice of Motion and Motion for Examination of the Debtor Pursuant to Federal Rule of Bankruptcy Procedure 2004 (the "2004 Motion."), the hearing on Debtor's valuation motion of the property purportedly securing Trojan's junior lien.

5. Trojan has requested authority to examine the Debtor for the purpose of reviewing and evaluating a plan which, it admits, has not yet been filed. Doc. 107, Page 4 of 11, ¶4. This is the same reasoning that a valuation hearing was argued as being premature.

6. The Debtor does not object to an examination, however, he objects to

OPPOSITION TO MOTION FOR EXAMINATION OF DEBTOR PURSUANT TO RULE 2004 F.R.BANK.PRO., DECLARATION(S) IN SUPPORT THEREOF AND EXHIBIT(S)
2

producing the plethora of documents that Trojan is requesting because they contain confidential information, business documents which if disclosed can potentially be devastating to his ongoing employment as a real estate agent.

7.   Trojan's requests "... that the Debtors be required to personally appear for examination under oath pursuant to FBR 2004© and LBR 2004-1 at the office of Creditor's counsel, and that at that time the Debtors produce for inspection and photocopying any and all books, documents, records, writings, or other evidence that are in the possession, custody, or control of the Debtors from January 1, 2015 to the present (except as indicated otherwise below) regarding the following:, and Debtor

| Request | Objection |
|---|---|
| a. The transfer or disposition of any asset of the Debtor exceeding $1000 in value to any party; | |
| b. The sale of any asset of the Debtor exceeding $1000 in value to any party; | |
| c. All documents evidencing the payment of money or other property to the Debtor; | Overly broad. Burdensome. Oppressive. Not likely to lead to discoverable evidence. |
| d. All financial statements of the Debtor, including any statements or documents prepared to apply for any loan, including any loan applications; | Overly broad. Burdensome. Oppressive. Not likely to lead to discoverable evidence. Seeks confidential information. |
| e. All documents evidencing that the Debtor is the creditor of any other person or entity (i.e. is owed money), including promissory notes, property, future interests, or other promises to pay or act; | Overly broad. Burdensome. Oppressive. Not likely to lead to discoverable evidence. Seeks confidential information. |
| f. All documents evidencing deposits, withdrawals, fees, and statements of any bank account, either in the name of the Debtor or in the name of any entity held or controlled by the Debtor; | Overly broad. Burdensome. Oppressive. Not likely to lead to discoverable evidence. Seeks confidential information. |
| g. The check registers for all accounts of the Debtor at any financial institution, including business accounts, trade accounts, or corporate accounts controlled by the Debtor;            . | Overly broad. Burdensome. Oppressive. Not likely to lead to discoverable evidence. Seeks confidential information. |

OPPOSITION TO MOTION FOR EXAMINATION OF DEBTOR PURSUANT TO RULE 2004 F.R.BANK.PRO., DECLARATION(S) IN SUPPORT THEREOF AND EXHIBIT(S)

3

| | |
|---|---|
| h. All documents evidencing the present value of any ownership interest that the Debtor may have in real property, including real property owned by business entities in which the Debtor holds an interest; | Overly broad. Not likely to lead to discoverable evidence. Burdensome. Irrelevant other than as to currently held assets. |
| I. All documents or agreements with any real estate brokers to sell any real property of the Debtor; | Overly broad. Burdensome. Oppressive. Not likely to lead to discoverable evidence. Seeks confidential information. Seeks business records that may jeopardize Debtors ability to conduct his business and which includes relations with clients that can be used to his detriment. |
| j. All contracts and related documents relating to agreements to which the Debtor is a party as of January 1, 2015, including listing agreements and proof of properties listed, either directly or on your behalf by a third party; | Overly broad. Burdensome. Oppressive. Not likely to lead to discoverable evidence. Seeks confidential information. Seeks business records that may jeopardize Debtors ability to conduct his business and which includes relations with clients that can be used to his detriment. |
| k. All contracts and related documents (including closing statements, income statements, or accountings) relating to agreements to which the Debtor may benefit directly or indirectly, as by expected commission that has not yet been received or by commissions already earned; | Overly broad. Burdensome. Oppressive. Not likely to lead to discoverable evidence. Seeks confidential information. Seeks business records that may jeopardize Debtors ability to conduct his business and which includes relations with clients that can be used to his detriment. |
| l. All documents evidencing that any real or personal property owned by the Debtor is encumbered in any way; | |
| m. All documents evidencing that any item of property of the Debtor has been pledged to secure a debt; | |
| n. All documents evidencing any property owned by the Debtor held in any depository; | |
| o. All documents evidencing any withdrawal by the Debtor of any sum of money from any account exceeding $1000 since January 1, 2014; | Overly broad. Burdensome. Oppressive. Not likely to lead to discoverable evidence as avoidance statutes related to 11 USC §547 and 548, which is 1 year prior to commencement of bankruptcy case, not 2 years five months as Trojan seeks. |

