HENRY D. PALOCI III (California State Bar No. 268970)
hpaloci@hotmail.com
Henry D. Paloci III PA
POB 3906
Westlake Village, CA 91359
805.279.1225
Facsimile: 866.565.6345
Attorneys for Creditor TROJAN CAPITAL INVESTMENT LLC

**UNITED STATES BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
SAN FERNANDO VALLEY DIVISION**

| | |
|---|---|
| In re: | Case No.: 1:16-bk-11729-MB |
| TOMER FRIDMAN, | Chapter 11 Case |
| Debtor(s). | DC No. HDP-8 |
| | **REPLY TO LATE-FILED OPPOSITION OF THE DEBTOR TO THE MOTION OF TROJAN CAPITAL INVESTMENT LLC FOR EXAMINATION OF DEBTOR PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCREDURE 2004** |
| | **[Related: Docket Entry No. 107]** |
| | **Hearing:**<br>**Date: May 2, 2017**<br>**Time: 1:30PM**<br>**Courtroom: 303** |
| | **21041 Burbank Blvd.**<br>**Woodland Hills, California** |

COMES NOW Trojan Capital Investment LLC ("Trojan") and files this reply to the late-filed Opposition to Motion for Examination of the Debtor Pursuant to Federal Rule of Bankruptcy Procedure 2004 (Docket Entry No. 107). Opposition was filed yesterday, the day before the hearing. In reply, Trojan states as follows.

1

The Debtor has agreed to participate in the Rule 2004 examination process but has objected to the breadth of the documents requested as overly broad. Sometimes, that is a fair argument to make; in this case, a 2004 examination is a necessity to this scope because of the rampant and material nondisclosures by the Debtor. The documents requested are appropriately broad.

Undersigned counsel has never seen a case that has lingered this long where the Debtor's failure to disclose material facts and details have not resulted in a motion to dismiss or convert the case. While Trojan is mindful of the fact that, conceptually, Chapter 11 gives the Debtor "breathing space" and an opportunity to reorganize, it is part and parcel of that grant of breathing space that the Debtor make complete disclosure of his situation.

In our case, the Debtor has not even remotely made full disclosure. The Debtor's first three MORs show $58 in income. Debtor argued at the last hearing that business bank statements were attached that met disclosure requirements. Raw bank statements do not present a clear picture.

Similarly, Debtor's schedules lack transparency. When Debtor retained current counsel, he filed amended budget schedules (I&J) that showed zero income. Two weeks ago, on April 20, 2017, the Debtor filed further amended budget schedules that show over $48000 in income and over $20000 in expenses. Even if accurate, this information does not reconcile with previous disclosures in the case.

Trojan's research, a copy of which is attached, reflects that the Debtor made more than $100 million in real estate sales in 2016. It appears that the Debtor gave an interview with the reporter that wrote the story.

2

Trojan has no idea whether these articles are mere puffery or whether the Debtor did indeed have $100 million in real estate sales last year, but the fact that these articles exist, combined with the Debtor's utter failure to disclose basic financial information voluntarily, give cause to inquire.

Put bluntly, Trojan (and the Court) have a right to know if this money is real and where it went. The Debtor's income will also inform any plan that the Debtor presents. The Debtor objects to several line items in the Motion as "overly broad." Given the complete lack of disclosure, it is more fair to say that Trojan's requests are appropriately broad.

Trojan makes no claims as to the truth of the attached articles. Trojan merely submits that its existence gives rise to the need to ask the Debtor about it because it suggests that the Debtor has additional and undisclosed income.

Conclusion

The Debtor has not presented any new information in his opposition that would justify not granting the Motion.

**WHEREFORE**, Movant renews its request that the Court grant the Motion, and in so doing set a deadline for disclosure of documents requested and a date for an examination of the Debtor, and for such other relief as may appear just and proper.

Respectfully Submitted:

___/s/ Henry D. Paloci III ____

Henry D. Paloci III

Attorney for Movant, Trojan Capital Investment LLC

5/2/2017

3

# Tomer Fridman, the Kardashians' real estate agent, tries to stay humble



Tomer Fridman, real estate agent to the stars, handled the sale of Lamar Odom and Khloe Kardashian's $5.499 million home, above, to Kaley Cuoco-Sweeting and Ryan Sweeting. (Riley Jamison)

By R. Daniel Foster

MARCH 26, 2016, 6:00 AM

If you're celebrity real estate titan Tomer Fridman, sometimes you're helping a Kardashian drop millions on a new mega-mansion, and other times you're mopping up wildlife droppings.

"I'll climb into attics; if I need to, I'll clean up coyote poop from a kitchen. I do it. I just do what it takes," the 39-year-old said. "You have to stay humble when dealing with high-profile people. They're the superstar, the celebrity. Not me."

Fridman has built a name representing the Kardashian clan's numerous real estate deals since 2013, including the $20-million sale of a Hidden Hills home to Kim Kardashian and Kanye West.

Other notable clients: Britney Spears, Jennifer Lopez, Sharon and Ozzy Osbourne, and Jessica Simpson. He also handled the $7.2-million sale of Justin Bieber's Calabasas digs to Khloe Kardashian in

# REALTY TODAY

NEWS    COMMERCIAL    BUY & SELL    INVESTING    HOME & DESIGN    FINANCE & MORTGAGE    LIFE    VIDEO

ADVERTISEMENT

## Hollywood A-Listers Real Estate Agent Tomer Fridman Surpasses $100-million Closed Sales

Posted by Staff Reporter on Mar 28, 2016 09:15 AM EDT

Like 0    Tweet    0    Share    0



Khloe Kardashian, Lamar Odom, Kris Jenner, Kendall Jenner, Kourtney Kardashian, Kanye West, Kim Kardashian, Caitlin Jenner and Kylie Jenner attend Kanye West Yeezy Season 3 on February 11, 2016 in New York City. (Photo : Getty Images/Jamie McCarthy)

Sotheby's International Real Estate agent Tomer Fridman surpassed the $100-million mark for closed sales in a year as partner and executive vice president at Ewing & Associates Sotheby's International.

