HENRY D. PALOCI III (California State Bar No. 268970)
hpaloci@calibankruptcy.com
POB 3906
Westlake Village, CA 91359
Telephone: 805.279.1225
Facsimile: 866.565.6345
Attorneys for Creditor Trojan Capital Investment LLC

**FILED & ENTERED**

**JUN 14 2017**

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY Ogier    DEPUTY CLERK

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

**CHANGES MADE BY COURT**

SAN FERNANDO VALLEY DIVISION

In re:

TOMER FRIDMAN,

    Debtor(s)

) Case No.: 1:16-bk-11729-MB
)
) Chapter 13 Case
)
) **ORDER GRANTING MOTION FOR EXAMINATION OF THE DEBTOR PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 2004**
)
) **Hearing Set:**
)
) **Date:    May 2, 2017**
) **Time:   1:30 PM**
) **Courtroom: 303**
) **Place:   21041 Burbank Blvd.**
)    **Woodland Hills, California**
)
) [Related: Docket Entry No. 107]

On April 10, 2017, Trojan Capital Investment, LLC ("Trojan") filed its Motion for Examination of the Debtor Pursuant to Federal Rule of Bankruptcy Procedure 2004 (the "Rule 2004 Motion") and self-calendared a hearing on that motion for May 2, 2017.  the Rule 2004 Motion included twenty-nine categories of documents for Tomer Fridman, the debtor-in-possession (the "Debtor"), to produce.  On April 18, 2017, the Debtor filed a copy of the Rule 2004 Motion, captioned as an "Opposition" to the Rule 2004 Motion.  Case Dkt. 114.  No timely opposition or objection to the Rule 2004 Motion was filed by Debtor.  On May 1, 2017, approximately twenty-four hours before the hearing on the Rule 2004 Motion, Debtor filed an "Errata to Opposition" to the Rule 2004 Motion objecting (for the first time) to various document requests included in the Rule 2004 Motion (the "Late Opposition").  Case Dkt. 125.

At the May 2, 2017 hearing, Henry D. Paloci III appeared on behalf of Trojan and William Brownstein appeared on behalf of Debtor.  Counsel for the Debtor stated on the record that the Debtor did not object to a Rule 2004 examination.  The Court granted the unopposed Rule 2004 Motion and ordered that documents responsive to the requests contained in the motion be produced by May 31, 2017 and that the Debtor appear for examination on June 5, 2017 at 10:00 a.m. and ordered counsel for Trojan to lodge an order.

Local Bankruptcy Rule 9021-1(b)(1)(B) requires proposed orders to be served and lodged within seven days of the granting of a motion.  On June 1, 2017, twenty-nine days after the granting of the Rule 2004 Motion and after the deadline set by the Court for the Debtor to produce documents under Rule 2004, Trojan lodged an order on the Rule 2004 Motion (the "Trojan Proposed Order").  Case Dkt. 158.  On June 4, 2017, the Debtor objected to the Trojan Opposed Order on the basis that the document requests contained therein are overbroad and

requested that the Debtor not be required to produce documents other than those documents attached to the Debtor's June 4, 2017 objection. Case Dkt. 159.

Based on the foregoing, the record in this case and for good cause appearing, **IT IS HEREBY ORDERED THAT:**

1. The Rule 2004 Motion is GRANTED, as modified below.

2. Counsel for the parties shall meet and confer within ten calendar days of the entry of this Order to agree upon a date and time for the production of documents by the Debtor and a date and time for the examination of the Debtor in the offices of counsel for Trojan.

3. If the parties are unable to agree on the dates for production and examination, or on the scope of the documents to be produced, the Debtor shall move for a protective order and include in his moving papers a discovery stipulation substantially conforming to the requirements of Local Bankruptcy Rule 7026-1(c)(3).

~~**THIS CAUSE CAME BEFORE THE COURT** upon the motion of TROJAN CAPITAL INVESTMENT LLC to examine the Debtor pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure [Docket Entry No. 107] on the date and time shown on the first page of this pleading. Appearances were made as set forth on the record.~~

~~The Court, having reviewed the pleadings and the Court file, heard argument, and having otherwise been duly advised in the premises, **ORDERS AND ADJUDGES** as follows.~~

~~1. Notice was proper.~~

~~2. The Motion is granted in its entirety.~~

~~3. Debtor shall appear for examination at the office of counsel for the movant, Henry D. Paloci III PA, 5210 Lewis Road #5, Agoura Hills, CA 91301, at 10:00AM on June 5, 2017.~~

