HENRY D. PALOCI III (California State Bar No. 268970)
hpaloci@calibankruptcy.com
5210 Lewis Road #5
Agoura Hills, CA 91301
Telephone:  805.498.5500
Facsimile: 866.565.6345
Attorneys for Creditor and Interested Party Trojan Capital Investment LLC

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

SAN FERNANDO VALLEY DIVISION

| | |
|---|---|
| In re: | ) |
| | ) Case No.: 1:16-bk-11729-MB |
| TOMER FRIDMAN, | ) |
| | ) Chapter 11 Case |
| Debtor(s). | ) |
| | ) **LIMITED OBJECTION TO** |
| | ) **APPLICATION FOR PAYMENT OF** |
| | ) **INTERIM FEES AND EXPENSES** |
| | ) |
| | ) **[Related: Docket Entry No. 212]** |
| | ) |
| | ) **HEARING SET:** |
| | ) **Date: August 8, 2017** |
| | ) **Time: 1:30 PM** |
| | ) **Courtroom: 303** |
| | ) |
| | ) **Hon. Martin Barash** |

**COMES NOW** TROJAN CAPITAL INVESTMENTS LLC ("Trojan") and files this limited objection to the Application for Payment of Interim Fees and Expenses (the "Application") [Docket Entry No. 212] filed by William Brownstein, who represents the Debtor in this Chapter 11 case. In opposition, Trojan states as follows.

Summary

Creditors do not ordinarily object to fee applications. This case is unique because Trojan's security interest in the Debtor's homestead might be avoided; and if it is, then Trojan would take from the estate only as a general unsecured creditor – though, by far, the largest of the unsecured creditors. Under those circumstances, every dollar that Debtor's counsel receives in fees as a priority claimant is literally a dollar that Trojan does not receive. Trojan has therefore scrutinized Mr. Brownstein's billing records and takes issue with the following fees and costs that Trojan views as excessive.

1. Mr. Brownstein claims 13.4 hours and $6633.00 for prosecution of a lien valuation motion against Trojan. *Application*, p.4, line 25; Exhibit 12, pp. 31-32. This motion was initially denied without prejudice for improper service and then refiled. Some, but not all, of the fees claimed are appropriate.

2. Mr. Brownstein also claims 5.5 hours, or $2722.50, for "bankruptcy planning and consultation." *Id.,* p.4, line 20; p.14. On Exhibit 3, there are two line items: five hours for conferring with "client and others" regarding conversion, and another for 0.6 hours to confer with John Edwards regards conversion and the need for a cash collateral order and planning. Though the conference about cash collateral occurred in December 2016, months passed before the Debtor actually filed a cash collateral motion. It is not clear what was actually discussed with the Debtor and others – and who those others were. Further, as this case was already pending when Mr. Brownstein subbed in, some of these fees for bankruptcy planning are not appropriate. It is not clear how much of these fees are appropriate because the line items lack for specificity.

3. Mr. Brownstein claims 2.2 hours, or $1089.00, for filing an objection to the proof of claim of Trojan. *Id.,* Exhibit 6, p. 20. To the knowledge of Trojan, no such objection was ever filed.

4. In Exhibits 8 and 9, Mr. Brownstein claims fees for work related to Commission Funding Associates ($19404.00) and the filing of an adversary proceeding (complaint) against

Commission Funding Associates (an additional $10543.50) .*Id.,* pp. 22-27. It is not clear at this time whether the actions against Commission Funding Associates are frivolous. From the outside, it seems that the Debtor entered into a commercial (not consumer-protected) financing arrangement with a "factor" that did not work out to the Debtor's benefit. It does not appear that Commission Funding Associates did anything improper or illegal against the Debtor. If it is later determined that the actions by the bankruptcy estate against Commission Funding Associates are without merit, then Mr. Brownstein should not be entitled to fees – or, those fees might be limited. If these fees are allowed now they should be held back (not disbursed to Debtor's counsel) until the final application.

5. Mr. Brownstein claims 3.3 hours ($1633.50) to prepare evidentiary objections to the motion for relief from the automatic stay filed by Trojan. *Id.,* Exhibit 14, p. 35. These evidentiary objections were completely useless as to the matters at Bar – the objections did nothing to affect the disposition of Trojan's motion for relief from the Stay -- and served only to inflate the billable hours claimed now in this Application.

