1 | Stella Havkin, SBN #134334
HAVKIN & SHRAGO
2 | ATTORNEYS AT LAW
20700 Ventura Boulevard, Suite 328
3 | Woodland Hills, California 91364
Telephone: (8181) 999-1568
4 | Facsimile:  (818) 305-6040

5

6 | [Proposed] Attorneys for Debtor and Debtor in Possession TOMER FRIDMAN

7

8 | UNITED STATES BANKRUPTCY COURT

9 | CENTRAL DISTRICT OF CALIFORNIA

SAN FERNANDO VALLEY DIVISION

10

11

12 | IN RE:                                CASE NO:  1:16-bk-11729-MB

13 | TOMER FRIDMAN,                        Chapter 11

14 |        Debtor and Debtor in Possession .    **DEBTOR'S OPPOSITION TO
CREDITOR TROJAN CAPITAL**
15 |                                       **INVESTMENTS, LLC'S MOTION FOR
RELIEF FROM THE AUTOMATICE**
16 |                                       **STAY UNDER 11 U.S.C. §362 (REAL
PROPERTY); REQUEST FOR JUDICIAL**
17 |                                       **NOTICE**

18 |                                       Date:  September 6, 2017
Time: 10:00 a.m.
19 |                                       Ctrm:  303

20

21

22

23

24 |        Tomer Fridman, Debtor and Debtor in Possession ("Debtor"), hereby opposes to the

25 | Motion for Relief From the Automatic Stay Under 11 U.S.C.§362 (Real Property) (the "Motion")

26 | filed by creditor Trojan Capital Investments, LLC ("Trojan" or "Movant")..

27

28 |        DEBTOR'S OPPOSITION TO MOTION FOR RELIEF FROM AUTOMATIC STAY

1

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.

### STATEMENT OF FACTS

The Debtor commenced its bankruptcy case by filing a voluntary petition under Chapter 13 (the "Case") on the U.S.C. § 101 et seq. (the "Bankruptcy Code") on June 9, 2016.  The Case was converted to a Chapter 11 proceeding on December 20, 2016.

Debtor Tomer Fridman is an individual and One Hundred Percent (100%) owner of White City 26  Inc.  Debtor has 80% ownership interest in the property located at 25420 Prado de las Peras (the "Property"), with the other 20% owned by Isidora Fridman, the Debtor's mother. The Property is the Debtor's residence.  Trojan is the second trust deed holder on the Property. Trojan previously filed a Motion for Relief on January 9, 2017 (See Dkt. No. 64).  An Order denying Trojan's previous Motion for Relief was entered on March 22, 2017 (See Dkt. No. 99) for some of the same reasons Debtor now opposes Trojan's current Motion

Movant seeks relief pursuant to 11 U.S.C. §§362(d)(1), (d)(2) and (d)(4), asserting: (1) that Movant's interest is not adequately protected; (2) that the Debtor has no equity in the Property, and is not necessary to an effective reorganization; and (3) that the bankruptcy case was filed in bad faith to delay, hinder and defraud.

However, once again Trojan's Motion is premature since there is a valuation motion scheduled for September 11, 2017 due to Movant and the Debtor disagreement as to the value of the Property, which is a material issue to resolving the issues raised by the Motion.

### .II.

### ARGUMENT AND APPLICABLE LEGAL AUTHORITY

As will be demonstrated herein, the Motion is premature and no cause exists to grant relief. More specifically, the Property is a major asset of the Estate and Trojan's second position on the Property is subject to lien avoidance; therefore, adequate protection payments are not required. There has been no failure to commence payments, as the Movant assets, as no payments have been approved by this Court.  In fact, Trojan fails to acknowledge that the Debtor was instructed by the Court to not pay senior lienholder.  This bankruptcy case was not filed in bad faith as the Movant

DEBTOR'S OPPOSITION TO MOTION FOR RELIEF FROM AUTOMATIC STAY

1    asserts, but rather was filed as a result of the various personal financial issues that arose in the

2    Debtor's life.

3          **A.**     **STAY RELIEF SHOULD BE DENIED UNDER 11 U.S.C.§ 362 (d)(1) AS**

4               **MOVANT'S MOTION IS PREMATURE**

5          Movant claims that is should be granted relief from the automatic stay under 11 U.S.C. §

6    362(d)(1) because it is not adequately protected.  In *In re Kost*, 102 B.R. 829, 831 (D. Wyo. 1989)

7    "whether an equity cushion provides adequate protection to a creditor is determined on a case-by-

8    case basis rather than by mechanical application of a formula."  In *In re Mellor*, 734 F.2d 1396,

9    1400 (1984) the court explains that although the existence of an equity cushion as a method of

10   adequate protection is not specifically mentioned in Section 361, it is the classic form of

11   protection for a secured debt justifying the restraint of lien enforcement by a bankruptcy court.  In

12   fact, the existence of an equity cushion, standing alone, can provide adequate protection. A 20%

13   cushion has been held to be an adequate protection by itself for a secured creditor. *In re Mellor*,

14   734 F.2d at 1401.

15         In the present case, Movant asserts in the Declaration of Don A. Madden ("Madden Dec.")

16   that the Movant is not adequately protected because the Debtor is not paying the senior lienholder

17   at all post-petition.  However, the Movant fails to acknowledge that the Debtor was paying the

18   was instructed by the Court to stop paying.   The Court has scheduled a valuation hearing of the

19   Property for a hearing date of September 11, 2017 scheduled five days after the scheduled hearing

20   on this Motion.   The filing of this Motion is indicative of the fact that Trojan is aware that the

21   valuation presented by its appraisal is unlikely to stand up to scrutiny.  Otherwise, Trojan could

22   wait a week.

23         Further, it is possible after the valuation hearing that Trojan's lien may be avoided[1] and

24   thus, Trojan may be an unsecured creditor of the Debtor.  Nevertheless, there has been no Order

25   by this Court for the Debtor to make any adequate protection payments as of yet, and, if and when

26   _____

27   [1] Debtor asserts that the Madden Dec. ¶8 should be disregarded as Mr. Madden is providing a

28   legal opinion as to the purpose and effect of a motion to value.

1    that occurs, the Debtor will make such payments upon an Order of this Court.

2    **B.**    **STAY RELIEF SHOULD BE DENIED UNDER 11 U.S.C.§ 362 (d)(4) AS**

3    **DEBTOR'S BANKRUPTCY FILING WAS NOT FILED IN BAD FAITH AS**

4    **A SCHEME TO DELAY, HINDER, AND DEFRAUD CREDITORS**

5    Movant claims that the filing of this case is a part of a scheme to delay, hinder and defraud

6    creditors apparently because it was filed to stop a foreclosure sale. *If this was the case, then*

7    *almost every Bankruptcy case would be considered a bad-faith filing.* Movant's selected the

8    Motion options on the forms that Movant is the only creditor, or one of very few creditors, listed

9    or scheduled in the Debtor's case commencement documents, and that there are multiple

10   bankruptcy cases affecting the Property. Movant's factual assertions[2] state that Debtor filed a

11   parallel case for his mother, Isidora Fridman, who holds an interest in the subject Property, in

12   order to delay foreclosure proceedings is a red-herring. Firstly, the Debtor's bankruptcy

13   schedules state more than a few creditors, in fact, there are at least over 20 listed on the Twenty

14   Largest Unsecured Creditors schedule. Secondly, Debtor's and his mother's bankruptcy cases

15   were filed concurrently and his mother's bankruptcy was dismissed on September 23, 2016. And

16   lastly, the reason Movant could not foreclose was not due to multiple bankruptcy cases affecting

17   the Property, but rather because this Debtor continued to have an ongoing bankruptcy case. Thus,

18   the Movant has failed to meet its burden of proving bad faith.

