HENRY D. PALOCI III (California State Bar No. 268970)
hpaloci@hotmail.com
Henry D. Paloci III PA
5210 Lewis Road #5
Agoura Hills, CA 91301
Telephone:  805.498.5500
Facsimile:  866.565.6345
Attorneys for Creditor TROJAN CAPITAL INVESTMENTS LLC

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## SAN FERNANDO VALLEY DIVISION

| | |
|---|---|
| In Re:<br><br>TOMER FRIDMAN,<br><br>            Debtor(s). | Case No. 1:16-bk-11729-MB<br><br>Chapter:  11<br><br>**REPLY RE: MOTION TO DISMISS CASE PURSUANT TO 11 USC 1112(b)**<br><br>**Hearing Set:**<br><br>**Date:  September 5, 2017**<br>**Time:  1:30 PM**<br>**Courtroom: 303**<br>**Place:  21041 Burbank Blvd.**<br>   **Woodland Hills, California** |

Tomer Fridman
Post Petition Preferential Payments to Creditors
Sorted by Payee

| Date | Payee | Amount |
|------|-------|--------|
| 6/9/2016 | EBF Partners | 276 |
| 6/9/2016 | EBF Partners | 276 |
| 6/10/2016 | EBF Partners | 276 |
| 6/13/2016 | EBF Partners | 276 |
| 6/14/2016 | EBF Partners | 276 |
| 6/15/2016 | EBF Partners | 276 |
| 6/16/2016 | EBF Partners | 276 |
| 6/17/2016 | EBF Partners | 276 |
| 6/20/2016 | EBF Partners | 276 |
| 6/21/2016 | EBF Partners | 276 |
| 6/22/2016 | EBF Partners | 276 |
| 6/23/2016 | EBF Partners | 276 |
| 6/24/2016 | EBF Partners | 276 |
| 6/27/2016 | EBF Partners | 276 |
| 6/28/2016 | EBF Partners | 276 |
| 6/29/2016 | EBF Partners | 276 |
| 6/30/2016 | EBF Partners | 276 |
| 7/1/2016 | EBF Partners | 276 |
| 7/6/2016 | EBF Partners | 276 |
| 7/6/2016 | EBF Partners | 276 |
| 7/7/2016 | EBF Partners | 276 |
| 7/8/2016 | EBF Partners | 276 |
| 7/11/2016 | EBF Partners | 276 |
| 7/12/2016 | EBF Partners | 276 |
| 7/13/2016 | EBF Partners | 276 |
| 7/14/2016 | EBF Partners | 276 |
| 7/15/2016 | EBF Partners | 276 |
| 7/18/2016 | EBF Partners | 276 |
| 7/19/2016 | EBF Partners | 276 |
| 7/20/2016 | EBF Partners | 276 |
| 7/21/2016 | EBF Partners | 276 |
| 7/22/2016 | EBF Partners | 276 |
| 7/25/2016 | EBF Partners | 276 |
| 7/26/2016 | EBF Partners | 276 |
| 7/27/2016 | EBF Partners | 276 |
| 7/28/2016 | EBF Partners | 276 |
| 7/29/2016 | EBF Partners | 276 |
| 8/1/2016 | EBF Partners | 276 |
| 8/2/2016 | EBF Partners | 276 |
| 8/3/2016 | EBF Partners | 276 |
| 8/4/2016 | EBF Partners | 276 |
| 8/5/2016 | EBF Partners | 276 |

| Date | Payee | Amount | Total |
|---|---|---|---|
| 8/8/2016 | EBF Partners | 276 | |
| 8/9/2016 | EBF Partners | 276 | |
| 8/10/2016 | EBF Partners | 276 | |
| 8/11/2016 | EBF Partners | 276 | |
| 8/12/2016 | EBF Partners | 276 | |
| 8/15/2016 | EBF Partners | 276 | |
| 8/16/2016 | EBF Partners | 276 | |
| 8/17/2016 | EBF Partners | 276 | |
| 8/18/2016 | EBF Partners | 276 | |
| 8/19/2016 | EBF Partners | 276 | |
| 8/22/2016 | EBF Partners | 276 | |
| 8/23/2016 | EBF Partners | 276 | |
| 8/24/2016 | EBF Partners | 276 | |
| 8/25/2016 | EBF Partners | 276 | |
| 8/26/2016 | EBF Partners | 276 | 16008 |
| 7/1/2016 | Loanme | 4317.77 | |
| 8/1/2016 | Loanme | 4317.77 | |
| 10/7/2016 | Loanme | 4317.77 | 12953.31 |
| 6/17/2016 | Navient | 558 | |
| 9/27/2016 | Navient | 558 | |
| 10/19/2016 | Navient | 279 | 1395 |
| 6/9/2016 | Strategic SFS | 473 | |
| 6/10/2016 | Strategic SFS | 473 | |
| 6/13/2016 | Strategic SFS | 473 | |
| 6/14/2016 | Strategic SFS | 473 | |
| 6/15/2016 | Strategic SFS | 473 | |
| 6/16/2016 | Strategic SFS | 473 | |
| 6/17/2016 | Strategic SFS | 473 | |
| 6/20/2016 | Strategic SFS | 473 | |
| 6/21/2016 | Strategic SFS | 473 | |
| 6/22/2016 | Strategic SFS | 473 | |
| 6/23/2016 | Strategic SFS | 473 | |
| 6/24/2016 | Strategic SFS | 473 | |
| 6/27/2016 | Strategic SFS | 473 | |
| 6/28/2016 | Strategic SFS | 473 | |
| 6/29/2016 | Strategic SFS | 473 | |
| 6/30/2016 | Strategic SFS | 473 | |
| 7/1/2016 | Strategic SFS | 473 | |
| 7/5/2016 | Strategic SFS | 473 | |
| 7/6/2016 | Strategic SFS | 473 | |
| 7/7/2016 | Strategic SFS | 473 | |
| 7/8/2016 | Strategic SFS | 473 | |
| 7/11/2016 | Strategic SFS | 473 | |
| 7/12/2016 | Strategic SFS | 473 | |
| 7/13/2016 | Strategic SFS | 473 | |
| 7/14/2016 | Strategic SFS | 473 | |
| 7/15/2016 | Strategic SFS | 473 | |

| | | |
|---|---|---|
| 7/18/2016 | Strategic SFS | 473 |
| 7/19/2016 | Strategic SFS | 473 |
| 7/20/2016 | Strategic SFS | 473 |
| 7/21/2016 | Strategic SFS | 473 |
| 7/22/2016 | Strategic SFS | 473 |
| 7/25/2016 | Strategic SFS | 473 |
| 7/26/2016 | Strategic SFS | 473 |
| 7/27/2016 | Strategic SFS | 473 |
| 7/28/2016 | Strategic SFS | 473 |
| 7/29/2016 | Strategic SFS | 473 |
| 8/1/2016 | Strategic SFS | 473 |
| 8/2/2016 | Strategic SFS | 473 |
| 8/3/2016 | Strategic SFS | 473 |
| 8/4/2016 | Strategic SFS | 473 |
| 8/5/2016 | Strategic SFS | 473 |
| 8/8/2016 | Strategic SFS | 473 |
| 8/9/2016 | Strategic SFS | 473 |
| 8/10/2016 | Strategic SFS | 473 |
| 8/11/2016 | Strategic SFS | 473 |
| 8/12/2016 | Strategic SFS | 473 |
| 8/15/2016 | Strategic SFS | 473 |
| 8/16/2016 | Strategic SFS | 473 |
| 8/17/2016 | Strategic SFS | 473 |
| 8/18/2016 | Strategic SFS | 473 |
| 8/19/2016 | Strategic SFS | 473 |
| 8/22/2016 | Strategic SFS | 473 |
| 8/23/2016 | Strategic SFS | 473 |
| 8/24/2016 | Strategic SFS | 473 |
| 8/25/2016 | Strategic SFS | 473 |
| 8/26/2016 | Strategic SFS | 473 |
| 8/29/2016 | Strategic SFS | 473 |
| 8/30/2016 | Strategic SFS | 473 |
| 8/31/2016 | Strategic SFS | 473 |
| 9/1/2016 | Strategic SFS | 473 |
| 9/2/2016 | Strategic SFS | 473 |
| 9/6/2016 | Strategic SFS | 473 |
| 9/8/2016 | Strategic SFS | 473 |
| 9/9/2016 | Strategic SFS | 473 |
| 9/12/2016 | Strategic SFS | 473 |
| 9/13/2016 | Strategic SFS | 473 |
| 9/15/2016 | Strategic SFS | 473 |
| 9/16/2016 | Strategic SFS | 473 |
| 9/19/2016 | Strategic SFS | 473 |
| 9/20/2016 | Strategic SFS | 473 |
| 9/21/2016 | Strategic SFS | 473 |
| 9/22/2016 | Strategic SFS | 473 |
| 9/23/2016 | Strategic SFS | 473 |

