HENRY D. PALOCI III (California State Bar No. 268970)
hpaloci@hotmail.com
Henry D. Paloci III PA
5210 Lewis Road #5
Agoura Hills, CA 91301
Telephone: 805.498.5500
Facsimile: 866.565.6345
Attorneys for Creditor TROJAN CAPITAL INVESTMENTS LLC

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

SAN FERNANDO VALLEY DIVISION

| | |
|---|---|
| In Re: | Case No. 1:16-bk-11729-MB |
| TOMER FRIDMAN, | Chapter: 11 |
| Debtor(s). | **REPLY RE: MOTION FOR RELIEF FROM AUTOMATIC STAY** |
| | **Hearing Set:** |
| | **Date:** September 6, 2017<br>**Time:** 10:00AM<br>**Courtroom: 303**<br>**Place:** 21041 Burbank Blvd.<br>    Woodland Hills, California |

**COMES NOW** TROJAN CAPITAL INVESTMENT LLC, a creditor in this action (hereinafter "Trojan"), through undersigned counsel, and replies to the opposition filed by the Debtor and to the joinder filed by another secured creditor with respect to its Motion for Relief from the Automatic Stay (the "Motion") as follows.

1. <u>Cause: Nonpayment</u>. As set forth in the Motion, Trojan is the junior lienholder encumbering the Debtor's primary residence. Trojan has received no payments at all since this case was filed – a total of 14 missed payments. The senior lienholder has not been paid either, which reduces Trojan's equity position. Debtor disputes none of these allegations in the opposition, and bizarrely argues that the Court has instructed the Debtor not to pay these obligations. Trojan knows of no such direction. (Notably, there is no cash collateral order restricting the use of the Debtor's funds.) Failure to remain current post petition on a secured obligation is a classic reason to grant relief from the Stay. This Motion is not premature: rather, it should have been granted months ago.

2. <u>Equity Cushion</u>: Trojan is partly secured. Trojan becomes less secured daily as the Debtor declines to pay the senior lienholder. An undersecured creditor lacks adequate protection of its interest where its interest in the debtor's property is decreasing in value. <u>In re Rupprect</u> 161 BR 48, 49 (Neb. 1993), *citing* <u>In re Robbins</u>, 119 B.R. 1, 6 (Bankr.D.Mass.1990). In <u>Rupprect</u>, the movant/creditor's equity position decreased as interest accrued on a senior tax lien, In our case, Trojan' s interest is decreasing in value because the amount of interest owed the senior lienholder is accruing post petition. In fact, Trojan argues that the Debtor has declined to pay the senior lienholder with intent so as to increase the balance due the senior lienholder, which will increase its chances of avoiding Trojan's lien based on valuation. Despite Trojan's best efforts, the Debtor has

parked this case and his debt in this Court for 14 months without making any payments on any of the debt secured by real estate. This is fundamentally unfair: by not taking any action, the Court has skewed the bankruptcy process in favor of this Debtor when the interests of creditors should at minimum be equally considered.

3. <u>Junior Status</u>: Trojan remains entitled to relief despite its status as a junior lienholder. In <u>Ridgemont Apt Assoc. Ltd v. Atlanta English Village Ltd.</u>, 110 BR 77, 82 (N.D. GA 1989), the movant, a junior lienholder, saw its property interest consumed by the accruing interest of the senior lienholder. Interest accrued in favor of the senior lienholder, to the detriment of other secured but second priority creditors. As interest accrued by nonpayment, it "eats up the 'security cushion' and erodes the property interest available to junior creditors … to the extent this erosion occurs, the junior creditor's interest in the debtor's property is depreciated." <u>Id</u>. As in our case, the <u>Ridgemont</u> debtor had no equity in the property. As a result, the interest for the junior lienholder (the movant) in the property is diminished each month to the extent of the interest accrued against the property on the FHLMC indebtedness. <u>Id.</u> at 82-83. Such a debtor is entitled to relief or adequate protection.

4. <u>Adequate Protection</u>: Under these circumstances, Trojan is entitled to relief, or, at minimum, adequate protection the form of making Trojan whole with respect to its equity position. <u>Ridgemont</u> discussed this situation. The <u>Ridgemont</u> court, in an analogous fact pattern, found that the junior lienholder was entitled to adequate protection to the extent necessary to preserve the status quo of the junior lienholder's equity position. That court went on to explain that the payments are not compensation for the "use value" of the collateral or for lost opportunity costs resulting from the delay in foreclosure caused by

the stay, which a creditor in this junior position would not be entitled to receive under the holding of United Sav. v. Timbers of Inwood Forest, 484 U.S. 380 (1988). Adequate protection payments in this context are not to compensate the junior lienholder for the delay that has arisen on account of the bankruptcy process; rather, adequate protection would maintain the Movant's equity position and compensate Movant for the decline in value of the security interest due to the increase in the claim of the senior secured creditor for accruing interest. Because the Stay, combined with the Debtor's failure to pay the senior lienholder, is eroding Movant's interest in the subject property, adequate protection or full relief from the Stay is appropriate. In our case, that is easy to calculate: Trojan has lost equity in this case in the amount of the difference between the balance owed the senior lienholder today and the balance owed on the date the case was filed. The Debtor should be required to either bring the senior lienholder current post petition or pay adequate protection payments to Trojan in the amount of its lost equity. If the Debtor can do neither (and, examining the Debtor's MORs, the cannot), then relief from the Stay is the only true remedy available to Trojan. Trojan seeks relief from the Stay.

