HENRY D. PALOCI III (California State Bar No. 268970)
hpaloci@hotmail.com
Henry D. Paloci III PA
5210 Lewis Road #5
Agoura Hills, CA 91301
Telephone: 805.498.5500
Facsimile: 866.565.6345
Attorneys for Creditor TROJAN CAPITAL INVESTMENTS LLC

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

SAN FERNANDO VALLEY DIVISION

| | |
|---|---|
| In Re: | Case No. 1:16-bk-11729-MB |
| TOMER FRIDMAN, | Chapter: 11 |
| Debtor(s). | **SUPPLEMENT TO MOTION TO DISMISS CASE PURSUANT TO 11 USC 1112(b)** |
| | **Continued Hearing Set:** |
| | Date: **September 11, 2017**<br>Time: **10:00AM**<br>**Courtroom: 303**<br>**Place:  21041 Burbank Blvd.**<br>    **Woodland Hills, California** |

**COMES NOW** TROJAN CAPITAL INVESTMENT LLC, a creditor in this action (hereinafter "Trojan"), through undersigned counsel, and supplements its motion to dismiss filed and pending before the Court. In Trojan's reply, Trojan submitted second hand evidence (from the analysis of Trojan's attorney) setting forth prepetition and postpetition preferential payments from the Debtor (through his alter ego, White City 26 Inc.) to various factoring creditors. Trojan believes that it may have not been specific enough in its original allegations.

Trojan noted that immediately before and for several months after the Chapter 13 filing on June 9, 2016, the Debtor borrowed and repaid commercial lenders (colloquially known as "factors" or factoring creditors). The terms are unknown to Trojan, but the terms are irrelevant. The bank statements of White City 26 Inc. show that the transactions occurred.

The main creditors at issue are Loanme, SFS Strategic Funding, and EBF Partners. Screenshots of each of their websites, attached as Exhibit 1 hereto, show that all three are in the business of lending to small businesses.

Bank statements of White City 26 Inc. are also attached hereto, as Exhibit 2. The offensive transactions are highlighted and match up with the spreadsheet attached to the reply.

The Debtor has never disclosed these payments, and was probably not going to, as it would not be in the Debtor's best interests. These transfers only came to light through Trojan's diligence in pursuing the financial affairs of this Debtor.

Some individuals simply aren't cut out for the responsibilities of Chapter 11. This Debtor seems to be one.

**WHEREFORE**, Trojan renews its motion to dismiss or convert this case to Chapter 7.

Dated:  September 5, 2017           TROJAN CAPITAL INVESTMENTS LLC

                                    By:___/s/ Henry D. Paloci III_____
                                    HENRY D. PALOCI, III

HENRY D. PALOCI III (California State Bar No. 268970)
hpaloci@hotmail.com
Henry D. Paloci III PA
5210 Lewis Road #5
Agoura Hills, CA 91301
Telephone:  805.498.5500
Facsimile:  866.565.6345
Attorneys for Creditor TROJAN CAPITAL INVESTMENT LLC

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

SAN FERNANDO VALLEY DIVISION

| In Re: | Case No. 1:16-bk-11729-MB |
|---|---|
| TOMER FRIDMAN, | Chapter:    11 |
| Debtor(s). | **DECLARATION OF HENRY D. PALOCI III IN SUPPORT OF MOTION TO DISMISS** |

## **DECLARATION OF HENRY D. PALOCI III**

Henry D. Paloci III, hereby declares as follows:

1. I have personal knowledge of the facts set forth below and, if called to testify, would and could competently testify thereto.
2. I am attorney licensed to practice before this Court and in the federal and bankruptcy courts of the Southern, Eastern, Northern, and Central Districts of California, and in the Middle and Southern Districts of Florida.
3. I have reviewed this case, as filed, in its entirety. I make these statements based upon that review.
4. On or about June 6, 2017, I examined the Debtor pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure. I also examined all of the bank statements provided by

the Debtor from April 2015 through May 2017 for the Debtor's alter ego, White City 26 Inc..

5. In examining these bank statements, I noted that immediately before and for several months after the Chapter 13 filing on June 9, 2016, the Debtor borrowed and repaid commercial lenders (colloquially known as "factors" or factoring creditors). The specific terms are unknown (cannot be ascertained from the information provided), but it is clear that transactions (moneys lent and repaid) involving White City 26 Inc. occurred.

6. Specifically, I noted money received from SFS Strategic Funding and EBF Partners in April 2016, weeks before this case was filed. I noted money debited from the White City 26 Inc. account daily during that period and without interruption post petition – after the date this case was filed. I also noted monthly (larger) payments to "Loanme."

7. I searched these three companies -- Loanme, SFS Strategic Funding, and EBF Partners – on the internet. Screenshots of each of their websites, attached as Exhibit 1 hereto, show that all three are in the business of lending to small businesses.

8. Bank statements for March 2016 through November 2016 of White City 26 Inc. are also attached hereto, as Exhibit 2. The offensive transactions are highlighted and match up with the spreadsheet attached to the reply. We didn't pick up any of this sooner because the Debtor wasn't required to file MORs while in Chapter 13 and the activity stopped pre-conversion. Also, the Debtor's initial MORs and disclosures were not complete.

9. At the initial hearing on use of cash collateral, the Debtor testified in open court that the assets of his corporate alter ego, White City 26 Inc., were really his personal property and thus property of the estate. By extension, all income and expenses of the alter ego are income and expenses of the Estate.

10. Based on the foregoing, I respectfully request that the Court enter an Order granting the Motion.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this _5__th day of ___September_____, 2017 at ___Westlake Village_, California.

___/s/ Henry D. Paloci III_____
HENRY D. PALOCI III