Stella Havkin (SBN 134334)
Havkin & Shrago Attorney at Law
5950 Canoga Ave. Ste. 400
Woodland Hills, CA 91367-5037
Telephone (818)-999-1568
Facsimile (818)-305-6040
Email: stella@havkinandshrago.com

Attorneys for Debtor and Debtor in Possession Tomer Fridman

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## SAN FERNANDO VALLEY DIVISION

|  |  |
|---|---|
| In Re:<br><br>    Tomer Fridman,<br><br>          Debtor and Debtor in Possession. | Case No.: 1:16-bk-11729-MB<br><br>Chapter 11<br><br>**DEBTOR'S FIRST AMENDED CHAPTER 11 PLAN OF REORGANIZATION**<br><br>Date: March 13, , 2018<br>Time: 1:30 p.m.<br>Courtroom:  303 |

1

2

## TABLE OF CONTENTS

Page

INTERPRETATIONS AND RULES OF CONSTRUCTION............................2

    A.    Interpretation, Computation of Time and Governing Law..................3

    B,    Time Periods...............................................................3

    C.    Section Numbers..........................................................3

VOTING INSTRUCTIONS.....................................................3

    A.    Who may vote:.............................................................3

    B.    How to vote:..............................................................3

    C.    Effect of vote:............................................................4

**Article I-Treatment of Unclassified Claims**..................................4

    A.    Professional Fees.........................................................4

    B.    Other Administrative Claims..............................................4

    C.    Tax Claims...............................................................5

**Article II-Classification and Treatment of Claims**............................6

    Class 1: Priority Claims.....................................................6

    Class 2: Secured claims on Debtor's principal residence.......................7

    Class 3: Secured claims on real property other than the Debtor's principal residence.......7

    Class 4: Unimpaired secured claims on Collateral............................8

    Class 5: Unimpaired secured claims on Collateral to be Surrendered by Debtor..............9

    Class 6: Class of Undisputed Unsecured Claims.............................9

    Class 7: Class of Disputed and Unliquidated Claims.........................9

    Class 8: Interested Holders................................................10

    Class 9: Insiders..........................................................10

**Article III-Allowance and Disallowance of Claims**...........................10

    A.    Disputed Claim..........................................................10

    B.    Delayed Distribution on Disputed Claims.................................10

**Article IV-Executory Contracts and Unexpired Leases**........................10

A.    Executory Contracts and Leases Assumed.................................................10

B.    Executory Contracts and Leases Rejected.................................................10

**Article V- Means of Implementation**.................................................................11

Means of Effectuating the Plan.................................................................11

1.    Funding the Plan.................................................................................11

2.    New Value.........................................................................................12

**Article VI-Discharge and Other Effects of Confirmation**..........................12

A.    Discharge............................................................................................12

B.    Vesting of Property............................................................................12

C.    Plan Creates New Obligations...........................................................13

D.    Creditor Action Restrained................................................................13

E.    Material Default Defined...................................................................14

F.    Distributions.......................................................................................14

G.    Final Decree.......................................................................................15

**Article VII-General Provisions**..........................................................................15

A.    Definitions and Rules of Construction..............................................15

B.    Effective Date of Plan.......................................................................15

C.    Severability.........................................................................................15

D.    Cramdown...........................................................................................15

E.    Modification of Plan..........................................................................15

F.    Revocation of the Order Confirming the Plan...................................16

G.    Binding Effect....................................................................................16

H.    Captions..............................................................................................16

I.    Controlling Effect...............................................................................16

J.    Disclaimers.........................................................................................16

K.    Tax Consequences of Plan.................................................................17

This First Amended Chapter 11 plan of reorganization ("Plan") under chapter 11 of the Bankruptcy Code provides for restructuring of the debts of the above-named Debtor. If confirmed, the Plan will bind all creditors provided for in the Plan, whether or not they file a proof of claim, accept the Plan, object to confirmation, or have their claims allowed. All Creditors should refer to Articles I- IV of this Plan for the precise treatment of their claims. The language in the Plan is binding. **Your rights may be affected. You should read these papers carefully and discuss them with your attorney, if you have one.**

**INTERPRETATIONS AND RULES OF CONSTRUCTION**

A. <u>Interpretation, Computation of Time and Governing Law</u>

For purposes of the Plan: (1) whenever from the context it is appropriate, each term, whether stated in the singular or the plural, shall include both the singular and the plural; (2) any reference in the Plan to a contract, instrument, release or other agreement or document being in a particular form or on particular terms and conditions means that such document shall be substantially in such form or substantially on such terms and conditions; (3) any references in the Plan to an existing document or exhibit filed or to be filed means such document or exhibit, as it may have been or may be amended, modified or supplemented; (4) unless otherwise specified in a particular reference, all references in the Plan to Sections, Articles and Exhibits are references to Sections, Articles and Exhibits of or to the Plan; (5) the words "herein," "hereof," "hereto," "hereunder" and others of similar import refer to the Plan in its entirety rather than to only a particular portion of the Plan; (6) captions and headings to Articles and Sections are inserted for convenience of reference only and are not intended to be a part of or to affect the interpretation of the Plan; and (7) the rules of construction set forth in Section 102 of the Bankruptcy Code shall apply.

B. <u>Time Periods</u>

In computing any period of time prescribed or allowed by the Plan, the provisions of Bankruptcy Rule 9006(a) shall apply.

C. <u>Section Numbers</u>

References in this Plan and the Disclosure Statement to a Code section are references to the United States Bankruptcy Code (Title 11 of the United States Code) except as otherwise indicated.

