Stella Havkin (SBN 134334)
Havkin & Shrago Attorney at Law
5950 Canoga Ave. Ste. 400
Woodland Hills, CA 91367-5037
Telephone (818)-999-1568
Facsimile (818)-305-6040
Email: stella@havkinandshrago.com

Attorneys for Debtor and Debtor in Possession Tomer Fridman

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## SAN FERNANDO VALLEY DIVISION

|  |  |
|---|---|
| In Re:<br><br>  Tomer Fridman,<br><br><br>        Debtor and Debtor in Possession. | Case No.: 1:16-bk-11729-MB<br><br>Chapter 11<br><br>**DEBTOR'S MOTON FOR AN ORDER CONFIMRING HIS SECOND AMENDED PLAN OF REORGANIZATION; DECLARATIONS OF TOMER FRIDMAN, ISADORA FRIDMAN AND STELLA HAVKIN**<br><br>Date: July 10, 2018<br>Time: 1:30 p.m.<br>Courtroom: 303 |

**TO THE HONORABLE MARTIN R. BARASH, UNITED STATES BANKRUPTCY JUDGE, OFFICE OF THE UNITED STATES TRUSTEE, CREDITORS AND OTHER INTERESTED PARTIES:**

Debtor and Debtor-in-Possession, Tomer Fridman (the "Debtor") hereby submits the following Notice of Motion and Motion for an Order Confirming the Debtor's Second Amended Chapter 11 Plan of Reorganization ("Motion") pursuant to 11 U.S.C. §1129(a) and (b).

**PLEASE TAKE NOTICE** that on July 10, 2018, at 1:30 p.m., before the Honorable Martin R. Barash, United States Bankruptcy Judge, in Courtroom 303, of the above-entitled Court, Debtor will move this Court for entry of an Order Confirming the Debtor's Second Amended Chapter 11 Plan of Reorganization ("Motion").

**PLEASE TAKE FURTHER NOTICE** that pursuant to Local Bankruptcy Rule 9013-1(f), any interested party that wishes to oppose the Motion must file a written opposition with the Clerk of the Bankruptcy Court, provide a courtesy copy to the chambers of the Honorable Martin R. Barash and serve a copy upon the Debtor's counsel, whose name and address are set forth in the upper left corner of the first page of the Motion. Said opposition papers shall be filed and served within fourteen (14) days of the date of service.

**PLEASE TAKE FURTHER NOTICE** that pursuant to Local Bankruptcy Rule 9013-1(a)(11), failure to file and serve a timely written response may be deemed by the Court to be consent to the relief requested in the Motion. This Motion is made and based upon the moving papers, the attached Memorandum of Points and Authorities and the Declarations of Tomer Fridman, Isadora Fridman, and Stella Havkin in support thereof, the arguments and representations of counsel, and any oral or documentary evidence presented at the time of the hearing.

MOTION FOR CONFIRMATION OF SECOND AMENDED CHAPTER 11
PLAN OF REORGANIZATION

**WHEREFORE,** Debtor respectfully requests that the Court enter an order Confirming the Debtor's Second Amended Chapter 11 Plan of Reorganization and granting such other and further relief as this Court deems just and proper under the circumstances.

Dated: June 20, 2018

                                    **HAVKIN & SHRAGO**

                                    By:    _/s/ Stella Havkin_
                                            Stella Havkin
                                    Attorneys for Tomer Fridman, Chapter 11 Debtor
                                    and Debtor in Possession

3

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.

### FACTUAL BACKGROUND

On June 9, 2016, the Debtor, who is an individual, filed the above case under Chapter 13 (the "Petition Date").  After the Debtor obtained bankruptcy counsel, this case was converted to Chapter 11 in December, 2016.   The Debtor continues to manage his bankruptcy estate and fulfill all debtor and debtor-in-possession requirements pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  No trustee or examiner has been appointed in the Case. Declaration of Tomer Fridman, ¶2.

On May 7, 2018, the Debtor's Second Amended Disclosure Statement was approved. Subsequent to the approval of the disclosure statement, the Debtor entered into stipulations with two creditors which provide nonmaterial modifications to the Plan.  One is with the Internal Revenue Service modifying the interest rate from 4.5% to 5% on its priority claim which is a minor difference in the payment.  The second modification is correcting the amount of payment which is to be made to U.S. Bank pursuant to the modification of its mortgage which is a difference of approximately $100 per month.  See, Havkin Decl., ¶2

The Debtor's Second Chapter 11 Plan ("Plan') proposes to pay administrative claims on the effective date, priority creditors over course 37 months and secured creditors with arrears in full over five years.  The Plan proposes to pay undisputed and liquidated unsecured creditors at **32.90%** of their claims consisting of payments for 60 months equal to 4% of their claims, additional payments consisting of 16.4% of their claims for 23 months (after the priority claims

are paid in full) and payments consisting of 12.5% from estimated recovery of lawsuits against

preference defendants.    Fridman Decl., ¶3.

Two classes of creditors voted in favor of the plan.    Three unsecured creditors voted

against the Plan.  One of the unsecured creditors, LoanMe, who has not filed a claim in the case

and who is proposed not to be paid through the Plan, has voted against the Plan.  LoanMe is a

defendant in a pending adversary complaint against it for unauthorized preferential payments and

unauthorized post petition payments. True and correct copies of the Plan Ballots are attached to

the Declaration of Stella Havkin as Exhibit "A."

.    **Summary of Assets**

   **1.**   (a) **Personal Property**

At the time of the filing, the Debtor's major assets consisted of his income from self-

employment from sales of real estate.  The Debtor is the 100% owner of White City 26, Inc.

which is his Sub-S corporation whose only value is the Debtor's services and his real estate

license.  Without the Debtor, the corporation has no independent value.  Fridman Decl., ¶4.

The Debtor is purchasing one vehicle which is encumbered by a purchase lien from Bank

of America and equity therein has been exempted.  Fridman Decl., ¶5.

   (b)     **Real Property**

The Debtor co-owns a single-family home located at 25420 Prado De Las Peras,

Calabasas, CA 91302 with his mother.  The Debtor owns 70% of the Prado De Las Peras

Property and his mother owns 30%.  On December 5, 2017, the Court determined that the value

of the Prado de las Peras Property as of May, 2017 was $2,024,000.00.  JPMorgan Chase Bank

("Chase") holds a note secured by a first deed of trust on the Prado De Las Peras Property in the

MOTION FOR CONFIRMATION OF SECOND AMENDED CHAPTER 11
PLAN OF REORGANIZATION

approximate amount of $2,103,964.00 of which $79,964.04 is unsecured.  No payments have been made to Chase since the filing of this case in June, 2016, as such Chase's claim is at least $130,000 higher as of the date of this Motion.  Fridman Decl., ¶6.

Trojan Capital Investments, LLC ("Trojan") holds a junior lien again the Prado de las Pereas Property in the approximate amount of $428,680.65.    The Court has determined that Trojan's claim is unsecured.  The Franchise Tax Board ("FTB") holds a lien against the same property in the sum of $35,594.37.  Based on the Court's determination of the value of the Prado de las Peras Property, the FTB lien is also unsecured.   However, it is a priority claims which will be paid through the Plan as a priority claim.  Ford Motor Credit Corp has a lien in the amount of $4,451.52 on the Prado de Las Peras Property against the Debtor's mother's share of the property.  Fridman Decl., ¶7.

The Debtor owns a single-family home located at 3915 Prado del Maiz, Calabasas, California 91302 valued approximately at $2,110,000.00.  U.S. Bank, N.A.  holds a note secured by a first deed of trust in the approximate amount of $2,108,528.70. The Franchise Tax Board has a tax lien in the amount of $35,594.47 on the Prado del Maiz Property.  Main Street Acquisition Corporation has a lien in the amount of $5,651.97 on the Prado del Maiz Property. The Debtor has filed a motion to avoid that lien which has not been opposed.  The Debtor expects that the Motion will be granted, the lien will be avoided and will be treated as an unsecured claim in this case. The Debtor's mother began paying rent in on the Prado del Maiz Property since October, 2017.  The Debtor entered into a temporary loan modification agreement with U.S. Bank, the terms of which are stated in the Plan.  Fridman Decl., ¶8.

MOTION FOR CONFIRMATION OF SECOND AMENDED CHAPTER 11
PLAN OF REORGANIZATION

**B.**     **Events Leading to the Bankruptcy**

The timing of the bankruptcy was related to a foreclosure of the Prado De Las Peras

property.   See, Fridman Decl., ¶9.

**II.**

**THE REQUIREMENTS OF 11 U.S.C §1129 HAVE BEEN SATISFIED AND AS**

**SUCH, THE DEBTOR'S PLAN SHOULD BE CONFIRMED**

A Chapter 11 Plan must satisfy specific statutory requirements under 11 U.S.C.

