Stella Havkin, SBN 134334
Havkin & Shrago Attorneys at Law
5950 Canoga Avenue, Suite 400
Woodland Hills, CA 91364
Telephone No. (818) 999-1568
Facsimile No. (818) 305-6040
Email: stella@havkinandshrago.com

Attorneys for Reorganized Debtor Tomer Fridman

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA, SAN FERNANDO DIVISION

| | |
|---|---|
| In re<br><br>TOMER FRIDMAN,<br><br><br>Debtor. | Case No. 1:16-bk-11729-MB<br><br>Chapter 11<br><br>**MOTION FOR APPROVAL OF COMPROMISE WITH EBF PARTNERS, LLC dba EVEREST BUSINESS FUNDING; DECLARATION OF TOMER FRIDMAN; MEMORANDUM OF POINTS AND AUTHORITIES**<br>**[Fed. R. Bankr. P. 9019]** |

**TO THE MARTIN R. BARASH, UNITED STATES BANKRUPTCY JUDGE, THE OFFICE OF THE UNITED STATES TRUSTEE, AND ALL INTERESTED PARTIES:**

Please take notice that the Reorganized Debtor Tomer Fridman ("Debtor"), hereby move this Court for an order pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure approving the Settlement between the Debtor and EBF Partners, LLC dba Everest Business Funding, a Delaware Limited Liability Company ("Settlement.")

C:\Users\Stella Havkin\Documents\Fridman\Avoidanceactions\9019.doc

1

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.    INTRODUCTION AND BACKGROUND**

A.    White City 26, Inc., a California corporation that is owned and controlled by the Debtor.

B.    The Debtor executed a loan agreement pursuant to which White City borrowed moneys from EBF on the terms and conditions set forth in the Loan Agreement.

C.    White City granted to EBF a security interest in all of White City's accounts, chattel paper, cash, deposit accounts, documents, equipment, general intangibles, instruments, inventory, or investment property, and all proceeds, as those terms are defined in Article 9 of the Uniform Commercial Code of the State of California, as amended, pursuant to that certain Security Agreement and Guaranty attached to the Loan Agreement (the "Security Guaranty Agreement").

D.    The Debtor also guaranteed White City's full performance of all terms and obligations under the Loan Agreement (the "Guaranty") pursuant to the Security Guaranty Agreement.

E.    The Debtor filed a voluntary petition for relief under chapter 13 of title 11 of the United States Code (the "Bankruptcy Code") on June 9, 2016 (the "Petition Date"), which bankruptcy case is styled, *In re Fridman*, Case No. 1:16-bk-11729-MB (the "Bankruptcy Case") and is pending in the United States Bankruptcy Court for the Central District of California, San Fernando Valley Division.  The case was converted to Chapter 11 in December, 2016 during which time Plaintiff was represented by William Brownstein.

F.    White City defaulted on its obligations under the Loan Agreement on or about December 1, 2016.

G.    On May 22, 2018, the Debtor commenced an adversary proceeding in the Bankruptcy Court styled, *Fridman v. EBF Partners*, Adv. No. 1:18-ap-01060-MB (the "Adversary Proceeding"), asserting causes of action against EBF under sections 547, 549, and 550 of the Bankruptcy Code (the "Complaint").

C:\Users\Stella Havkin\Documents\Fridman\Avoidanceactions\9019.doc

H.  The Debtor denies liability for any alleged avoidable transfers and has asserted various defenses to the relief sought in the Complaint.  The parties have entered into a stipulation pursuant to which EBF agrees to pay $3,500 for the settlement of the claims set forth in the Complaint and will not be asserting a claim against the Estate.  A true and correct copy of the Stipulation is attached to the Tomer Fridman Declaration as Exhibit "1."

### A. The Major Terms of the Stipulation

Recognizing the risks of litigation, the Debtor and EBF (collectively the "Parties") agree that it is in their mutual best interests to settle the dispute.  The Parties have agreed to the following general terms of payment of $3,500 and for the release of its claim against the bankruptcy estate.

A.  <u>Approval.</u>  The order of the Bankruptcy Court authorizing and approving the Stipulation and the transactions contemplated therein (the "Approval Order"), does not become a Final Order until (a) the time to file a timely appeal of the Approval Order under Federal Bankruptcy Rules of Procedure Rule 8002 has passed and no timely appeal is filed; or (b) if a timely appeal is filed, all timely filed appeals are dismissed with prejudice or the Approval Order is affirmed on appeal and is not subject to further appellate review;

B.  Specific terms of settlement:

The Debtor shall receive $3,500 from EBF and EBF will not be asserting any claims against the estate.