OPPOSITION TO MOTION FOR EXAMINATION OF DEBTOR PURSUANT TO RULE 2004 F.R.BANK.PRO., DECLARATION(S) IN SUPPORT THEREOF AND EXHIBIT(S)

4

| | |
|---|---|
| p. All documents evidencing that the Debtor gave consideration for any property which has been conveyed or transferred and is now being held for the Debtor by a third party or is being held in the name of some person or entity other than the Debtor; | Overly broad. Burdensome. Oppressive. Not likely to lead to discoverable evidence. Seeks confidential information. |
| q. All documents evidencing that the Debtor created or contributed to a trust for the benefit of the Debtor or others documents evidencing the status by the Debtor as a beneficiary to any trust or other agreement, or the equivalent | |
| r. All documents evidencing that the Debtor has conveyed or disposed of any property by sale, gift, or otherwise; | Overly broad. Burdensome. Oppressive. Not likely to lead to discoverable evidence. Seeks confidential information. Seeks business records that may jeopardize Debtors ability to conduct his business and which includes relations with clients that can be used to his detriment. |
| s. All documents evidencing that the Debtor has made any conveyance, gift, or other disposition of property with any reservation of rights, benefits, or options running to either Debtor for the (re-) acquisition of that property at some future date; | |
| t. All documents evidencing that the Debtor assigned property, money, or chattels owned by the Debtor to any other person or entity; | |
| u. All documents evidencing loss by fire, wind, theft, casualty, gambling, or otherwise; | |
| v. All documents evidencing that the Debtor has at any time been a party to any contract or agreement where the Debtor has granted an option to anyone to purchase any or all of the assets of the Debtor; | Overly broad. Burdensome. Oppressive. Not likely to lead to discoverable evidence. |
| w. Any writings evidencing that the Debtor gave any security to secure debt; | |
| x. All documents evidencing that within the last year the Debtor either destroyed or disposed of any books of account, memoranda, or other records relating to the business or income of the Debtor; | |

OPPOSITION TO MOTION FOR EXAMINATION OF DEBTOR PURSUANT TO RULE 2004 F.R.BANK.PRO., DECLARATION(S) IN SUPPORT THEREOF AND EXHIBIT(S)
5

| | |
|---|---|
| y. All documents exchanged by the Debtor with a certified public accountant, other bookkeeper, or tax preparer; | Overly broad. Burdensome. Oppressive. Not likely to lead to discoverable evidence. Seeks confidential information. Seeks business records that may jeopardize Debtors ability to conduct his business and which includes relations with clients that can be used to his detriment. |
| z. All escrow papers, purchase agreements, and related documents concerning the acquisition of all properties that the Debtor owns, whether obtained by purchase, gift, transfer, or other method; | |
| aa. All documents evidencing ownership by the Debtor in any entity, such as a corporation, a trust, or the equivalent, since January 1, 2015; | |
| bb. All documents evidencing control by the Debtor in any entity, such as a corporation, a trust, or the equivalent, as by holding a position of authority such as officer, director, trustee, or the equivalent, since January 1, 2015; and | |
| cc. To the extent that such documents are in the possession or control of the Debtor, the bank statements, tax returns, and other documents an papers evidencing the corporate formalities of any corporation or entity in the ownership or control of the Debtor since January 1, 2015. | Overly broad. Burdensome. Oppressive. Not likely to lead to discoverable evidence. Seeks confidential information. Seeks business records that may jeopardize Debtors ability to conduct his business and which includes relations with clients that can be used to his detriment. |