"Feel the Light" Jennifer Lopez' agent Fridman, handled the sale of "Keeping Up with the Kardashians" star Khloe Kardashian and former LA Lakers Lamar Odom's $5.499 million mega-mansion. Since 2013, The agent had built a name handling the Hollywood's A-listers' various real estate deals, including the $20-million Hidden Hills manor of Kim Kardashian and Kanye West.

Fridman, with a career in dealings in rarefied air, had been known for a personality that veered to the cosmetic elements. Fridman possesses an authentic charm that was optimal for elite clientele who lived behind guarded walls. Ewing founder Roger Ewing described Fridman as a sweetheart of a guy and very popular around the industry. The agent had the ability to calm emotions, as well as work well in complex negotiations with varying egos, according to the Los Angeles Times.

**FOLLOW US**

Facebook    Twitter    Google+    Rss

Case 1:16-bk-11729-MB    Doc 126    Filed 05/02/17    Entered 05/02/17 09:08:58    Desc
Main Document    Page 6 of 7

Isidora Fridman, Tomer's mother and 10-year business partner at Ewing's Calabasas office said that the agent was always passionate about real estate, even way before he got into the business in the '90s. Isidora was born in Romania and grew up in Israel. In the 1980s, she emigrated to the San Fernando Valley with her husband Gideon and a younger Tomer, according to Sotheby's International Realty.

Fridman's mother recounted a time when she asked if 10-year-old Tomer wanted to watch a film. He replied by saying that he would much rather go look at a new gated community in Calabasas. Isadora stated that even as a child, Tomer was hooked on real estate.

"Love Yourself" singer Justin Bieber was also represented by Tomer in his $7.2-million deal for involving the Calabasas pad in 2014. The real estate agent's other notable clients include "Toxic" Britney Spears, "The Talk" Sharon Osbourne, and "A Public Affair" Jessica Simpson.

TAG:   Tomer Fridman clients ,   Tomer Fridman email ,   Tomer Fridman instagram ,   Hollywood ,   Hollywood life ,   Hollywood Gossip ,   Hollywood real estate ,   Hollywood real estate school ,   Hollywood real estate zillow ,   Hollywood real estate show ,   Khloe Kardashian Lamar Odom ,   Khloe Kardashian ,   Lamar Odom

Get the Most Popular RealtyToday Stories in a Weekly Newsletter    Enter your Email Address    Subscribe

© 2015 Realty Today All rights reserved. Do not reproduce without permission.

## NEWSLETTER

Subscribe to the Realty Today newsletter!

Enter email address    SIGN UP

## EDITOR'S PICKS


Real Estate Advice: How to Quickly Sell Your Summer Home
Read More »


Is a Private Island a Good Real Estate Investment?
Read More »


Is San Francisco Commercial Real Estate Taking a Downturn?
Read More »


When is the Best Time to Buy a Home?
Read More »


Should You Buy a Real Estate Property Now in the UK?
Read More »

ADVERTISEMENT

You May Like These

JOOLA Inside 15 Table Tennis Table with Net Set
$399.98
(2531)

Cornilleau 500M Crossover Indoor/Outdoor Blue Table Te…
$1599.99
(3)

STIGA Advantage Table Tennis Table
$399.99
(331)

Ads by Amazon

TRENDING TODAY                                           Sponsored by Revcontent

Enter to Win Your Mom a Shoppnig Spree at Ashley
Homeowners: $4,264 Waits For You
Futurecast Intelligence - Microsoft Cloud
You Need To See This Amazing Golf Course

Hillary's IQ Will Shock You
Math Genius Reveals Lotto "Hack" (You Can Use This Today to
Find Reputable Lenders Even with Bad Credit Using
New Rule In Nashville, Tennessee

ADVERTISEMENT


SAFAVIEH CALIFORNIA SHAG …
(3706)
$191.54
Shop now

JOOLA    JOOLA
$569.99    $600.99

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:
POB 3906, Westlake Village, CA 91359

A true and correct copy of the foregoing document entitled: REPLY
will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1**.  **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) __05/02/2017__, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

US Trustee, ustpregion16.wh.ecf@usdoj.gov; Margaux Ross, margaux.ross@usdoj.gov; Adam Barasch, efiling@severson.com; William Brownstein, brownsteinlaw.bill@gmail.com; Daniel Fujimoto, wdk@wolffirm.com; Todd Garan, ch11ecf@aldridgepite.com; Jamie Hanawalt/ Gilbert Yabes, ecfcacb@aldridgepite.com; Erica Loftis, erica.loftis@buckleymadole.com; William McDonald, caecf@tblaw.com; Randall Mroczynski, randym@cookseym.com; Kelly Raftery, bknotice@mccarthyholthus.com; Valerie Smith, claims@recoverycorp.com

☐ Service information continued on attached page

**2**.  **SERVED BY UNITED STATES MAIL**: On (*date*) __05/02/2017__, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.
None.

☐ Service information continued on attached page

**3**.  **SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) __05/02/2017__, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.
Hon. Martin Barash, 21041 Burbank Blvd., Room 303, Woodland Hills, CA 91367

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 05/02/2017 | Henry D. Paloci III | /s/ Henry D. Paloci III |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*December 2012*    Page 2