~~4. On or before May 31, 2017, Debtor shall provide copies (which may be provided electronically where available) of the following documents to counsel for the movant:~~

Case 1:16-bk-11729-MB    Doc 174    Filed 06/14/17    Entered 06/14/17 16:07:50    Desc
Main Document    Page 4 of 6

a. ~~The transfer or disposition of any asset of the Debtor exceeding $1000 in value to any party;~~
b. ~~The sale of any asset of the Debtor exceeding $1000 in value to any party;~~
c. ~~All documents evidencing the payment of money or other property to the Debtor;~~
d. ~~All financial statements of the Debtor, including any statements or documents prepared to apply for any loan, including any loan applications;~~
e. ~~All documents evidencing that the Debtor is the creditor of any other person or entity (i.e. is owed money), including promissory notes, property, future interests, or other promises to pay or act;~~
f. ~~All documents evidencing deposits, withdrawals, fees, and statements of any bank account, either in the name of the Debtor or in the name of any entity held or controlled by the Debtor;~~
g. ~~The check registers for all accounts of the Debtor at any financial institution, including business accounts, trade accounts, or corporate accounts controlled by the Debtor;~~
h. ~~All documents evidencing the present value of any ownership interest that the Debtor may have in real property, including real property owned by business entities in which the Debtor holds an interest;~~
i. ~~All documents or agreements with any real estate brokers to sell any real property of the Debtor;~~
j. ~~All contracts and related documents relating to agreements to which the Debtor is a party as of January 1, 2015, including listing agreements and proof of properties listed, either directly or on your behalf by a third party;~~
k. ~~All contracts and related documents (including closing statements, income statements, or accountings) relating to agreements to which the Debtor may benefit directly or indirectly, as by expected commission that has not yet been received or by commissions already earned;~~

~~l.   All documents evidencing that any real or personal property owned by the Debtor is encumbered in any way;~~

~~m.   All documents evidencing that any item of property of the Debtor has been pledged to secure a debt;~~

~~n.   All documents evidencing any property owned by the Debtor held in any depository;~~

~~o.   All documents evidencing any withdrawal by the Debtor of any sum of money from any account exceeding $1000 since January 1, 2014;~~

~~p.   All documents evidencing that the Debtor gave consideration for any property which has been conveyed or transferred and is now being held for the Debtor by a third party or is being held in the name of some person or entity other than the Debtor;~~

~~q.   All documents evidencing that the Debtor created or contributed to a trust for the benefit of the Debtor or others documents evidencing the status by the Debtor as a beneficiary to any trust or other agreement, or the equivalent.~~

~~r.   All documents evidencing that the Debtor has conveyed or disposed of any property by sale, gift, or otherwise;~~

~~s.   All documents evidencing that the Debtor has made any conveyance, gift, or other disposition of property with any reservation of rights, benefits, or options running to either Debtor for the (re-)acquisition of that property at some future date;~~

~~t.   All documents evidencing that the Debtor assigned property, money, or chattels owned by the Debtor to any other person or entity;~~

~~u.   All documents evidencing loss by fire, wind, theft, casualty, gambling, or otherwise;~~

~~v.   All documents evidencing that the Debtor has at any time been a party to any contract or agreement where the Debtor has granted an option to anyone to purchase any or all of the assets of the Debtor;~~

~~w.   Any writings evidencing that the Debtor gave any security to secure debt;~~

~~x. All documents evidencing that within the last year the Debtor either destroyed or disposed of any books of account, memoranda, or other records relating to the business or income of the Debtor;~~

~~y. All documents exchanged by the Debtor with a certified public accountant, other bookkeeper, or tax preparer;~~

~~z. All escrow papers, purchase agreements, and related documents concerning the acquisition of all properties that the Debtor owns, whether obtained by purchase, gift, transfer, or other method;~~

~~aa. All documents evidencing ownership by the Debtor in any entity, such as a corporation, a trust, or the equivalent, since January 1, 2015;~~

~~bb. All documents evidencing control by the Debtor in any entity, such as a corporation, a trust, or the equivalent, as by holding a position of authority such as officer, director, trustee, or the equivalent, since January 1, 2015; and~~

~~cc. To the extent that such documents are in the possession or control of the Debtor, the bank statements, tax returns, and other documents an papers evidencing the corporate formalities of any corporation or entity in the ownership or control of the Debtor since January 1, 2015.~~

**IT IS SO ORDERED.**

###

Date: June 14, 2017

_____
Martin R Barash
United States Bankruptcy Judge