6. Mr. Brownstein claims $14058.00 in fees in connection with a motion for the sale of real estate located on Calle Jazmin in Calabasas, California. *Id.,* Exhibit 17, pp. 42-43. The motion was denied without prejudice (for reasons not clear to Trojan). Depending on the circumstances, some or all of these fees should be disallowed.

7. Mr. Brownstein claims fees for the preparation of monthly operating reports. *Id.*, pp. 46-47. This is totally acceptable if Mr. Brownstein is preparing the MORs. However, if another professional is doing the work, then either Mr. Brownstein or that other professional should not be paid by the bankruptcy estate – not both. If Mr. Brownstein is merely reviewing the work of an accountant or bookkeeper, that would be acceptable – but would not take as much time as claimed.

8. Mr. Brownstein, in numerous places, has claimed travel time to and from court and other appearances. He has also claimed $219.67 in "auto expense" on page 49 of the Application. This seems to be too much and impermissible.

9. Overall, Mr. Brownstein claims $1973.68 in costs for photocopies. *Id.,* pp.8, 49. This claim is without reference to the amount of money spent per copy and the number of copies, and on its face seems excessive.

Payments Received

Trojan questions the fee arrangement Mr. Brownstein has with the Debtor. Trojan was of the impression that Casa Group Inc. (the Debtor's mother) was paying the Debtor's fees. This was the arrangement Trojan believes was set forth on Mr. Brownstein's fee application. It now appears that White City 26 Inc. (the Debtor's wholly owned S-corporation and quite probably the Debtor's alter ego set up for tax purposes) has paid $28,000 directly to Mr. Brownstein. *Id.,* p. 10. These funds should be returned to the Debtor or held in trust until the case concludes either by confirmation or conversion. The Debtor's shoddy habits with estate funds are well documented and noted by the Court, and Trojan submits that Mr. Brownstein's trust account is the best place for these funds to rest for now.

Conclusion

Trojan does not object to the Court granting the Motion in principle, provided that the US Trustee does not otherwise object to the payment arrangement or other elements of the Application. And if Mr. Brownstein received his initial $15,000 retainer from a source other than the Debtor (the Debtor was in Chapter 13, in this case, when Mr. Brownstein was retained, and would not have been allowed to pay Mr. Brownstein directly), then Trojan has no objection to Mr. Brownstein receiving those funds on an interim basis.

However, the funds received by Mr. Brownstein from the Debtor (and/or his entity/alter ego, White City 26 Inc.) post-conversion, which appear to be $28,000, should be held in trust or returned to the Debtor. Trojan would prefer these funds stay in Mr. Brownstein's trust account for safekeeping.

    Not all of the fees requested should be allowed. Some fees should be allowed, in an amount for the Court to determine.

Respectfully Submitted:

Dated: July 24, 2017                TROJAN CAPITAL INVESTMENT LLC

                                          By:___/s/ Henry D. Paloci III_____
                                          Henry D. Paloci III
                                          Henry D. Paloci III PA
                                          Attorneys for the Respondent

Case 1:16-bk-11729-MB    Doc 220    Filed 07/24/17    Entered 07/24/17 23:27:22    Desc
Main Document    Page 6 of 6

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:
5210 Lewis Road #5,
Agoura Hills, CA 91301

A true and correct copy of the foregoing document entitled: OBJECTION TO FEE APPLICATION

will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1**. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) 5/9/2017 7/24/17, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

US Trustee, ustpregion16.wh.ecf@usdoj.gov; William McDonald III,caecf@tblaw.com; Erica Loftis, erica.loftis@buckleymadole.com; Jamie Hanawalt/ Gilbert Yabes, ecfcacb@aldridgepite.com; Todd Garan, ch11ecf@aldridgepite.com; Daimler Trust, notices@bkservicing.com;Daniel Fujimoto, wdk@wolffirm.com; Kristin Zilberstein, bknotice@mccarthyhothus.com; William Brownstein, brownsteinlaw.bill@gmail.com; Margaux Ross, margaux.ross@usdoj.gov

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) 5/9/2017 7/24/17 , I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.
Tomer Fridman, 25420 Prado de las Peras, Calabasas, CA 91302

None.

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) 5/9/2017 7/24/17, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.
Hon. Martin Barash, 21041 Burbank Blvd Ctrm 303, Woodland Hills, CA 91367

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 7/24/2017 | Henry D. Paloci III | /s/ Henry D. Paloci III |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.