19   In addition, 11 U.S.C. §1112(b)(1) specifically places the burden on the Movant to

20   establish "cause" for the dismissal of this bankruptcy. 11 U.S.C. §1112(b)(4) identifies "cause" to

21   include various factors which, generally, include gross mismanagement of the estate, failure to

22   comply with court orders, failure to provide information as required by rule or failure to attend

23   meetings with creditors or the trustee. Good faith depends on and "amalgam of factors" and

24   should also be measured by the debtor's subjective intentions. *In re Marshall* 298 BR 670, 680

25   (Bankr CD Cal 2003).

26   _____

27   [2] Both the Madden Declaration and the Paloci Declarations (Ex.6 and 7, respectively) which are
Movant's evidence of "cause", only focus on the lack of adequate protection. In fact, both

28   declarations fail to establish cause pursuant to 11 U.S.C. §1112(b).

4

**DEBTOR'S OPPOSITION TO MOTION FOR RELIEF FROM AUTOMATIC STAY**

1  Moreover, even if the Movant were found to have established "cause" in this case for a

2  dismissal of the bankruptcy, this Court may still refuse a dismissal if "unusual circumstances"

3  exist which would make a dismissal not in the best interest of the estate and its creditors.  *See,* 11

4  U.S.C. §1112(b)(1); *see also In re Legacy Estate Group, LLC* 2006 Bankr Lexis 2782 (Bankr. ND

5  Cal, Oct.9, 2006, no. 05-14659).

6  The Debtor's case was filed in good faith and in the best interest of creditors and the

7  Estate.  As the record in this case demonstrates that the Debtor has the desire and ability to

8  reorganize, and is fully cooperating and complying with the bankruptcy process in order to

9  reorganize his financial affairs. The Debtor employed bankruptcy counsel, and recognized that he

10  needed new bankruptcy counsel and has recently substituted in new counsel.  Further, the Debtor

11  has filed completed schedules, attended the meeting with creditors and initial debtor examination

12  as well as attended an eight hour Rule 2004 exam conducted by Trojan's counsel.  The Debtor is

13  not refusing to acknowledge any of the claims held by creditors.  Reorganization is possible, with

14  a willingness to file a disclosure statement and plan of reorganization by the deadline of October

15  16, 2017 as ordered by the Court.  As such, any assertion by the Movant of a scheme to delay,

16  hinder and defraud, creditors does not exist.

17  **C.    STAY RELIEF SHOULD BE DENIED UNDER 11 U.S.C.§ 362 (d)(2)(A) AS**

18  **THE PROPERTY IS NECESSARY FOR AN EFFECTIVE**

19  **REORGANIZATION**

20  Debtor asserts that the Property is a major asset of his Estate, and that the Property is

21  necessary to an effective reorganization as the purpose of the bankruptcy is to keep his Residence.

22  11 U.S.C. §362(d)(2) provides that:

23  (d) On request of a party in interest and after notice and a hearing, the

24  court shall grant relief from the stay provided under subsection (a) of this

25  section, such as by terminating, annulling, modifying, or conditioning

26  such stay-

27  ( 2) with respect to a stay of an act against property under

28  subsection (a) of this section, if-

5

(A) the debtor does not have an equity in such property;

and

(B) such property is not necessary to an effective

reorganization.

Further, 11 U.S.C. §362(g) provides that:

(g) In any hearing under subsection (d) or (e) of this section concerning

relief from the stay of any act under subsection (a) of this section-

(1) the party requesting such relief has the burden of proof on the

issue of the debtor's equity in property; and

(2) the party opposing such relief has the burden of proof on all

other issues.

As noted above, the value of the Property is presently unknown as there is a dispute as to

its value.  Filed concurrently herewith is the Request for Judicial Notice which attaches the

Declaration of Emanuel Rubin with his appraisal of the Property which supports the Debtor's

position.   Further, the Debtor asserts that not only is the Property necessary to its effective

reorganization in this case, as this case was filed by the Debtor in order to keep the very Property

Movant seeks to foreclose upon, but further that such successful reorganization is in process.

### III.

### CONCLUSION

WHEREFORE, the Debtor respectfully requests that the Court deny the Movant's Motion

for Relief and allow the Debtor to maintain his Property.

Dated: August 23, 2017                **HAVKIN & SHRAGO**

By:    /s/ Stella Havkin
STELLA HAVKIN
[Proposed] Attorneys for Debtor and Debtor in
Possession Tomer Fridman

**TO THE HONORABLE MARTIN R. BARASH, UNITED STATES BANKRUPTCY JUDGE, MOVANT AND ITS ATTORNEYS OF RECORD:**

Pursuant to Rule 201 of the Federal Rules of Evidence, Debtor and Debtor in Possession Tomer Fridman hereby requests that the Court take judicial notice of the following facts and/or documents, the veracity of which are not the subject of any reasonable dispute:

A true and correct copy of the May 15, 2017 Declaration of Emanuel Rubin attaching his appraisal is attached hereto as Exhibit "1."

Dated:  August 23, 2017                    **HAVKIN & SHRAGO**


                                           By:    */s/ Stella Havkin*
                                                  Stella Havkin
                                                  Attorneys for Tomer Fridman Debtor
                                                  and Debtor in Possession

**7**

**EXHIBIT 1**

# DECLARATION OF EMANUEL RUBIN

I, Emanuel Rubin, do hereby declare and state as follows:

1.    I am over 18 years of age, and I am qualified to testify as an expert witness in my capacity as a Licensed Residential Property Appraiser with license no. AR032191 .

2.    Incorporated herein by this reference as Exhibit A, is my report, which discloses all the data that I have used in forming my opinion.

3.    As of May 10, 2017, my opinion is that the value of the Subject Property located at 25420 Prado De Las Peras, Calabasas, CA 91302-3656 is $2,024,000.00.

I declare that the foregoing is true and correct under the laws of the United States of America under the penalty of perjury and if called upon to testify thereon as a witness I would be competent to so testify.

Executed this 15th day of May 2017

_____
Emanuel Rubin

Tomer 25420
File No. Prado dl Peras-1

## APPRAISAL OF



### LOCATED AT:

25420 Prado De Las Peras
Calabasas, CA  91302-3656

### CLIENT:

Tomer Friedman
25420 Prado De Las Peras
Calabasas, CA 91302

### AS OF:

May 10, 2017

**EXHIBIT "A"**

4

10

Tomer 25420
File No. Prado dl Peras-1

05/10/2017

Tomer Friedman
25420 Prado De Las Peras
Calabasas, CA 91302

File Number:  Prado dl Peras-1

Sirs,

In accordance with your request, I have appraised the real property at:

25420 Prado De Las Peras
Calabasas, CA  91302-3656

The purpose of this appraisal is to develop an opinion of the defined value of the subject property, as improved.
The property rights appraised are the fee simple interest in the site and improvements.

In my opinion, the defined value of the property as of  May 10, 2017                          is:

$2,024,000
Two Million Twenty-Four Thousand  Dollars

The attached report contains the description, analysis and supportive data for the conclusions,
final opinion of value, descriptive photographs, assignment conditions and appropriate certifications.

Respectfully

Emanuel Rubin

**EXHIBIT "A"**
**5**

11

## Residential Appraisal Report

File No. **Prado dl Peras-1**

Case 1:16-bk-11729-MB    Doc 285    Filed 08/25/17    Entered 08/25/17 19:50:15    Desc

The purpose of this appraisal report is to provide the client with a credible opinion of the defined value of the subject property, given the intended use of the appraisal.