| Date | | | |
|---|---|---|---|
| 9/26/2016 | Strategic SFS | 473 | |
| 9/27/2016 | Strategic SFS | 473 | |
| 9/28/2016 | Strategic SFS | 473 | |
| 9/29/2016 | Strategic SFS | 473 | |
| 9/30/2016 | Strategic SFS | 473 | |
| 10/3/2016 | Strategic SFS | 473 | |
| 10/4/2016 | Strategic SFS | 473 | |
| 10/5/2016 | Strategic SFS | 473 | |
| 10/6/2016 | Strategic SFS | 473 | |
| 10/7/2016 | Strategic SFS | 473 | |
| 10/11/2016 | Strategic SFS | 473 | |
| 10/12/2016 | Strategic SFS | 473 | |
| 10/13/2016 | Strategic SFS | 473 | |
| 10/14/2016 | Strategic SFS | 473 | |
| 10/17/2016 | Strategic SFS | 473 | |
| 10/18/2016 | Strategic SFS | 473 | |
| 10/19/2016 | Strategic SFS | 473 | |
| 10/20/2016 | Strategic SFS | 473 | |
| 10/21/2016 | Strategic SFS | 473 | |
| 10/24/2016 | Strategic SFS | 473 | |
| 10/25/2016 | Strategic SFS | 473 | |
| 10/26/2016 | Strategic SFS | 473 | |
| 10/27/2016 | Strategic SFS | 473 | |
| 10/28/2016 | Strategic SFS | 473 | |
| 10/31/2016 | Strategic SFS | 473 | |
| 11/1/2016 | Strategic SFS | 473 | |
| 11/2/2016 | Strategic SFS | 473 | |
| 11/3/2016 | Strategic SFS | 473 | |
| 11/4/2016 | Strategic SFS | 473 | |
| 11/7/2016 | Strategic SFS | 473 | |
| 11/8/2016 | Strategic SFS | 473 | |
| 11/9/2016 | Strategic SFS | 473 | |
| 11/10/2016 | Strategic SFS | 473 | |
| 11/14/2016 | Strategic SFS | 473 | |
| 11/15/2016 | Strategic SFS | 473 | |
| 11/17/2016 | Strategic SFS | 473 | |
| 11/18/2016 | Strategic SFS | 473 | |
| 11/21/2016 | Strategic SFS | 473 | |
| 11/22/2016 | Strategic SFS | 473 | |
| 11/25/2016 | Strategic SFS | 473 | |
| 11/28/2016 | Strategic SFS | 473 | 53922 |

84278.31

Tomer Fridman

Post Petition Preferential Payments to Creditors

Sorted by Date of payment

| Date | Payee | Amount |
|---|---|---|
| 6/9/2016 | EBF Partners | 276 |
| 6/9/2016 | EBF Partners | 276 |
| 6/9/2016 | Strategic SFS | 473 |
| 6/10/2016 | EBF Partners | 276 |
| 6/10/2016 | Strategic SFS | 473 |
| 6/13/2016 | EBF Partners | 276 |
| 6/13/2016 | Strategic SFS | 473 |
| 6/14/2016 | EBF Partners | 276 |
| 6/14/2016 | Strategic SFS | 473 |
| 6/15/2016 | EBF Partners | 276 |
| 6/15/2016 | Strategic SFS | 473 |
| 6/16/2016 | EBF Partners | 276 |
| 6/16/2016 | Strategic SFS | 473 |
| 6/17/2016 | EBF Partners | 276 |
| 6/17/2016 | Navient | 558 |
| 6/17/2016 | Strategic SFS | 473 |
| 6/20/2016 | EBF Partners | 276 |
| 6/20/2016 | Strategic SFS | 473 |
| 6/21/2016 | EBF Partners | 276 |
| 6/21/2016 | Strategic SFS | 473 |
| 6/22/2016 | EBF Partners | 276 |
| 6/22/2016 | Strategic SFS | 473 |
| 6/23/2016 | EBF Partners | 276 |
| 6/23/2016 | Strategic SFS | 473 |
| 6/24/2016 | EBF Partners | 276 |
| 6/24/2016 | Strategic SFS | 473 |
| 6/27/2016 | EBF Partners | 276 |
| 6/27/2016 | Strategic SFS | 473 |
| 6/28/2016 | EBF Partners | 276 |
| 6/28/2016 | Strategic SFS | 473 |
| 6/29/2016 | EBF Partners | 276 |
| 6/29/2016 | Strategic SFS | 473 |
| 6/30/2016 | EBF Partners | 276 |
| 6/30/2016 | Strategic SFS | 473 |
| 7/1/2016 | EBF Partners | 276 |
| 7/1/2016 | Loanme | 4317.77 |
| 7/1/2016 | Strategic SFS | 473 |
| 7/5/2016 | Strategic SFS | 473 |
| 7/6/2016 | EBF Partners | 276 |
| 7/6/2016 | EBF Partners | 276 |
| 7/6/2016 | EBF Partners | 276 |
| 7/6/2016 | Strategic SFS | 473 |
| 7/7/2016 | EBF Partners | 276 |

| Date | Payee | Amount |
|---|---|---|
| 7/7/2016 | Strategic SFS | 473 |
| 7/8/2016 | EBF Partners | 276 |
| 7/8/2016 | Strategic SFS | 473 |
| 7/11/2016 | EBF Partners | 276 |
| 7/11/2016 | Strategic SFS | 473 |
| 7/12/2016 | EBF Partners | 276 |
| 7/12/2016 | Strategic SFS | 473 |
| 7/13/2016 | EBF Partners | 276 |
| 7/13/2016 | Strategic SFS | 473 |
| 7/14/2016 | EBF Partners | 276 |
| 7/14/2016 | Strategic SFS | 473 |
| 7/15/2016 | EBF Partners | 276 |
| 7/15/2016 | Strategic SFS | 473 |
| 7/18/2016 | EBF Partners | 276 |
| 7/18/2016 | Strategic SFS | 473 |
| 7/19/2016 | EBF Partners | 276 |
| 7/19/2016 | Strategic SFS | 473 |
| 7/20/2016 | EBF Partners | 276 |
| 7/20/2016 | Strategic SFS | 473 |
| 7/21/2016 | EBF Partners | 276 |
| 7/21/2016 | Strategic SFS | 473 |
| 7/22/2016 | EBF Partners | 276 |
| 7/22/2016 | Strategic SFS | 473 |
| 7/25/2016 | EBF Partners | 276 |
| 7/25/2016 | Strategic SFS | 473 |
| 7/26/2016 | EBF Partners | 276 |
| 7/26/2016 | Strategic SFS | 473 |
| 7/27/2016 | EBF Partners | 276 |
| 7/27/2016 | Strategic SFS | 473 |
| 7/28/2016 | EBF Partners | 276 |
| 7/28/2016 | Strategic SFS | 473 |
| 7/29/2016 | EBF Partners | 276 |
| 7/29/2016 | Strategic SFS | 473 |
| 8/1/2016 | EBF Partners | 276 |
| 8/1/2016 | Loanme | 4317.77 |
| 8/1/2016 | Strategic SFS | 473 |
| 8/2/2016 | EBF Partners | 276 |
| 8/2/2016 | Strategic SFS | 473 |
| 8/3/2016 | EBF Partners | 276 |
| 8/3/2016 | Strategic SFS | 473 |
| 8/4/2016 | EBF Partners | 276 |
| 8/4/2016 | Strategic SFS | 473 |
| 8/5/2016 | EBF Partners | 276 |
| 8/5/2016 | Strategic SFS | 473 |
| 8/8/2016 | EBF Partners | 276 |
| 8/8/2016 | Strategic SFS | 473 |
| 8/9/2016 | EBF Partners | 276 |