5. <u>Not Wholly Unsecured</u>: Trojan argues that in any event it is partially secured and entitled to full treatment as a creditor encumbering the Debtor's homestead. The Debtor argues that Trojan is unsecured and not entitled to relief. The Debtor has acted in bad faith and with intent, as discussed above, to increase its chances of rendering Trojan wholly unsecured by not paying the senior lienholder. The Court should consider this factor as it weighs the Motion.

6. <u>No Equity to the Debtor</u>: There is no equity available to the Debtor in the subject property, as calculated in the Motion, and it isn't close. The Debtor has not disputed this

calculation. The classic test for determining equity under section 362(d)(2) focuses on a comparison between the total liens against the property and the property's current value. In re Indian Palms Associates Ltd*.,* 61 F.3d 197 (3d Cir. 1995), *citing* Stewart v. Gurley, *745* F.2d 1194, 1195 (9th Cir.1984); *In re Hanley,* 102 B.R. 36, 37 (W.D.Pa.1989); La Jolla Mortg. Fund v. Rancho El Cajon Assocs*.,* 18 B.R. 283, 290 (Bankr.S.D.Calif.1982); *I*n re Gardner*,* 14 B.R. 455, 456 (Bankr.E.D.Pa.1981); In re Mikole Devels. Inc.*.,* 14 B.R. 524, 524 (Bankr.E.D.Pa.1981). "All encumbrances are totalled to determine equity whether or not all lienholders have requested relief from the stay." In re Trina-Dee Inc., 26 B.R. 152, 154 (Bankr.E.D.Pa.1983), *aff'd,* 731 F.2d 170 (3d Cir.1984). This weighs toward granting the Motion.

7. Necessary to Effective Reorganization: Under 11 U.S.C. § 362(d)(2), a party in interest is entitled to relief from the automatic stay of any acts against property if "(A) the debtor does not have any equity in such property; and (B) such property is not necessary to an effective reorganization." *See* In re Indian Palms Assocs. 61 F.3d 197, (3d Cir. 1995), Stewart v. Gurley, 745 F.2d 1194, 1195 (9th Cir. 1984). As shown above, Debtor has no equity in the subject property. As documented by the fact that the Debtor has not paid either lienholder in the 14 months since this case was filed, and the fact that the Debtor has about $15,000 in cash on hand (according to the Debtor's last MOR), the Debtor doesn't earn or have enough money to make any payments to any lienholder. Thus, no reorganization that the Debtor can propose can possibly be "effective." Trojan further argues that this property isn't "necessary" to the Debtor, and the Debtor isn't financially capable of a "reorganization" that includes this property. Ordinarily, we presume that a primary residence is necessary to a reorganization. Trojan submits that, for the Debtor,

trying to hold onto these properties that he clearly cannot afford is counterproductive. Debtor will be best served in his situation to let go of this property and its debt service, which doesn't generate income or perform any utilitarian use for the Debtor. Relief under Section 362(d)(2) is also appropriate.

8. <u>Bad Faith</u>: Trojan argued that relief is appropriate under Section 362(d)(4) of the Code as well. Debtor argues that he filed the case in the first place for a legitimate bankruptcy purpose. *See,* Opposition, pp. 2-3. Trojan submits that the case was filed in bad faith not in its intent but rather in its form of filing. The Debtor filed a Chapter 13 petition in which he was very obviously over the debt ceiling. He listed only a few creditors. He disclosed $2000 in monthly income (in rent), which proved to be utterly false. As in the Chapter 11 portion of the case, the Debtor failed to fully disclose his financial situation over a period of months. Bad faith in filing is more than just the subjective test of whether there was a valid bankruptcy purpose in the filing. This Debtor has a track record of nondisclosure and fiduciary misfeasance and malfeasance which supports a finding of bad faith.

**WHEREFORE**, Trojan renews its request that this Court enter an Order granting relief from the automatic Stay under 11 USC 362(d)(1), (2), and/or (4), and for such other relief as this Court may deem just and proper.

Dated: August 30, 2017            TROJAN CAPITAL INVESTMENTS LLC

                                                       By:___/s/ Henry D. Paloci III_____
                                                       HENRY D. PALOCI, III
                                                       Attorney for the Creditor

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

5210 Lewis Road #5,
Agoura Hills, CA 91301

A true and correct copy of the foregoing document entitled: REPLY RE: MOTION FOR RELIF FROM STAY

will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) 5/9/2017 xxxxxxx 8/30/17, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

US Trustee, ustpregion16.wh.ecf@usdoj.gov; William McDonald III, caecf@tblaw.com; Erica Loftis, erica.loftis@buckleymadole.com; Jamie Hanawalt/ Gilbert Yabes, ecfcacb@aldridgepite.com; Todd Garan, ch11ecf@aldridgepite.com; Daimler Trust, notices@bkservicing.com; Daniel Fujimoto, wdk@wolffirm.com; Kristin Zilberstein, bknotice@mccarthyhothus.com; William Brownstein, brownsteinlaw.bill@gmail.com; Margaux Ross, margaux.ross@usdoj.gov; Stella Havkin@shavkin@havkinshrago.com

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) 5/9/2017 xxxxxxx 8/30/17, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.
None.

Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) xxxxxxxx 8/30/17, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here 5/9/2017 constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

Hon. Martin Barash, 21041 Burbank Blvd Ctrm 303, Woodland Hills, CA 91367

Service information continued on attached page

☐
I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 8/30/2017 | Henry D. Paloci III | /s/ Henry D. Paloci III |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.