**VOTING INSTRUCTIONS**

A. <u>Who may vote</u>: Only impaired creditors are entitled to vote. See, §1124. A creditor is entitled to vote on confirmation of the Plan unless (i) the creditor's class is unimpaired (presumed to accept the Plan) or is to receive no distribution (presumed to reject to the Plan); (ii) an objection has been filed to that creditor's claim; (iii) that creditor's claim is scheduled by the Debtor as contingent, disputed, unliquidated or unknown and the creditor has note filed a proof of claim; or (iv) the claim is unclassified (and thus required by law to be paid in full). A creditor whose claim has either been objected to or has been scheduled by Debtor as contingent, disputed, unliquidated or unknown or who has not filed a proof of claim and who wishes to vote, must move to have its claim allowed for voting purposes by filing a motion for such relief in time for that motion to be heard before the hearing on confirmation of the Plan ("Confirmation Hearing"). A creditor whose claim has been allowed in part as a secured claim and in part as an unsecured claim is entitled to accept or reject a Plan in each capacity by delivering one ballot for the secured part of the claim and another ballot for the unsecured portion of the claim.

B. <u>How to vote</u>: A voting creditor must fill out and return the attached ballot so that it is received by Debtor's counsel, at the following address:

FIRST AMENDED CHAPTER 11 PLAN          3          OF REORGANIZATION

Stella Havkin
Havkin & Shrago
5950 Canoga Avenue, Suite 400
Woodland Hills, CA 91367
Email: stella@havkinandshrago.com

<u>C. Effect of vote</u>: The Plan will be confirmed only if (i) it is accepted by each impaired

class, or (ii) it is accepted by at least one impaired class exclusive of insiders (as defined by 11

U.S.C. §101(31)), the Court determines the Plan is "fair and equitable" (as defined by 11U.S.C. §

1129(b)) to all dissenting classes of creditors, and the Plan meets all of the other criteria required

for confirmation. A class of creditors accepts the Plan if it is accepted by a majority in number

and at least two-thirds in dollar amount of creditors in that class timely voting.

**Article I - Treatment of Unclassified Claims**

Under Bankruptcy Code § 1123(a)(1), (i) administrative expense claims allowed under

Bankruptcy Code § 503(b) and entitled to priority under §507(a)(2)(including the claims of

professionals, United States Trustee fees and domestic support obligations arising post petition)

and (ii) priority tax claims under §507(a)(8) are not classified and are not entitled to vote on

confirmation of the Plan. These claims shall be treated as follows:

A. <u>Professional Fees.</u>

Professional fees may only be paid upon application to and approval by the Bankruptcy

Court.  Pursuant to agreement with Debtor's counsel, Debtor will pay his  counsel's fees upon

the Effective Date upon approval by the Court of the professional fees.

B. <u>Other Administrative Claims</u>.

Debtor will pay other claims allowed under §503(b) and entitled to priority under

§507(a)(2), including domestic support obligations arising post-petition and U.S Trustee fees, in

full on the Effective Date (although expenses arising and paid in the ordinary course of Debtor's

FIRST AMENDED CHAPTER 11 PLAN          4          OF REORGANIZATION

financial affairs may be paid as due), except to the extent that a holder of these claims agrees to

other terms.  The Debtor estimates he will have the following Administrative Claims:

| DESCRIPTION | AMOUNT OWED | TREATMENT |
| --- | --- | --- |
| Office of the United States Trustee Fees | $1,800.00 per Quarter (Estimate) | Paid in full every quarter until the entry of a Final Decree closing the case. |
| Havkin & Shrago | $25,000.00 (Estimate) | Court approved fees on 2/6/2018 in the sum of $65,843.52 with $25,000 paid and balance will be paid by March, 2018.. |
| Emmanuel Rubin | $1,500.00 | Fees approved and paid . |
| MORS preparer | $1,800 | Fees approved and paid . |
| William Brownstein | $51,000 | The application was objected to by the OUST, Trojan, Debtor and the Court.  The parties stipulated that Brownstein will be entitled to keep $51,000 that he received but not receive any further monies sought. |

C.  Tax Claims.

Except as noted under "Tax claim(s) treatment details," if any, Debtor will make a lump

sum payment of each claim entitled to priority under §507(a)(8) upon the Effective Date of the

Plan.  A complete list of priority debts is included in the Disclosure Statement which had been

previous filed and approved by the Bankruptcy Court.

This class includes allowed claims entitled to priority under §507 of the Bankruptcy Code (except administrative claims under § 507(a)(2) and priority tax claims under § 507(a)(8), which are treated in Article I). Except as noted under "Tax claim(s) treatment details," if any, Debtor will pay claims entitled to priority under §507(a)(8) in full over 37 months in equal amortizing payments in accordance §511 of the Bankruptcy Code.

| DESCRIPTION | PROOF OF CLAIM | TREATMENT |
| --- | --- | --- |
| Internal Revenue Service Priority Portion of Claim: $100,592.45 | #19 Proof of Claim Filed 9/6/2017 | The Debtor will make 43 payments of $2,841.06 which consists of principal and interest at 4.5%. |
| **Franchise Tax Board: Priority Claim: $35,594.47** | **#12 Proof of Claim filed on 12/13/2016** | The Debtor will make payments of $872.00 over 37 months consisting of principal and interest at 4.5%. |
| **TOTAL PRIORITY TAX CLAIMS** | **$136,186.92.** | |