§1129(a)(1)-(16) before it can be confirmed.  *In re Lowenschuss,* 67 F3d 1394(9th Cir. 1995).  A

consensual plan may be confirmed only when the following requirements are satisfied under 11

U.S.C. §1129(a)(1)-(16):

-The plan complies with applicable provisions of the Bankruptcy Code (11

U.S.C. §1129(a)(1));

- The plan proponent has complied with applicable provisions of the

Bankruptcy Code (11 U.S.C. §1129(a)(2));

-The plan is proposed in "good faith" and not by any means forbidden by

law (11 U.S.C. §1129(a)(3));

-All professional fees have been approved by the court or are subject to

court approval (11 U.S.C. §1129(a)(4));

-The plan discloses the identities of future management and insiders to be

employed under the plan (11 U.S.C. §1129(a)(5));

-The plan proponent has obtained regulatory approvals of any rate changes

provide for in the plan, or rate changes are expressly conditioned on such approval (11 U.S.C.

7

§1129(a)(6));

-Each class has accepted the plan or is not impaired by it (11 U.S.C. §1129(a)(7));

-The plan satisfies the "best interest of creditors" test (11 U.S.C. §1129(a)(8));

-The plan provides treatment for administrative claims (11 U.S.C. §1129(a)(9));

-The plan has been accepted by at least one impaired class (11 U.S.C. §1129(a)(10));

-The plan is "feasible" (11 U.S.C. §1129(a)(11));

-The plan provides for payment of court and U.S. Trustee fees (11 U.S.C. §1129(a)12));

-The plan maintains certain employee retirement benefits ((11 U.S.C. §1129(a)(13));

-The plan provides for payment of post petition domestic support obligations due under order or statute (11 U.S.C. §1129(a)(14));

-The plan provides for payment of the debtor's disposable income over 5 years to unsecured creditors (11 U.S.C. §1129(a)(15)); and

-The plan provides that all transfers under the plan will be made in accordance with any applicable provisions of nonbankruptcy law that govern the transfer of property by a corporation or trust that is not a moneyed, business, or commercial corporation or trust (11 U.S.C. §1129(a)(16)).

MOTION FOR CONFIRMATION OF SECOND AMENDED CHAPTER 11
PLAN OF REORGANIZATION

In this instance, all requirements under 11 U.S.C. §1129(a)(1)- (16) are satisfied. The Plan is satisfied as follows:

The Plan complies with the applicable provisions of 11 U.S.C. §1129(a)(1) because it satisfies the Code's mandatory content requirements of proper classification of claims and interests. *In re Texaco Inc.,* 84 B.R. 893, 905 (S.D. N.Y. 1988).

The Plan proponent has complied with applicable provisions of 11 U.S.C. §1129(a)(2) because the Plan proponent made adequate disclosures regarding the Plan and properly solicited votes on the Plan. *In re Texaco Inc.,* 84 B.R. 893, 906-907.

The Plan complies with the applicable provisions of 11 U.S.C. §1129(a)(3) because the Plan has been proposed in good faith and not by any means forbidden by law. Courts generally find that a plan is proposed in good faith where there is a reasonable likelihood the plan "will achieve a result consistent with the objectives and purposes of the Code." *In re General Teamsters, Warehousemen & Helpers Union Local,* 225 B.R. 719, 729 (N.D. CA 1998); *In re Corey,* 892 F.2d 829, 835 (9th Cir. 1989).

The Plan complies with the applicable provisions of 11 U.S.C. §1129(a)(4) because all professional fees were subject to Court Approval. *In re Texaco Inc.,* 84 B.R. 907-908. The Plan complies with the applicable provisions of 11 U.S.C. §1129(a)(5) because the Plan proponent has disclosed the identity and affiliations of any individual proposed to serve, after confirmation of the Plan as a director, officer, or voting trustee of the Debtor, an affiliate of the Debtor participating in a joint Plan with the Debtor, or a successor to the Debtor under the Plan (*of which there are none)* and (ii) the appointment to, or continuance in, such office of such individual, is consistent with the interests of creditors and equity security holders and with public

9

policy; and (B) the proponent of the Plan has disclosed the identity of any insider that will be employed or retained by the reorganized Debtor, and the nature of any compensation for such insider *(of which there are none).*

The Plan complies with the applicable provisions of 11 U.S.C. §1129(a)(6) because there is no governmental regulatory commission with jurisdiction, after confirmation of the Plan, over the rates of the Debtor's necessitating approval of any rate change provided for in the Plan.

The Plan complies with the applicable provisions of 11 U.S.C. §1129(a)(7) because an impaired class of claims or interests has accepted the plan.  As stated above, two impaired classes have voted in favor of the Plan.  However, Class 6 voted against the Plan.

The Plan complies with the applicable provisions of 11 U.S.C. §1129(a)(8) because confirmation is in the best interest of each individual creditor when compared to the recovery that the creditor would obtain in a Chapter 7 liquidation.  *In re Ambanc La Mesa Ltd. Partnership,* 115 F.3d 650, 657(9th Cir. 1997).

The Plan complies with the applicable provisions of 11 U.S.C. §1129(a)(9) because, except to the extent that the holder of a particular claim has agreed to a different treatment of such claim, the plan provides that: (A) with respect to a claim of a kind specified in section 507(a)(2) or 507(a)(3) of Title 11 (11 U.S.C.S. §§507(a)(2) or 507(a)(3)), on the effective date of the Plan, the holder of such claim will receive on account of such claim cash equal to the allowed amount of such claim; (B) with respect to a class of claims of a kind specified in section 507(a)(1), 507(a)(4), 507(a)(5), 507(a)(6) or 507(a)(7) of Title 11 (11 U.S.C.S. §§507(a)(1), 507(a)(4), 507(a)(5), 507(a)(6) or 507(a)(7), each holder of a claim of such class will receive (i) if such class has accepted the Plan, deferred cash payments of value, as of the effective date of

10

the Plan, equal to the allowed amount of such claim, or (ii) if such class has not accepted the Plan, cash on the effective date of the Plan equal to the allowed amount of such claim; (C) with respect to a claim of a kind specified in section 507(a)(8) of Title 11 (11 U.S.C.S. §507(a)(8)), the holder of such claim will receive on account of such claim regular installment payments in cash (i) of a total value, as of the effective date of the Plan, equal to the allowed amount of such claim, (ii) over a period ending not later than five years after the date of the order for relief under section 301, 302, or 303 of Title 11 (11 U.S.C.S. §§301, 302, or 303), and (iii) in a manner not less favorable than the most favored nonpriority unsecured claim provided for by the plan (other than cash payments made to a class of creditors under section 1122(b) of Title 11 (11 U.S.C.S. §1122(b)); and (D) with respect to a secured claim which would otherwise meet the description of an unsecured claim of a governmental unit under section 507(a)(8) of Title 11 (11 U.S.C.S. §507(a)(8)), but for the secured status of the claim, the holder of that claim will receive on account of that claim, cash payments, in the same manner and over the same period, as prescribed in subparagraph (C), above.  The Plan complies with 11 U.S.C. §1129(a)(10) is because the Plan has been accepted by at least one impaired class.  See, Havkin Decl., ¶3.

The Plan complies with 11 U.S.C. §1129(a)(11) because confirmation of the Plan is feasible and is not likely to be followed by the liquidation, or the need for further financial reorganization of the Debtor.   Further, the Plan has a reasonable probability of success.  *In re Acequila, Inc.* 787 F2d 1352,1364 (9th Cir. 1986)

The Plan complies with 11 U.S.C. §1129(a)(12) because the Plan provides for payment of all court and U.S. Trustee fees. All fees payable under 28 U.S.C. §1930, as determined by the Court at the hearing on confirmation of the Plan, are to be paid under the Plan as of the effective

MOTION FOR CONFIRMATION OF SECOND AMENDED CHAPTER 11
PLAN OF REORGANIZATION

date of the Plan.

The Plan complies with 11 U.S.C. §1129(a)(13) because the Plan provides for the continuation after its effective date of payment of all retiree benefits (*of which there are none*), as that term is defined in section 1114 of Title 11 (11 U.S.C.S. §1114), at any time prior to confirmation of the Plan, for the duration of the period the Debtor has obligated himself to provide such benefits.

The Plan complies with 11 U.S.C. (a)(14) because the Debtor is not required by a judicial or administrative order, or by a statute, to pay a domestic support obligation.

The Plan complies with 11 U.S.C. §1129(a)(15) because the value, as of the effective date of the plan, of the property to be distributed under the Plan on account of each allowed unsecured claim is not less than the projected disposable income of the Debtor (as defined in §1325(b)(2) of Title 11 (11 U.S.C.S. §1325(b)(2)) to be received during the five year period. Beginning on the date that the first payment is due under the Plan, or during the period for which the Plan provides payments, whichever is longer.