As set forth herein, the settlement is the product of an arm's length negotiation between the Parties, and is in the best interests of the Estate and should be approved.

**ARGUMENT.**

### A. Legal Standards for Approval.

Federal Rule of Bankruptcy Procedure 9019 provides that on motion by a Trustee or Debtor in Possession, the Court may approve a compromise or settlement.  Fed. B. Bankr. P. 9019(a).  In this case, the Motion is not being brought by the by the Debtor in Possession.

The decision of whether to approve or reject a proposed compromise is addressed to the

sound discretion of the Court and is to be determined by the particular circumstances of each case. In re Walsh Construction, Inc., 669 F. 1325, 1328 (9th Cir. 1982); In re Woodson, 839 F.2d 610, 620 (9th Cir. 1988); In re A&C Properties, 784 F.2d 1377, 1381 (9th Cir, 1986), *cert. denied*, 479 U.S. 854, 107 S. Ct. 189 (1986).

A Court should review the following factors in determining whether to approve a proposed settlement agreement:

(a) The probability of success in the litigation, (b) the difficulty, if any, to be encountered in the matter of collection, (c) the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it, and (d) the paramount interests of the creditors and a proper deference to their reasonable views in the premises.

Woodson, supra, 839 F.2d at 620 (quoting A&C Properties, supra, 784 F.2d at 1381). A settlement negotiated by a trustee, as a representative of the Estate, is entitled to deference. In re Morrison, 69 B.R. 586, 592 (Bankr. E.D. Pa. 1987).

The Court need not conduct an exhaustive investigation into the validity or a mini-trial on the merits of the claims sought to be compromised. In re Walsh Construction, Inc., supra, 669 F.2d at 1328. In fact, the Court need not decide the questions of law and fact raised in the controversies sought to be settled, and need not determine whether the settlement presented is the best one that could possibly have been achieved. Rather, the Court's responsibility is only to canvass the issues to the see 'whether the settlement falls below the lowest point in the zone of reasonableness.'" In re W.T. Grant Co., 669 F.2d 599, 608 (2nd Cir. 1983), *cert. denied,* 464 U.S. 822 (1984) (quoting Newman v. Stein, 464 F.2d 689, 698 (2nd Cir.), *cert. denied,* 409 U.S. 1039 (1972)).

The Debtor in Possession has the right to exercise reasonable business judgment in order to maximize the value of the assets of the Estate. So long as a proposed compromise results in a recovery above the lowest point in the range of reasonable compromises, the Debtor should be authorized to proceed with such compromise. In light of the facts and circumstances in this case,

C:\Users\Stella Havkin\Documents\Fridman\Avoidanceactions\9019.doc

4

application of the A&C Properties factors shows that the compromise set forth herein is fair and equitable, is in the best interests of the Estate, and is well above the lowest point in the range of reasonableness.

### B. **Application of the *A&C Properties* Factors Demonstrates That the Settlement Should be Approved.**

The Debtor has sufficiently evaluated the settlement agreement and have compared the benefits of entering into the settlement. In evaluating the settlement, the Debtor has reviewed the documents and information available to him including the risks of litigation. Through the settlement, the bankruptcy estate shall receive $3,500. See, Declaration of Tomer Fridman, ¶4.

The Debtor has evaluated the A&C Properties factors in exercising his business judgment as to whether to enter into the settlement, and has concluded that under these factors, the settlement should be approved.

#### 1. **Probability of Success on the Merits**

If the Debtor's claims against EBF were to be tried, the Debtor may not prevail due to the recent decisions in various bankruptcy courts around the country related to EBF's legal documents executed by the Debtor prepetition which provided the sale of White City's receivables to the EBF. The sale was completed prepetition. As such, EBF had the legal right to continue to collect on its receivables which were the subject of the Complaint.

#### 2. **The Difficulty, if Any, in Collection.**

There are no issues with collection in this situation.

#### 3. **The Complexity, Expense and Inconvenience of Litigation.**

The claims against EBF would be complicated and expensive.

#### 4. **The Paramount Interests of Creditors.**

The settlement with EBF will allow the Estate to receive money with only the fling a Complaint and no further litigation. As such, the settlement is in the best interests of the Creditors. Therefore, the Debtor has concluded that it is in the best interests of the Estate to enter into the settlement agreement on the terms set forth therein. Fridman Declaration, ¶4.

C:\Users\Stella Havkin\Documents\Fridman\Avoidanceactions\9019.doc

**C.     CONCLUSION**

Based thereon, the Reorganized Debtor respectfully requests that the Court grant this Motion and enter an order:

1. Approving the settlement agreement;
2. Authorizing the Reorganized Debtor to take any and all other actions necessary or appropriate to effectuate the settlement.
3. Granting such other relief as the Court deems just and proper.