8. Under applicable law, Bankr. P. 2004 provides that the court may order the examination of any entity relating only to the acts, conduct, or property or to the liabilities and financial condition of the debtor, or to any matter which may affect the administration of the debtor's estate, or to the debtor's right to a discharge. Rule 2004(a). The rule also permits the court to order the production of documents. Rule 2004(b). The scope of a Rule 2004 examination is broad and is often referred to as a sanctioned "fishing expedition"; it is in many ways a pre-litigation device for assessing whether grounds exist to commence an action. A Rule 2004 examination is an inquisitory rather than an accusatory tool, and as such, is properly conducted during pre-litigation rather than pretrial. Szadkowski v. Szadkowski (In re Szadkowski), 198 B.R. 140, 141 (Bankr. D. Md. 1996). A Rule 2004

OPPOSITION TO MOTION FOR EXAMINATION OF DEBTOR PURSUANT TO RULE 2004 F.R.BANK.PRO., DECLARATION(S) IN SUPPORT THEREOF AND EXHIBIT(S)
6

Main Document Page 10 of 13

examination is an inquisitory rather than an accusatory tool, and as such, is properly conducted during pre-litigation rather than pretrial. In re Symington, 209 B.R. 678, 684 (D. Md. 1997).

9. Because Rule 2004(a) provides that the court may order the examination of any entity, its plain meaning grants to bankruptcy courts complete discretion in determining whether a Rule 2004 examination is appropriate. French, 145 B.R. at 992; see also McLaughlin v. McPhail, 707 F.2d 800, 804 (4th. Cir. 1983) ("Rule 205 [now Rule 2004] commits to the sound discretion of the bankruptcy court the decision whether to require examination of a party.").

10. One recognized limitation on the broad scope of Rule 2004 is the "pending proceeding rule," pursuant to which courts may preclude discovery under Rule 2004 based on the "existence of other pending litigation in which such discovery could be obtained." In re International Fibercom, Inc., 283 B.R. 290, 292 (Bankr. D. Ariz. 2002); see also, e.g., In re Bennett Funding Group, Inc., 203 B.R. 24, 28-29 (Bankr. N.D.N.Y. 1996). The pending proceeding rule is often invoked once an adversary proceeding or contested matter has been commenced in a bankruptcy case, especially if the [*7] discovery sought through Rule 2004 goes "squarely to issues" involved in the pending litigation, in which case "application of the formal discovery rules is appropriate." In re Job P. Wyatt & Sons' Co., 2011 Bankr. LEXIS 4653, 2011 WL 5909534 (Bankr. E.D.N.C. 2011). In addition, courts can invoke the rule "where the party requesting the Rule 2004 examination could benefit their pending litigation outside of the bankruptcy court against the proposed Rule 2004 examinee." In re Enron Corp., 281 B.R. 836, 842 (Bankr. S.D.N.Y. 2002). Some courts, however, find the rule inapplicable in situations where there is only non-bankruptcy collateral litigation. See, e.g, In re Mantolesky, 14 B.R. 973, 979 (Bank. D. Mass. 1981) ("[T]he law is clear that pending litigation by others against the person sought to be examined, and the possible use of 205 [now 2004] testimony in that collateral litigation, is not sufficient reason for denying examination.").

11. A motion seeking to limit or prohibit an examination or document

OPPOSITION TO MOTION FOR EXAMINATION OF DEBTOR PURSUANT TO RULE 2004 F.R.BANK.PRO., DECLARATION(S) IN SUPPORT THEREOF AND EXHIBIT(S)
7

production—or to quash a subpoena—under Fed. R. Bankr. P. 2004 is a request for an order under Fed. R. Bankr. P. 9013, the grounds for which must be among those provided for by Fed. R. Civ. P. 45(d)(3), incorporated by Fed. R. Bankr. P. 9016 or, in some instances, Fed. R. Bankr. P. 9018--it does not initiate a contested matter. No contested matter or adversary proceeding need be instituted as a prerequisite to conducting a Fed. R. Bankr. P. 2004 examination; in fact, if an adversary proceeding or contested matter is pending, the discovery devices provided for in Fed. R. Bankr. P. 7026-7037 apply and Rule 2004 should not be used. Additionally, Rule 2004 by its terms gives the court discretion to limit examination as justice requires. Courts have used this permissive conditional language of Rule 2004(a) to restrict discovery that appears unduly intrusive or burdensome. In re Spoto, 2015 Bankr. LEXIS 1711, *1 (Bankr. W.D.N.Y. May 21, 2015)