**PURPOSE**

| | | | |
|---|---|---|---|
| Client Name/Intended User **Tomer Friedman** | E-mail | | |
| Client Address **25420 Prado De Las Peras** | City **Calabasas** | State **CA** | Zip **91302** |
| Additional Intended User(s) **None** | | | |

Intended Use **See Attached Addendum**

**SUBJECT**

| | | | |
|---|---|---|---|
| Property Address **25420 Prado De Las Peras** | City **Calabasas** | State **CA** | Zip **91302-3656** |
| Owner of Public Record **Fridmn, Isidora D** | | County **Los Angeles** | |
| Legal Description **Tr=35596-13 Lot 16** | | | |
| Assessor's Parcel # **2069-095-016** | Tax Year **2016** | R.E. Taxes $ **29,173.01** | |
| Neighborhood Name **The Oaks** | Map Reference **55986** | Census Tract **8002.02** | |
| Property Rights Appraised [X] Fee Simple  [ ] Leasehold  [ ] Other (describe) **Asset Valuation** | | | |

My research [ ] did [X] did not reveal any prior sales or transfers of the subject property for the three years prior to the effective date of this appraisal.

**SALES HISTORY**

| | | | |
|---|---|---|---|
| Prior Sale/Transfer: | Date | Price | Source(s) **NDCdata, Matrix MLS** |

Analysis of prior sale or transfer history of the subject property (and comparable sales, if applicable)  **Prior sales for subject  for past 36 months & for comps in the past 12 month, per NDC and MLS, as noted.**

Offerings, options and contracts as of the effective date of the appraisal  **No offerings, options or contracts are in effect. The client is considering presenting a sales offer to a potential buyer.**

**NEIGHBORHOOD**

| Neighborhood Characteristics | | | One-Unit Housing Trends | | | One-Unit Housing | | Present Land Use % | |
|---|---|---|---|---|---|---|---|---|---|
| Location | [ ] Urban [X] Suburban [ ] Rural | | Property Values | [ ] Increasing [X] Stable [ ] Declining | | PRICE | AGE | One-Unit | 100 % |
| Built-Up | [X] Over 75% [ ] 25-75% [ ] Under 25% | | Demand/Supply | [ ] Shortage [X] In Balance [ ] Over Supply | | $(000) | (yrs) | 2-4 Unit | % |
| Growth | [ ] Rapid [X] Stable [ ] Slow | | Marketing Time | [ ] Under 3 mths [X] 3-6 mths [ ] Over 6 mths | | 852 Low | 2 | Multi-Family | % |
| | | | | | | 4,200 High | 115 | Commercial | % |
| | | | | | | 1,760 Pred. | 40 | Other | % |

Neighborhood Boundaries **Ventura Fwy 101 to north, Mulholland Hwy to south, Las Virgenas Rd to west and Parkway Calabasas ti east.**

Neighborhood Description  **Subject is located in a gated residential neighborhood of conforming single family residences of varying quality and appeal. Neighborhood is located within close proximity to major employment centers, schools, parks, transportation, and supporting facilities. At time of inspection, there were no adverse conditions noted that would have a negative affect on marketability.**

Market Conditions (including support for the above conclusions)  **See Attached Addendum**

**SITE**

| | | | |
|---|---|---|---|
| Dimensions **See Plat Map** | Area **18569 sf** | Shape **Irregular** | View **Residential** |
| Specific Zoning Classification **CSRS** | Zoning Description **SFR** | | |

Zoning Compliance [X] Legal  [ ] Legal Nonconforming (Grandfathered Use)  [ ] No Zoning  [ ] Illegal (describe)

Is the highest and best use of the subject property as improved (or as proposed per plans and specifications) the present use?  [X] Yes [ ] No  If No, describe.

| Utilities | Public | Other (describe) | | Public | Other (describe) | Off-site improvements—Type | Public | Private |
|---|---|---|---|---|---|---|---|---|
| Electricity | [X] | | Water | [X] | | Street **Asphalt** | [X] | |
| Gas | [X] | | Sanitary Sewer | [X] | | Alley **None** | | |

Site Comments  **Flood information to be verified by the client and therefore assumed to be as stated. A Title report was not reviewed by the appraiser . No adverse easements, encroachments were readily observable . Appraiser is not responsible for any matter of legal nature that may affect the property being appraised**

**IMPROVEMENTS**

| GENERAL DESCRIPTION | | FOUNDATION | | EXTERIOR DESCRIPTION | materials | INTERIOR | materials |
|---|---|---|---|---|---|---|---|
| Units [X] One [ ] One w/Acc. unit | | [X] Concrete Slab [ ] Crawl Space | | Foundation Walls | **Concrete** | Floors | **HW/tile/Cpt** |
| # of Stories **1** | | [ ] Full Basement [ ] Partial Basement | | Exterior Walls | **Stucco** | Walls | **Dry walls** |
| Type [ ] Det. [ ] Att. [ ] S-Det./End Unit | | Basement Area  **0** sq. ft. | | Roof Surface | **Tile** | Trim/Finish | **Wood molding** |
| [X] Existing [ ] Proposed [ ] Under Const. | | Basement Finish  **0** % | | Gutters & Downspouts **Partial** | | Bath Floor | **Tile** |
| Design (Style) **Contemporary** | | [ ] Outside Entry/Exit [ ] Sump Pump | | Window Type | **Sliding vinyl** | Bath Wainscot | **Tile** |
| Year Built **2004** | | | | Storm Sash/Insulated **No/ Insulated** | | [X] Driveway | [ ] None |
| Effective Age (Yrs) **5** | | | | Screens | **Mesh** | Driveway # of Cars **2** |
| Attic | [ ] None | Heating [X] FWA [ ] HW | | [ ] Fireplace(s) # **0** | [ ] WoodStove(s) # **0** | Driveway Surface **Concrete** |
| [ ] Drop Stair | [ ] Stairs | [ ] Other   Fuel **Gas** | | [X] Fireplace(s) # **4** | [X] Fence **W.Iron** | [X] Garage # of Cars **2** |
| [ ] Floor | [X] Scuttle | Cooling [X] Central Air Conditioning | | [X] Patio/Deck **Slab** | [X] Porch **Covered** | [ ] Carport # of Cars **0** |