| | | |
|---|---|---|
| 8/9/2016 | Strategic SFS | 473 |
| 8/10/2016 | EBF Partners | 276 |
| 8/10/2016 | Strategic SFS | 473 |
| 8/11/2016 | EBF Partners | 276 |
| 8/11/2016 | Strategic SFS | 473 |
| 8/12/2016 | EBF Partners | 276 |
| 8/12/2016 | Strategic SFS | 473 |
| 8/15/2016 | EBF Partners | 276 |
| 8/15/2016 | Strategic SFS | 473 |
| 8/16/2016 | EBF Partners | 276 |
| 8/16/2016 | Strategic SFS | 473 |
| 8/17/2016 | EBF Partners | 276 |
| 8/17/2016 | Strategic SFS | 473 |
| 8/18/2016 | EBF Partners | 276 |
| 8/18/2016 | Strategic SFS | 473 |
| 8/19/2016 | EBF Partners | 276 |
| 8/19/2016 | Strategic SFS | 473 |
| 8/22/2016 | EBF Partners | 276 |
| 8/22/2016 | Strategic SFS | 473 |
| 8/23/2016 | EBF Partners | 276 |
| 8/23/2016 | Strategic SFS | 473 |
| 8/24/2016 | EBF Partners | 276 |
| 8/24/2016 | Strategic SFS | 473 |
| 8/25/2016 | EBF Partners | 276 |
| 8/25/2016 | Strategic SFS | 473 |
| 8/26/2016 | EBF Partners | 276 |
| 8/26/2016 | Strategic SFS | 473 |
| 8/29/2016 | Strategic SFS | 473 |
| 8/30/2016 | Strategic SFS | 473 |
| 8/31/2016 | Strategic SFS | 473 |
| 9/1/2016 | Strategic SFS | 473 |
| 9/2/2016 | Strategic SFS | 473 |
| 9/6/2016 | Strategic SFS | 473 |
| 9/8/2016 | Strategic SFS | 473 |
| 9/9/2016 | Strategic SFS | 473 |
| 9/12/2016 | Strategic SFS | 473 |
| 9/13/2016 | Strategic SFS | 473 |
| 9/15/2016 | Strategic SFS | 473 |
| 9/16/2016 | Strategic SFS | 473 |
| 9/19/2016 | Strategic SFS | 473 |
| 9/20/2016 | Strategic SFS | 473 |
| 9/21/2016 | Strategic SFS | 473 |
| 9/22/2016 | Strategic SFS | 473 |
| 9/23/2016 | Strategic SFS | 473 |
| 9/26/2016 | Strategic SFS | 473 |
| 9/27/2016 | Navient | 558 |
| 9/27/2016 | Strategic SFS | 473 |

| Date | Description | Amount |
|---|---|---|
| 9/28/2016 | Strategic SFS | 473 |
| 9/29/2016 | Strategic SFS | 473 |
| 9/30/2016 | Strategic SFS | 473 |
| 10/3/2016 | Strategic SFS | 473 |
| 10/4/2016 | Strategic SFS | 473 |
| 10/5/2016 | Strategic SFS | 473 |
| 10/6/2016 | Strategic SFS | 473 |
| 10/7/2016 | Loanme | 4317.77 |
| 10/7/2016 | Strategic SFS | 473 |
| 10/11/2016 | Strategic SFS | 473 |
| 10/12/2016 | Strategic SFS | 473 |
| 10/13/2016 | Strategic SFS | 473 |
| 10/14/2016 | Strategic SFS | 473 |
| 10/17/2016 | Strategic SFS | 473 |
| 10/18/2016 | Strategic SFS | 473 |
| 10/19/2016 | Navient | 279 |
| 10/19/2016 | Strategic SFS | 473 |
| 10/20/2016 | Strategic SFS | 473 |
| 10/21/2016 | Strategic SFS | 473 |
| 10/24/2016 | Strategic SFS | 473 |
| 10/25/2016 | Strategic SFS | 473 |
| 10/26/2016 | Strategic SFS | 473 |
| 10/27/2016 | Strategic SFS | 473 |
| 10/28/2016 | Strategic SFS | 473 |
| 10/31/2016 | Strategic SFS | 473 |
| 11/1/2016 | Strategic SFS | 473 |
| 11/2/2016 | Strategic SFS | 473 |
| 11/3/2016 | Strategic SFS | 473 |
| 11/4/2016 | Strategic SFS | 473 |
| 11/7/2016 | Strategic SFS | 473 |
| 11/8/2016 | Strategic SFS | 473 |
| 11/9/2016 | Strategic SFS | 473 |
| 11/10/2016 | Strategic SFS | 473 |
| 11/14/2016 | Strategic SFS | 473 |
| 11/15/2016 | Strategic SFS | 473 |
| 11/17/2016 | Strategic SFS | 473 |
| 11/18/2016 | Strategic SFS | 473 |
| 11/21/2016 | Strategic SFS | 473 |
| 11/22/2016 | Strategic SFS | 473 |
| 11/25/2016 | Strategic SFS | 473 |
| 11/28/2016 | Strategic SFS | 473 |

84278.31

Tomer Fridman

Prepetition Preferential Payments to Creditors (10/22/15-6/9/16)

Funds Received:

        10/22/15 Strategic +$49195

        4/26/16 Strategic +$39499

        4/7/16 EBF Partners +$19340          Total Received: $108034

| Date | Payee | Amount |
|------|-------|--------|
| 4/8/2016 | EBF Partners | 276 |
| 4/11/2016 | EBF Partners | 276 |
| 4/12/2016 | EBF Partners | 276 |
| 4/13/2016 | EBF Partners | 276 |
| 4/14/2016 | EBF Partners | 276 |
| 4/15/2016 | EBF Partners | 276 |
| 4/18/2016 | EBF Partners | 276 |
| 4/19/2016 | EBF Partners | 276 |
| 4/20/2016 | EBF Partners | 276 |
| 4/21/2016 | EBF Partners | 276 |
| 4/22/2016 | EBF Partners | 276 |
| 4/25/2016 | EBF Partners | 276 |
| 4/26/2016 | EBF Partners | 276 |
| 4/27/2016 | EBF Partners | 276 |
| 4/28/2016 | EBF Partners | 276 |
| 4/29/2016 | EBF Partners | 276 |
| 4/30/2016 | EBF Partners | 276 |
| 5/2/2016 | EBF Partners | 276 |
| 5/3/2016 | EBF Partners | 276 |
| 5/4/2016 | EBF Partners | 276 |
| 5/5/2016 | EBF Partners | 276 |
| 5/6/2016 | EBF Partners | 276 |
| 5/9/2016 | EBF Partners | 276 |
| 5/10/2016 | EBF Partners | 276 |
| 5/11/2016 | EBF Partners | 276 |
| 5/12/2016 | EBF Partners | 276 |
| 5/13/2016 | EBF Partners | 276 |
| 5/16/2016 | EBF Partners | 276 |
| 5/17/2016 | EBF Partners | 276 |
| 5/18/2016 | EBF Partners | 276 |
| 5/19/2016 | EBF Partners | 276 |
| 5/20/2016 | EBF Partners | 276 |
| 5/23/2016 | EBF Partners | 276 |
| 5/24/2016 | EBF Partners | 276 |
| 5/25/2016 | EBF Partners | 276 |
| 5/26/2016 | EBF Partners | 276 |
| 5/27/2016 | EBF Partners | 276 |
| 5/31/2016 | EBF Partners | 276 |
| 5/31/2016 | EBF Partners | 276 |
| 5/31/2016 | EBF Partners | 276 |

| Date | Payee | Amount | Total |
|---|---|---|---|
| 6/1/2016 | EBF Partners | 276 | |
| 6/3/2016 | EBF Partners | 276 | |
| 6/6/2016 | EBF Partners | 276 | |
| 6/7/2016 | EBF Partners | 276 | 12144 |
| 12/1/2015 | Loanme | 4317.77 | |
| 1/4/2016 | Loanme | 4317.77 | |
| 2/1/2016 | Loanme | 4317.77 | |
| 3/1/2016 | Loanme | 4317.77 | |
| 4/1/2016 | Loanme | 4317.77 | |
| 5/2/2016 | Loanme | 4317.77 | |
| 6/3/2016 | Loanme | 4317.77 | 30224.39 |
| 10/27/2015 | Navient | 279 | |
| 4/4/2016 | Navient | 279 | 558 |
| 10/23/2015 | Strategic SFS | 338 | |
| 10/26/2015 | Strategic SFS | 338 | |
| 10/27/2015 | Strategic SFS | 338 | |
| 10/28/2015 | Strategic SFS | 338 | |
| 10/29/2015 | Strategic SFS | 338 | |
| 10/30/2015 | Strategic SFS | 338 | |
| 11/2/2015 | Strategic SFS | 338 | |
| 11/3/2015 | Strategic SFS | 338 | |
| 11/4/2015 | Strategic SFS | 338 | |
| 11/5/2015 | Strategic SFS | 338 | |
| 11/6/2015 | Strategic SFS | 338 | |
| 11/9/2015 | Strategic SFS | 338 | |
| 11/10/2015 | Strategic SFS | 338 | |
| 11/12/2015 | Strategic SFS | 338 | |
| 11/13/2015 | Strategic SFS | 338 | |
| 11/16/2015 | Strategic SFS | 338 | |
| 11/17/2015 | Strategic SFS | 338 | |
| 11/18/2015 | Strategic SFS | 338 | |
| 11/19/2015 | Strategic SFS | 338 | |
| 11/20/2015 | Strategic SFS | 338 | |
| 11/23/2015 | Strategic SFS | 338 | |
| 11/24/2015 | Strategic SFS | 338 | |
| 11/25/2015 | Strategic SFS | 338 | |
| 11/27/2015 | Strategic SFS | 338 | |
| 11/30/2015 | Strategic SFS | 338 | |
| 12/1/2015 | Strategic SFS | 338 | |
| 12/4/2015 | Strategic SFS | 338 | |
| 12/7/2015 | Strategic SFS | 338 | |
| 12/8/2015 | Strategic SFS | 338 | |
| 12/9/2015 | Strategic SFS | 676 | |
| 12/10/2015 | Strategic SFS | 338 | |
| 12/11/2015 | Strategic SFS | 338 | |
| 12/14/2015 | Strategic SFS | 338 | |
| 12/15/2015 | Strategic SFS | 338 | |