### Article II - Classification and Treatment of Claims

### Class 1: Priority Claims

This class includes allowed claims entitled to priority under §507 of the Bankruptcy Code (except administrative claims under §507(a)(2) and priority tax claims under §507(a)(8), which are treated in Article I). Debtor has creditors in Classes 1(a) though 1(f) as indicated:

| DESCRIPTION | PROOF OF CLAIM | TREATMENT |
| --- | --- | --- |
| Internal Revenue Service Priority Portion of Claim: $100,592.45 | #19 Proof of Claim Filed 9/6/2017 | The Debtor will make 43 payments of $2,841.06 which consists of principal and interest at 4.5%. |

| | | |
|---|---|---|
| **Franchise Tax Board: Priority Claim: $35, 594.47** | **#12 Proof of Claim filed on 12/13/2016** | The Debtor will make payments of $872.00 over 37 months consisting of principal and interest at 4.5%. |
| **TOTAL PRIORITY TAX CLAIMS** | **$136,186.92.** | |

### Class 2: Secured claims on Debtor's principal residence

This class include claims secured solely by the Debtor's principal residence.

| DESCRIPTION | PROOF OF CLAIM | TREATMENT |
|---|---|---|
| JPMorgan Chase Bank, NA.: $2,103,964.04 | #23-1 Proof of claim filed 3/24/2017 | Debtor will pay the arrears of $182,266 with $20,000 payment from the DIP account and the balance over the course of 60 months in the amount of $2,704.43.  The mortgage payments will resume on the effective date with 4% fixed interest rate with taxes and insurance escrowed for a total monthly payment of $10,091.84. |

This class is impaired and entitled to vote on confirmation of the Plan.

.    **Class 3: Secured claims on real property other than the Debtor's principal residence**

This class includes claims secured by a lien on property other than the Debtor's principal residence in which Debtor has an interest that is impaired under the Plan.

| DESCRIPTION | PROOF OF CLAIM | TREATMENT |
|---|---|---|
| Christiana Trust: $2,108,528.70 plus prepetition arrears of approximately $232,017.39 since the filing of the | #16 Proof of claim filed on 10/16/2016 | The Debtor was  seeking loan modification.  The loan modification was denied because |

| | | |
|---|---|---|
| petition.  Pursuant to a stipulation with US Bank, Debtor commenced making payments in October, 2017 at $13,636. The mortgage was transferred from Christina Trust to US Bank. | | the Debtor could not repay the arrears within six months The Debtor will also be filing a motion to value this Property for the purpose of cramming down the loan to the value of the Property which is believed to be worth $1,650,000.  Debtor proposes to restructure the loan to fixed rate of 4.5% with monthly payments of $8,360.31 plus escrow of $1,792 for a total monthly payment of $10,152,31. If the motion to value is determined to be a different amount, the Debtor's payment will have to increase or decrease depending on the Court's finding |

**This class is impaired and entitled to vote.**

**Class 4: Unimpaired secured claims on Collateral**

This class includes claims secured by a lien on property in which the Debtor has an interest that are unimpaired under the Plan..

| DESCRIPTION | PROOF OF CLAIM | TREATMENT |
|---|---|---|
| Bank of America | 10-1 | This claim is for a loan secured by Debtor's 2013 Land Rover shall be unimpaired and Debtor's Plan will not modify or alter the legal, contractual or equitable rights under the Claim. To the extent there are any pre or post-petition arrears on this Claim by time of confirmation, they shall be cured on or before the Effective Date of Debtor's Plan |
| Mercedes Benz Financial Services | | This claim is for a lease of the Debtor's mother's car.  The lease is current and will not be paid through the plan. |

**Class 5: Unimpaired secured claims on Collateral to be Surrendered by Debtor**

This class includes claims secured by a lien on property in which the Debtor has an interest that are unimpaired under the Plan..  The Debtor has no creditors in Class 5.

**Class 6: Class of Undisputed Unsecured Claims.**

This class includes unsecured claims which are not disputed.   This class includes all allowed unsecured claims. See, **Exhibit B** attached to the Fridman Declaration and to the Disclosure Statement for a complete list of unsecured claims, which includes all proofs of claim filed with the Court as of the date of this herein filing.  Each member of Class 6 shall then be paid a pro rata percentage from the anticipated recovery from the turnover over defendants as well as pro rata distribution from monthly installments of $359.41 starting on the Effective Date over the course of 60 months as well as pro rata distribution from the additional payments of $3,840.80 for 23 months after the repayment of the priority claims in the total amount of 32..9% of their claims.  However, if the Court determines that the value of the La Maiz Property is higher and the mortgage payment will need to be increased, then the payment to the unsecured creditors will have to decrease by the amount of the increase

**This class is impaired and entitled to vote on confirmation of the Plan.**

**Class 7: Class of Disputed and Unliquidated Claims.**

There are no claims which are disputed and unliquidated.   Fridman Decl., ¶46.

**This class is not impaired and not entitled to vote on confirmation of the Plan.**

**Class 8: Interested Holders**

 The Debtor's interest holders consist of Tomer Fridman.

**Class 9**: **Insiders:**

This class consists of the Debtor Tomer Fridman and his mother. Insiders are defined in the Bankruptcy Code 11 U.S.C. §101(31)(A)(i).    Pursuant to the Bankruptcy Code, insiders are not entitled to vote in favor of the Chapter 11 plan.

### Article III - Allowance and Disallowance of Claims

A.    Disputed Claim. A disputed claim is a claim that has not been allowed or disallowed and as to which either: (i) a proof of claim has been filed or deemed filed and the Debtor or another party in interest has filed an objection; or (ii) no proof of claim has been filed and the Debtor has scheduled such claim as disputed, contingent, unliquidated or unknown.

B. Delayed Distribution on Disputed Claims. No distribution will be made on account of a disputed claim unless that claim is allowed by final non-appealable order.