11 U.S.C. §1129(a)(16) is satisfied because all transfers of property under the Plan shall be made in accordance with any applicable provisions of non bankruptcy law that govern the transfer of property by a corporation or trust that is not a moneyed, business, or commercial corporation or trust (*of which there are none*).

However, because the Debtor did not obtain a vote by all impaired classes of creditors, the Debtor seeks confirmation pursuant to 11 U.S.C. §1129(b).

MOTION FOR CONFIRMATION OF SECOND AMENDED CHAPTER 11
PLAN OF REORGANIZATION

### III.

### DEBTOR'S PLAN SATISFIES THE REQUIREMENTS SET FORTH IN 11 U.S.C. §1129(b) AND THUS, SHOULD BE CONFIRMED

Because Class 6 which is the unsecured class has voted against the Plan, in order to confirm, Debtor must establish that the requirements of §1129(b) have been met with respect to Class 6.

**1.    Requirements of § 1129(b)(1)**

11 U.S.C. §1129(b)(1) provides:

> Notwithstanding section 510(a) of this title, if all of the applicable requirements of subsection (a) of this section other than paragraph (8) are met with respect to a plan, the court, on request of the proponent of the plan, shall confirm the plan notwithstanding the requirements of such paragraph if the plan <u>does not discriminate unfairly</u> and is <u>fair and equitable</u>, with respect to each class of claims or interests that is impaired under, and has not accepted, the plan.

**2.    Requirements of §1129(b)(2)**

    **a.    *The Plan Complies With the Provisions of § 1129(b)(2)(B)***

For the purpose of this subsection, the condition that a plan be <u>fair and equitable</u> with respect to a class includes the following requirements:

With respect to the treatment of un<u>secured claims,</u> §1129(b)(2)(B) provides as follows:

13

(i) the plan provides that each holder of a claim of such class receive or retain on account of such claim property of a value, as of the effective date of the plan, equal to the allowed amount of such claim; or

(ii) the holder of any claim or interest that is junior to the claims of such class will not receive or retain under the plan on account of such junior claim or interest any property, except that in a case in which the debtor is an individual, the debtor may retain property included in the estate under section 1115, subject to the requirements of subsection (a)(14) of this section.

**Class 6** consists entirely of all undisputed, liquidated and unsecured claims in the total sum of $538,644.46.  The Plan proposes to pay such creditors at **32.90%** of their claims consisting of payments for 60 months equal to 4.0% of their claims, additional payments consisting of 16.4% of their claims for 23 months (after the priority claims are paid in full) and payments consisting of 12.5% from the projected recovery of lawsuits against preference defendants.  The total amount projected to be paid to unsecured creditors is $177,214.48.   See, Fridman Decl., ¶3.

*The Plan Complies With the Provisions of § 1129(b)(2)(B)*

With respect to the treatment of <u>unsecured claims,</u> §1129(b)(2)(B) provides as follows:

(2) For the purpose of this subsection, the condition that a plan be fair and equitable with respect to a class includes the following requirements:

(A)    With respect to a class of unsecured claims, the plan provides -

(i)the plan provides that each holder of a claim of such class receive or retain on account of such claim property of a

14

value, as of the effective date of the plan, equal to the allowed

amount of such claim; or

(ii) the holder of any claim or interest that is junior to the

claims of such class will not receive or retain under the plan on

account of such junior claim or interest any property, except that in

a case in which the debtor is an individual, the debtor may retain

property included in the estate under section 1115, subject to the

requirements of subsection (a)(14) of this section.

**Class 6** consists entirely of Debtor's unsecured undisputed and liquidated claims are now

estimated to total approximately $538,644.46.  See, Exhibit "B" to Havkin Declaration.  The

Plan proposes to pay undisputed and liquidated unsecured creditors at **32.9%** of their claims

consisting of payments for 60 months equal to 4.0% of their claims, additional payments

consisting of 16.4% of their claims for 23 months (after the priority claims are paid in full) and

payments consisting of 12.5% from the projected recovery in adversary proceedings against

preference defendants in the total amount of $177,214.48.

A plan is only "fair and equitable" to the impaired unsecured creditor class if the allowed

value of the claim(s) will be paid in full, or if the holder of any claim or interest that is junior to

the dissenting creditors will not receive or retain any property under the plan on account of such

junior claim or interest.  This condition is generally referred to as the "absolute priority rule." A

Chapter 11 plan cannot be confirmed by the Bankruptcy Court if it violates the absolute priority

rule.

Based on new 9th Circuit law [*In re Zachary,* 2016 U.S. App. LEXIS 1368 (9th Cir.

2016)], "…an individual debtor may not cram down a plan what would permit the debtor to

MOTION FOR CONFIRMATION OF SECOND AMENDED CHAPTER 11
PLAN OF REORGANIZATION

retain prepetition property that is not excluded from the estate by §541, but may cram down a plan that permits the debtor to retain only postpetition property."

   If the absolute priority rule is not met, the Court may nevertheless confirm a plan if new value is paid into the plan (the "new value exception" or "new value corollary").  Allowing old equity to retain an interest does not violate the absolute priority rule if the former equity holders provide new value to the reorganized debtor, under the "new value corollary" to the absolute priority rule. *In re Ambanc La Mesa Ltd. P'ship,* 115 F.3d 650 (9th Cir. 1997).

### Assets Sought to be Retained

   In the context of a business case, the concept of new value is fairly straightforward: if the unsecured class votes against the plan, the owners, *as the most junior of the class of claims/interest*, cannot retain their interest in the reorganized debtor unless they propose new value. In essence, the owners must prove that retention of their ownership interests will not be merely on account of the interests they held prepetition.  However, in the context of an individual case, such as the case at hand, often the prepetition assets a debtor seeks to retain are exempt and over encumbered and thus the analysis is not quite as clear-cut.

   In this case, Debtor seek to retain his Residence which has no equity (Class 2), the Maiz property which has no equity (Class 3) and one vehicle which has a lien against it and any in which has been exempted.  These are assets which are listed on Exhibit "A" to his approved Disclosure Statement.

   The Court in *In re Bullard,* 358 B.R. 541, 544-545 (Bankr. D. Conn, 2007) states that "[t]here is disagreement among the cases concerning whether a chapter 11 debtor may retain his exempt property and still comply with Section 1129(b)(2)(B)(ii)."

MOTION FOR CONFIRMATION OF SECOND AMENDED CHAPTER 11
PLAN OF REORGANIZATION

The *Bullard* Court cites *In re Gosman,* 282 B.R. 45, 48-52 (Bankr.S.D.Fla.2002)'s holding that §1129(b)(2)(B)(ii)'s prohibition against the debtor's retention of "any property" means that the debtor cannot comply with that subsection if he retains his exempt property.

The *Bullard* Court asserts, citing to *In re Henderson,* 321 B.R. 550, 559-60 (Bankr.M.D.Fla.2005), aff'd, 341 B.R. 783 (M.D.Fla.2006), that:

The better line of authority holds that the debtor's retention of his exempt property does not offend Section 1129(b)(2)(B)(ii) because such retention is not "on account of ... [the debtor's] junior interest ..." in property:

Once the exemptions are allowed the properties are no longer part of the Debtor's estate, and the Debtor does not retain property on account of such interest because he retains it as a matter of right by virtue of recognition of his right to exemptions....

The ordinary meaning of the term "junior" means a claim or interest that is subordinate to other claims or interests which enjoy a higher rank. The word "junior" defined in Black's Law Dictionary, at p. 851 (6th Ed.1990), as "[a] legal right which is subordinate to another's right as applied to property ..." The same meaning of "junior" is applied throughout the entire Bankruptcy Code. It is clear that the Debtor's interest in exempt property can never be junior to the interest of creditor's [sic] including the claim of dissenting unsecured creditors. This is so because unsecured creditors could never reach exempt property outside of bankruptcy, and such properties are immune and not subject to liquidation under any of the operating Chapters of the Code.

Section 522(c) of the Code provides, in pertinent part, "... property exempted under this Section is not liable during or after the case for any debt of the debtor that arose ... before the commencement of the case...." Giving unsecured creditors in a dissenting class veto power over

MOTION FOR CONFIRMATION OF SECOND AMENDED CHAPTER 11
PLAN OF REORGANIZATION

a plan requiring exempt property to be given to such creditor's [sic], is an incorrect reading of the Bankruptcy Code.

Based on the forgoing, if Debtor herein sought to retain *only his* exempt assets, and so long as the other elements of §1129 were met, he could still seek confirmation even though the unsecured class of claims voted against his Plan.