DATED: November 26, 2018                HAVKIN & SHRAGO

By: /s/ Stella Havkin_____
    STELLA HAVKIN
    Attorneys for Reorganized Debtor
    Tomer Fridman

C:\Users\Stella Havkin\Documents\Fridman\Avoidanceactions\9019.doc

6

## DECLARATION OF TOMER FRIDMAN

I, Tomer Fridman, declare as follows:

1. I am the Reorganized Debtor in this case. Each of the facts contained in this declaration are based on my personal knowledge and, if called as a witness to do so, I would competently testify thereto.

2. White City 26, Inc., a California corporation that is owned and controlled by me.

3. I executed a loan agreement pursuant to which White City borrowed moneys from EBF on the terms and conditions set forth in the Loan Agreement.

4. White City granted to EBF a security interest in all of White City's accounts, chattel paper, cash, deposit accounts, documents, equipment, general intangibles, instruments, inventory, or investment property, and all proceeds, as those terms are defined in Article 9 of the Uniform Commercial Code of the State of California, as amended, pursuant to that certain Security Agreement and Guaranty attached to the Loan Agreement.

5. I also guaranteed White City's full performance of all terms and obligations under the Loan Agreement pursuant to the Security Guaranty Agreement.

6. White City defaulted on its obligations under the Loan Agreement on or about December 1, 2016.

7. I have sufficiently evaluated the settlement agreement and have compared the benefits of entering into the settlement. In evaluating the settlement, I have reviewed the documents and information available to him including the risks of litigation. Through the settlement, the bankruptcy estate shall receive $3,500. Therefore, I have concluded that it is in the best interests of the Estate to enter into the settlement agreement on the terms set forth therein.

8. A true and correct copy of the Stipulation is attached hereto as Exhibit "1."

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on November 25, 2018 at Calabasas, California.

_____
Tomer Fridman

C:\Users\Stella Havkin\Documents\Fridman\Avoidanceactions\9019.doc

7

**EXHIBIT 1**

Stella Havkin, SBN 134334
HAVKIN & SHRAGO Attorneys at Law
5950 Canoga Avenue, Suite 400
Woodland Hills, CA 91367
Telephone No. (818) 999-1568
Facsimile No. (818) 305-6040
stella@havkinandshrago.com

Attorneys for Plaintiff and Debtor/Debtor in Possession Tomer Fridman

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA, LOS ANGELES DIVISION

| | |
|---|---|
| In re<br><br>TOMER FRIDMAN,<br><br>Debtor.<br>_____<br>TOMER FRIDMAN,<br><br>Plaintiff,<br><br>vs.<br><br>EBF PARTNERS, LLC dba<br>EVEREST BUSINESS FUNDING,<br>A DELAWARE LIMITED LIABILITY<br>COMPANY<br><br>Defendant. | Case No. Case No.: 1:16-bk-11729-MB<br><br>Chapter 11<br><br>Adversary Case No. 2:18-ap-01060-MB<br><br>**STIPULATION FOR SETTLEMENT OF ADVERSARY PROCEEDING BETWEEN PLAINTIFF TOMER FRIDMAN AND DEFENDANT EBF PARTNERS, LLC**<br><br>[Fed. R. Bankr. P. 9019] |

TO THE HONORABLE MARTIN R. BARASH, UNITED STATES BANKRUPTCY JUDGE, AND OTHER PARTIES IN INTEREST:

Comes now Tomer Fridman, the Debtor and Debtor in Possession (the "Debtor" or "Plaintiff") in the above-captioned bankruptcy case (the "Bankruptcy Case") and the Plaintiff in Adversary case number 2:18-ap-01060-MB (the "Adversary Proceeding") against defendant EBF

STIPULATION FOR SETLEMENT OF ADVERSARY PROCEEDING

1

Partners, LLC dba Everest Business Funding, a Delaware Limited Liability Company ("EBF" or "Defendant"). EBF and Plaintiff hereby stipulate and agree (the "Agreement" or "Stipulation") based on the following facts:

### RECITALS

1. The Bankruptcy Case was commenced by the filing of a voluntary petition for relief by the Debtor under Chapter 13 of Title 11 of the United States Code on June 9, 2016 (the "Filing Date"). On December 20, 2016, the case was converted to a case under Chapter 11.

2. Plaintiff is the Debtor in the above-captioned Bankruptcy Case.

3. EBF was and is a Delaware Limited Liability Company with its principal place of business at the address of 82 NW 52nd Terrance, 2nd Floor, Doral, Florida 33166.