12. As in this case there are certainly limits to an examination under Rule 2004 FRBP, however. Witnesses who have no relationship to the debtor's financial affairs or to the administration of the estate are not proper subjects of a Rule 2004 examination. In re Johns-Manville Corp., 42 B.R. 362, 364 (S.D.N.Y. 1984). Rule 2004 FRBP "may not be used for 'purposes of abuse or harassment' and it 'cannot stray into matters which are not relevant to the basic inquiry.'" 9 Collier on Bankruptcy ¶ 2004.02[1] (16th ed. 2014) (citations omitted).

13. The purpose generally of Rule 2004 is to enable parties in interest to locate assets of the debtor and to make those assets available for the creditors of the estate. While the purpose is broad, Rule 2004 is not without limits. The examination of a witness as to matters having no relationship to the debtor's affairs or no effect on the administration of his estate is improper.In re Continental Forge Co., 73 B.R. 1005, 1987 Bankr. LEXIS 822 (Bankr. W.D. Pa. 1987), Matter of Wilcher, 56 B.R. 428 (Bankr. N.D. Ill. 1985), In re Johns-Manville Corp., 42 B.R. 362 (S.D.N.Y. 1984).

14. The present 2004 Motion seeks confidential and privileged document such as tax returns, business records pertaining to Debtor's business as a real estate agent, goes into transactions as far back as 2014, is overly broad and burdensome in its scope

and is premature as it appears to be pertaining to a yet not filed Plan [and Disclosure Statement].

15. The Debtor will appear at a Rule 2004 examination at a mutually agreeable date and time, however, as Trojan contends that it has documents which would require amendment to the Debtor's schedules and statements, Debtor would request that prior to any examination that it provide copies of ALL such documents and that this Court limit the scope of production and examination taking into consideration the Debtor's objections show in Paragraph 7.

WHEREFORE, Debtor prays that this Honorable Court enters an order consistent with the foregoing and that it grants such other and further relief as it deems just and proper.

DATED: April 24, 2017

Respectfully submitted,

William H. Brownstein & Associates,
Professional Corporation

By: William H Brownstein

William H. Brownstein, Attorneys for
Debtor and Debtor in Possession

OPPOSITION TO MOTION FOR EXAMINATION OF DEBTOR PURSUANT TO RULE 2004 F.R.BANK.PRO., DECLARATION(S) IN SUPPORT THEREOF AND EXHIBIT(S)
9

Main Document Page 13 of 13

| In re:<br>TOMER FRIDMAN<br>Debtor(s). | CHAPTER 11<br>CASE NUMBER 1:16-bk-11729MB |
|---|---|

**NOTE:** When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on the CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: 11755 Wilshire Boulevard, Suite 1250, Los Angeles, CA 90025

A true and correct copy of the foregoing document described OPPOSITION TO MOTION FOR EXAMINATION OF DEBTOR PURSUANT TO RULE 2004 F.R.BANK.PRO., DECLARATION(S) IN SUPPORT THEREOF AND EXHIBIT(S) will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

I. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On April 24, 2017, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

**See NEF for confirmation of electronic transmission to the U.S. Trustee and any trustee in this case, and to any attorneys who receive service by NEF.**

☐ Service information continued on attached page

**II. SERVED BY U.S. MAIL OR OVERNIGHT MAIL**(indicate method for each person or entity served)**:**
On April 24, 2017, I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**III. SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on April 24, 2017, I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.

The Chambers of the Honorable Martin R. Barash, Bankruptcy Judge, 21041 Burbank Boulevard, Woodland Hills, CA 91368

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| April 24, 2017 | William H. Brownstein | William H Brownstein |
|---|---|---|
| *Date* | *Type Name* | *Signature* |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*January 2009* **F 9013-3.1**