**EXHIBIT "A"**

6

## Residential Appraisal Report

| FEATURE | SUBJECT | COMPARABLE SALE NO. 1 | | COMPARABLE SALE NO. 2 | | COMPARABLE SALE NO. 3 | |
|---|---|---|---|---|---|---|---|
| | 25420 Prado De Las Peras | 25470 Prado De Oro | | 3930 Prado De Verde | | 3768 Prado De Oro | |
| Address | Calabasas CA 91302-3656 | Calabasas CA 91302-3665 | | Calabasas CA 91302-3662 | | Calabasas CA 91302-3663 | |
| Proximity to Subject | | 0.39 miles SW | | 0.26 miles SW | | 0.47 miles SW | |
| Sale Price | $ 2,450,000 | $ 2,244,500 | | $ 2,320,000 | | $ 2,400,000 | |
| Sale Price/Gross Liv. Area | $ 593.22 sq. ft. | $ 484.77 sq. ft. | | $ 450.40 sq. ft. | | $ 437.24 sq. ft. | |
| Data Source(s) | | MLS#SR16743691;DOM95 | | MLS#SR16173149;DOM236 | | MLS#SR16719147;DOM57 | |
| Verification Source(s) | | DOC# 240157 | | DOC# 358678 | | DOC# 1600401 | |
| VALUE ADJUSTMENTS | DESCRIPTION | DESCRIPTION | +(-) $ Adjustment | DESCRIPTION | +(-) $ Adjustment | DESCRIPTION | +(-) $ Adjustment |
| Sale or Financing | | ArmLth | | ArmLth | | ArmLth | |
| Concessions | | Conv;0 | | Cash;0 | | Cash;0 | |
| Date of Sale/Time | | s03/17;Unk | | s03/17;Unk | | s12/16;Unk | |
| Location | Suburban | Suburban | | Suburban | | Suburban | |
| Leasehold/Fee Simple | Fee Simple | Fee Simple | | Fee Simple | | Fee Simple | |
| Site | 18569 sf | 11993 sf | 0 | 13786 sf | 0 | 14231 sf | 0 |
| View | Neighborhood | Neighborhood | | Neighborhood | | Neighborhood | |
| Design (Style) | Contemporary | Contemporary | | Contemporary | | Tuscan | 0 |
| Quality of Construction | Q3 | Q3 | | Q3 | | Q3 | |
| Actual Age | 13 | 11 | 0 | 11 | 0 | 11 | 0 |
| Condition | C2 | C2 | | C2 | | C2 | |
| Above Grade | Total 8 Bdrms 3 Baths 3.1 | Total 9 Bdrms 4 Baths 4.1 | -10,000 | Total 10 Bdrms 5 Baths 6.0 | -25,000 | Total 10 Bdrms 5 Baths 5.1 | -20,000 |
| Room Count | | | -20,000 | | -40,000 | | -40,000 |
| Gross Living Area 225.00 | 4,130 sq. ft. | 4,630 sq. ft. | -112,500 | 5,151 sq. ft. | -229,500 | 5,489 sq. ft. | -306,000 |
| Basement & Finished | None | None | | None | | None | |
| Rooms Below Grade | None | None | | None | | None | |
| Functional Utility | Acceptable | Acceptable | | Acceptable | | Acceptable | |
| Heating/Cooling | FWA C/Air | FWA C/Air | | FWA C/Air | | FWA C/Air | |
| Energy Efficient Items | None | None | | None | | None | |
| Garage/Carport | 2ga2dw | 3ga3dw | -10,000 | 3ga3dw | -10,000 | 4ga4dw | -20,000 |
| Porch/Patio/Deck | Patio & Porch | Patio & Porch | | Patio & Porch | | Patio & Porch | |
| Fireplace | 4 Fireplaces | 2 Fireplaces | +20,000 | 3 Fireplaces | +10,000 | 3 Fireplaces | +10,000 |
| Pool/Spa | Pool & spa | No pool or spa | +30,000 | Pool & spa | | Pool & spa | |
| Additional amenities | N/A | G.House,Solar | -100,000 | Movie theater | -50,000 | N/A | |
| Net Adjustment (Total) | | [ ]+ [X]- $ | 202,500 | [ ]+ [X]- $ | 344,500 | [ ]+ [X]- $ | 376,000 |
| Adjusted Sale Price | | Net Adj. -9.0% | | Net Adj. -14.8% | | Net Adj. -15.7% | |
| of Comparables | | Gross Adj. 13.5% $ | 2,042,000 | Gross Adj. 15.7% $ | 1,975,500 | Gross Adj. 16.5% $ | 2,024,000 |

Summary of Sales Comparison Approach   See Attached Addendum

### COST APPROACH TO VALUE

Site Value Comments   Cost approach was not developed for this assignment

| ESTIMATED [ ] REPRODUCTION OR [ ] REPLACEMENT COST NEW | OPINION OF SITE VALUE ............................... = $ | |
|---|---|---|
| Source of cost data | Dwelling          Sq. Ft. @ $ ............... = $ | 0 |
| Quality rating from cost service      Effective date of cost data | Sq. Ft. @ $ ............... = $ | 0 |
| Comments on Cost Approach (gross living area calculations, depreciation, etc.) | | |
| | Garage/Carport 0     Sq. Ft. @ $ ............... = $ | 0 |
| | Total Estimate of Cost-New ............... = $ | 0 |
| | Less    Physical    Functional    External | |
| | Depreciation                         = $ ( | 0) |
| | Depreciated Cost of Improvements ............... = $ | 0 |
| | "As-is" Value of Site Improvements ............... = $ | |
| | INDICATED VALUE BY COST APPROACH ............... = $ | 0 |

### INCOME APPROACH TO VALUE

Estimated Monthly Market Rent $   0.00 X Gross Rent Multiplier   0.00 = $   0   Indicated Value by Income Approach

Summary of Income Approach (including support for market rent and GRM)   Homes in this range and neighborhood are typically purchased
for use and not income. Thus, the income approach lacks rationale and was not developed.

Methods and techniques employed: [X] Sales Comparison Approach   [ ] Cost Approach   [ ] Income Approach   [ ] Other:

EXHIBIT A

13

## Residential Appraisal Report

File No. Prado dl Peras-1

| FEATURE | SUBJECT | COMPARABLE SALE NO. 4 | | COMPARABLE SALE NO. 5 | | COMPARABLE SALE NO. 6 | |
|---|---|---|---|---|---|---|---|
| Address | 25420 Prado De Las Peras<br>Calabasas CA 91302-3656 | 24832 Earls Ct<br>Calabasas CA 91302 | | 3766 Avenida Callada<br>Calabasas CA 91302-3031 | | 3800 Prado Del Trigo<br>Calabasas CA 91302 | |
| Proximity to Subject | | 1.14 miles SE | | 0.82 miles SE | | 0.43 miles SE | |
| Sale Price | $ 2,450,000 | | $ 1,658,000 | | $ 1,930,000 | | $ 2,599,000 |
| Sale Price/Gross Liv. Area | $ 593.22 sq. ft. | $ 460.30 sq. ft. | | $ 394.68 sq. ft. | | $ 604.42 sq. ft. | |
| Data Source(s) | | MLS#SR17009779;DOM1 | | MLS#SR16173921;DOM29 | | MLS#SR16156521;DOM 296 | |
| Verification Source(s) | | DOC#228142 | | DOC# 1277065 | | APN 2069-094-010 | |
| VALUE ADJUSTMENTS | DESCRIPTION | DESCRIPTION | +(-) $ Adjustment | DESCRIPTION | +(-) $ Adjustment | DESCRIPTION | +(-) $ Adjustment |
| Sale or Financing | | ArmLth | | ArmLth | | Listing | |
| Concessions | | Conv;0 | | Conv;0 | | 0; | |
| Date of Sale/Time | | s02/17;Unk | | s10/16;Unk | | Active | |
| Location | Suburban | Suburban | | Suburban | | Suburban | |
| Leasehold/Fee Simple | Fee Simple | Fee Simple | | Fee Simple | | Fee Simple | |
| Site | 18569 sf | 12327 sf | 0 | 8370 sf | 0 | 17870 sf | 0 |
| View | Neighborhood | Neighborhood | | Neighborhood | | City lights | -100,000 |
| Design (Style) | Contemporary | Mediterranean | 0 | Mediterranean | 0 | Contemporary | 0 |
| Quality of Construction | Q3 | Q3 | | Q3 | | Q3 | |
| Actual Age | 13 | 20 | 0 | 24 | 11,000 | 11 | 0 |
| Condition | C2 | C2 | | C2 | | C2 | |
| Above Grade | Total 8 Bdrms 3 Baths 3.1 | Total 8 Bdrms 5 Baths 3.1 | -40,000 | Total 10 Bdrms 5 Baths 4.1 | -10,000 | Total 9 Bdrms 4 Baths 4.1 | -10,000 |
| Room Count | | | | | -40,000 | | -20,000 |
| Gross Living Area 225.00 | 4,130 sq. ft. | 3,602 sq. ft. | 119,000 | 4,890 sq. ft. | -171,000 | 4,300 sq. ft. | -38,500 |
| Basement & Finished | None | None | | None | | None | |
| Rooms Below Grade | None | None | | None | | None | |
| Functional Utility | Acceptable | Acceptable | | Acceptable | | Acceptable | |
| Heating/Cooling | FWA C/Air | FWA C/Air | | FWA C/Air | | FWA C/Air | |
| Energy Efficient Items | None | None | | None | | None | |
| Garage/Carport | 2ga2dw | 3ga3dw | -10,000 | 3ga3dw | -10,000 | 3ga3dw | -10,000 |
| Porch/Patio/Deck | Patio & Porch | Patio & Porch | | Patio & Porch | | Patio & Porch | |
| Fireplace | 4 Fireplaces | 3 Fireplaces | +10,000 | 3 Fireplaces | +10,000 | 2 Fireplaces | +20,000 |
| Pool/Spa | Pool & spa | Pool & spa | | Pool & spa | | Pool & spa | |
| Additional amenities | N/A | N/A | | $2,229,000 | 0 | $2,850,000 | |
| Net Adjustment (Total) | | [X] + [ ] - $ | 79,000 | [ ] + [X] - $ | 210,000 | [ ] + [X] - $ | 158,500 |
| Adjusted Sale Price | | Net Adj. 4.8% | | Net Adj. -10.9% | | Net Adj. -6.1% | |
| of Comparables | | Gross Adj. 10.8% $ | 1,737,000 | Gross Adj. 13.1% $ | 1,720,000 | Gross Adj. 7.6% $ | 2,440,500 |