| | | |
|---|---|---|
| 12/16/2015 | Strategic SFS | 338 |
| 12/17/2015 | Strategic SFS | 338 |
| 12/18/2015 | Strategic SFS | 338 |
| 12/21/2015 | Strategic SFS | 338 |
| 12/22/2015 | Strategic SFS | 338 |
| 12/23/2015 | Strategic SFS | 338 |
| 12/24/2015 | Strategic SFS | 338 |
| 12/28/2015 | Strategic SFS | 338 |
| 12/29/2015 | Strategic SFS | 338 |
| 12/30/2015 | Strategic SFS | 338 |
| 12/31/2015 | Strategic SFS | 338 |
| 1/4/2016 | Strategic SFS | 338 |
| 1/5/2016 | Strategic SFS | 338 |
| 1/6/2016 | Strategic SFS | 338 |
| 1/7/2016 | Strategic SFS | 338 |
| 1/8/2016 | Strategic SFS | 338 |
| 1/11/2016 | Strategic SFS | 338 |
| 1/12/2016 | Strategic SFS | 338 |
| 1/13/2016 | Strategic SFS | 338 |
| 1/14/2016 | Strategic SFS | 338 |
| 1/15/2016 | Strategic SFS | 338 |
| 1/19/2016 | Strategic SFS | 338 |
| 1/20/2016 | Strategic SFS | 338 |
| 1/21/2016 | Strategic SFS | 338 |
| 1/22/2016 | Strategic SFS | 338 |
| 1/25/2016 | Strategic SFS | 338 |
| 1/26/2016 | Strategic SFS | 338 |
| 1/27/2016 | Strategic SFS | 338 |
| 1/28/2016 | Strategic SFS | 338 |
| 1/29/2016 | Strategic SFS | 338 |
| 2/1/2016 | Strategic SFS | 338 |
| 2/2/2016 | Strategic SFS | 338 |
| 2/3/2016 | Strategic SFS | 338 |
| 2/4/2016 | Strategic SFS | 338 |
| 2/5/2016 | Strategic SFS | 338 |
| 2/8/2016 | Strategic SFS | 338 |
| 2/9/2016 | Strategic SFS | 338 |
| 2/10/2016 | Strategic SFS | 338 |
| 2/11/2016 | Strategic SFS | 338 |
| 2/12/2016 | Strategic SFS | 338 |
| 2/16/2016 | Strategic SFS | 338 |
| 2/17/2016 | Strategic SFS | 338 |
| 2/18/2016 | Strategic SFS | 338 |
| 2/19/2016 | Strategic SFS | 338 |
| 2/22/2016 | Strategic SFS | 338 |
| 2/23/2016 | Strategic SFS | 338 |
| 2/24/2016 | Strategic SFS | 338 |

| | | |
|---|---|---|
| 2/25/2016 | Strategic SFS | 338 |
| 2/26/2016 | Strategic SFS | 338 |
| 2/29/2016 | Strategic SFS | 338 |
| 3/1/2016 | Strategic SFS | 338 |
| 3/2/2016 | Strategic SFS | 338 |
| 3/3/2016 | Strategic SFS | 338 |
| 3/4/2016 | Strategic SFS | 338 |
| 3/7/2016 | Strategic SFS | 338 |
| 3/8/2016 | Strategic SFS | 338 |
| 3/9/2016 | Strategic SFS | 338 |
| 3/10/2016 | Strategic SFS | 338 |
| 3/11/2016 | Strategic SFS | 338 |
| 3/14/2016 | Strategic SFS | 338 |
| 3/15/2016 | Strategic SFS | 338 |
| 3/16/2016 | Strategic SFS | 338 |
| 3/17/2016 | Strategic SFS | 338 |
| 3/18/2016 | Strategic SFS | 338 |
| 3/21/2016 | Strategic SFS | 338 |
| 3/22/2016 | Strategic SFS | 338 |
| 3/23/2016 | Strategic SFS | 338 |
| 3/24/2016 | Strategic SFS | 338 |
| 3/25/2016 | Strategic SFS | 338 |
| 3/28/2016 | Strategic SFS | 338 |
| 3/29/2016 | Strategic SFS | 338 |
| 3/30/2016 | Strategic SFS | 338 |
| 3/31/2016 | Strategic SFS | 338 |
| 4/1/2016 | Strategic SFS | 338 |
| 4/4/2016 | Strategic SFS | 338 |
| 4/5/2016 | Strategic SFS | 338 |
| 4/6/2016 | Strategic SFS | 338 |
| 4/7/2016 | Strategic SFS | 338 |
| 4/8/2016 | Strategic SFS | 338 |
| 4/11/2016 | Strategic SFS | 338 |
| 4/12/2016 | Strategic SFS | 338 |
| 4/13/2016 | Strategic SFS | 338 |
| 4/14/2016 | Strategic SFS | 338 |
| 4/15/2016 | Strategic SFS | 338 |
| 4/18/2016 | Strategic SFS | 338 |
| 4/19/2016 | Strategic SFS | 338 |
| 4/20/2016 | Strategic SFS | 338 |
| 4/21/2016 | Strategic SFS | 338 |
| 4/22/2016 | Strategic SFS | 338 |
| 4/25/2016 | Strategic SFS | 338 |
| 4/26/2016 | Strategic SFS | 338 |
| 4/27/2016 | Strategic SFS | 473 |
| 4/28/2016 | Strategic SFS | 473 |
| 4/29/2016 | Strategic SFS | 473 |

| | | | |
|---|---|---|---|
| 4/30/2016 | Strategic SFS | 473 | |
| 5/2/2016 | Strategic SFS | 473 | |
| 5/3/2016 | Strategic SFS | 473 | |
| 5/4/2016 | Strategic SFS | 473 | |
| 5/5/2016 | Strategic SFS | 473 | |
| 5/6/2016 | Strategic SFS | 473 | |
| 5/9/2016 | Strategic SFS | 473 | |
| 5/10/2016 | Strategic SFS | 473 | |
| 5/11/2016 | Strategic SFS | 473 | |
| 5/12/2016 | Strategic SFS | 473 | |
| 5/13/2016 | Strategic SFS | 473 | |
| 5/16/2016 | Strategic SFS | 473 | |
| 5/17/2016 | Strategic SFS | 473 | |
| 5/18/2016 | Strategic SFS | 473 | |
| 5/19/2016 | Strategic SFS | 473 | |
| 5/20/2016 | Strategic SFS | 473 | |
| 5/23/2016 | Strategic SFS | 473 | |
| 5/24/2016 | Strategic SFS | 473 | |
| 5/25/2016 | Strategic SFS | 473 | |
| 5/26/2016 | Strategic SFS | 473 | |
| 5/27/2016 | Strategic SFS | 473 | |
| 5/31/2016 | Strategic SFS | 473 | |
| 6/2/2016 | Strategic SFS | 473 | |
| 6/2/2016 | Strategic SFS | 473 | |
| 6/3/2016 | Strategic SFS | 473 | |
| 6/6/2016 | Strategic SFS | 473 | |
| 6/7/2016 | Strategic SFS | 473 | |
| 6/8/2016 | Strategic SFS | 473 | 57251 |
| | Total | 100177.4 | |

Tomer Fridman

Prepetition Preferential Payments to Creditors (10/22/15-6/9/16)

Funds Received:

        10/22/15 Strategic +$49195

        4/26/16 Strategic +$39499

        4/7/16 EBF Partners +$19340

Total paid out:

        4/7/16 - 6/8/16        40175

        4/7/16 - 6/8/16 (without Loanme)        31540

| Date | Payee | Amount |
|---|---|---|
| 10/23/2015 | Strategic SFS | 338 |
| 10/26/2015 | Strategic SFS | 338 |
| 10/27/2015 | Navient | 279 |
| 10/27/2015 | Strategic SFS | 338 |
| 10/28/2015 | Strategic SFS | 338 |
| 10/29/2015 | Strategic SFS | 338 |
| 10/30/2015 | Strategic SFS | 338 |
| 11/2/2015 | Strategic SFS | 338 |
| 11/3/2015 | Strategic SFS | 338 |
| 11/4/2015 | Strategic SFS | 338 |
| 11/5/2015 | Strategic SFS | 338 |
| 11/6/2015 | Strategic SFS | 338 |
| 11/9/2015 | Strategic SFS | 338 |
| 11/10/2015 | Strategic SFS | 338 |
| 11/12/2015 | Strategic SFS | 338 |
| 11/13/2015 | Strategic SFS | 338 |
| 11/16/2015 | Strategic SFS | 338 |
| 11/17/2015 | Strategic SFS | 338 |
| 11/18/2015 | Strategic SFS | 338 |
| 11/19/2015 | Strategic SFS | 338 |
| 11/20/2015 | Strategic SFS | 338 |
| 11/23/2015 | Strategic SFS | 338 |
| 11/24/2015 | Strategic SFS | 338 |
| 11/25/2015 | Strategic SFS | 338 |
| 11/27/2015 | Strategic SFS | 338 |
| 11/30/2015 | Strategic SFS | 338 |
| 12/1/2015 | Loanme | 4317.77 |
| 12/1/2015 | Strategic SFS | 338 |
| 12/4/2015 | Strategic SFS | 338 |
| 12/7/2015 | Strategic SFS | 338 |
| 12/8/2015 | Strategic SFS | 338 |
| 12/9/2015 | Strategic SFS | 676 |
| 12/10/2015 | Strategic SFS | 338 |
| 12/11/2015 | Strategic SFS | 338 |
| 12/14/2015 | Strategic SFS | 338 |
| 12/15/2015 | Strategic SFS | 338 |
| 12/16/2015 | Strategic SFS | 338 |

| Date | Description | Amount |
|---|---|---|
| 12/17/2015 | Strategic SFS | 338 |
| 12/18/2015 | Strategic SFS | 338 |
| 12/21/2015 | Strategic SFS | 338 |
| 12/22/2015 | Strategic SFS | 338 |
| 12/23/2015 | Strategic SFS | 338 |
| 12/24/2015 | Strategic SFS | 338 |
| 12/28/2015 | Strategic SFS | 338 |
| 12/29/2015 | Strategic SFS | 338 |
| 12/30/2015 | Strategic SFS | 338 |
| 12/31/2015 | Strategic SFS | 338 |
| 1/4/2016 | Loanme | 4317.77 |
| 1/4/2016 | Strategic SFS | 338 |
| 1/5/2016 | Strategic SFS | 338 |
| 1/6/2016 | Strategic SFS | 338 |
| 1/7/2016 | Strategic SFS | 338 |
| 1/8/2016 | Strategic SFS | 338 |
| 1/11/2016 | Strategic SFS | 338 |
| 1/12/2016 | Strategic SFS | 338 |
| 1/13/2016 | Strategic SFS | 338 |
| 1/14/2016 | Strategic SFS | 338 |
| 1/15/2016 | Strategic SFS | 338 |
| 1/19/2016 | Strategic SFS | 338 |
| 1/20/2016 | Strategic SFS | 338 |
| 1/21/2016 | Strategic SFS | 338 |
| 1/22/2016 | Strategic SFS | 338 |
| 1/25/2016 | Strategic SFS | 338 |
| 1/26/2016 | Strategic SFS | 338 |
| 1/27/2016 | Strategic SFS | 338 |
| 1/28/2016 | Strategic SFS | 338 |
| 1/29/2016 | Strategic SFS | 338 |
| 2/1/2016 | Loanme | 4317.77 |
| 2/1/2016 | Strategic SFS | 338 |
| 2/2/2016 | Strategic SFS | 338 |
| 2/3/2016 | Strategic SFS | 338 |
| 2/4/2016 | Strategic SFS | 338 |
| 2/5/2016 | Strategic SFS | 338 |
| 2/8/2016 | Strategic SFS | 338 |
| 2/9/2016 | Strategic SFS | 338 |
| 2/10/2016 | Strategic SFS | 338 |
| 2/11/2016 | Strategic SFS | 338 |
| 2/12/2016 | Strategic SFS | 338 |
| 2/16/2016 | Strategic SFS | 338 |
| 2/17/2016 | Strategic SFS | 338 |
| 2/18/2016 | Strategic SFS | 338 |
| 2/19/2016 | Strategic SFS | 338 |
| 2/22/2016 | Strategic SFS | 338 |
| 2/23/2016 | Strategic SFS | 338 |

| | | |
|---|---|---|
| 2/24/2016 | Strategic SFS | 338 |
| 2/25/2016 | Strategic SFS | 338 |
| 2/26/2016 | Strategic SFS | 338 |
| 2/29/2016 | Strategic SFS | 338 |
| 3/1/2016 | Loanme | 4317.77 |
| 3/1/2016 | Strategic SFS | 338 |
| 3/2/2016 | Strategic SFS | 338 |
| 3/3/2016 | Strategic SFS | 338 |
| 3/4/2016 | Strategic SFS | 338 |
| 3/7/2016 | Strategic SFS | 338 |
| 3/8/2016 | Strategic SFS | 338 |
| 3/9/2016 | Strategic SFS | 338 |
| 3/10/2016 | Strategic SFS | 338 |
| 3/11/2016 | Strategic SFS | 338 |
| 3/14/2016 | Strategic SFS | 338 |
| 3/15/2016 | Strategic SFS | 338 |
| 3/16/2016 | Strategic SFS | 338 |
| 3/17/2016 | Strategic SFS | 338 |
| 3/18/2016 | Strategic SFS | 338 |
| 3/21/2016 | Strategic SFS | 338 |
| 3/22/2016 | Strategic SFS | 338 |
| 3/23/2016 | Strategic SFS | 338 |
| 3/24/2016 | Strategic SFS | 338 |
| 3/25/2016 | Strategic SFS | 338 |
| 3/28/2016 | Strategic SFS | 338 |
| 3/29/2016 | Strategic SFS | 338 |
| 3/30/2016 | Strategic SFS | 338 |
| 3/31/2016 | Strategic SFS | 338 |
| 4/1/2016 | Loanme | 4317.77 |
| 4/1/2016 | Strategic SFS | 338 |
| 4/4/2016 | Navient | 279 |
| 4/4/2016 | Strategic SFS | 338 |
| 4/5/2016 | Strategic SFS | 338 |
| 4/6/2016 | Strategic SFS | 338 |
| 4/7/2016 | Strategic SFS | 338 |
| 4/8/2016 | EBF Partners | 276 |
| 4/8/2016 | Strategic SFS | 338 |
| 4/11/2016 | EBF Partners | 276 |
| 4/11/2016 | Strategic SFS | 338 |
| 4/12/2016 | EBF Partners | 276 |
| 4/12/2016 | Strategic SFS | 338 |
| 4/13/2016 | EBF Partners | 276 |
| 4/13/2016 | Strategic SFS | 338 |
| 4/14/2016 | EBF Partners | 276 |
| 4/14/2016 | Strategic SFS | 338 |
| 4/15/2016 | EBF Partners | 276 |
| 4/15/2016 | Strategic SFS | 338 |

| | | |
|---|---|---|
| 4/18/2016 | EBF Partners | 276 |
| 4/18/2016 | Strategic SFS | 338 |
| 4/19/2016 | EBF Partners | 276 |
| 4/19/2016 | Strategic SFS | 338 |
| 4/20/2016 | EBF Partners | 276 |
| 4/20/2016 | Strategic SFS | 338 |
| 4/21/2016 | EBF Partners | 276 |
| 4/21/2016 | Strategic SFS | 338 |
| 4/22/2016 | EBF Partners | 276 |
| 4/22/2016 | Strategic SFS | 338 |
| 4/25/2016 | EBF Partners | 276 |
| 4/25/2016 | Strategic SFS | 338 |
| 4/26/2016 | EBF Partners | 276 |
| 4/26/2016 | Strategic SFS | 338 |
| 4/27/2016 | EBF Partners | 276 |
| 4/27/2016 | Strategic SFS | 473 |
| 4/28/2016 | EBF Partners | 276 |
| 4/28/2016 | Strategic SFS | 473 |
| 4/29/2016 | EBF Partners | 276 |
| 4/29/2016 | Strategic SFS | 473 |
| 4/30/2016 | EBF Partners | 276 |
| 4/30/2016 | Strategic SFS | 473 |
| 5/2/2016 | EBF Partners | 276 |
| 5/2/2016 | Loanme | 4317.77 |
| 5/2/2016 | Strategic SFS | 473 |
| 5/3/2016 | EBF Partners | 276 |
| 5/3/2016 | Strategic SFS | 473 |
| 5/4/2016 | EBF Partners | 276 |
| 5/4/2016 | Strategic SFS | 473 |
| 5/5/2016 | EBF Partners | 276 |
| 5/5/2016 | Strategic SFS | 473 |
| 5/6/2016 | EBF Partners | 276 |
| 5/6/2016 | Strategic SFS | 473 |
| 5/9/2016 | EBF Partners | 276 |
| 5/9/2016 | Strategic SFS | 473 |
| 5/10/2016 | EBF Partners | 276 |
| 5/10/2016 | Strategic SFS | 473 |
| 5/11/2016 | EBF Partners | 276 |
| 5/11/2016 | Strategic SFS | 473 |
| 5/12/2016 | EBF Partners | 276 |
| 5/12/2016 | Strategic SFS | 473 |
| 5/13/2016 | EBF Partners | 276 |
| 5/13/2016 | Strategic SFS | 473 |
| 5/16/2016 | EBF Partners | 276 |
| 5/16/2016 | Strategic SFS | 473 |
| 5/17/2016 | EBF Partners | 276 |
| 5/17/2016 | Strategic SFS | 473 |