### Article IV - Executory Contracts and Unexpired Leases

A. Executory Contracts and Leases Assumed. The Debtor assumes the following executory contracts and unexpired leases, effective upon the Effective Date, and shall perform all obligations thereunder, both pre-confirmation and post-confirmation: Mercedes Benz lease and Bank of America automobile purchase agreement.

B. Executory Contracts and Leases Rejected. As of the Effective Date, the Debtor will be conclusively deemed to have rejected all executory contracts and/or unexpired leases not previously assumed or listed in Article IV(A) of this Plan.  There are no such contracts or leases in the Debtor's Plan. Statement. Claims arising from the rejection of an executory contract or unexpired lease under this section are general unsecured claims in Class 6, except to the extent this Court orders otherwise. A proof of claim arising from the rejection of an executor contract or

FIRST AMENDED CHAPTER 11 PLAN                10                OF REORGANIZATION

unexpired lease under this section must be filed no later than thirty (30) days after the date of the

order confirming this Plan. NOT APPLICABLE.

<b>Article V - Means of Implementation</b>

<u><b>Means of Effectuating the Plan</b></u>

1.    **Funding the Plan**

The Plan shall pay 32.9% of the Debtor's undisputed and liquidated creditors. The Debtor

is proposing the Effective Date to be April 15, 2017.  The Debtor will also pay to the unsecured

creditors moneys which are projected to be recovered from adversary proceedings against post-

petition payment creditors – Loanme, Strategic Funding, EBF Partners and Gideon Fridman with

the projected amount of recovery of $70,000.

The Debtor also estimates $359.410 of monthly income available to fund plan payments

to general undisputed unsecured creditors over the course of 60 months. Further, after the

repayment of the priority claims, the Debtor will pay an additional $3,840.80 for 23 months. See,

**Exhibit "A"** attached to the Disclosure Statement showing the Debtor's projected monthly

income   However, if the Court determines that the value of the La Maiz Property is higher and

the mortgage payment will need to be increased, then the payment to the unsecured creditors will

have to decrease by the amount of the increase.

2.    **New Value**

Isadora Fridman will be providing the Debtor with $23,000 as contribution and new

capital to his Plan.  The amount is not a loan and it will for the purpose of contributing towards

the downpayment for either the arrears or payment on the US Bank mortgage.

The new value contribution must be substantial in comparison to the total amount of

unsecured claims, the total amount of claims being discharged; or the dividend being paid on

unsecured claims by virtue of the contribution.  However, courts have held that a new value

contribution of 4% of the total unsecured debt was substantial.  *In re Elmwood, Inc.* (D NV

1995) 182 BR 845,853.  Here, the unsecured claims are $542,326, 4% of such claims is $21,693

and the proposed new value contribution from Isadora Fridman would be $23,000 which is in

excess of 4%.  This amount will be paid on the effective date.

Isadora Fridman, as the Debtor's business partner and mother, is the most feasible source of new

capital because she has a stake in the Debtor's success.  Ms. Fridman is able and willing to gift

her son $23,000 for him to keep his Maiz property where she resides.  Further, she is not

acquiring any interest in the Debtor's estate but is simply providing a gift which benefits the

Debtor, herself and the creditors of the Debtor's Estate

### Article VI - Discharge and Other Effects of Confirmation

A. <u>Discharge</u>. Upon completion of all payments under the Plan, the Debtor will

receive a discharge of all pre-confirmation debts, whether or not the creditor files a proof

of claim, accepts the Plan, or has its claim allowed, except as provided in §1141 of the

Bankruptcy Code. Such discharge will not discharge Debtor from any debts that are non-

dischargeable under §523 of the Bankruptcy Code.  There are no Section 523 claims in this case.

B. <u>Vesting of Property</u>. On the Effective Date, all property of the estate will vest in the

reorganized Debtor pursuant to §1141(b) of the Bankruptcy Code, free and clear of all claims

and interests except as provided in the Plan.

From and after the Effective Date, the Debtor may operate and may use, acquire, and

dispose of property, and compromise and settle any claims or causes of actions without

supervision or consent of the Bankruptcy Court, free from any restrictions by the Bankruptcy

Code and Bankruptcy Rules.

The Debtor shall have, retain, reserve and be entitled to assert all claims, causes of action, rights of setoff and other legal or equitable defenses that the Debtor had immediately prior to the Petition Date as fully as if the Debtor's bankruptcy case had not been commenced; and all of the Debtor's legal and equitable rights respecting any such claim, which is not specifically waived, extinguished, relinquished or transferred by the Plan may be asserted after the Effective Date.

C. Plan Creates New Obligations. The payments promised in the Plan constitute new contractual obligations that replace those obligations to creditors that existed prior to the Effective Date.

D. Creditor Action Restrained. Except with respect to claims that are unimpaired, Creditors may not take any action to enforce either pre-confirmation obligations or obligations due under the Plan so long as the Debtor is not in Material Default under the Plan. Likewise, a creditor with a lien secured by property which was not protected by an automatic stay before the Plan is confirmed cannot take any action to interfere with said property post-confirmation of the Plan so long as the Debtor is not in Material Default under the Plan. If the Debtor is in Material Default under the Plan, then the affected creditor(s) may: (i) take any actions permitted under non-bankruptcy law to enforce the terms of the Plan or (ii) move to dismiss this case or to convert this case to a Chapter 7 bankruptcy case.