However, Debtor herein also seek to retain his over encumbered residence, over encumbered rental property, an automobile which is being purchased and which has been exempted, as well as a business which outside of the Debtor has no independent value as he is a real estate agent. As such, the absolute priority rule comes into play and he must propose new value in order to retain those prepetition assets.

### i. New Value Exception/Corollary

In order to qualify for the exception, a party must contribute capital which is (a) new, (b) substantial, (c) money or money's worth, (d) necessary for reorganization, and (e) reasonably equivalent to the value or interest received. *In re Bonner Mall P'ship,* 2 F.3d 899, 908 (9th Cir. 1993). See also *Case v. Los Angeles Lumber,* 308 U.S. at 121-22, 60 S.Ct. at 10-11; *Snyder v. Farm Credit Bank of St. Louis* (In re Snyder), 967 F.2d 1126, (7th Cir. 1992).

#### A. Influx of Capital Must Be "New."

As the unsecured class has voted against the Plan, the Debtor's mother will contribute $23,000 to the Plan which is approximately 4.3% of the claims. Thus, in addition to the payments to be made by the Debtor be disbursed pro rata in the sum of 32.90% of the claims over the life of the Plan. Thus, the total amount projected to be paid to the unsecured creditors is 37.2% . See, Declaration of Isadora Fridman, ¶2.

This influx of capital is "new" in that these are funds are not part of the estate, are not a pre or post petition asset of the Debtor, and are not funds which he has control over.

MOTION FOR CONFIRMATION OF SECOND AMENDED CHAPTER 11
PLAN OF REORGANIZATION

### B.  Influx of Capital Must Be "Substantial."

The new value contribution must be substantial. "[A] significant number of courts have required that the new value contribution be 'substantial' in comparison to such things as (1) the total unsecured claims against the debtor, (2) the claims being discharged, or (3) the dividend being paid on unsecured claims by virtue of the contribution." *In re Ambanc La Mesa Ltd. P'ship,* 115 F.3d 650, 655 (9th Cir. 1997).

Debtor maintains that the new value contribution is substantial in comparison to the total unsecured claims against him, is substantial in comparison to the claims being discharged, and is substantial in comparison to the dividend being paid on unsecured claims by virtue of the contribution for the following reasons:

If Debtor's Plan is not confirmed, he will have to convert this case to Chapter 7.  In a prospective Chapter 7 case, unsecured creditors will receive much less - **$9,473.00.**  See, Exhibit "C" to the Havkin.

Whereas through his Plan, Debtor seeks to pay his unsecured creditors 32.9% from Plan payments and from projected recovery from preference cases.  The new value contribution increases the payout to the unsecured class to 37.2% or $200,214.48.

### i.  Additional Considerations of "Substantiality" of the New Value Contribution.

The Court in *Bank of Am. v. 203 N. LaSalle St. P'ship,* 526 U.S. 434, set forth additional considerations when analyzing new value, namely (i) whether overbidding or some other form of "market valuation" is required to assure that "full value" is paid, or if instead termination of exclusivity is required under 11 U.S.C. §1121(d) in order to assure that a debtor does not have the "exclusive" opportunity to retain the equity interest.

MOTION FOR CONFIRMATION OF SECOND AMENDED CHAPTER 11
PLAN OF REORGANIZATION

Debtor agrees that an auction of the interests of a business debtor's owners would be a quick and meaningful way to determine whether what the owners seek to pay is <u>enough.</u>  "Under a plan granting an exclusive right, making no provision for competing bids or a competing plan, any determination that the price was top dollar would necessarily be made by a judge in bankruptcy court, whereas the best way to determine value is exposure to a market." *Bank of Am. v. 203 N. LaSalle St. P'ship,* 526 U.S. 434.

While an auction of the interests of a business debtor's owners can be easily marketed, an auction of a debtor's home and vehicle would result in a host of issues. Based on the forgoing, Debtors believe that in an individual Chapter 11 case, the appropriate test to determine whether the amount of the new value is substantial is based on the numbers – the Debtor is proposing to contribute a significant amount to the Plan which the creditors would not see in a Chapter 7.

      c.        *Influx of Capital Must Be "Money or Money's Worth."*

This element of the *Bonner Mall* rule is fairly straightforward as Debtor is making a <u>pure cash</u> contribution to the plan from her exempt funds which will disbursed *pro rata* to the unsecured creditors by the effective date of the Plan.

Under the money or money's worth requirement, the new value contribution must consist of money or property which is freely traded in the economy and must be a present contribution, i.e., on the effective date of a plan rather than future contributions. See *In re Ambanc La Mesa Ltd. P'ship,* 115 F.3d 650 (9th Cir. 1997).

      d.        *Influx of Capital Must Be "Necessary for Reorganization."*

This element of the *Bonner Mall* rule is also fairly straightforward.  If Debtor does not contribute the necessary new value, Debtor will be unable to overcome the absolute priority rule and his Plan will fail. Debtor's only options at that point will be to dismiss or convert to Chapter 7, neither of which is a reorganization of his financial affairs.

MOTION FOR CONFIRMATION OF SECOND AMENDED CHAPTER 11
PLAN OF REORGANIZATION

*e.  Influx of Capital Must Be "Reasonably Equivalent to the Value or Interest Received."*

On confirmation, Debtor will own his Residence which is over encumbered, a rental property which is over encumbered as well as a car which is not paid off and has been exempted. Debtor believes that a contribution of payments in the approximate sum of $200,214 over the course of five years is worth significantly more than assets that he is getting to keep.

## III.

## CONCLUSION

The Debtor respectfully requests that the Court confirm his Plan based on the Motion and the evidence provided in support thereof.

Dated:  June 19, 2018                          **HAVKIN & SHRAGO**

                                   By:   */s/ Stella Havkin*
                                         STELLA HAVKIN
                                         Attorneys for Debtor and Debtor in
                                         Possession Tomer Fridman

MOTION FOR CONFIRMATION OF SECOND AMENDED CHAPTER 11
PLAN OF REORGANIZATION

## <u>DECLARATION OF TOMER FRIDMAN</u>

I, Tomer Fridman, hereby declare and state as follows:

1.      I am the debtor and debtor-in-possession in the above referenced Chapter 11 case. I am over 18 years of age.  Except when based on information and belief, I make this declaration based on the facts within my personal knowledge and if called as a witness could and would testify thereto.

2.      On June 9, 2016, I filed the instant case under Chapter 13 (the "Petition Date").  After I obtained bankruptcy counsel, this case was converted to Chapter 11 in December, 2016.  I have continued to manage my bankruptcy estate and fulfill all debtor and debtor-in-possession requirements pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  No trustee or examiner has been appointed in the Case.

3.      My Second Chapter 11 Plan ("Plan') proposes to pay administrative claims on the effective date, priority creditors over course 37 months and secured creditors with arrears in full over five years.  The Plan proposes to pay undisputed and liquidated unsecured creditors at **32.90%** of their claims consisting of payments for 60 months equal to 4% of their claims, additional payments consisting of 16.4% of their claims for 23 months (after the priority claims are paid in full) and payments consisting of 12.5% from estimated recovery of lawsuits against preference defendants.

4.      At the time of the filing, my major assets consisted of my income from self-employment income from sales of real estate.  I am the 100% owner of White City 26, Inc. which is my Sub-S corporation whose only value is my services and my real estate license.  Without me, the corporation has no independent value.

MOTION FOR CONFIRMATION OF SECOND AMENDED CHAPTER 11
PLAN OF REORGANIZATION

5.     I am purchasing a Range Rover which is encumbered by a purchase lien from Bank of America and equity therein has been exempted.

6.     I co-own a single-family home located at 25420 Prado De Las Peras, Calabasas, CA 91302 (the "Prado de las Peras Property") with my mother.  I own 70% of the Prado De Las Peras Property and my mother owns 30%.  On December 5, 2017, the Court determined that the value of the Prado de las Peras Property as of May, 2017 was $2,024,000.00.  JPMorgan Chase Bank ("Chase") holds a note secured by a first deed of trust on the Prado De Las Peras Property in the approximate amount of $2,103,964.00 of which $79,964.04 is unsecured.  No payments have been made to Chase since the filing of this case in June, 2016, as such Chase's claim is at least $130,000 higher as of the date of this Motion.

7.     Trojan Capital Investments, LLC ("Trojan") holds a junior lien again the Prado de Las Pereas Property in the approximate amount of $428,680.65.    The Court has determined that Trojan's claim is unsecured.  The Franchise Tax Board ("FTB") holds a lien against the same property in the sum of $35,594.37.  Based on the Court's determination of the value of the Prado de Las Peras Property, the FTB lien is also unsecured.   However, it is a priority claims which will be paid through the Plan as a priority claim.  Ford Motor Credit Corp has a lien in the amount of $4,451.52 on the Prado de Las Peras Property against my mother's share of the property.