4. Prior to the Filing Date EBF entered into a Payment Rights Purchase and Sale Agreement (the "Purchase Agreement") with White City 26 Inc. ("White City") a business entity owned by the Debtor. Pursuant to the terms of the Purchase Agreement White City made certain payments to EBF both prior to and after the Filing Date.

5. On May 22, 2018, the Adversary Proceeding was commenced against Defendant, under Title 11 of the United States Code asserting the payments made by White City are avoidable pursuant to 11 U.S.C. §§ ("Section(s)") 547, 549, and 550.

6. EBF denies the allegations set forth by Plaintiff in the above-referenced adversary action, and denies that the funds received were property of the Debtor or of the Debtor's estate. However, in the interest of resolving the matter and to avoid the cost of litigation, EBF agrees to the terms and conditions of the settlement as set forth herein.

7. The Debtor and EBF have resolved the dispute based on the foregoing terms:

**IN CONSIDERATION OF THE FOREGOING**, and in order to maximize the potential recovery to the Bankruptcy Estate, the Debtor and EBF (collectively, the "Parties" or a "Party") stipulate as to the resolution of the Adversary Proceeding as follows:

A.  EBF agrees to pay, and the Debtor agrees to accept the sum of $3,500. (the "Settlement Amount"). Upon payment of the Settlement Amount, the Debtor shall file a motion for approval of this stipulation (the "Stipulation") and of the compromise pursuant to Bankruptcy Rule 9019 by the Court.

B.  Upon approval of the Motion for Compromise, the Debtor will dismiss the instant adversary case against EBF with prejudice. In the event the Stipulation is not approved by the Bankruptcy Court, the Debtor shall promptly return the Settlement Amount to EBF.

C.  Each Party mutually and general releases the other, conditioned only upon approval by the Court of this Stipulation. This Stipulation is a mutual general release, and shall constitute the full and final settlement agreement between the Parties. Each Party acknowledges that there is a risk that, after executing this Stipulation, he will incur or suffer damage, loss, or injury which is unanticipated at the time of the execution of this Stipulation. Each Party assumes such risk and agrees that this Stipulation and the releases contained herein shall and do apply to all unknown facts and unanticipated results, as well as those currently known or anticipated. Accordingly, each Party acknowledges that he is aware of the provisions of California Civil Code §1542 as set forth above and expressly waives all of its benefits and the benefits of any other similar law of this or any other jurisdiction. Section 1542 reads as follows: "A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor."

E.  A copy of this Stipulation shall be served on all parties in interest and creditors of this Estate pursuant to a motion to be filed with the Bankruptcy Court under Fed. R. Bankr. P. 9019.

F.  This Stipulation may be executed in counterparts, which shall be considered as a single document. Furthermore, this Stipulation may be executed by facsimile copy, and facsimile signatures shall be treated as original signatures.

G.   This Stipulation is subject to the notice and hearing requirements of the Bankruptcy Code and the approval of the Court. Upon Court approval of the Stipulation, the Adversary Proceeding shall be dismissed with prejudice.

IT IS SO STIPULATED AND AGREED.

DATED: November 26, 2018

_____
TOMER FRIDAMAN, DEBTOR

EBF PARTNERS, LLC

DATED: August 7, 2018    By: _____

APPROVED AS TO FORM AND CONTENT:

DATED: August 17, 2018

PRYOR & MANDELUP, LLP

By: _____
ANTHONY F. GIULIANO
Attorney for Defendant

DATED: 11/3/18, 2018

HAVKIN & SHRAGO

By: _____
STELLA HAVKIN
Attorney for Plaintiff

STIPULATION FOR SETTLEMETN OF ADVERSARY PROCEEDING

## PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

5950 Canoga Avenue, Suite 400, Woodland Hills, CA 91367

A true and correct copy of the foregoing document entitled (*specify*): Motion for Approval of Settlement pursuant to FRBP Rule 9019; Memorandum of Points and Authorities; Declaration of Tomer Fridman _____ _____
will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1**. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) 11/26/2018 , I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

havkinlaw@earthlink.net; stella@havkinandshrago.com    ustpregion16.wp.ecf@usdoj.gov
anb@severson.com, dgl@severson.com;efiling@severson.com    wdk@wolffirm.com
alan.forsley@flpllp.com, awf@fkllawfirm.com,awf@fl-lawyers.net,addy.flores@flpllp.com
ch11ecf@aldridgepite.com, TSG@ecf.inforuptcy.com;tgaran@aldridgepite.com    claims@recoverycorp.com