Summary of Sales Comparison Approach   Comps # 1 - 3 are within the Oaks. Comps # 4 & 5 are located outside of the Oaks community of Calabasas. An "inferior" community, were sales prices are lower than the Oaks. They were introduced mainly for bracketing purposes

SALES COMPARISON APPROACH

**EXHIBIT "A"**

14

8

## Residential Appraisal Report

| FEATURE | SUBJECT | COMPARABLE SALE NO. 7 | | COMPARABLE SALE NO. 8 | | COMPARABLE SALE NO. 9 | |
|---|---|---|---|---|---|---|---|
| Address | 25420 Prado De Las Peras Calabasas CA 91302-3656 | 4150 Prado De Los Zorros Calabasas CA 91302 | | | | | |
| Proximity to Subject | | 0.20 miles NE | | | | | |
| Sale Price | $ 2,450,000 | $ 2,299,000 | | $ | | $ | |
| Sale Price/Gross Liv. Area | $ 593.22 sq. ft. | $ 502.84 sq. ft. | | $ 0.00 sq. ft. | | $ 0.00 sq. ft. | |
| Data Source(s) | | MLS#SR17036271;DOM77 | | | | | |
| Verification Source(s) | | APN 2069-081-032 | | | | | |
| VALUE ADJUSTMENTS | DESCRIPTION | DESCRIPTION | +(-) $ Adjustment | DESCRIPTION | +(-) $ Adjustment | DESCRIPTION | +(-) $ Adjustment |
| Sale or Financing | | Listing | | | | | |
| Concessions | | 0; | | | | | |
| Date of Sale/Time | | Active | | | | | |
| Location | Suburban | Suburban | | | | | |
| Leasehold/Fee Simple | Fee Simple | Fee Simple | | | | | |
| Site | 18569 sf | 11820 sf | 0 | | | | 0 |
| View | Neighborhood | Neighborhood | | | | | |
| Design (Style) | Contemporary | Mediterranean | 0 | | | | |
| Quality of Construction | Q3 | Q3 | | | | | |
| Actual Age | 13 | 13 | | | | | |
| Condition | C2 | C2 | | | | | |
| Above Grade | Total 8  Bdrms 3  Baths 3.1 | Total 11  Bdrms 6  Baths 7.0 | -60,000 | Total  Bdrms  Baths | | Total  Bdrms  Baths | |
| Room Count | | | -35,000 | | | | |
| Gross Living Area 225.00 | 4,130 sq. ft. | 4,572 sq. ft. | -99,500 | sq. ft. | | sq. ft. | |
| Basement & Finished | None | None | | | | | |
| Rooms Below Grade | None | None | | | | | |
| Functional Utility | Acceptable | Acceptable | | | | | |
| Heating/Cooling | FWA C/Air | FWA C/Air | | | | | |
| Energy Efficient Items | None | None | | | | | |
| Garage/Carport | 2ga2dw | 2ga2dw | | | | | |
| Porch/Patio/Deck | Patio & Porch | Patio & Porch | | | | | |
| Fireplace | 4 Fireplaces | 2 Fireplaces | +20,000 | | | | |
| Pool/Spa | Pool & spa | Pool & spa | | | | | |
| Additional amenities | N/A | N/A | | | | | |
| Net Adjustment (Total) | | ☐ + ☒ - | $ 174,500 | ☐ + ☐ - | $ | ☐ + ☐ - | $ |
| Adjusted Sale Price of Comparables | | Net Adj. -7.6% Gross Adj. 9.3% | $ 2,124,500 | Net Adj. % Gross Adj. % | $ | Net Adj. % Gross Adj. % | $ |

Summary of Sales Comparison Approach

## Scope of Work, Assumptions and Limiting Conditions

Scope of work is defined in the Uniform Standards of Professional Appraisal Practice as " the type and extent of research and analyses in an assignment." In short, scope of work is simply what the appraiser did and did not do during the course of the assignment. It includes, but is not limited to: the extent to which the property is identified and inspected, the type and extent of data researched, the type and extent of analyses applied to arrive at opinions or conclusions.

The scope of this appraisal and ensuing discussion in this report are specific to the needs of the client, other identified intended users and to the intended use of the report. This report was prepared for the sole and exclusive use of the client and other identified intended users for the identified intended use and its use by any other parties is prohibited. The appraiser is not responsible for unauthorized use of the report.

The appraiser's certification appearing in this appraisal report is subject to the following conditions and to such other specific conditions as are set forth by the appraiser in the report. All extraordinary assumptions and hypothetical conditions are stated in the report and might have affected the assignment results.

1. The appraiser assumes no responsibility for matters of a legal nature affecting the property appraised or title thereto, nor does the appraiser render any opinion as to the title, which is assumed to be good and marketable. The property is appraised as though under responsible ownership.

2. Any sketch in this report may show approximate dimensions and is included only to assist the reader in visualizing the property. The appraiser has made no survey of the property.

3. The appraiser is not required to give testimony or appear in court because of having made the appraisal with reference to the property in question, unless arrangements have been previously made thereto.

4. Neither all, nor any part of the content of this report, copy or other media thereof (including conclusions as to the property value, the identity of the appraiser, professional designations, or the firm with which the appraiser is connected), shall be used for any purposes by anyone but the client and other intended users as identified in this report, nor shall it be conveyed by anyone to the public through advertising, public relations, news, sales, or other media, without the written consent of the appraiser.

5. The appraiser will not disclose the contents of this appraisal report unless required by applicable law or as specified in the Uniform Standards of Professional Appraisal Practice.

6. Information, estimates, and opinions furnished to the appraiser, and contained in the report, were obtained from sources considered reliable and believed to be true and correct. However, no responsibility for accuracy of such items furnished to the appraiser is assumed by the appraiser.

7. The appraiser assumes that there are no hidden or unapparent conditions of the property, subsoil, or structures, which would render it more or less valuable. The appraiser assumes no responsibility for such conditions, or for engineering or testing, which might be required to discover such factors. This appraisal is not an environmental assessment of the property and should not be considered as such.