| Date | | Amount |
|------|-----------|--------|
| 5/18/2016 | EBF Partners | 276 |
| 5/18/2016 | Strategic SFS | 473 |
| 5/19/2016 | EBF Partners | 276 |
| 5/19/2016 | Strategic SFS | 473 |
| 5/20/2016 | EBF Partners | 276 |
| 5/20/2016 | Strategic SFS | 473 |
| 5/23/2016 | EBF Partners | 276 |
| 5/23/2016 | Strategic SFS | 473 |
| 5/24/2016 | EBF Partners | 276 |
| 5/24/2016 | Strategic SFS | 473 |
| 5/25/2016 | EBF Partners | 276 |
| 5/25/2016 | Strategic SFS | 473 |
| 5/26/2016 | EBF Partners | 276 |
| 5/26/2016 | Strategic SFS | 473 |
| 5/27/2016 | EBF Partners | 276 |
| 5/27/2016 | Strategic SFS | 473 |
| 5/31/2016 | EBF Partners | 276 |
| 5/31/2016 | EBF Partners | 276 |
| 5/31/2016 | EBF Partners | 276 |
| 5/31/2016 | Strategic SFS | 473 |
| 6/1/2016 | EBF Partners | 276 |
| 6/2/2016 | Strategic SFS | 473 |
| 6/2/2016 | Strategic SFS | 473 |
| 6/3/2016 | EBF Partners | 276 |
| 6/3/2016 | Loanme | 4317.77 |
| 6/3/2016 | Strategic SFS | 473 |
| 6/6/2016 | EBF Partners | 276 |
| 6/6/2016 | Strategic SFS | 473 |
| 6/7/2016 | EBF Partners | 276 |
| 6/7/2016 | Strategic SFS | 473 |
| 6/8/2016 | Strategic SFS | 473 |
| | Total | 100177.4 |

**COMES NOW** TROJAN CAPITAL INVESTMENT LLC, a creditor in this action (hereinafter "Trojan"), through undersigned counsel, and replies to the opposition filed by the Debtor and to the joinder filed by another secured creditor with respect to its Motion to Dismiss (the "Motion") as follows.

Summary

The Debtor's opposition to this creditor's motion to dismiss, which Motion has been joined and bolstered by the interest of another creditor, contains little, if any, support for the case to continue or defense of the Debtor's actions. There is no scheme or plan of action to rehabilitate the debtor, and no foreseeable exit strategy that fairly addresses the creditors. Significantly, there is no rebuttal to this creditor's allegation that the Debtor bleeds money monthly and failed to meet his duties as a fiduciary of the Estate on multiple fronts.

In addition to what which was set forth in the Motion, Trojan has further uncovered the existence of loans the Debtor took from additional factoring creditors just weeks before the case was filed, which loans were repaid in part pre- and post-petition. The Debtor has not disclosed these preferential transfers, nor can the Debtor be relied upon to do anything about them, as acting on behalf on the estate is not in the Debtor's personal best interests. This Debtor has completely ignored his fiduciary duty as a debtor in possession and cannot be relied upon to act to advance the interests of the bankruptcy estate. The Debtor must be separated from his role of responsibility as a debtor in possession.

Section 1112(b) of the Code allows the Court the option to dismiss outright or convert the case to one under Chapter 7. Given the existence of funds that could benefit the bankruptcy estate, and the fact that the Debtor seems unwilling or unable to retrieve them, it seems that the creditors of this estate would benefit from the activity of a Chapter 7 trustee. Alternatively, this creditor would not object to dismissal, which was its original goal.

Analysis

Debtor argues that the Motion lacked for authority. The merits of a motion aren't measured simply by the number of citations it contains.

Statutory Authority

In filing the Motion, Trojan relied on the plain language of the statute 1112(b), under which dismissal is merited. Trojan also cited to specific sections of the Code where "cause" could be found – namely, 11 USC 1112(b)(4)(A), (B), (E), and (F). It simply isn't true that Trojan provided no law in support. There is not a great deal of case law on point – probably because the statute is so specific – but Trojan will explore it now.

Applicable Law

Section 1112(b) of the Code provides that dismissal shall occur if the movant has standing and demonstrates cause, as defined in 1112(b)(4), and the exceptions in 1112(b)(1) and (b)(2) are inapplicable.

No one disputes Trojan's standing. Trojan set forth several grounds for cause in the Motion, and has added another – undisclosed preferential transfers – which will be further discussed below.

The (b)(1) exception is that appointment of trustee is best interests of estate. The Debtor is not arguing that we should have a Chapter 11 trustee, and Trojan's position is that a Chapter 7 trustee could best administer the Estate. A Chapter 11 trustee would be unduly burdensome, consume too much in estate assets, and not benefit creditors as much as a Chapter 7 Trustee would.

The (b)(2) exception, for "unusual circumstances," is argued by the Debtor. It could apply, thwarting dismissal, if the Court were to find a reasonable likelihood that (1) plan will confirm in a reasonable time, that (2) cause is other than continuing loss or diminution of estate without reasonable likelihood of rehabilitation, and (3) there exists reasonable justification for the act or omission of the debtor constituting cause, and the omission will be cured in a reasonable period of time. In our case, none of these are reasonably likely.

A bankruptcy court has broad discretion under Section 1112(b) of the Code to dismiss a Chapter 11 case for cause. In re Lumber Exchange Bldg. Ltd. Partnership, 968 F.2d 647, 648 (8th Cir.1992). A Chapter 11 case can be dismissed at any time. Creditors need not wait until a debtor proposes a plan or until the exclusivity period expires. In re Park Ave. Partners Ltd.

Partnership, 95 B.R. 605, 609 (Bankr.E.D.Wis.1988). Creditors, likewise, should not be forced to incur the added time and expense of a confirmation hearing on a plan they believe cannot be effectuated. *See,* Hall v. Vance, 887 F.2d 1041, 1044 (10th Cir.1989) (case dismissed where acceptable plan was not filed within *eight months* of Chapter 11 petition).

Burden

The case In re Gateway Access Solutions Inc., 374 B.R. 556 (M.D. Pa. 2007) best sets forth the analysis to be applied.

Pursuant to § 1112(b)(1), the initial burden lies with the Movant to establish "cause" for conversion. "Cause" is found in § 1112(b)(4). Such lists are generally viewed as illustrative rather than exhaustive, and the Court should "consider other factors as they arise." Id., *citing* In re Brown, 951 F.2d 564, 572 (3d Cir.1991).

If the Movants establish "cause", then the burden shifts to the Debtor to prove it falls within the § 1112(b)(2) "unusual circumstances" exception to § 1112(b)(1)'s mandatory conversion. Congress explained the exception, stating it only applies if: "(1) the debtor or a party in interest objects and establishes that there is a reasonable likelihood that a plan will be confirmed within the time periods set forth in section 1121(e) and 1129(e), or if these provisions are inapplicable, within a reasonable period of time; (2) the grounds for granting such relief include an act or omission of the debtor for which there exists a reasonable justification for such act or omission; and (3) such act or omission will be cured within a reasonable period of time." H.R.Rep. No. 109–31(I) at 94 (April 8, 2005), *reprinted in* 2005 U.S.C.C.A.N. 88, 2005 WL 832198. Id.

Cause Established

"Cause" is defined by a non-exhaustive list of sixteen factors enumerated in § 1112(b)(4). The applicability of the factors is partly dependent on the state of the case: its age, whether a plan or disclosure statement have been filed, and whether any related litigation has resolved. where in the bankruptcy reorganization process we find the debtor.

In our case, the Debtor allowed exclusivity to expire on or about March 20, 2017 and has not filed a plan or disclosure statement.