E. Material Default Defined. If Debtor fails to make any payment required under the Plan, or to perform any other obligation required under the Plan for more than fourteen (14) days after the time specified in the Plan, the affected creditor may serve upon Debtor and Debtor's attorney (if any) a written notice of default. The Debtor is in Material Default under the Plan if the Debtor fails within twenty-one (21) days of the service of such notice of default either: (i) to

cure the default or (ii) to obtain from the Court an extension of time to cure the default or a determination that no default occurred.

In the event of a Material Default or in the event of a conversion to Chapter 7, all assets of the reorganized Debtor shall re-vest in the Bankruptcy Estate. The automatic stay will be reimposed upon the re-vested property, but only to the extent that relief from stay was not previously authorized by the Court during this case. Post-confirmation, no further order of the Court shall be required before a creditor may exercise its rights under this paragraph.

F. Distributions. The Debtor shall make distributions pursuant to the Plan in U.S. dollars by checks drawn on domestic bank selected by the Debtor. The Debtor shall make distributions to secured creditors on a monthly basis in accordance with the requirements of the pre-petition loan agreements unless otherwise set forth by the Plan. The Debtor shall make distributions to unsecured creditors (Class 6) on a quarterly basis in accordance with the requirements of the Plan. Notwithstanding any other provisions of the Plan, no distributions will be made on account of claims in de minimis amounts of less than $50.00.

Any distributions under the Plan that are unclaimed, not negotiated or undeliverable for a period of six (6) months after distribution thereof shall be returned to the Debtor, free of any restrictions thereon, and any entitlement of any holder of any claim to such distribution shall be extinguished and forever barred.

G. Final Decree. Once the Plan has been substantially consummated, the reorganized Debtor shall file a motion with the Bankruptcy Court to obtain a final decree to close the Debtor's bankruptcy case. The Plan contemplates that the Chapter 11 case may be closed prior to all distributions being made under the Plan, with the Court retaining jurisdiction to the extent provided by law after the closing of the case by final decree.

### Article VII - General Provisions

A. Definitions and Rules of Construction. The definitions and rules of construction set forth in §§ 101 and 102 of the Bankruptcy Code shall apply when terms defined or construed in the Code are used in the Plan.

B. Effective Date of Plan. Generally, the Effective Date of the Plan is thirty (30) days following the date of entry of the order confirming the Plan unless a stay of the confirmation order is in effect, in which case the Effective Date will be the first business day after the date on which the stay of the confirmation order has been lifted, provided that the confirmation order has not been vacated.  The Debtor seeks to establish the Effective Date as April 15, 2018.

C. Severability. If any provision in the Plan is determined to be unenforceable, the determination will in no way limit or affect the enforceability and operative effect of any other provision of the Plan.

D. Cramdown. Debtor reserves the right to seek confirmation of the Plan notwithstanding the rejection of the Plan by one or more classes of creditors, pursuant to §1129(b) of the Bankruptcy Code.

E. Modification of Plan. The Debtor may seek to modify the Plan at any time after confirmation only if (1) the Plan has not been substantially consummated and (2) the Court authorizes the proposed modifications after notice and a hearing.

F. Revocation of the Order Confirming the Plan. The order confirming the Plan may also be revoked under very limited circumstances. The Court may revoke the order if the order of confirmation was procured by fraud and if the party in interest brings an adversary proceeding to revoke confirmation within 180 days after the entry of the order of confirmation.

G. Binding Effect. The rights and obligations of any entity named or referred to in this

Plan will be binding upon and will inure to the benefit of the successors or assigns of such entity.

H. Captions. The headings contained in this Plan are for convenience of reference only and do not affect the meaning or interpretation of the Plan.

I. Controlling Effect. Unless a rule of law or procedure is supplied by federal law (including the Bankruptcy Code or the Federal Rules of Bankruptcy Procedure), the laws of the State of California govern the Plan and any agreements, documents, and instruments executed in connection with the Plan, except as otherwise provided in this Plan.

J. Disclaimers. The financial data relied upon in formulating the Plan and contained in this Disclosure Statement is based on information provided by the Debtor. The Debtor represents that everything stated in the Disclosure Statement and the Plan is true to the Debtor's best knowledge. The Court has not yet determined whether the Plan is confirmable and makes no recommendation as to whether you should support the Plan.

The liquidation analysis, estimates and other financial information referenced herein, or attached as exhibits, have been developed by the Debtor with the assistance of Debtor's professional advisors. Although these professional advisors assisted in the preparation of this Disclosure Statement, and in doing so such professionals relied upon factual information and assumptions regarding financial, business and accounting data provided by the Debtor and third parties, this information has not been audited; the Debtor's professional advisors have not independently verified the financial information contained in the Disclosure Statement and Plan and, accordingly, make no representations as to its accuracy. Moreover, although reasonable efforts have been made to provide accurate information, the Debtor cannot warrant or represent that the information in the Disclosure Statement and Plan, including any and all financial information, is without inaccuracy or omission.

***No entity may rely upon the Plan or this Disclosure Statement, or any of the accompanying exhibits, for any purpose other than to determine whether to vote in favor of the Plan.*** Nothing contained in such documents constitutes an admission of any fact or liability by any party, and no such information may be deemed evidence of the tax or other legal effects of the Plan on holders of claims or interests in cases.