8.     I own a single-family home located at 3915 Prado del Maiz, Calabasas, California 91302 (the "Prado del Maiz Property") valued approximately at $2,110,000.00.  U.S. Bank, N.A. holds a note secured by a first deed of trust in the approximate amount of $2,108,528. The Franchise Tax Board has a tax lien in the amount of $35,594.47 on the Prado del Maiz Property.

MOTION FOR CONFIRMATION OF SECOND AMENDED CHAPTER 11
PLAN OF REORGANIZATION

Main Street Acquisition Corporation has a lien in the amount of $5,651.97 on the Prado del Maiz Property. I filed a motion to avoid that lien which has not been opposed. I expect that the Motion will be granted, the lien will be avoided and will be treated as an unsecured claim in this case. My mother began paying rent in on the Prado del Maiz Property since October, 2017. I entered into a temporary loan modification agreement with U.S. Bank, the terms of which are set forth in the Plan.

9.     The timing of the bankruptcy was related to a foreclosure of the Prado De Las Peras property.

Executed this 20th day of June , 2018 at Calabasas, California. I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

_____
Tomer Fridman

24

## DECLARATION OF STELLA HAVKIN

1.      I am an attorney at law licensed to practice before all of the courts of the State of California and this Court.  I am the attorney of record for the Debtor and Debtor in Possession Tomer Fridman.  All of the facts stated herein are true and correct to the best of my personal knowledge and if called as a witness could and would competently testify thereto.

2.      On May 7, 2018, the Debtor's Second Amended Disclosure Statement was approved.  Subsequent to the approval of the disclosure statement, the Debtor entered into stipulations with two creditors which provide nonmaterial modifications to the Plan.  One is with the Internal Revenue Service modifying the interest rate from 4.5% to 5% on its priority claim which is a minor difference in the payment.  The second modification is correcting the amount of payment which is to be made to U.S. Bank pursuant to the modification of its mortgage which is a difference of approximately $100 per month.

3.      Two classes of creditors voted in favor of the plan.   Three unsecured creditors voted against the Plan.  One of the unsecured creditors, LoanMe, who has not filed a claim in the case and who is proposed not to be paid through the Plan, has voted against the Plan.  LoanMe is a defendant in a pending adversary complaint against it for unauthorized preferential payments and unauthorized post petition payments.  True and correct copies of the Plan Ballots are attached hereto as Exhibit "A."

4.      The Plan complies with 11 U.S.C. §1129(a)(10) is because the Plan has been accepted by two impaired classes.

5.      Class 6 consists entirely of Debtor's unsecured undisputed and liquidated claims are now estimated to total approximately $538,644.46.  The proof of claims summary and

MOTION FOR CONFIRMATION OF SECOND AMENDED CHAPTER 11
PLAN OF REORGANIZATION

1    treatment under the Plan which I prepared are attached hereto as Exhibit "B."

2        6.    I prepared the liquidation analysis which is attached hereto as Exhibit "C."

3    I declare under penalty of perjury under the laws of United States of America that the

4

5    foregoing is true and correct. Executed this 19th day of June, 2018 at Woodland Hills,

6    California.

7

8

9                                                        Stella Havkin

10

11

12

13

14        ?

15

16

17

18

19

20

21

22

23

24

25

26

27

28                                        26

MOTION FOR CONFIRMATION OF SECOND AMENDED CHAPTER 11
PLAN OF REORGANIZATION

**EXHIBIT A**

| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| STELLA HAVKIN, Bar No. 134334<br>HAVKIN & SHRAGO<br>ATTORNEYS AT LAW<br>5950 Canoga Avenue, Suite 400<br>Woodland Hills, CA 91367<br>Telephone: (818) 999-1568<br>Facsimile: (818) 305-6040<br>email: stella@havkinandshrago.com<br><br>☐ *Individual appearing without attorney*<br>☐ *Attorney for:* Debtor | |

## UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA - SAN FERNANDO VALLEY DIVISION

| In re:<br><br>Tomer Fridman,<br><br>Debtor and Debtor iin Possession<br><br><br><br>Debtor(s). | CASE NO.: 1:16-bk-11729-MB<br>CHAPTER: 11 |
|---|---|
| | **PLAN BALLOT SUMMARY**<br><br>*(NOTE: The Plan Proponent must file a Plan Ballot Summary at least 1 day prior to the Confirmation Hearing.)* |
| | DATE: 07/10/2018<br>TIME: 1:30 am<br>COURTROOM: 303<br>ADDRESS: 21041 Burbank Blvd., Woodland Hills, CA 91367 |

1.  Proponent of Plan (*specify name*): Tomer Fridman Debtor and Debtor in Possesion

2.  Are there any competing plans filed with the court?          ☐ Yes          ☒ No

3.  Is a cramdown requested?          ☒ Yes          ☐ No

4.  Unimpaired classes (*specify class numbers*): 1 ,4, 5, 7, 8, 9

5.  Impaired classes (*specify class numbers*): 2, 3, 6

6.  Has any impaired class approved the Plan?          ☒ Yes          ☐ No
    (*If YES, specify which class or classes*): 2 and 3

This form is optional.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

7.  Pursuant to 11 U.S.C. § 1126(c), only the actual ballots cast are counted to determine whether a given class has voted to accept or reject the plan.  That section further provides that a class will have accepted the plan if voting creditors in such class holding at least **two-thirds in amount** and more **than one-half in number** have voted to accept the plan.

The following is a summary by creditor class of the ballots that were returned in a timely manner (an example is included on the following page):

| Class | Impaired? | Total number of claims voted by members of class (N) | Number of claims voted in favor of accepting the plan (A) and rejecting the plan (R) | Percentage accepting (A ÷ N) | Aggregate dollar amount of claims voted by members of class (Amt) | Dollar amount of claims voted in favor of accepting the plan (A) and rejecting the plan (R) | Percentage accepting (A ÷ Amt) |
|---|---|---|---|---|---|---|---|
| | | | **Number** | | **Amount** | | |
| 1 | N | (N) 0 | (A)<br>(R) | 0.00% | (Amt) $0.00 | (A)<br>(R) | 0.00% |
| 2 | Y | (N) 1 | (A) 100<br>(R) 0 | 10,000.00% ⊞ | (Amt) $2,103,964.04 | (A) $ 2,103,964.04<br>(R) $ 0.00 | 100.00% |
| 3 | Y | (N) 1 | (A) 100<br>(R) 0 | 10,000.00% ⊞ | (Amt) $2,340,546.00 | (A) $ 2,340,546.00<br>(R) $ 0.00 | 100.00% |
| 4 | n | (N) 3 | (A) 0<br>(R) | 0.00% | (Amt) | (A) $ 0.00<br>(R) | 0.00% |
| 5 | n | (N) | (A) 0<br>(R) | 0.00% | (Amt) | (A)<br>(R) | 0.00% |
| 6 | y | (N) | (A)<br>(R) 100 | 0.00% | (Amt) $508,254.33 | (A)<br>(R) $ 508,254.33 | 0.00% |
| 7 | n | (N) | (A)<br>(R) | 0.00% | (Amt) | (A)<br>(R) | 0.00% |
| 8 | n | (N) | (A)<br>(R) | 0.00% | (Amt) | (A)<br>(R) | 0.00% |
| 9 | n | (N) | (A)<br>(R) | 0.00% | (Amt) | (A)<br>(R) | 0.00% |
| | | (N) | (A)<br>(R) | 0.00% | (Amt) | (A)<br>(R) | 0.00% |

☐ *see attached continuation page*

Comments:

Date: 06/20/2018

/s/ Stella Havkin

Signature of Debtor, or attorney for Debtor

Stella Havkin

Printed name of Debtor, or attorney for Debtor

This form is optional.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

December 2014                                        Page 2                            F 3018-2.PLAN.BALLOT.SUMMARY

| Stella Havkin (SBN 134334)<br>Havkin & Shrago<br>5950 Canoga Avenue, Suite 400<br>Woodland Hills, CA 91367<br>Telephone: 818 999-1568    Facsimile: 818 305-6040<br>Email: stella@havkinandshrago.com | FOR COURT USE ONLY |
|---|---|
| **UNITED STATES BANKRUPTCY COURT**<br>**CENTRAL DISTRICT OF CALIFORNIA** | CHAPTER 11<br>CASE NO.: 1:16-bk-11729-MB |
| In re:<br>        Tomer Fridman,<br><div align=right>Debtor.</div> | DATE:<br>TIME:<br>CTRM: |

## BALLOT FOR ACCEPTING OR REJECTING PLAN

1. Proponent of Plan, Debtor and Debtor in Possession Tomer Fridman has filed his Second Amended Plan of Reorganization ("Plan") on __04/10/2018__, for the Debtor in this case. By this ballot you will vote to accept or reject this Plan.