☑ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) 11/26/2018 , I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☑ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 11/26/2018 | Stella Havkin | /s/ Stella Havkin |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*    **F 9013-3.1.PROOF.SERVICE**

ecfcacb@aldridgepite.com, jhanawalt@ecf.inforuptcy.com

Brownsteinlaw.bill@gmail.com

Erica.Loftis@BuckleyMadole.com, Susana.Hernandez@BuckleyMadole.com

Caecf@tblaw.com, wfm@tblaw.com;snchampney@tblaw.com

randym@cookseylaw.com

jennifer.r.musial@salliemae.com

ecfnotifications@ghidottilaw.com

hpaloci@hotmail.com, hpaloci@calibankruptcy.com

bknotice@mccarthyholthus.com, kraftery@ecf.courtdrive.com

ecfcacb@aldridgepite.com, GRY@ecf.inforuptcy.com;gyabes@aldridgepite.com

```
rreynolds@bwslaw.com, psoeffner@bwslaw.com,tmims@bwslaw.com,rjrnef@
bwslaw.com;fcabezas@bwslaw.com
rgarcia@bwslaw.com, bantle@bwslaw.com,rjr-nef@bwslaw.com
```

| | | |
|---|---|---|
| Label Matrix for local noticing<br>0973-1<br>Case 1:16-bk-11729-MB<br>Central District of California<br>San Fernando Valley<br>Fri Jul 27 11:48:19 PDT 2018 | American Express Centurion Bank<br>c/o Becket and Lee LLP<br>PO Box 3001<br>Malvern, PA 19355-0701 | Christiana Trust, a division of Wilmington S<br>14841 Dallas Parkway, Suite 300<br>Dallas, TX 75254-7883 |
| Daimler Trust<br>c/o BK Servicing, LLC<br>PO Box 131265<br>Roseville, MN 55113-0011 | Deutsche Bank National Trust Company, as Tru<br>The Wolf Firm<br>2955 Main Street Second Floor<br>Irvine, CA 92614-5909 | Everest Business Funding<br>Pryor & Mandelup, L.L.P.<br>Attn: Anthony F. Giuliano<br>675 Old Country Road<br>Westbury, NY 11590-4513 |
| Fay Servicing, LLC<br>Aldridge Pite, LLP<br>4375 Jutland Drive, Suite 200<br>P.O. Box 17933<br>San Diego, CA 92177-7921 | Main Street Acquisition Corp.<br>c/o Becket and Lee LLP<br>PO Box 3001<br>Malvern, PA 19355-0701 | Navient Solutions, LLC<br>220 Lasley Ave<br>Wilkes-Barre, PA 18706-1430 |
| Trojan Capital Investments LLC<br>2618 San Miguel Dr. Ste 316<br>Newport Beach<br>Newport Beach, CA 92660-5437 | U.S. Bank National Association as Legal Titl<br>c/o Fay Servicing, LLC<br>3000 Kellway Dr. Ste 150<br>Carrollton, TX 75006-3357 | United States Trustee (SV)<br>915 Wilshire Blvd, Suite 1850<br>Los Angeles, CA 90017-3560 |
| Wells Fargo Bank, N.A.<br>P.O. Box 29482<br>Phoenix, AZ 85038-9482 | San Fernando Valley Division<br>21041 Burbank Blvd,<br>Woodland Hills, CA 91367-6606 | Ally<br>PO Box 380901<br>Bloomington, MN 55438-0901 |
| Ally Bank<br>PO Box 130424<br>Roseville MN 55113-0004 | Andrew Kussmaul<br>Buckley Madole, P.C.<br>PO Box 9013<br>Addison, TX 75001-9013 | Asset Acceptance LLC<br>PO Box 1630<br>Warren, MI 48090-1630 |
| Asset Acceptance, LLC<br>P.O. Box 2036<br>Warren, MI 48090-2036 | BANK OF AMERIC ,A NATIONAL ASSOCIATION<br>C/O C T CORPORATION SYSTEM<br>818 WEST SEVENTH STREET, 2ND FLOOR<br>LOS ANGELES, CA 90017-3425 | BANK OF AMERICA, NATIONAL ASSOCIATION<br>150 N COLLEGE STREET, NC1-028-17-06<br>CHARLOTTE, NC 28255-0001 |
| Bank Of America, N.A.<br>PO BOX 31785<br>Tampa, FL 33631-3785 | Bank of America, N.A.<br>PO Box 15312<br>Wilmington, DE 19850-5312 | Bank of America, N.A.<br>Tony Harrison<br>PO Box 982284<br>El Paso, TX 79998-2284 |
| Buckley Madole PC<br>PO Box 9013<br>Addison, TX 75001-9013 | CIT BANK, N.A.<br>c/o CT CORPORATION SYSTEM<br>818 WEST SEVENTH STREET, 2ND FLOOR<br>LOS ANGELES, CA 90017-3407 | CITBANK NA<br>1 CIT DRIVE<br>LIVINGSTON, NJ 07039-5703 |
| COUNTRYWIDE HOME LOAN ,S INC.<br>c/o CT CORPORATION SYSTEM<br>818 WEST SEVENTH STREET, 2ND FLOOR<br>LOS ANGELES, CA 90017-3407 | COUNTRYWIDE HOME LOANS, INC.<br>150 N COLLEGE STREET, NC1-028-17-06<br>CHARLOTTE, NC 28255-0001 | Calvary SPC I LLC<br>2618 San Miguel Dr., Ste 316<br>Newport Beach, CA 92660-5437 |