8. The appraiser specializes in the valuation of real property and is not a home inspector, building contractor, structural engineer, or similar "expert", unless otherwise noted. The appraiser did not conduct the intensive type of field observations of the kind intended to seek and discover property defects. The viewing of the property and any improvements is for purposes of developing an opinion of the defined value of the property, given the intended use of this assignment. Statements regarding condition are based on surface observations only. The appraiser claims no special expertise regarding issues including, but not limited to: foundation settlement, basement moisture problems, wood destroying (or other) insects, pest infestation, radon gas, lead based paint, mold or environmental issues. Unless otherwise indicated, mechanical systems were not activated or tested.

This appraisal report should not be used to disclose the condition of the property as it relates to the presence/absence of defects. The client is invited and encouraged to employ qualified experts to inspect and address areas of concern. If negative conditions are discovered, the opinion of value may be affected.

**Unless otherwise noted, the appraiser assumes the components that constitute the subject property improvement(s) are fundamentally sound and in working order.**

Any viewing of the property by the appraiser was limited to readily observable areas. Unless otherwise noted, attics and crawl space areas were not accessed. The appraiser did not move furniture, floor coverings or other items that may restrict the viewing of the property.

9. Appraisals involving hypothetical conditions related to completion of new construction, repairs or alteration are based on the assumption that such completion, alteration or repairs will be competently performed.

10. Unless the intended use of this appraisal specifically includes issues of property insurance coverage, this appraisal should not be used for such purposes. Reproduction or Replacement cost figures used in the cost approach are for valuation purposes only, given the intended use of the assignment. The Definition of Value used in this assignment is unlikely to be consistent with the definition of Insurable Value for property insurance coverage/use.

**11. The ACI General Purpose Appraisal Report (GPAR™) is not intended for use in transactions that require a Fannie Mae 1004/Freddie Mac 70 form, also known as the Uniform Residential Appraisal Report (URAR).**

### Additional Comments Related To Scope Of Work, Assumptions and Limiting Conditions

The scope of this assignment included an interior and exterior viewing of the subject property on 08/24/2016, the effective date of the appraisal. As part of the property viewing, significant physical characteristics were cataloged and analyzed, the improvements & deferred maintenance were measured and photographed. The appraiser used data from a variety of sources, including the local MLS system and county records, and researched data on recent comparable sales in the general market area. The sales comparison approach and the cost approach were determined to provide meaningful input and were developed, while the income approach was not. The appraiser has summarized relevant analysis and conclusions in this report, but additional pertinent information may also be found in the appraiser's files.

**Residential Appraisal Report**                                    File No. Prado dl Peras-1

## Appraiser's Certification

**The appraiser(s) certifies that, to the best of the appraiser's knowledge and belief:**

1. The statements of fact contained in this report are true and correct.

2. The reported analyses, opinions, and conclusions are limited only by the reported assumptions and limiting conditions and are the appraiser's personal, impartial, and unbiased professional analyses, opinions, and conclusions.

3. Unless otherwise stated, the appraiser has no present or prospective interest in the property that is the subject of this report and has no personal interest with respect to the parties involved.

4. The appraiser has no bias with respect to the property that is the subject of this report or to the parties involved with this assignment.

5. The appraiser's engagement in this assignment was not contingent upon developing or reporting predetermined results.

6. The appraiser's compensation for completing this assignment is not contingent upon the development or reporting of a predetermined value or direction in value that favors the cause of the client, the amount of the value opinion, the attainment of a stipulated result, or the occurrence of a subsequent event directly related to the intended use of this appraisal.

7. The appraiser's analyses, opinions, and conclusions were developed, and this report has been prepared, in conformity with the Uniform Standards of Professional Appraisal Practice.

8. Unless otherwise noted, the appraiser has made a personal inspection of the property that is the subject of this report.

9. Unless noted below, no one provided significant real property appraisal assistance to the appraiser signing this certification. Significant real property appraisal assistance provided by:

**Additional Certifications:**
A.  It is assumed that permits are available on all structures, including permanent foundations,and it is assumed that the age given to appraiser either by the county/city records or by the home owner is true and accurate, if found to be untrue or accurate, I reserve the right to change my appraisal.
B. This report had been digitally signed by Emanuel Rubin, any unauthorized use of this report or my signature, will void report's validity.

**Definition of Value:**   [X] Market Value   [ ] Other Value:
Source of Definition: "The Appraisal of Real Estate" Twelfth Edition, Appraisal Institute, Chicago, IL
The most probable price which a specified interest in real property is likely to bring under all of the following conditions:
1.  Consummation of a sale occurs as of a specified date.
2.  An open and competitive market exists for the property interest appraised.
3.  The buyer and seller are each acting prudently and knowledgeably.
4.  The price is not affected by undue stimulus.
5.  The buyer and seller are typically motivated.
6.  Both parties are acting in what they consider their best interest.
7.  Marketing efforts were adequate and a reasonable time was allowed for exposure to the open market.
8.  Payment was made in cash in U.S. dollars or in terms of financial arrangements comparable thereto.
9.  The price represents the normal consideration for the property sold, unaffected by special or creative
     financing or sales concessions granted by anyone associated with the sale.

ADDRESS OF THE PROPERTY APPRAISED:
25420 Prado De Las Peras
Calabasas, CA  91302-3656
EFFECTIVE DATE OF THE APPRAISAL: 05/10/2017
APPRAISED VALUE OF THE SUBJECT PROPERTY $ 2,024,000

**APPRAISER**                                          **SUPERVISORY APPRAISER**

Signature:                                             Signature:
Name: Emanuel Rubin                                    Name:
Company Name: Emanuel Rubin Appraising                 Company Name:

**EXHIBIT "A"**                                         17

**11**

| Client: Tomer Friedman | | File No.: Prado dl Peras-1 |
| Property Address: 25420 Prado De Las Peras | | Case No.: Tomer 25420 |
| City: Calabasas | State: CA | Zip: 91302-3656 |

## Intended Use

The intended user of this appraisal report is the Client and /or assign.The intended use of the report is to evaluate the appraised subject's market value as of 05/10/2017

It is subjected to the stated Scope of Work, purpose of the appraisal, reporting requirements of this appraisal report form and the Definition of Market Value.

No additional intended users and uses are identified by the signing appraiser.

Use by another user is expressly prohibited.

## Scope of work:

The scope of work of this appraisal report is to provide a reasonably accurate opinion of market value by a thorough inspecting and photographing of the interior and exterior of the subject property, observing and photographing the exteriors of all comparable properties selected, observing neighborhood characteristics, evaluating marketability of properties as to conformity, environmental, physical and economic conditions, supply and demand, highest and best use and overall balance. Data was also collected from various secondary data sources and assumed to be accurate.  First american real estate solutions, ( f.a.r.e.s.) NDC data, Matrix regional mls and other  multiple listing services,  with its reciprocal listing services including the MLS Alliance were accessed to obtain sales and property data for analysis of the subject property and the sales comparables.

The data was then applied  to develop the estimated value using the 3 approaches to value.

The sales comparison approach deems to be most appropriate,logical and objective approach in the valuation of a single family residence because it reflects the actions of current market participants and best illustrates the principle of substitution.

## Extraordinary assumption;

It is assumed that all structures, given value in this report are legally permitted as stated.

It is assumed that there are no unknown geological and/or environmental adverse issues. The physical characteristics of the comparables were either verified through county records, multiple listing service, and or homeowner verification, assumed to be as stated.

The comparables sales concessions are assumed to be as stated, verified with sales agents and MLS.

The current zoning is assumed to be as stated in this report, verified with NDCdata web site.

Flood zone information is assumed to be as stated in this report, verified with NDCdata web site.

It is assumed to have no termite infestation (none were evident).