The Movant's conversion Motion is based upon the following:

(1) Substantial Loss/Diminuition: 1112(b)(4)(A)

If the debtor is operating with a sustained negative cash flow or diminuition in asset value after commencement of the case, after commencement of the case, these facts are sufficient to justify a finding of substantial or continuing loss to the estate. Id. The inquiry here is twofold. First, the Court must look at the track record of the Debtor to determine if it is suffering losses or making gains. Second, the Court must determine whether rehabilitation is likely given the evidence presented at hearing. Id.

*Track record*

Negative cash flow and an inability to pay current expenses as they come due can satisfy the continuing loss or diminution of the estate standard for purposes of § 1112(b). Id., *citing* In re AdBrite Corp., 290 B.R. 209, 215 (Bankr.S.D.N.Y.2003); In re Motel Properties, Inc., 314 B.R. 889, 894 (Bankr.S.D.Ga.2004); In re Route 202 Corp. t/a Lionti's Villa, 37 B.R. 367, 374 (Bankr.E.D.Pa.1984); In re Galvin, 49 B.R. 665, 669 (Bankr.D.N.D.1985) (Post-petition negative cash flow is considered by courts to be evidence of continuing losses.).

In our case, the continuing loss is in the form of loss of equity to the secured creditors because the Debtor doesn't generate enough income to pay the creditors secured by real estate (or, as set forth in the Joinder, the Debtor earns money and spends it on other things)[1]. Each month that goes by is a month that the secured creditors have less equity than they did the month before. Negative cash flow is cause for dismissal or conversion.

*Rehabilitation Unlikely*

There are simply too many things to fix, and the Debtor has had more than enough time to fix them. We have reached a tipping point in this case where it is simply unfair to the creditors to keep on. Moreover, the Debtor has had a reasonable opportunity to confirm a plan, and there is still no plan on file. Exclusivity passed long ago, 8 months have passed since conversion, and 14

---

[1] We actually don't have any idea what the Debtor earns, but we can infer from his failure to pay his creditors that are secured by the real estate he claims to want to keep that he doesn't have enough income to reorganize.

months since filing. And given the state of the debtor's income and the debts he hopes to reorganize, there isn't much a chance that a viable plan will result. Creditors need not incur the added time and expense of the confirmation process on a plan they believe cannot be effectuated. In re Woodbrook Associates, 19 F.3d 312, 317 (7th Cir. 1994).

In the case of In re Johnston, 149 B.R. 158 (9th Cir. BAP 1992) the Court held that the Debtor lacked the income which would indicate a reasonable likelihood of rehabilitation. Furthermore, the position of creditors was continuing to erode and creditors were not likely to be satisfied if the case remained in a Chapter 11. This constituted sufficient grounds for conversion of the case under § 1112(b)(1). Id., citing In re Koerner, 800 F.2d 1358, 1368 (5th Cir.1986) (a debtor's inability to effectuate a plan and the resulting detriment to creditors constitutes cause to convert a case to a Chapter 7); see also, In re Air Beds, Inc., 92 B.R. 419, 424 (9th Cir. BAP 1988); In re Fossum, 764 F.2d 520, 521–2 (8th Cir.1985).

Debtor argued in the opposition papers that the Court has directed the Debtor not to pay the lienholder senior to Trojan. Trojan knows of no order or direction of the Court not to pay the secured creditors. But even if there was, we should see as a result the Debtor saving money that could be used for that purpose – the payments not made would be accumulating. The Debtor has been in this case for over a year and has nothing to show for it.

The Debtor has had months to change his situation. If he isn't going to pay his secured creditors he should at least be saving money. We see no evidence of that in his DIP account or his corporate account – the non-DIP account that he shouldn't be using anyway but has inexplicably been permitted to continue to use.

Debtor's new counsel seems to suggest that things are going to be different now because she, as competent counsel, will guide the Debtor through the process. Given the Debtor's track record, this is dubious. But even if it were totally true, no remains almost no likelihood of rehabilitation (through no fault of Debtor's new attorney). The income isn't there, and so much money has disappeared from the estate that it isn't clear now it could be returned.

(2) Gross Mismanagement of Estate 1112(b)(4)(B)

In our case, Debtor mismanaged his assets and has not fully disclosed all assets and debts to this day. For the purposes of this statute, though, the inquiry includes only mismanagement after the case was filed. In re Gate Access Solutions Inc. 374 B.R. 556, 566 (M.D. Pa. 2007). To that end, we have a well-documented string of misfeasance and probably malfeasance that was set forth in the Motion. To add to that, Trojan has uncovered multiple loans from factoring lenders that the Debtor took in the weeks and months before the case was filed, which loans were repaid on a daily basis before and after the petition date. Specifically, and as set forth in the declaration and attachments, the Debtor borrowed $108,034 from factors[1] and payments totalling $100177.40 prepetition (from October 2015 through the date of filing) and $84278.31 post petition. The Debtor has disclosed none of this, and Trojan only discovered it through deep inspection of the White City 26 Inc. bank records. Trojan submits that this Debtor has carried on with his day to day affairs, spending estate money for the benefit of himself and his preferred creditors, breaching his fiduciary duty to the estate and generally mismanaging his financial affairs. Gross mismanagement alone is sufficient grounds for conversion from Chapter 11 to Chapter 7. Gateway, *citing* In re Incredible Auto Sales, LLC, 2007 WL 1100276 *5 (Bankr.D.Mont.2007).

A DIP has significant powers and responsibilities, one of which is that a DIP owes a fiduciary duty to its creditors. Gateway at 565; In re G–I Holdings, Inc., 385 F.3d 313, 319 (3d Cir.2004). A debtor-in-possession has a duty to keep the Court and its creditors informed about the status and condition of its business. Petit v. New England Mortg. Services, Inc., 182 B.R. 64, 69 (D.Me.1995). This DIP spends his money on whatever he pleases, pays nothing to his secured creditors, uses a non-DIP account for his banking, and pays some creditors over others, none of which is in the best interests of creditors or the estate.

(3) Failure to Comply with Order of Court 1112(b)(4)(E)

The Motion sets out several ways in which the Debtor failed to comply with orders of the Court, including but not limited to his continued use of the White City 26 Inc. account after being

---

[1] This is the minimum number, found by Trojan in its review of White City 26 Inc. bank statements.

told not to, failure to timely file monthly operating reports, and failure to file monthly operating reports with even a minimum amount of accuracy and transparency..

(4) Failure to Meet Reporting Requirements (4)(F)

The Motion sets out Trojan's issues with the MORs, their timeliness and their contents. Only recently, we have learned through more complete accounting and reporting (and discovery) that a shocking amount of money is just being burned up by the Debtor

Extraordinary Circumstances?

The Debtor suggests in the opposition papers that the extraordinary circumstances exception applies. To meet it, the Debtor must show a reasonable likelihood that (1) a plan will confirm in a reasonable time, that (2) cause is other than continuing loss or diminution of estate without reasonable likelihood of rehabilitation, and (3) there exists reasonable justification for the act or omission of the debtor constituting cause, and the omission will be cured in a reasonable period of time. In our case, none of these are reasonably likely.

First, it has already been an unreasonable time since this case was filed, and with the absence of a plan and disclosure statement of record, it seems that it would be months longer in the best case until a plan can even be considered.

Second, cause in our case is exactly for continuing loss or diminution of estate without reasonable likelihood of rehabilitation – which was discussed at length above.

And third, there is no reasonable justification for the multiple omissions and acts of financial misfeasance and malfeasance on the part of the debtor, and no define path to cure them – especially the issues with missing and misappropriated funds. A lay person acting as a debtor in possession can only claim ignorance for so long and to so much of an extent before the Court must step in and rule that we have seen enough.

As stated above, the Debtor has had months to change his situation. If he isn't going to pay his secured creditors he should at least be saving money. We see no evidence of that in any of his pleadings. His last MOR showed about $15,000 on hand, which is about enough to pay one of the missed senior lien payments on one of his property.

Renewed Motion

The Debtor suggests that because this is a second motion to dismiss, its potency or relevance is somehow diminished Because the first motion was denied for improper service (and not heard on its merits), this is really the first time these issues come before the Court. Still, since filing the original motion, new facts have emerged that justify dismissal. In addition, the same old problems of inadequate disclosure and mismanagement of estate funds appear to remain.

Conference

Opposing counsel distorts the Court's recommendation that Trojan and the Debtor meet and confer as to these issues. Notably, the Debtor's new attorney hasn't picked up the phone or reached out to undersigned counsel. And she well could have: we are working through another complicated case with her. It is true that Trojan had been planning to file the Motion for several weeks: the issues in the Motion are fact heavy and novel to counsel and took some time to develop. The timing was actually unrelated to opposing counsel's appearance.