K. Tax Consequences of Plan. CREDITORS AND INTEREST HOLDERS CONCERNED WITH HOW THE PLAN MAY AFFECT THEIR TAX LIABILITY SHOULD CONSULT WITH THEIR OWN ACCOUNTANTS, ATTORNEYS, AND/OR ADVISORS. ANY DISCLOSURE PROVIDED IN THE PLAN OR DISCLOSURE STATEMENT OF POSSIBLE TAX CONSEQUENCES IS INTENDED SOLELY FOR THE PURPOSE OF ALERTING READERS ABOUT POSSIBLE TAX CONSEQUENCES IS INTENDED SOLELY FOR THE PURPOSE OF ALERTING READERS ABOUT POSSIBLE TAX CONSEQUENCES THIS PLAN MAY PRESENT TO THE DEBTOR. NEITHER THE DEBTOR NOR ANY PROFESSIONAL WHO ASSISTED IN PREPARING THE PLAN AND THIS DISCLOSURE STATEMENT CAN AND DOES REPRESENT THAT THE ASSESSMENT OF POTENTIAL TAX CONSEQUENCES CONTAINED IN THE PLAN OR DISCLOSURE STATEMENT ARE THE ONLY TAX CONSEQUENCES OF THE PLAN BECAUSE THE TAX CODE EMBODIES MANY COMPLICATED RULES THAT MAKE IT DIFFICULT TO STATE COMPLETELY AND ACCURATELY ALL THE TAX IMPLICATIONS OF ANY ACTION.

The Debtor does not anticipate that confirmation of the Plan will have a significant or material effect on Debtor's tax liability, but the Debtor makes no representations regarding the potential tax consequences to creditors.

1 | Dated: March 2, 2018                    Respectfully submitted,

2                                            By: _Tomer Fridman_

3                                            TO⎿ B1C4157051254F2...

4                                            Debtor and Debtor-in-Possession

5                                            HAVKIN & SHRAGO

6                                            By: */s/ Stella Havkin*

7                                            Stella Havkin
                                             Attorneys for Chapter 11 Debtor

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

5950 Canoga Avenue, Suite 400, Woodland Hills, CA 91367

A true and correct copy of the foregoing document entitled (*specify*): First Amended Plan of Reorganization
(#1)
_____
_____

will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) 03/02/2018_____, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

havkinlaw@earthlink.net; stella@havkinandshrago.com      ustpregion16.wp.ecf@usdoj.gov
  anb@severson.com, dgl@severson.com;efiling@severson.com      wdk@wolffirm.com
  alan.forsley@flpllp.com, awf@fkllawfirm.com,awf@fl-lawyers.net,addy.flores@flpllp.com
  ch11ecf@aldridgepite.com, TSG@ecf.inforuptcy.com;tgaran@aldridgepite.com  claims@recoverycorp.com

☑ Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On (*date*) 03/02/2018_____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☑ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) 03/02/2018_____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

Debtor(s)  (VIA E-MAIL; ADDRESS PROTECTED BY ATTORNEY-CLIENT PRIVILEGE)
Honorable Martin  R. Barash via court drop box

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| | | |
|---|---|---|
| 03/02/2018 | Stella Havkin | /s/ Stella Havkin |
| *Date* | *Printed Name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                 **F 9013-3.1.PROOF.SERVICE**

ecfcacb@aldridgepite.com, jhanawalt@ecf.inforuptcy.com

Brownsteinlaw.bill@gmail.com

Erica.Loftis@BuckleyMadole.com, Susana.Hernandez@BuckleyMadole.com

Caecf@tblaw.com, wfm@tblaw.com;snchampney@tblaw.com

randym@cookseylaw.com

jennifer.r.musial@salliemae.com

ecfnotifications@ghidottilaw.com

hpaloci@hotmail.com, hpaloci@calibankruptcy.com

bknotice@mccarthyholthus.com, kraftery@ecf.courtdrive.com

ecfcacb@aldridgepite.com, GRY@ecf.inforuptcy.com;gyabes@aldridgepite.com

rreynolds@bwslaw.com, psoeffner@bwslaw.com,tmims@bwslaw.com,rjrnef@
bwslaw.com;fcabezas@bwslaw.com
rgarcia@bwslaw.com, bantle@bwslaw.com,rjr-nef@bwslaw.com

Label Matrix for local noticing
0973-1
Case 1:16-bk-11729-MB
Central District of California
San Fernando Valley
Thu Aug 10 14:21:37 PDT 2017

Christiana Trust, a division of Wilmington S
14841 Dallas Parkway, Suite 300
Dallas, TX 75254-7883

Daimler Trust
c/o BK Servicing, LLC
PO Box 131265
Roseville, MN 55113-0011

Deutsche Bank National Trust Company, as Tru
The Wolf Firm
2955 Main Street Second Floor
Irvine, CA 92614-5909

Fay Servicing, LLC
Aldridge Pite, LLP
4375 Jutland Drive, Suite 200
P.O. Box 17933
San Diego, CA 92177-7921

Navient Solutions, LLC
220 Lasley Ave
Wilkes-Barre, PA 18706-1430

Trojan Capital Investments LLC
2618 San Miguel Dr. Ste 316
Newport Beach
Newport Beach, CA 92660-5437

United States Trustee (SV)
915 Wilshire Blvd, Suite 1850
Los Angeles, CA 90017-3560

San Fernando Valley Division
21041 Burbank Blvd,
Woodland Hills, CA 91367-6606

Ally
PO Box 380901
Bloomington, MN 55438-0901

Ally Bank
PO Box 130424
Roseville MN 55113-0004

American Express Centurion Bank
c/o Becket and Lee LLP
PO Box 3001
Malvern  PA 19355-0701

Andrew Kussmaul
Buckley Madole, P.C.
PO Box 9013
Addison, TX 75001-9013

Asset Acceptance, LLC
P.O. Box 2036
Warren, MI 48090-2036

BANK OF AMERIC ,A NATIONAL ASSOCIATION
C/O C T CORPORATION SYSTEM
818 WEST SEVENTH STREET, 2ND FLOOR
LOS ANGELES, CA 90017-3425