2. The Court has approved the First Amended Disclosure Statement with respect to the Plan. The Second Amended Disclosure Statement provides information to assist you in deciding how to vote your ballot. If you do not have a Disclosure Statement, you may obtain a copy from the proponent or proponent's attorney at the address set forth above. Court approval of the Disclosure Statement does not indicate approval of the Plan by the Court.

3. You should review the Second Amended Disclosure Statement and Amended Plan before you vote. You may wish to seek legal advice concerning the Plan and your classification and treatment under the Plan.

   Creditor: __JPMorgan Chase Bank, N.A.__

   Claim: __2,103,964.04__

   Class: __2__

4. If the Plan is confirmed by the Bankruptcy Court, it will be binding on you whether or not you vote.

## ACCEPTANCE OR REJECTION OF THE PLAN

5. The undersigned is the holder of a Class __2__ and holds an unsecured claim in the amount of __$0__

6. The undersigned __X__ Accepts the Plan _____ Rejects the Plan

Dated: __06/06/2018__

        Name:                            Nathan E. Smith

        Signature:

Return this Ballot to: Havkin & Shrago
5950 Canoga Avenue, Suite 400
Woodland Hills, CA 91367
stella@havkinandshrago.com

| | FOR COURT USE ONLY |
|---|---|
| Stella Havkin (SBN 134334)<br>Havkin & Shrago<br>5950 Canoga Avenue, Suite 400<br>Woodland Hills, CA 91367<br>Telephone: 818 999-1568    Facsimile: 818 305-6040<br>Email: stella@havkinandshrago.com | |

| UNITED STATES BANKRUPTCY COURT<br>CENTRAL DISTRICT OF CALIFORNIA | CHAPTER 11<br>CASE NO.: 1:16-bk-11729-MB |
|---|---|
| In re:<br>        Tomer Fridman,<br><div align="right">Debtor.</div> | DATE: 710/2018<br>TIME: 1:30 p.m.<br>CTRM: 303 |

## BALLOT FOR ACCEPTING OR REJECTING PLAN

1. Proponent of Plan, Debtor and Debtor in Possession Tomer Fridman has filed his Second Amended Plan of Reorganization ("Plan") on April 10, 2018, for the Debtor in this case. By this ballot you will vote to accept or reject this Plan.

2. The Court has approved the Second Amended Disclosure Statement with respect to the Plan. The Second Amended Disclosure Statement provides information to assist you in deciding how to vote your ballot. If you do not have the Disclosure Statement, you may obtain a copy from the proponent's attorney at the address set forth above. Court approval of the Second amended Disclosure Statement does not indicate approval of the Plan by the Court.

3. You should review the Second Amended Disclosure Statement and Second Amended Plan of Reorganization before you vote. You may wish to seek legal advice concerning the Plan and your classification and treatment under the Plan.

    Creditor:  U.S. BANK, NATIONAL ASSOCIATION, AS LEGAL TITLE TRUSTEE FOR
                   TRUMAN 2016 SC6 TITLE TRUST

    Claim:      14-1

    Class:      3

4. If the Plan is confirmed by the Bankruptcy Court, it will be binding on you whether or not you vote.

## ACCEPTANCE OR REJECTION OF THE PLAN

5. The undersigned is the holder of a Class _____ and holds an unsecured claim in the amount of _____

6. The undersigned __✓__ Accepts the Plan _____ Rejects the Plan

Dated: June 15, 2018

        Name:              Lisa L Johnson

        Signature:         Lisa Johnson

Return this Ballot to: Havkin & Shrago
5950 Canoga Avenue, Suite 400
Woodland Hills, CA 91367
Facsimile: 818 305-6040
Email: stella@havkinandshrago.com

Stella Havkin (SBN 134334)
Havkin & Shrago
5950 Canoga Avenue, Suite 400
Woodland Hills, CA 91367
Telephone: 818 999-1568    Facsimile: 818 305-6040
Email: stella@havkinandshrago.com

FOR COURT USE ONLY

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

CHAPTER 11

CASE NO.: 1:16-bk-11729-MB

In re:

Tomer Fridman,

Debtor.

DATE: 7/10/2018
TIME: 1:30 p.m.
CTRM: 303

## BALLOT FOR ACCEPTING OR REJECTING PLAN

1. Proponent of Plan, Debtor and Debtor in Possession Tomer Fridman has filed his Second Amended Plan of Reorganization ("Plan") on April 10, 2018, for the Debtor in this case. By this ballot you will vote to accept or reject this Plan.

2. The Court has approved the Second Amended Disclosure Statement with respect to the Plan. The Second Amended Disclosure Statement provides information to assist you in deciding how to vote your ballot. If you do not have the Disclosure Statement, you may obtain a copy from the proponent's attorney at the address set forth above. Court approval of the Second amended Disclosure Statement does not indicate approval of the Plan by the Court.

3. You should review the Second Amended Disclosure Statement and Second Amended Plan of Reorganization before you vote. You may wish to seek legal advice concerning the Plan and your classification and treatment under the Plan.

   Creditor:    Trojan Capital Investments, LLC

   Claim:    $426,680.65

   Class:    6

4. If the Plan is confirmed by the Bankruptcy Court, it will be binding on you whether or not you vote.

## ACCEPTANCE OR REJECTION OF THE PLAN

5. The undersigned is the holder of a Class __6__ and holds an unsecured claim in the amount of **$426,680.65**

6. The undersigned _____ Accepts the Plan __x__ **Rejects the Plan**

Dated: 06/19/2018

Name:    Rafael R. Garcia-Salgado

Signature:

Return this Ballot to: Havkin & Shrago
5950 Canoga Avenue, Suite 400
Woodland Hills, CA 91367
Facsimile: 818 305-6040
Email: stella@havkinandshrago.com

**32**

| | FOR COURT USE ONLY |
|---|---|
| Stella Havkin (SBN 134334)<br>Havkin & Shrago<br>5950 Canoga Avenue, Suite 400<br>Woodland Hills, CA 91367<br>Telephone: 818 999-1568   Facsimile: 818 305-6040<br>Email: stella@havkinandshrago.com | |
| **UNITED STATES BANKRUPTCY COURT**<br>**CENTRAL DISTRICT OF CALIFORNIA** | CHAPTER 11<br><br>CASE NO.: 1:16-bk-11729-MB |
| In re:<br><br>     Tomer Fridman,<br><br>                                                  Debtor. | DATE: 7/10/2018<br>TIME: 1:30 p.m.<br>CTRM: 303 |

### BALLOT FOR ACCEPTING OR REJECTING PLAN

1. Proponent of Plan, Debtor and Debtor in Possession Tomer Fridman has filed his Second Amended Plan of Reorganization ("Plan") on April 10, 2018, for the Debtor in this case.  By this ballot you will vote to accept or reject this Plan.

2. The Court has approved the Second Amended Disclosure Statement with respect to the Plan. The Second Amended Disclosure Statement provides information to assist you in deciding how to vote your ballot.  If you do not have the Disclosure Statement, you may obtain a copy from the proponent's attorney at the address set forth above.  Court approval of the Second amended Disclosure Statement does not indicate approval of the Plan by the Court.

3. You should review the Second Amended Disclosure Statement and Second Amended Plan of Reorganization before you vote. You may wish to seek legal advice concerning the Plan and your classification and treatment under the Plan.

Creditor: _LoanMe_

Claim: _$74,931.36_

Class: _Unsecured (6)_

4. If the Plan is confirmed by the Bankruptcy Court, it will be binding on you whether or not you vote.

### ACCEPTANCE OR REJECTION OF THE PLAN

5. The undersigned is the holder of a Class __6__ and holds an unsecured claim in the amount of __74,931.36__

6. The undersigned _____ Accepts the Plan __✓__ Rejects the Plan

Dated: _6/12/18_

Name:                    _Ernesto Vargas, Manager_

Signature:

Return this Ballot to: Havkin & Shrago
5950 Canoga Avenue, Suite 400
Woodland Hills, CA 91367
Facsimile: 818 305-6040
Email: stella@havkinandshrago.com

| Stella Havkin (SBN 134334)<br>Havkin & Shrago<br>5950 Canoga Avenue, Suite 400<br>Woodland Hills, CA 91367<br>Telephone: 818 999-1568    Facsimile: 818 305-6040<br>Email: stella@havkinandshrago.com | FOR COURT USE ONLY |
|---|---|
| **UNITED STATES BANKRUPTCY COURT**<br>**CENTRAL DISTRICT OF CALIFORNIA** | CHAPTER 11<br>CASE NO.: 1:16-bk-11729-MB |
| In re:<br><br>Tomer Fridman,<br><br>Debtor. | DATE:<br>TIME:<br>CTRM: |

## BALLOT FOR ACCEPTING OR REJECTING PLAN

1. Proponent of Plan, Debtor and Debtor In Possession Tomer Fridman has filed his Second Amended Plan of Reorganization ("Plan") on April 10, 2018 , for the Debtor in this case. By this ballot you will vote to accept or reject this Plan.