| | | |
|---|---|---|
| Calvary SPC I LLC<br>PO Box 27288<br>Tempe, AZ 85285-7288 | Cavalry SPV I, LLC<br>500 Summit Lake Drive, Ste 400<br>Valhalla, NY 10595-2321 | Cavalry SPV I, LLC<br>c/o Bass & Associates, P.C.<br>3936 E. Ft. Lowell Rd., Suite 200<br>Tucson, AZ 85712-1083 |
| Cavalry SPVI, LLC<br>POI Box 29482 MAC S4101-08C<br>Phoenix, AZ 85038-9482 | Chase<br>2333 Waukeegan Rd<br>Deerfield, IL 60015-5508 | Chase<br>PO Box 24696<br>Columbus, OH 43224-0696 |
| Chase Records Center<br>Attn: Correspondence mail<br>700 Kansas Lane<br>Monroe, LA 71203-4774 | Christiana Trust<br>Wilmington Savings Fund Society, FSB<br>939 W North Avenue, Ste 680<br>Chicago, IL 60642-1231 | Christiana Trust, Trustee (See 410)<br>c/o FAY SERVICING, LLC<br>Bankruptcy Department<br>939 W. North Avenue Suite 680<br>Chicago, Illinois 60642-1231 |
| Commissions Funding Solutions<br>1902 Wright Pl. Ste 200<br>Carlsbad, CA 92008-6583 | DEUTSCHE BANK<br>60 WALL STREET<br>NEW YORK, NY 10005-2858 | Daimler Trust<br>PO Box 5209<br>Carol Stream, IL 601975209 |
| Deutsche Bank National Trust Company<br>c/o Select Portfolio Servicing, Inc.<br>P.O. Box 65250<br>Salt Lake City UT 84165-0250 | Don A Madden III, President<br>Trojan Capital Investments, LLC<br>2618 Swan Miguel Dr Ste 316<br>Newport Beach, CA 92660-5437 | Employment Development Department<br>PO Box 826880<br>Sacramento, CA 94280-0001 |
| FNB Omaha<br>PO Box 3412<br>Omaha, NE 68103-0412 | FRANCHISE TAX BOARD<br>BANKRUPTCY SECTION MS A340<br>PO BOX 2952<br>SACRAMENTO CA 95812-2952 | First National Bank of Omaha<br>1620 Dodge St., Stop Code 3105<br>Omaha, NE 68197-0002 |
| First National Bank of Omaha<br>PO Box 25557<br>Omaha, NE  68103 | Ford Motor Credit Corp.<br>3636 Birch Street, Ste 290<br>Newport Beach, CA 92660-2656 | Franchise Tax Board<br>PO Box 2952<br>Sacramento, CA 95812-2952 |
| Franchise Tax Board<br>PO Box 942857<br>Sacramento, CA 94257-0511 | Franchise Tax Board Chief Counsel<br>PO Box 1720 MS: A-260<br>Rancho Cordova, CA 95741-1720 | Franchise Tax Board Claim Agent<br>George Guido<br>Sacramento, CA 95812-2952 |
| George Guido<br>Franchise Tax Board BK Sec. MS A340<br>PO Box 2952<br>Sacramento, CA 95812-2952 | Henry D Paloci III<br>2800 Camino Dos Rios #101A<br>Newbury Park, CA 91320-1138 | (p)INTERNAL REVENUE SERVICE<br>CENTRALIZED INSOLVENCY OPERATIONS<br>PO BOX 7346<br>PHILADELPHIA PA 19101-7346 |
| Internal Revenue Service<br>PO Box 7346<br>Philadelphia, PA 19101-7346 | Isadora Fridman<br>3915 Prado del Maiz<br>Calabasas, CA 91302-3633 | JPMorgan Chase<br>PO Box 24696<br>Columbus, OH  43224-0696 |