The subject dwelling is assumed to have no unknown water damage, toxic mold and or mildew adversities (none were evident). All of the reflected physical characteristics of the subject property, included all upgrades, window type, foundation, roofing, walls, appliances, utilities, fencing, all features, including the comparables, is assumed to be as stated, being true and correct.

Any estimated cost to cure, or cost of upgrades, for the subject property, and or the comparables, is assumed to be as stated.

*If any of these items are found to be not true and/or correct, I reserve the right to change my appraisal*

## Neighborhood Market Conditions

Based on paired sales analysis and in the appraisers overall analysis of market activity, prices appear to have stabilized, following a period of decline off and on since 2007 into 2012. This is a natural result of an economic recession. Historically low interest rates compounded by the market perceptions that residential real estate values may have been at their lowest rates has fueled demand for residential dwellings that has also contributed to stabilizing values. Foreclosures and short sales are still present in the market place but having no significant affect on it's condition as before. Conventional and FHA financing are typical in the

EXHIBIT "A"    18
12

| Client: Tomer Friedman | | File No.: Prado dl Peras-1 |
|---|---|---|
| Property Address: 25420 Prado De Las Peras | | Case No.: Tomer 25420 |
| City: Calabasas | State: CA | Zip: 91302-3656 |

All sales used were considered to be the best indicators of market value for the subject property.
Adjustment made were for items of significant value in this marketplace, adjustment were derived from a study of dated sales and MLS area. Sq ft adjustment made at $225 /sf GLA. No adjustment made under 100 sf.
Lot utility for subject and comps were similar, variation in lot size stems from slopping/unusable terrain. No adjustments were warranted.
Separate adjustments were made as follows:
City lights $100,000;
Pool & spa  $30,000;
Bedroom   $20,000;
Bathroom  $10,000;
Fireplace  $10,000;
Garage   $10,000;
Adjusted values of all comparables were considered in estimating the value of the subject property in this appraisal.
Final subject valuation was bracketed by the adjusted sale price of comparables.

## Final Reconciliation

Of the three approaches to value, the Sales Comparison Approach was given the most weight and consideration.  It best reflects what knowledgeable buyers and sellers are willing to negotiate as a fair and acceptable price for a property.

The subject's neighborhood is mostly owner occupied, these types of property are not originally purchased for rental purposes.  Lack of accurate rental information on public records prohibits establishing of necessary reliable multiples thus the 'Income Approach' was not developed.
Actual range of sales comps considered in this appraisal lays between $1,658,000 to $2,400,000
The adjusted values of sales comparables were narrowed to  $1,720,000 to $2,042,000, not including the active listings. No economic boundaries were crossed and no dated sales were used (Older than 6 months).

Placing equal weight and consideration to all used comps, and considering the condition of subject, a meaningful estimate of value was determined as of the effective date of this appraisal.


   **Value indication as per the Sales Comparison Approach : $2,024,000.00**

| Client:  Tomer Friedman | | | File No.:  Prado dl Peras-1 |
| Property Address: 25420 Prado De Las Peras | | | Case No.:  Tomer 25420 |
| City: Calabasas | | State: CA | Zip: 91302-3656 |



Address Verification



Address Verification

20

| Client: Tomer Friedman | | File No.: Prado dl Peras-1 |
| Property Address: 25420 Prado De Las Peras | | Case No.: Tomer 25420 |
| City: Calabasas | State: CA | Zip: 91302-3656 |



**FRONT VIEW OF
SUBJECT PROPERTY**

Appraised Date: May 10, 2017
Appraised Value: $ 2,024,000



**REAR VIEW OF
SUBJECT PROPERTY**



**STREET SCENE**

21

| Client: Tomer Friedman | | File No.: Prado dl Peras-1 |
| Property Address: 25420 Prado De Las Peras | | Case No.: Tomer 25420 |
| City: Calabasas | State: CA | Zip: 91302-3656 |



Kitchen



Kitchen



Breakfast nook

EXHIBIT "A"
16

22

| Client: Tomer Friedman | | | |
|---|---|---|---|
| Property Address: 25420 Prado De Las Peras | | Case No.: Tomer 25420 | |
| City: Calabasas | | State: CA | Zip: 91302-3656 |



Dining /living room



Family room



Den / Office



Dining room





EXHIBIT "A"
17

| Client: **Tomer Friedman** | | File No.: **Prado dl Peras-1** |
|---|---|---|
| Property Address: **25420 Prado De Las Peras** | | Case No.: **Tomer 25420** |
| City: **Calabasas** | State: **CA** | Zip: **91302-3656** |



Bedroom 2



Bedroom 3



Living bedroom



Master bathroom 1





EXHIBIT "A"
18

24

| Client:  Tomer Friedman | Main Document   Page 25 of 38 | File No.:  Prado dl Peras-1 |
|---|---|---|
| Property Address: 25420 Prado De Las Peras | | Case No.: Tomer 25420 |
| City: Calabasas | State: CA | Zip: 91302-3656 |



Half bath



Utility room



Inner yard with f/p



Pool & spa





EXHIBIT "A"
19

25

COMPARABLE PROPERTY PHOTO ADDENDUM

| | |
|---|---|
| Client:  Tomer Friedman | File No.:  Prado dl Peras-1 |
| Property Address: 25420 Prado De Las Peras | Case No.:  Tomer 25420 |
| City: Calabasas | State: CA          Zip: 91302-3656 |



**COMPARABLE SALE #1**

25470 Prado De Oro
Calabasas CA 91302-3665
Sale Date: s03/17;Unk
Sale Price: $ 2,244,500



**COMPARABLE SALE #2**

3930 Prado De Verde
Calabasas CA 91302-3662
Sale Date: s03/17;Unk
Sale Price: $ 2,320,000



**COMPARABLE SALE #3**

3768 Prado De Oro        **26**
Calabasas CA 91302-3663
Sale Date: s12/16;Unk

EXHIBIT "A"
20

| | |
|---|---|
| Client: Tomer Friedman | File No.: Prado dl Peras-1 |
| Property Address: 25420 Prado De Las Peras | Case No.: Tomer 25420 |
| City: Calabasas | State: CA    Zip: 91302-3656 |



**COMPARABLE SALE #4**

24832 Earls Ct
Calabasas CA 91302
Sale Date: s02/17;Unk
Sale Price: $ 1,658,000



**COMPARABLE SALE #5**

3766 Avenida Callada
Calabasas CA 91302-3031
Sale Date: s10/16;Unk
Sale Price: $ 1,930,000



**COMPARABLE SALE #6**

3800 Prado Del Trigo
Calabasas CA 91302
Sale Date: Active

EXHIBIT "
21

27

| Client: Tomer Friedman | | File No.: Prado dl Peras-1 |
| Property Address: 25420 Prado De Las Peras | | Case No.: Tomer 25420 |
| City: Calabasas | State: CA | Zip: 91302-3656 |



**COMPARABLE SALE #7**

4150 Prado De Los Zorros
Calabasas CA 91302
Sale Date: Active
Sale Price: $ 2,299,000

**COMPARABLE SALE #8**

Sale Date:
Sale Price: $

**COMPARABLE SALE #9**

EXHIBIT "A"
22

28

Sale Date:

**PLAT MAP**

| Client: | Tomer Friedman | File No.: | Prado dl Peras-1 |
| Property Address: | 25420 Prado De Las Peras | Case No.: | Tomer 25420 |
| City: | Calabasas | State: CA | Zip: 91302-3656 |



**EXHIBIT "A"**

**23**

**29**

| | |
|---|---|
| Client: **Tomer Friedman** | File No.: **Prado dl Peras-1** |
| Property Address: **25420 Prado De Las Peras** | Case No.: **Tomer 25420** |
| City: **Calabasas** | State: **CA** Zip: **91302-3656** |

**EXHIBIT "A"**

**24**

30

## FLOORPLAN SKETCH

| | | | |
|---|---|---|---|
| Client: **Tomer Friedman** | | File No.: **Prado dl Peras-1** | |
| Property Address: **25420 Prado De Las Peras** | | Case No.: **Tomer 25420** | |
| City: **Calabasas** | State: **CA** | Zip: **91302-3656** | |



OPT. FR. DR.  PLAN 2A "MONTEREY"
OPT. FR. DR. @ FAMILY ROOM

MASTER BEDROOM

FAMILY

NOOK

KITCHEN

M.BATH

HALL

GALLERY

PANTRY

BUTLER'S PANTRY

W.I.C.