The Joinder

An additional secured creditor, US Bank as Trustee, has joined in the Motion and also seeks dismissal or conversion. There are no creditors working with the Debtor or asking the Court to maintain this Estate. US Bank encourages the Court to apply Section 1112(b) of the Code and consider in this case what is in the "best interest of creditors and the estate" then it is clear that the motion should be granted in some form. Nowhere is this more clear than in the undisclosed loans the Debtor appears to have taken and repaid in the weeks before he filed this case and the repayments he made before and after filing without disclosure – all preferential transfers to the detriment of the estate and its creditors. The choice of conversion or dismissal under section 1112(b) must be based on a "best interest of creditors and the estate" test. *See, e.g.*, In re T.S.P. Indus., Inc., 117 B.R. at 376. Once cause is established, the interests of the Debtor are not considered – only those of the creditors and the bankruptcy estate.

In addition to the grounds stated in the motion and the joinder, Trojan has discovered that the Debtor borrowed money from a "factor" weeks before filing this case and repaid those factors

– at least three of them – daily, both pre and post petition. Those funds need to be clawed back

for the benefit of the estate, and the Debtor is unlikely to do so as it is not in his best interests. In

fact, he hasn't even disclosed the existence of the debt. As stated above the preferential payments

to the factor(s) total $100177.40 prepetition (from October 2015 through the date of filing) and

$84278.31 post petition, a total of $184,455.71 – an amount which must be returned to the Estate

together with the amounts set forth in the Motion in order for the Debtor to "rehabilitate"

himself.

Argument

Ch11 is designed to advance the "two recognized policies of preserving going concerns

and maximizing property available to satisfy creditors." Bank of America v. 203 N Lasalle LLC,

526 U.S. 434, 435 (1999). Put another way, the two recognized policies underlying Chapter 11

are preserving going concerns and maximizing property available to satisfy creditors, Id., *citing*

*Toibb v. Radloff, 501 U.S. 157.*  Our case does neither of these: there is no business to preserve –

debtor will be the same realtor with our without this case. And there is no rental property

business either: Debtor intends to surrender the Jazmin property (see short sale motion); his

mother lives in Maiz without paying for it (the property securing US Bank's interest); he lives in

Peras without paying for it (the property securing Trojan's interest); and one of the vehicles is to

be returned imminently at the end of its lease. Meanwhile, the Debtor spends thousands of dollars

a month without meaningful return. Nothing the Debtor does advances his cause, his business, or

that of his creditors.

In Burlingham v. Crouse, 228 U.S. 459, 473, 33 S.Ct. 564, 568, 57 L.Ed. 920 (1913), the

Supreme Court stated that "the two-fold purpose of the Bankruptcy Act [is] to convert the estate

of the bankrupt into cash and distribute it among creditors and then to give the bankrupt a fresh

start...."  None of this is happening here, and it should.

Trojan argued in the Motion, and maintains, that the Debtor has mismanaged the

bankruptcy estate, diminished its assets, and/or has failed to complete with orders of this Court.

Trojan established cause on multiple grounds, and none of the exceptions apply. There are not

extraordinary circumstances to justify not dismissing the case. In fact, the Debtor has run afoul of

the rules of this Court and his duties as a fiduciary in so many ways that it would be impossible

for him to rehabilitate and present a viable plan that might someday be confirmed.

And the creditors shouldn't have to wait. Two creditors are objecting now. Trojan has

been parked in this case for 14 months now, watching its equity interest fade away as the Debtor

is unwilling or unable to pay the lienholder senior to Trojan. Trojan's ongoing harm outweighs

the interest of the Debtor, who does not appear to be serious about the case, in rehabilitating and

reorganizing.

The Debtor argues that Trojan has aggressively sought to assert its interests *as though this*

*is a bad thing*. Trojan has no other remedy at law, and every month that goes by without the

Debtor paying the lienholder senior to Trojan, Trojan loses more equity. Trojan is uniquely

motivated to pursue dismissal.

Trojan has availed itself of every remedy known to it: it has moved for relief from the

stay, opposed every motion, requested dismissal at every hearing, and moved to dismiss the case.

Every month that goes by costs Trojan money.

Ch11 is not a panacea for every debtor in distress. Not all troubled business can be

rehabilitated or reorganized. In re Great American Pyramid Joint Venture, 144 BR 780, 789 (WD

Tenn 1992). This Debtor has tried and failed to navigate Chapter 11, and his journey should end

now.

**WHEREFORE**, Trojan renews its request that this Court enter an Order dismissing this case, or

converting it to one under Chapter 7 in the alternative, and for such other relief as this Court may

deem just and proper.

Dated:  August 29, 2017                    TROJAN CAPITAL INVESTMENTS LLC

                                           By:___/s/ Henry D. Paloci III_____
                                           HENRY D. PALOCI, III
                                           Attorney for the Creditor

HENRY D. PALOCI III (California State Bar No. 268970)
hpaloci@hotmail.com
Henry D. Paloci III PA
5210 Lewis Road #5
Agoura Hills, CA 91301
Telephone:  805.498.5500
Facsimile:  866.565.6345
Attorneys for Creditor TROJAN CAPITAL INVESTMENT LLC

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

SAN FERNANDO VALLEY DIVISION

| | |
|---|---|
| In Re:<br><br>TOMER FRIDMAN,<br><br>               Debtor(s). | Case No. 1:16-bk-11729-MB<br><br>Chapter:    11<br><br>**DECLARATION OF HENRY D. PALOCI III IN SUPPORT OF MOTION TO DISMISS** |

## <u>DECLARATION OF HENRY D. PALOCI III</u>

Henry D. Paloci III, hereby declares as follows:

1.   I have personal knowledge of the facts set forth below and, if called to testify, would and could competently testify thereto.

2. I am attorney licensed to practice before this Court and in the federal and bankruptcy courts of the Southern, Eastern, Northern, and Central Districts of California, and in the Middle and Southern Districts of Florida.

3. I have reviewed this case, as filed, in its entirety. I have also reviewed, several times, the bank statements of White City 26 Inc. that were provided to me, for my client, during the Rule 2004 examination process. I make these statements based upon that review.

4. In addition to the facts and circumstances justifying dismissal set out in the Motion, I have also noted that the Debtor borrowed money from multiple factoring lenders in the

period immediately before the case was filed. The reason why those "factors" have not appeared in this case is that the Debtor continued to pay them through his alter ego, White City 26 Inc.

5. From looking at the bank statements of White City 26 Inc., it appears that the Debtor, through this entity, received $39499 in loan proceeds from Strategic SFS on April 26, 2016, $19340 in loan proceeds from EBF Partners on April 7, 2016, and $49195 from Strategic SFS on October 22, 2015 – a total of $108034. This case was filed June 9, 2016.

6. The Debtor also appears to have borrowed from a factor called "LoanMe," which debited $4317.77 monthly from the White City account starting December 1, 2015. It is unclear how much the Debtor received. The payments to LoanMe continued monthly post petition.

7. I created a spreadsheet detailing the received loan proceeds and payments on the loans. The payments were made most business days – daily payments. The payments total $100177.40 prepetition (from October 2015 through the date of filing) and $84278.31 post petition. I infer from the timing that the payments ended when the Debtor retained Mr. Brownstein.

8. Because the Debtor has admitted on the record in open court that the assets of White City 26 Inc. are estate property (assets of the Debtor), these all constitute preferential transfers.

9. Based on the foregoing, in the Motion and in this Reply, I respectfully request that the Court enter an Order granting the Motion.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this _29__th day of _____August_____, 2017 at ___Westlake Village_, California.


___/s/ Henry D. Paloci III_____
HENRY D. PALOCI III

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

5210 Lewis Road #5,
Agoura Hills, CA 91301

A true and correct copy of the foregoing document entitled: REPLY RE: MOTION TO DISMISS

 will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) 5/9/2017 8/29/17, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

US Trustee, ustpregion16.wh.ecf@usdoj.gov; William McDonald III,caecf@tblaw.com; Erica Loftis, erica.loftis@buckleymadole.com; Jamie Hanawalt/ Gilbert Yabes, ecfcacb@aldridgepite.com; Todd Garan, ch11ecf@aldridgepite.com; Daimler Trust, notices@bkservicing.com;Daniel Fujimoto, wdk@wolffirm.com; Kristin Zilberstein, bknotice@mccarthyhothus.com; William Brownstein, brownsteinlaw.bill@gmail.com; Margaux Ross, margaux.ross@usdoj.gov; Stella Havkin@shavkin@havkinshrago.com

☐ Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On (*date*) 5/9/2017 8/29/17  , I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.
~~Tomer Pridman, 25420 Prado de las Peras, Calabasas, CA 91302~~
None.

☐ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) xxxxxxxx 8/29/17, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to 5/8/2017 such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

Hon. Martin Barash, 21041 Burbank Blvd Ctrm 303, Woodland Hills, CA 91367

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 8/29/2017 | Henry D. Paloci III | /s/ Henry D. Paloci III |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.