BANK OF AMERICA, NATIONAL ASSOCIATION
150 N COLLEGE STREET, NC1-028-17-06
CHARLOTTE, NC 28255-0001

Bank Of America, N.A.
PO BOX 31785
Tampa, FL 33631-3785

Bank of America, N.A.
PO Box 15312
Wilmington, DE  19850-5312

Bank of America, N.A.
Tony Harrison
PO Box 982284
El Paso, TX 79998-2284

Buckley Madole PC
PO Box 9013
Addison, TX 75001-9013

CIT BANK, N.A.
c/o CT CORPORATION SYSTEM
818 WEST SEVENTH STREET, 2ND FLOOR
LOS ANGELES, CA 90017-3407

CITBANK NA
1 CIT DRIVE
LIVINGSTON, NJ 07039-5703

COUNTRYWIDE HOME LOAN ,S INC.
c/o CT CORPORATION SYSTEM
818 WEST SEVENTH STREET, 2ND FLOOR
LOS ANGELES, CA 90017-3407

COUNTRYWIDE HOME LOANS, INC.
150 N COLLEGE STREET, NC1-028-17-06
CHARLOTTE, NC 28255-0001

Calvary SPC I LLC
2618 San Miguel Dr., Ste 316
Newport Beach, CA 92660-5437

Calvary SPC I LLC
PO Box 27288
Tempe, AZ 85285-7288

Cavalry SPV I, LLC
500 Summit Lake Drive, Ste 400
Valhalla, NY 10595-1340

Cavalry SPV I, LLC
c/o Bass & Associates, P.C.
3936 E. Ft. Lowell Rd., Suite 200
Tucson, AZ 85712-1083

Cavalry SPVI, LLC
POI Box 29482 MAC S4101-08C
Phoenix, AZ 85038-9482

Chase
PO Box 24696
Columbus, OH 43224-0696

Chase Records Center
Attn: Correspondence mail
700 Kansas Lane
Monroe, LA 71203-4774

Christiana Trust
Wilmington Savings Fund Society, FSB
939 W North Avenue, Ste 680
Chicago, IL 60642-1231

Christiana Trust, Trustee (See 410)
c/o FAY SERVICING, LLC
Bankruptcy Department
939 W. North Avenue Suite 680
Chicago, Illinois 60642-1231

Commissions Funding Solutions
1902 Wright Pl. Ste 200
Carlsbad, CA 92008-6583

DEUTSCHE BANK
60 WALL STREET
NEW YORK, NY 10005-2858

Daimler Trust
PO Box 5209
Carol Stream, IL  601975209

Deutsche Bank National Trust Company
c/o Select Portfolio Servicing, Inc.
P.O. Box 65250
Salt Lake City UT 84165-0250

Don A Madden III, President
Trojan Capital Investments, LLC
2618 Swan Miguel Dr Ste 316
Newport Beach, CA 92660-5437

Employment Development Department
PO Box 826880
Sacramento, CA 94280-0001

FNB Omaha
PO Box 3412
Omaha, NE 68103-0412

FRANCHISE TAX BOARD
BANKRUPTCY SECTION MS A340
PO BOX 2952
SACRAMENTO CA 95812-2952

First National Bank of Omaha
1620 Dodge St., Stop Code 3105
Omaha, NE 68197-0002

Franchise Tax Board
PO Box 2952
Sacramento, CA 95812-2952

Franchise Tax Board Chief Counsel
PO Box 1720 MS: A-260
Rancho Cordova, CA 95741-1720

Franchise Tax Board Claim Agent
George Guido
Sacramento, CA 95812-2952

George Guido
Franchise Tax Board BK Sec. MS A340
PO Box 2952
Sacramento, CA 95812-2952

Henry D Paloci III
2800 Camino Dos Rios #101A
Newbury Park, CA 91320-1138

(p)INTERNAL REVENUE SERVICE
CENTRALIZED INSOLVENCY OPERATIONS
PO BOX 7346
PHILADELPHIA PA 19101-7346

Internal Revenue Service
PO Box 7346
Philadelphia, PA 19101-7346

Isadora Fridman
3915 Prado del Maiz
Calabasas, CA 91302-3633

JPMorgan Chase Bank, National Association
c/o Chase Records Center
Attn: Correspondence Mail, Mail Code: LA
700 Kansas Lane
Monroe, LA 71203-4774

Kia Vang, Bankruptcy Agent
Ally Servicing LLC
4000 Lexington Ave. N Ste 100
Shoreview, MN 55126-3196

Lisa Looney
Midland Credit Management, Inc.
PO Box 2036
Warrren, MI 48090-2036

Loan Me
PO Box 5645
Orance, CA 92863-5645

Los Angeles County Tax Collector
PO Box 54110
Los Angeles, CA 90054-0110

MB Fin Svc
PO Box 961
Roanoke, TX 76262-0961

MTC FINANCIAL INC  DBA TRUSTEE CORPS
17100 GILLETTE AVENUE
IRVINE, CA 92614-5603

MTC FINANCIAL INC. DBA TRUSTEE CORPS
2112 BUSINESS CENTER DRIVE, FLOOR 2
IRVINE, CA 92612-7135

Main Street Acquisition Corp
c/o Becket and Lee LLP
PO Box 3001
Malvern PA 19355-0701