2. The Court has approved the First Amended Disclosure Statement with respect to the Plan. The Second Amended Disclosure Statement provides information to assist you In deciding how to vote your ballot. If you do not have a Disclosure Statement, you may obtain a copy from the proponent or proponent's attorney at the address set forth above. Court approval of the Disclosure Statement does not indicate approval of the Plan by the Court.

3. You should review the Second Amended Disclosure Statement and Amended Plan before you vote. You may wish to seek legal advice concerning the Plan and your classification and treatment under the Plan.

   Creditor:  Main Street Acquisition Corp c/o Becket & Lee LLP

   Claim:  $5,651.97; Claim 9 on court's Claims Register

   Class:  6

4. If the Plan is confirmed by the Bankruptcy Court, it will be binding on you whether or not you vote.

## ACCEPTANCE OR REJECTION OF THE PLAN

5. The undersigned is the holder of a Class  6  and holds an unsecured claim in the amount of  $5,651.97

6. The undersigned _____ Accepts the Plan  X  Rejects the Plan

Dated: May 15, 2018

   Name:                     John D. Sheehan

   Signature:

Return this Ballot to: Havkin & Shrago
5950 Canoga Avenue, Suite 400
Woodland Hills, CA 91367
stella@havkinandshrago.com

Case 1:16-bk-11729-MB    Doc 547    Filed 06/20/18    Entered 06/20/18 09:15:33    Desc
Case 1:16-bk-11729-MB    Main Document 04/Page 35 of 44d 04/10/18 15:37:52    Desc
Index part 2    Page 30 of 37

| Stella Havkin (SBN 134334)<br>Havkin & Shrago<br>5950 Canoga Avenue, Suite 400<br>Woodland Hills, CA 91367<br>Telephone: 818 999-1568    Facsimile: 818 305-6040<br>Email: stella@havkinandshrago.com | FOR COURT USE ONLY |
|---|---|
| **UNITED STATES BANKRUPTCY COURT**<br>**CENTRAL DISTRICT OF CALIFORNIA** | CHAPTER 11<br>CASE NO.: 1:16-bk-11729-MB |
| In re:<br>   Tomer Fridman,<br>             Debtor. | DATE:<br>TIME:<br>CTRM: |

## BALLOT FOR ACCEPTING OR REJECTING PLAN

1. Proponent of Plan, Debtor and Debtor in Possession Tomer Fridman has filed his Second Amended Plan of Reorganization ("Plan") on April 10, 2018 , for the Debtor in this case. By this ballot you will vote to accept or reject this Plan.

2. The Court has approved the First Amended Disclosure Statement with respect to the Plan. The Second Amended Disclosure Statement provides information to assist you in deciding how to vote your ballot. If you do not have a Disclosure Statement, you may obtain a copy from the proponent or proponent's attorney at the address set forth above. Court approval of the Disclosure Statement does not indicate approval of the Plan by the Court.

3. You should review the Second Amended Disclosure Statement and Amended Plan before you vote. You may wish to seek legal advice concerning the Plan and your classification and treatment under the Plan.

 Creditor:    American Express Centurion Bank c/o Becket & Lee LLP

 Claim:    $984.35; Claim 8 on court's Claims Register

 Class:    6

4. If the Plan is confirmed by the Bankruptcy Court, it will be binding on you whether or not you vote.

## ACCEPTANCE OR REJECTION OF THE PLAN

5. The undersigned is the holder of a Class  6    and holds an unsecured claim in the amount of  $984.35

6. The undersigned _____ Accepts the Plan  x  Rejects the Plan

Dated: May 15, 2018

  Name:

  Signature:

        John D. Sheehan

Return this Ballot to: Havkin & Shrago
5950 Canoga Avenue, Suite 400
Woodland Hills, CA 91367
stella@havkinandshrago.com

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

5950 Canoga Avenue, Suite 400, Woodland Hills, CA 91367

A true and correct copy of the foregoing document entitled (*specify*): Chapter 11 Ballots (revised)
_____
_____
_____

will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) 06/20/2018_____, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

havkinlaw@earthlink.net; stella@havkinandshrago.com     ustpregion16.wp.ecf@usdoj.gov
  anb@severson.com, dgl@severson.com;efiling@severson.com    wdk@wolffirm.com
  alan.forsley@flpllp.com, awf@fkllawfirm.com,awf@fl-lawyers.net,addy.flores@flpllp.com
  ch11ecf@aldridgepite.com, TSG@ecf.inforuptcy.com;tgaran@aldridgepite.com   claims@recoverycorp.com

☑ Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On (*date*) _____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) 06/20/2018_____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

 Honorable Martin R. Barash via Court drop box

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 06/20/2018 | Stella Havkin | /s/ Stella Havkin |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                  **F 9013-3.1.PROOF.SERVICE**

ecfcacb@aldridgepite.com, jhanawalt@ecf.inforuptcy.com

Brownsteinlaw.bill@gmail.com

Erica.Loftis@BuckleyMadole.com, Susana.Hernandez@BuckleyMadole.com

Caecf@tblaw.com, wfm@tblaw.com;snchampney@tblaw.com

randym@cookseylaw.com

jennifer.r.musial@salliemae.com

ecfnotifications@ghidottilaw.com

hpaloci@hotmail.com, hpaloci@calibankruptcy.com

bknotice@mccarthyholthus.com, kraftery@ecf.courtdrive.com

ecfcacb@aldridgepite.com, GRY@ecf.inforuptcy.com;gyabes@aldridgepite.com

rreynolds@bwslaw.com,  psoeffner@bwslaw.com,tmims@bwslaw.com,rjrnef@
bwslaw.com;fcabezas@bwslaw.com
rgarcia@bwslaw.com,  bantle@bwslaw.com,rjr-nef@bwslaw.com

**EXHIBIT B**

**Tomer Fridman**　　　　　　　**EXHIBIT B  GENERAL UNSECURED CLAIMS**

| Claim Information | Insider | Scheduled Claims | | Filed Claims | | Claims to be paid | Plan payment | Plan payment | Recovery Pay | TOTAL PAYMENT |
|---|---|---|---|---|---|---|---|---|---|---|
| Name | Y? | Amount | D/C/U | Amount | POC # | | 4.00 % for 60 mos | 16.4% for 23 mo | 12.5% recovery | 32.90% |
| First National Bank of Omaha | N | $7,179.37 | U | $7,179.37 | 1 | $7,179.37 | $287.17 | $1,177.42 | $897.42 | $2,362.01 |
| American Express Centurion Bank | N | $984.35 | U | $984.35 | 8 | $984.35 | $39.37 | $161.43 | $123.04 | $323.84 |
| Asset Acceptance, LLC | N | $0.00 | U | $1,969.00 | 11 | $1,969.00 | $78.76 | $322.92 | $246.13 | $647.81 |
| Cavalry SPV I LLC | N | $2,380.15 | U | $2,380.15 | 6 | $2,380.15 | $95.21 | $390.34 | $297.52 | $783.07 |
| Cavalry SPV I LLC | N | $178.37 | U | $178.37 | 13 | $178.37 | $7.10 | $29.25 | $22.30 | $58.65 |
| Commissions Funding Solutions | N | $92,513.00 | U** | | 25 | | $0.00 | $0.00 | $0.00 | $0.00 |
| Internal Revenue Service | N | $7,569.28 | | $7,569.28 | 19-3 | $7,569.28 | $302.77 | $1,241.36 | $946.16 | $2,490.29 |
| Loan Me* | N | $7,179.00 | U | | | | $0.00 | $0.00 | | |
| Loan Me* | | $4,317.77 | U | $0.00 | | | $0.00 | $0.00 | | |
| Main Street Acquisition Corp. | N | $5,651.97 | U | $5,651.97 | 9 | $5,651.97 | $226.08 | $926.92 | $706.50 | $1,859.50 |
| Main Street Acquisition Corp. (claim with | N | $0.00 | D | $5,651.97 | 21 | | $0.00 | $0.00 | $0.00 | $0.00 |
| Midland Credit Management | N | $1,969.92 | U | | | $ 1,969.92 | $78.80 | $323.07 | $246.24 | $648.11 |
| Navient Solutions, LLC | N | $58,814.98 | U | $58,814.98 | 17 | $58,814.98 | $2,352.60 | $9,645.66 | $7,351.87 | $19,350.13 |
| Nordstrom | N | $4,567.00 | U | | | | $0.00 | $0.00 | | |
| Palatino Homeowners Association | N | $2,024.35 | U | $2,024.35 | 22 | $2,024.35 | $80.97 | $331.99 | $253.04 | $666.00 |
| Portfolio Recovery Associates, LLC | N | $3,060.42 | U | $3,060.42 | 15 | $3,060.42 | $122.42 | $501.91 | $382.55 | $1,006.88 |
| Trojan Capital Investments, LLC | N | $428,680.65 | D | $428,680.65 | | $428,680.65 | $17,147.72 | $70,303.63 | $53,585.08 | $141,036.43 |
| SYNCB/JCP | N | $0.00 | | | | | $0.00 | $0.00 | | |
| Wells Fargo Bank, N.A. | N | | U | $9,200.51 | 3 | $9,200.51 | $368.02 | $1,508.88 | $1,150.06 | $3,026.96 |
| Wells Fargo Bank, N.A. | N | | U | $5,013.20 | 4 | $5,013.20 | $200.53 | $822.16 | $626.65 | $1,649.34 |
| Wells Fargo Bank, N.A. | N | | U | $3,967.94 | 5 | $3,967.94 | $158.72 | $650.74 | $495.99 | $1,305.45 |
| | | | | | | | | | | |
| | | | | | | | | | | |
| | | | | | | | | | | |