| | | |
|---|---|---|
| JPMorgan Chase Bank, National Association<br>c/o Chase Records Center<br>Attn: Correspondence Mail, Mail Code: LA<br>700 Kansas Lane<br>Monroe, LA 71203-4774 | Kia Vang, Bankruptcy Agent<br>Ally Servicing LLC<br>4000 Lexington Ave. N Ste 100<br>Shoreview, MN 55126-3196 | Lisa Looney<br>Midland Credit Management, Inc.<br>PO Box 2036<br>Warrren, MI 48090-2036 |
| Loan Me<br>PO Box 5645<br>Orance, CA 92863-5645 | Los Angeles County Tax Collector<br>PO Box 54110<br>Los Angeles, CA 90054-0110 | MB Fin Svc<br>PO Box 961<br>Roanoke, TX 76262-0961 |
| MTC FINANCIAL INC  DBA TRUSTEE CORPS<br>17100 GILLETTE AVENUE<br>IRVINE, CA 92614-5603 | MTC FINANCIAL INC. DBA TRUSTEE CORPS<br>2112 BUSINESS CENTER DRIVE, FLOOR 2<br>IRVINE, CA 92612-7135 | Mercedes Benz Financial Services<br>PO Box 961<br>Roanoke, TX 76262-0961 |
| Mercedes Benz of Calabasas<br>24181 Calabasas Rd<br>Calabasas, CA 91302-1512 | Midland Credit Management, Inc.<br>PO Box 2036<br>Warren, MI 48090-2036 | NBS DEFAULT SERVICES LLC<br>301 EAST OCEAN BOULEVARD, # 1720<br>LONG BEACH, CA 90802-8813 |
| Nancy Craft<br>Amex<br>1620 Dodge St Stop Code 3105<br>Omaha, NE 68197-0003 | Navient Solutions, Inc<br>Attn: Bankruptcy Litigation Unit<br>PO Box 9430<br>Wilkes Barre, PA 18773-9430 | Navient Solutions, Inc. on behalf of<br>United Student Aid Funds, Inc.<br>Attn: Bankruptcy Litigation Unit E3149<br>PO Box 9430<br>Wilkes Barre, PA 18773-9430 |
| Nordstm/Td<br>13531 E Caley Avservice Service<br>Englewood, CO 80111 | ONEWEST BANK<br>C/O C T CORPORATION SYSTEM<br>818 WEST SEVENTH STREET, 2ND FLOOR<br>LOS ANGELES, CA 90017-3407 | ONEWEST BANK<br>C/O FINANCIAL FREEDOM<br>2900 ESPERANZA CROSSING<br>AUSTIN, TX 78758-3658 |
| ONEWEST BANK<br>C/O MTC FINANCIAL INC. DBA TRUSTEE CORPS<br>17100 GILLETTE AVENUE<br>IRVINE, CA 92614-5603 | ONEWEST BANK, A DIVISION OF CIT BANK, N.A.<br>P.O. BOX 7056<br>PASADENA, CA 91109-7056 | PRA Receivables Management, LLC<br>PO Box 41021<br>Norfolk, VA 23541-1021 |
| Palatino Homeowners Association<br>c/o Mink Condominium Management<br>4040 Glencoe Avenue<br>Marina del Rey, CA 90292-5608 | Payment Processing Center<br>PO Box 78367<br>Phoenix, AZ 85062-8367 | Platino HOA c/o Mink Management<br>4040 Glencoe Ave<br>Marina del Rey, CA 90292-5608 |
| (p)PORTFOLIO RECOVERY ASSOCIATES LLC<br>PO BOX 41067<br>NORFOLK VA 23541-1067 | Raymond Cruz<br>Calvary Portfolio Services, Inc<br>500 Summit Lake Dr, Ste 400<br>Valhalia, NY 10595-2322 | Rita Torres<br>Bass & Associates, P.C.<br>3936 East Ft. Lowell Rd Ste 200<br>Tucson, AZ  85712-1083 |
| SPECIAL DEFAULT SERVICES, INC.<br>17100 GILLETTE AVENUE<br>IRVINE, CA 92614-5603 | SYNCB/JCP<br>4125 Windward Plaza<br>Alpharetta, GA 30005-8738 | (p)CALIFORNIA STATE BOARD OF EQUALIZATION<br>ACCOUNT REFERENCE GROUP MIC 29<br>P O BOX 942879<br>SACRAMENTO CA 94279-0029 |