LAUNDRY

COURTYARD

DINING

2 CAR GARAGE

LIVING

LOGGIA

POWDER

STORAGE

FOYER

LIBRARY

**EXHIBIT "A"**

**25**

**31**

## FLOORPLAN SKETCH

| | | |
|---|---|---|
| Client: **Tomer Friedman** | File No.: | **Prado dl Peras-1** |
| Property Address: **25420 Prado De Las Peras** | Case No.: | **Tomer 25420** |
| City: **Calabasas** | State: **CA** | Zip: **91302-3656** |



EXHIBIT "A"
26

32

**LOCATION MAP**

| Client: | Tomer Friedman | | File No.: | Prado dl Peras-1 |
|---|---|---|---|---|
| Property Address: | 25420 Prado De Las Peras | | Case No.: | Tomer 25420 |
| City: | Calabasas | State: CA | Zip: | 91302-3656 |



# FIRREA / USPAP ADDENDUM

Borrower N/A

Property Address 25420 Prado De Las Peras

| City Calabasas | County Los Angeles | State CA | Zip Code 91302-3656 |

Lender/Client Tomer Friedman

**Purpose**

The purpose and function of this appraisal is to estimate the value of the subject property as defined herein, and to assist the client in evaluating the subject property any reason other than Federally related mortgage loan purpose. It is not intended for use by any other party for any other purpose. This appraiser is not responsible for unauthorized use of this report

**Scope**

After receiving the assignment, an extensive search of all resources customary to the appraisal of residential real estate was made to determine general market trends,influences and other significant factors pertinent to the subject property.

A physical inspection of the property was performed, including sketching and photos.

A physical inspection with photos was taken of each comparable.

A written report was than completed. Appropriate adjustments were made to comps to arrive at an accurate estimate of value.

A summary report was then sent electronically to the intended user/users.

**Intended Use / Intended User**

The intended user of this appraisal report is the Lender/Client and /or assign.The intended use of the report is to evaluate the appraised subject's market value. It is subject to the stated Scope of Work, purpose of the appraisal, reporting requirements of this appraisal  report form and the Definition of Market Value.

No additional intended users and uses are identified by the signing appraiser.

**History of Property**

Current listing information: There are no prior listings for subject property within the past 12 months

Prior sale: There are no prior sales for subject property within the past 36 months

**Exposure Time / Marketing Time**

"The estimated length of time the property interest being appraised would have been offered on the market prior to the hypothetical consummation of the sale at market value on the effective date of the appraisal; A retrospective opinion based on an analysis of past events assuming a competitive and open market".

The estimated marketing time is 2-4 months. The exposure time is estimated also at 2-4 Months.

**Personalty (non-realty) Transfers**

There were no Personal or non-realty transfers recognized in this appraisal.

**Additional Comments**

DISCLOSURE STATEMENTS:

As of the date of this report, I Emanuel Rubin, a CA state licensed real estate appraiser, have completed the minimum required continuing education classes and in accordance with the Competency Provision of the USPAP.

I certify that my knowledge and experience are sufficient to allow me the completion of this appraisal assignment.

I have performed a prior appraisal service regarding the subject property, within the three year period immediately preceding acceptance of this appraisal assignment. I have no current or prospective interest in the subject property or parties involved.

I prepared this appraisal in full compliance with the HVCC and did not perform, participate in, or been associated with any activity in violation of the code.

I certify that the lender or the AMC did not improperly influence, or attempt to improperly influence, the outcome of this appraisal by doing any of the things prohibited by Section 1(B) of the Appraiser Independence Requirements, effective 10/15/2010.

All electronic signatures on this report have a security feature maintained by individual password for each signing appraiser. No person can alter this appraisal with exception of the original signing appraise(s)

EXHIBIT "A"

28

34

Certification Supplement

| Client: | Tomer Friedman | | File No.: | Prado dl Peras-1 |
| Property Address: | 25420 Prado De Las Peras | | Case No.: | Tomer 25420 |
| City: | Calabasas | State: CA | Zip: | 91302-3656 |



Business, Consumer Services & Housing Agency

**BUREAU OF REAL ESTATE APPRAISERS**

**REAL ESTATE APPRAISER LICENSE**

**Emanuel Rubin**

has successfully met the requirements for a license as a residential real estate appraiser in the State of California and is, therefore, entitled to use the title:

"Certified Residential Real Estate Appraiser"

This license has been issued in accordance with the provisions of the Real Estate Appraisers' Licensing and Certification Law.

BREA APPRAISER IDENTIFICATION NUMBER: AR 032191

Effective Date:    October 22, 2015
Date Expires:    October 21, 2017

Jim Martin, Bureau Chief, BREA

**EXHIBIT "A"**
29

35

**AERIAL MAP**

| | | |
|---|---|---|
| Client: **Tomer Friedman** | | File No.: **Prado dl Peras-1** |
| Property Address: **25420 Prado De Las Peras** | | Case No.: **Tomer 25420** |
| City: **Calabasas** | State: **CA** | Zip: **91302-3656** |



Subject
25420 Prado De Las Peras
Calabasas, CA 91302-3656

EXHIBIT "A"
30'

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

20700 Ventura Boulevard, Suite 328, Woodland Hills, CA 91364

A true and correct copy of the foregoing document entitled (*specify*): Opposition to Trojan's Motion for Relief from Stay; Request for Judicial Notice

will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) 08/23/2017 , I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

havkinlaw@earthlink.net; stella@havkinandshrago.com        ustpregion16.wp.ecf@usdoj.gov
anb@severson.com, dgl@severson.com;efiling@severson.com      wdk@wolffirm.com
alan.forsley@flpllp.com, awf@fkllawfirm.com,awf@fl-lawyers.net,addy.flores@flpllp.com
ch11ecf@aldridgepite.com, TSG@ecf.inforuptcy.com;tgaran@aldridgepite.com  claims@recoverycorp.com

☑ Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On (*date*) _____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) 08/23/2017 , I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

Debtor(s)  (VIA E-MAIL; ADDRESS PROTECTED BY ATTORNEY-CLIENT PRIVILEGE)
Honorable Martin  R. Barash via court drop box

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 08/23/2017 | Stella Havkin | /s/ Stella Havkin |
|---|---|---|
| Date | Printed Name | Signature |

ecfcacb@aldridgepite.com, jhanawalt@ecf.inforuptcy.com

Brownsteinlaw.bill@gmail.com

Erica.Loftis@BuckleyMadole.com, Susana.Hernandez@BuckleyMadole.com

Caecf@tblaw.com, wfm@tblaw.com;snchampney@tblaw.com

randym@cookseylaw.com

jennifer.r.musial@salliemae.com

ecfnotifications@ghidottilaw.com

hpaloci@hotmail.com, hpaloci@calibankruptcy.com

bknotice@mccarthyholthus.com, kraftery@ecf.courtdrive.com

ecfcacb@aldridgepite.com, GRY@ecf.inforuptcy.com;gyabes@aldridgepite.com