Mercedes Benz Financial Services
PO Box 961
Roanoke, TX 76262-0961

Mercedes Benz of Calabasas
24181 Calabasas Rd
Calabasas, CA 91302-1512

Midland Credit Management, Inc.
PO Box 2036
Warren, MI 48090-2036

NBS DEFAULT SERVICES LLC
301 EAST OCEAN BOULEVARD, # 1720
LONG BEACH, CA 90802-8813


Nancy Craft
Amex
1620 Dodge St Stop Code 3105
Omaha, NE 68197-0003

Navient Solutions, Inc. on behalf of
United Student Aid Funds, Inc.
Attn: Bankruptcy Litigation Unit E3149
PO Box 9430
Wilkes Barre, PA 18773-9430

Nordstm/Td
13531 E Caley Avservice Service
Englewood, CO 80111


ONEWEST BANK
C/O C T CORPORATION SYSTEM
818 WEST SEVENTH STREET, 2ND FLOOR
LOS ANGELES, CA 90017-3407

ONEWEST BANK
C/O FINANCIAL FREEDOM
2900 ESPERANZA CROSSING
AUSTIN, TX 78758-3658

ONEWEST BANK
C/O MTC FINANCIAL INC. DBA TRUSTEE CORPS
17100 GILLETTE AVENUE
IRVINE, CA 92614-5603


ONEWEST BANK, A DIVISION OF CIT BANK, N.A.
P.O. BOX 7056
PASADENA, CA 91109-7056

PRA Receivables Management, LLC
PO Box 41021
Norfolk, VA 23541-1021

Palatino Homeowners Association
c/o Mink Condominium Management
4040 Glencoe Avenue
Marina del Rey, CA 90292-5608


Payment Processing Center
PO Box 78367
Phoenix, AZ 85062-8367

Platino HOA c/o Mink Management
4040 Glencoe Ave
Marina del Rey, CA 90292-5608

(p)PORTFOLIO RECOVERY ASSOCIATES LLC
PO BOX 41067
NORFOLK VA 23541-1067


Raymond Cruz
Calvary Portfolio Services, Inc
500 Summit Lake Dr, Ste 400
Valhalia, NY 10595-2322

Rita Torres
Bass & Associates, P.C.
3936 East Ft. Lowell Rd Ste 200
Tucson, AZ  85712-1083

SPECIAL DEFAULT SERVICES, INC.
17100 GILLETTE AVENUE
IRVINE, CA 92614-5603


SYNCB/JCP
4125 Windward Plaza
Alpharetta, GA 30005-8738

(p)CALIFORNIA STATE BOARD OF EQUALIZATION
ACCOUNT REFERENCE GROUP MIC 29
P O BOX 942879
SACRAMENTO CA 94279-0029

State of California
Bankruptcy Section MS A340
Sacramento, CA


State of California Board of Equalization
400 N Street, MIC:73
Sacramento, CA 95814

THE BANK OF NEWYORK MELLON CORPORATION
225 LIBERTY STREET
NEWYORK, NY 10286-0001

TROJAN CAPITAL INVESTMENT IS LLC
1712 PIONEER AVENUE, SUITE 5333
CHEYENNE, WY 82001-4406


Tony Harrison
Bank of America
PO Box 982284
El Paso, TX 79998-2284

Trojan Capital Investments, LLC
2618 Swan Miguel Drive, Ste 316
Newport Beach, CA 92660-5437

Trojan Capital Investments, LLC
28786 Network Place
Chicago,  IL 60673-1287


(p)US BANK
PO BOX 5229
CINCINNATI OH 45201-5229

U.S. Small Business Administration
Attn: So Cal Legal Unit
330 North Brand Blvd., Ste 1200
Glendale, CA 91203-2320

USA Funds MC E2148
PO Box 6180
Indianapolis, IN 46206-6180

United States Dept of Justice
PO Box 683
Washington, DC 20044-0683

Wells Fargo Bank Payment Remittance
PO Box 6426
Carol Stream, IL 60197-6426

Wells Fargo Bank, N.A.
Business Direct Division
P.O. Box 29482
Phoenix, AZ 85038-9482


Zach Brown, Kim Marlo
1902 Wright Place Ste 200
Carlsbad, CA 92008-6583

Stella A Havkin
Havkin & Shrago
20700 Ventura Blvd
Ste 328
Woodland Hills, CA 91364-6282

Tomer Fridman
25420 Prado De Las Peras
Calabasas, CA 91302-3656


William Brownstein
11755 Wilshire Blvd Ste 1250
Los Angeles, CA 90025-1540




The preferred mailing address (p) above has been substituted for the following entity/entities as so specified
by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).


INTERNAL REVENUE SERVICE
300 N LOS ANGELES ST
MS 5022
LOS ANGELES, CA  90012

Portfolio Recovery Associates, LLC
PO Box 12914
Norfolk, VA 23541

(d)Portfolio Recovery Associates, LLC
c/o Best Buy Credit Card
POB 41067
Norfolk VA 23541


State Board of Equalization
PO Box 942879
Sacramento, CA

(d)State of California Board of Equalization
450 N Street, MIC:73
Sacramento, CA 95814-0073

U.S. BANK
C/O U.S. BANCORP
800 NICOLLET MALL
MINNEAPOLIS, MN 55402




The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.


(u)Ally Bank

(u)BANK OF AMERICA, N.A.

(u)Christiana Trust, a division of Wilmington


(du)Christiana Trust, a division of Wilmingto

(u)Courtesy NEF

(u)Ewing Realty Group, Inc.


(u)JP Morgan Chase Bank N.A.

(d)Daimler Trust
c/o BK Servicing, LLC
PO Box 131265
Roseville, MN 55113-0011

(d)Navient Solutions, LLC
220 Lasley Ave
Wilkes-Barre, PA 18706-1430