**TOTAL PLAN PAYMENTS**　　　　　　**$542,326.51**　　　　**538,644.46**　　**$21,546.24**　**$88,337.69**　　67,330.55　　$177,214.48

\* This creditor is subject to 11 U.S.C. Section 549 recovery and will not be paid through the plan

\*\* Claim was withdrawn

**EXHIBIT C**

**EXHIBIT C: TOMER FRIDMAN LIQUIDATION ANALYSIS**

| | | | |
|---|---|---|---|
| 1.  Legal or Equitable interest in any residence, building, land, or similar property | | 27.  Licenses, franchises, and other general intangibles. Real estate/brokerage license? | $0.00 |
| 25420 Prado de las Peras, Calabasas, CA 910301. [70% Co-owner]** | $2,024,000.00 | 28.  Tax refunds owed to you | $0.00 |
| 3915 Prado del Maiz, Calabasas, CA 91302* | $1,650,000.00 | 29.  Family support | $0.00 |
| | | 30.  other amounts someone owes you | $0.00 |
| **2.  Total Real Estate** | **$4,125,000.00** | 31.  Interest in insurance policies | $0.00 |
| 3. Cars, vans, trucks, tractors, sport utility vehicles, motorcycles | | 32.  Any interest in property that is due you from someone who has died | $0.00 |
| Purchase of 2013 Land Rover*** | | 33.  Claims against third parties, whether or not you have filed a lawsuit or made demand for payment: | $0.00 |
| Lease of 2014 Mercedes 550 | | 34.  other contingent and unliquidated claims of every nature, including counterclaims of the debtor and rights | $0.00 |
| 4. Watercraft, aircraft, motor homes, ATVs and other recreational vehicles, other vehicles, and accessories | | Complaints for turnover of post-petition payments to creditors: LoanMe, Strategic Funding and EBF partners | $82,883.31 |
| 5. [Total Vehicles] | | | |
| 6. Household goods and furnishings* | $10,000.00 | Claim for post-petition payment against Gideon Fridman | $10,000.00 |
| 7.  Electronics: TV, audio, printer  cell phone/computers/digital | | | |
| 8.  Collectibles of value paintings/art/books | $0.00 | 35.  any financial assets not listed | $0.00 |
| 9.  Equipment for sports and hobbies | $0.00 | 36.  [Total Financial assets] | $168,905.03 |
| 10.  Firearms | $0.00 | 37-45. Legal or equitable interest in business property: schedules | $0.00 |
| 11. Clothes* | $2,000.00 | 46-52. legal or equitable interest in farm or fishing property | $0.00 |
| 12. Jewelry (watches) | | 53. Property of any kind: potential cause of action against HOA. Since the property was foreclosed, the cause of action is likely moot | $0.00 |
| 13.  Non-farm animals | $0.00 | **Total Personal Property** | **$  180,905.03** |
| 14.  Any other personal and household items | $0.00 | **TOTAL OF ALL PROPERTY** | **$  4,305,905.03** |
| 15.  [Total personal and household items] | $12,000.00 | Less Secured claims | -$4,024,006.60 |
| 16.  Cash | $100.00 | Less Chapter 11: Administrative Claims | -$80,000.00 |
| 17.  Deposits of Money | | Less Chapter 11: Trustee Fees | -$1,800.00 |
| Wells Fargo Bank, N.A. DIP account #4560 | $9,254.51 | Less Priority Claims | -$108,161.73 |
| Wells Fargo Bank, N.A. White City 26, Inc. account #4674 | $65,667.21 | Less Exempt Property | |
| 18.  Bonds, mutual funds, or publically traded stocks | $0.00 | Less student loans | -$58,814.98 |
| 19.  Non-publicly traded stock and interests in incorporated and unincorporated businesses, including an interest in an LLC, partnership and joint venture: White City 26, Inc.* | $1,000.00 | Less General Unsecured Claims: | -$569,744.52 |
| 20.  Government and corporate bonds and other negotiable and non-negotiable instruments | $0.00 | Chapter 7: Estimated Trustee Fees | $     12,000.00 |
| 21.  Retirement or pension accounts | $0.00 | **Estimated dividend in Chapter 7** | $       9,473.00 |
| 22. Security deposits and prepayments: | $0.00 | **Estimated dividend in Plan 32.9%** | $     177,214.48 |
| 23.  Annuities | $0.00 | | |
| 24-26.  IRAs, Trusts, equitable or future interests, Patents and copyrights | $0.00 | | |

* Valuation is based on Debtor's estimates

** Valuation based on Court order

*** Car has no value since amount to Bank of America exceeds its current value

### DECLARATION OF ISADORA FRIDMAN

I, Isadora Fridman, hereby declare and state as follows:

1.    I am the debtor and debtor-in-possession in the above referenced Chapter 11 case. I am over 18 years of age.  Except when based on information and belief, I make this declaration based on the facts within my personal knowledge and if called as a witness could and would testify thereto.

2.    I agree to contribute $23,000 towards my son's Chapter 11 Plan.  I have the ability to provide such an amount on the effective date.

Executed this 19th day of June, 2018 at Calabasas, California.  I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

_____
Isadora Fridman

27

MOTION FOR CONFIRMATION OF SECOND AMENDED CHAPTER 11
PLAN OF REORGANIZATION

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

5950 Canoga Avenue, Suite 400, Woodland Hills, CA 91367

A true and correct copy of the foregoing document entitled (*specify*): Motion for Confirmation of Debtor's Second
Amended Plan of Reorganization; Declarations

will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) 06/20/2018 , I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

havkinlaw@earthlink.net; stella@havkinandshrago.com        ustpregion16.wp.ecf@usdoj.gov
anb@severson.com, dgl@severson.com;efiling@severson.com      wdk@wolffirm.com
alan.forsley@flpllp.com, awf@fkllawfirm.com,awf@fl-lawyers.net,addy.flores@flpllp.com
ch11ecf@aldridgepite.com, TSG@ecf.inforuptcy.com;tgaran@aldridgepite.com  claims@recoverycorp.com

☑ Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On (*date*)  06/20/2018 , I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☑ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*)  06/20/2018 , I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

Honorable Martin R. Barash via Court drop box

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| | | |
|---|---|---|
| 06/20/2018 | Stella Havkin | /s/ Stella Havkin |
| *Date* | *Printed Name* | *Signature* |

**43**

ecfcacb@aldridgepite.com, jhanawalt@ecf.inforuptcy.com

Brownsteinlaw.bill@gmail.com

Erica.Loftis@BuckleyMadole.com, Susana.Hernandez@BuckleyMadole.com

Caecf@tblaw.com, wfm@tblaw.com;snchampney@tblaw.com

randym@cookseylaw.com

jennifer.r.musial@salliemae.com

ecfnotifications@ghidottilaw.com

hpaloci@hotmail.com, hpaloci@calibankruptcy.com

bknotice@mccarthyholthus.com, kraftery@ecf.courtdrive.com

ecfcacb@aldridgepite.com, GRY@ecf.inforuptcy.com;gyabes@aldridgepite.com

rreynolds@bwslaw.com,  psoeffner@bwslaw.com,tmims@bwslaw.com,rjrnef@
bwslaw.com;fcabezas@bwslaw.com
rgarcia@bwslaw.com,  bantle@bwslaw.com,rjr-nef@bwslaw.com