| | | |
|---|---|---|
| State of California<br>Bankruptcy Section MS A340<br>Sacramento, CA | State of California Board of Equalization<br>400 N Street, MIC:73<br>Sacramento, CA 95814 | THE BANK OF NEWYORK MELLON CORPORATION<br>225 LIBERTY STREET<br>NEWYORK, NY 10286-0001 |
| TROJAN CAPITAL INVESTMENT IS LLC<br>1712 PIONEER AVENUE, SUITE 5333<br>CHEYENNE, WY 82001-4406 | Tony Harrison<br>Bank of America<br>PO Box 982284<br>El Paso, TX 79998-2284 | Trojan Capital Investments, LLC<br>2618 Swan Miguel Drive, Ste 316<br>Newport Beach, CA 92660-5437 |
| Trojan Capital Investments, LLC<br>28786 Network Place<br>Chicago, IL 60673-1287 | (p)US BANK<br>PO BOX 5229<br>CINCINNATI OH 45201-5229 | U.S. Bank N.A. as Legal Title Trustee<br>3000 Kellway Dr. Ste 150<br>Carrollton, TX 75006-3357 |
| U.S. Bank National Association,<br>Fay Servicing, LLC<br>3000 Kellway Dr. Ste 150<br>Carrollton, TX 75006-3357 | U.S. Small Business Administration<br>Attn: So Cal Legal Unit<br>330 North Brand Blvd., Ste 1200<br>Glendale, CA 91203-2320 | USA Funds MC E2148<br>PO Box 6180<br>Indianapolis, IN 46206-6180 |
| United States Dept of Justice<br>PO Box 683<br>Washington, DC 20044-0683 | Wells Fargo Bank Payment Remittance<br>PO Box 6426<br>Carol Stream, IL. 60197-6426 | Wells Fargo Bank, N.A.<br>Wells Fargo Payment Remittance Center<br>PO Box 51174<br>Los Angeles, CA 90051-5474 |
| Wells Fargo Card Services<br>PO Box 51174<br>Los Angeles, CA 90051-5474 | Zach Brown, Kim Marlo<br>1902 Wright Place Ste 200<br>Carlsbad, CA 92008-6583 | Stella A Havkin<br>Havkin & Shrago<br>5950 Canoga Avenue<br>Ste 400<br>Woodland Hills, CA 91367-5037 |
| Stella A Havkin<br>Litwak and Havkin<br>5950 Canoga Ave Ste 400<br>Woodland Hills, CA 91367-5037 | Tomer Fridman<br>25420 Prado De Las Peras<br>Calabasas, CA 91302-3656 | William Brownstein<br>11755 Wilshire Blvd Ste 1250<br>Los Angeles, CA 90025-1540 |

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified
by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

| | | |
|---|---|---|
| INTERNAL REVENUE SERVICE<br>300 N LOS ANGELES ST<br>MS 5022<br>LOS ANGELES, CA 90012 | Portfolio Recovery<br>120 Corporate Blvd.<br>Norfolk, VA 23502 | (d)Portfolio Recovery Associates, LLC<br>PO Box 12914<br>Norfolk, VA 23541 |
| (d)Portfolio Recovery Associates, LLC<br>c/o Best Buy Credit Card<br>POB 41067<br>Norfolk VA 23541 | State Board of Equalization<br>PO Box 942879<br>Sacramento, CA | (d)State of California Board of Equalization<br>450 N Street, MIC:73<br>Sacramento, CA 95814-0073 |

U.S. BANK
C/O U.S. BANCORP
800 NICOLLET MALL
MINNEAPOLIS, MN 55402

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

(u)Ally Bank

(u)BANK OF AMERICA, N.A.

(u)Christiana Trust, a division of Wilmington

(du)Christiana Trust, a division of Wilmingto

(u)Courtesy NEF

(u)Ewing Realty Group, Inc.

(u)JP Morgan Chase Bank N.A.

(u)Tax and Accounting, Inc. and Sangay Sachde

(u)U.S. BANK, NA AS LEGAL TITLE TRUSTEE FOR T

(d)Wells Fargo Bank, N.A.
P.O. Box 29482
Phoenix, AZ 85038-9482

(d)American Express Centurion Bank
c/o Becket and Lee LLP
PO Box 3001
Malvern  PA 19355-0701

(d)Daimler Trust
c/o BK Servicing, LLC
PO Box 131265
Roseville, MN 55113-0011

(d)Main Street Acquisition Corp
c/o Becket and Lee LLP
PO Box 3001
Malvern PA 19355-0701

(d)Navient Solutions, LLC
220 Lasley Ave
Wilkes-Barre, PA 18706-1430

(u)United States Attorney's Office
Federal Bldg, Room 7516
300 N Los Angeles, CA

End of Label Matrix
Mailable recipients    110
Bypassed recipients     15
Total                  125